**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8540
Joseph.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Robert.Makar@azag.gov

*Attorneys for Defendant Mark Brnovich, Attorney General*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. 2:21-cv-01423-DWL |
| Plaintiffs, | Related Case: 2:22-cv-00509-SMB |
| vs. | |
| Katie Hobbs, et al., | **ATTORNEY GENERAL'S MOTION TO TRANSFER RELATED CASE** |

**MOTION TO TRANSFER**

Mark Brnovich, Arizona Attorney General (the "State") respectfully requests that this Court transfer *Mi Familia Vota v. Hobbs ("Mi Familia II")*, No. 2:22-cv-00509 to the Honorable Judge Dominic W. Lanza under Local Rule 42.1 because it is related to this action, also titled *Mi Familia Vota v. Hobbs ("Mi Familia I")*, No. 2:21-cv-01423.

As their identical short captions suggest, the parties involved in these two actions are virtually identical. In both cases, Mi Familia Vota is the lead or sole Plaintiff, and the Defendants are Katie Hobbs, Arizona Secretary of State, Mark Brnovich, Arizona Attorney General, and the County Records for each of Arizona's fifteen counties.

Both cases also involve challenges to election statutes recently enacted by the Arizona Legislature. The legal theories involved are also exceptionally similar: in both cases, Mi Familia Vota asserts *inter alia* (1) claims under the *Anderson-Burdick* doctrine (2) alleging that removal from access to voting by mail imposes an unconstitutional burden. *Compare Mi Familia I* Complaint ¶¶127-35 (alleging that SB 1485, which removes some voters from the list of voters automatically sent mail-in ballots unconstitutionally "burden[s] voting by particular groups of Arizonans who used early voting and mail voting") *with Mi Familia II* Complaint ¶¶68-72 (alleging that HB 2492 "strips voters of the right to vote … by mail" in a manner that "imposes a disparate and unjustifiable burden on the right to vote.").

In addition, this case involves substantially the same counsel: Elisabeth C. Frost, John M. Geise, Roy Herrera, and Daniel A. Arellano for *Mi Familia I* Intervenor-Plaintiffs/*Mi Familia II* Plaintiff, and the same counsel for the State.

These *Mi Familia Vota v. Hobbs* suits are thus related under this Court's Local Rules and this Court should therefore transfer *Mi Familia II* under Local Rule 42.1. That Rule provides: "When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases" "involve substantially the same parties or property" or "call for

1

determination of substantially the same questions of law" or "for any other reason would entail substantial duplication of labor."

Both of these cases will necessarily involve consideration of how *Anderson-Burdick* doctrine interacts with Arizona's system of voting by mail.[1] There is likely to be substantial overlap in facts, as well as potential discovery. The interests of judicial economy therefore strongly favor a transfer so that these two challenges—involving nearly identical parties, substantially similar counsel, the very same system of voting by mail, and *Anderson-Burdick* claims challenging the burdens placed on utilizing that system of mail-in balloting—together. Indeed, this Court may also wish to consolidate these actions after transfer (or as an alternative to transfer).

RESPECTFULLY SUBMITTED this 31st day of March, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: /s/ *Drew C. Ensign*
    Joseph A. Kanefield (No. 15838)
    Brunn W. Roysden III (No. 28698)
    Drew C. Ensign (No. 25463)
    Robert J. Makar (No. 33579)

*Attorneys for Defendant Mark Brnovich, Arizona Attorney General*

---

[1] Of course, Arizona's system is one of the most generous voting systems in the United States. *See, e.g., Brnovich v. DNC*, 141 S. Ct. 2321, 2330 (2021) ("Arizona law generally makes it very easy to vote.").

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all Defendants who have appeared are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

        /s/ *Drew C. Ensign*
*Attorney for Defendant Mark Brnovich, Arizona Attorney General*