Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
Mollie DiBrell*
Alexander Atkins*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
mdibrell@elias.law
aatkins@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road, Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com

*Attorneys for Plaintiff Mi Familia Vota in Matter No. 2:22-cv-00509-SMB*
*\*Applications for admission pro hac vice forthcoming*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota,<br><br>             Plaintiff,<br><br>      v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>             Defendants. | Case No. 2:22-cv-00509-SMB<br><br>**PLAINTIFF'S NOTICE IN RESPONSE TO COURT'S APRIL 1, 2022 ORDER AND MOTION TO STAY CONSIDERATION OF TRANSFER REQUEST** |

Plaintiff Mi Familia Vota, by and through its undersigned attorneys, files this notice in response to this Court's April 1, 2022 order. While Plaintiff does not currently intend to oppose the transfer motion, it requests that the Court stay its consideration regarding the motion to transfer until the pending transfer request described below in *League of United Latin American Citizens v. Hobbs*, No. 2:17-cv-04102-DGC ("*LULAC*"), is resolved. Plaintiff makes this request in the interest of judicial economy.

A stay is appropriate here for two reasons. First, Plaintiff does not believe this matter is related to the earlier action in *Mi Familia Vota et al v. Hobbs et al*, No. 2:21-cv-01423-DWL ("*Mi Familia I*"), and would oppose consolidation with that matter as suggested by the Attorney General's motion. *See* Attorney General's Mot. to Transfer Related Case, ECF No. 5-1 at 2. Second, this case shares many common features with *Living United for Change in Arizona v. Hobbs*, No. 2:22-cv-00519-SRB, (D. Ariz. Mar. 31, 2022) (*"LUCHA"*), which was filed the same day as this matter and concerns the same recently passed law, and in which Plaintiff understands the Attorney General intends to intervene. That case was filed as related to *LULAC*, a matter previously before Judge Campbell which dealt with similar issues concerning Arizona's proof of citizenship requirement for voting. *See* Civil Cover Sheet, ECF No. 1-1, *Living United for Change in Arizona v. Hobbs*, No. 2:22-cv-00519-SRB, (D. Ariz. Mar. 31, 2022). The plaintiffs in *LUCHA* have accordingly filed a motion to transfer under Local Rule 42.1 in *LULAC*. *See* Mot. to Transfer Related Case, ECF No. 57, *League of United Latin American Citizens v. Hobbs*, No. 2:17-cv-04102-DGC (D. Ariz. April 5, 2022) (attached hereto as Exhibit A). Given the similarities between this matter, *LUCHA*, and *LULAC*—as well as the differences between this case and *Mi Familia I*—Plaintiff believes it would make the most sense for the Court to stay consideration of the Attorney General's motion to transfer until the pending motion is resolved by Judge Campbell, as it may be most efficient for both this matter and the *LUCHA* matter to proceed before Judge Campbell.

There are two principal reasons this case is different from *Mi Familia I*. *First*, contrary to the Attorney General's assertions, these cases do not involve substantially the same parties or counsel. While Mi Familia is involved as a plaintiff in both cases, *Mi Familia I* involves three additional co-plaintiffs. Mi Familia is also represented by different

counsel in both matters. While some of Mi Familia's counsel in *Mi Familia II* represent Plaintiff-Intervenors DSCC and DCCC in *Mi Familia I*, this fact—if anything—demonstrates that the cases address different issues. While the Defendants are the same, this is due to their relationship to the laws at issue. If having the same defendants in challenges to Arizona election laws meant the suits were related under LRCiv. 42.1, then almost every election-related lawsuit in this district would end up before the same judge. That is not consistent with the rule's purpose.

Second, these cases involve different laws and different causes of action. *Mi Familia I* concerns two bills passed in the 2021 legislative session, Senate Bill 1485, which will purge voters from Arizona's popular permanent early voting list if the voters do not cast a mail-in ballot in two consecutive election cycles, and Senate Bill 1003, which requires voters who submit early ballots without a signature to "cure" those ballots even though signatures that are alleged to be "inconsistent" with the signature on the voter's registration record may be cured up to five business days after an election. *See* Compl. ¶ 1, *Mi Familia I*, ECF No. 1. Plaintiffs argue that, in addition to constituting an undue burden on the right to vote, the laws at issue were passed with discriminatory purpose and constitute intentional racial discrimination. *Id.* ¶¶ 136-145. These claims will require discovery concerning the legislature's intent.

*Mi Familia II* involves a different law passed in a different year concerning proof of citizenship for registration. Specifically, *Mi Familia II* concerns House Bill 2492, legislation passed just last week that will require new registrants using the federal registration form required by the National Voter Registration Act ("NVRA") (the "Federal Form") to provide additional proof of citizenship if they want to vote in presidential elections or vote early by mail for *any* office, prohibit those currently registered using the Federal Form who registered without proof of citizenship from voting by mail or in presidential elections, and require long-registered Arizonans who never had to provide proof of citizenship to locate and present additional documentation to vote in presidential elections. Compl. ¶ 3. Plaintiff brings claims alleging an undue burden on the right to vote and violations of procedural due process. Id. ¶¶ 68-77. Plaintiff does not currently bring any claims concerning the legislature's intent.

The only overlap in the cases as currently pleaded, then, is that both cases bring claims that different Arizona laws dealing with different parts of the voting process passed in different years constitute an undue burden on the right to vote. The Ninth Circuit has explained that claims concerning an undue burden on the right to vote involve a fact-intensive inquiry, so cases that raise that same legal theory but as to different laws with different facts do not necessarily have much in common. *See, e.g.*, *Soltysik v. Padilla*, 910 F.3d 438, 450 (9th Cir. 2018).

Arizona has a long and complex history of applying different registration and voting requirements to different voters based on proof of citizenship requirements, a line of cases to which *Mi Familia II* is far more similar. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 15 (2013); Consent Decree at 7-16, *League of United Latin Am. Citizens Ariz. v. Reagan*, No. 2:17-cv-04102-DGC (D. Ariz. June 18, 2018), ECF No. 37 ("Consent Decree"). Indeed, on the same day *Mi Familia II* was filed, *LUCHA* was filed as related to *LULAC*. While *LUCHA* is currently before Judge Bolton, there is a pending motion to transfer the matter to Judge Campbell given its relationship to *LULAC*. *See* Ex. A.[1]

While Plaintiff does not oppose transfer before this Court, it believes the Court should stay its consideration of the motion to transfer until the transfer motion that is pending in *LUCHA* and *LULAC* is addressed given the substantial similarities between this litigation, *LUCHA*, and *LULAC*. If *LUCHA* proceeds before Judge Campbell, it may make the most sense for this matter to as well. Further, for the reasons stated herein Plaintiff believes this matter does not have a significant relationship to *Mi Familia I* and, at a minimum, should certainly not be consolidated with the earlier matter. To the extent the Court were to consider consolidation with *Mi Familia I*, Plaintiff would request the opportunity to fully brief its opposition to any such consolidation.

---

[1] Given the similarity between the issues in this case and those previously adjudicated in *LULAC*, this Court may alternatively want to consider voluntarily transferring this case to Judge Campbell under LRCiv 42.1(e) for him to determine in the first instance whether this matter and *LUCHA* should be considered by him together and potentially consolidated for some or all proceedings.

-3-
PLAINTIFF'S NOTICE IN RESPONSE TO THE COURT'S APRIL 1, 2022 ORDER
AND MOTION TO STAY CONSIDERATION OF TRANSFER REQUEST

Dated: April 5, 2022

Respectfully Submitted,

/s/ Daniel A. Arellano
Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar. No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com

Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
Mollie DiBrell*
Alexander Atkins*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
mdibrell@elias.law
aatkins@elias.law

*Attorneys for Plaintiff Mi Familia Vota in Matter No. 2:22-cv-00509-SMB*
*\*Application for Admission Pro Hac Vice Forthcoming*

-4-
PLAINTIFF'S NOTICE IN RESPONSE TO THE COURT'S APRIL 1, 2022 ORDER AND MOTION TO STAY CONSIDERATION OF TRANSFER REQUEST

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2022, I caused the foregoing to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Daniel A. Arellano