# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-21-01423-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

In this action, which was filed in August 2021, Plaintiffs challenge a pair of election laws that were enacted during Arizona's 2021 legislative session. As alleged in the complaint, "[t]he first is Senate Bill 1485 (the 'Voter Purge Law'), which will purge voters from Arizona's popular permanent early voting list if the voters do not cast a mail-in ballot in two consecutive election cycles. The second is Senate Bill 1003 (the 'Cure Period Law'), which requires voters who submit early ballots without a signature to 'cure' those ballots by 7:00 PM on Election Day . . . ." (Doc. 1 ¶ 1.)

On March 31, 2022, a pair of new election-related lawsuits were filed in the District of Arizona. The first is styled *Mi Familia Vota v. Hobbs*, No. 2:22-cv-00509, and the second is styled *Living United for Change in Arizona v. Hobbs*, No. 2:22-cv-00519. Both involve challenges to H.B. 2492, which was enacted during Arizona's 2022 legislative session and concerns citizenship requirements for voting. Upon filing, Case No. 22-cv-00509 was randomly assigned to Judge Brnovich and Case No. 22-cv-00519 was randomly assigned to Judge Bolton.

That same day, one of the defendants in this action, the Arizona Attorney General, filed a motion to transfer the first new action (Case No. 22-cv-00509) from Judge Brnovich to the undersigned judge on the ground that the two actions involve "virtually identical" parties and "challenges to election statutes recently enacted by the Arizona Legislature" premised on "exceptionally similar" legal theories. (Doc. 131.)  Soon afterward, one of the plaintiffs in the second new action (Case No. 22-cv-00519) filed a motion to transfer that action from Judge Bolton to Judge Campbell on the ground that he had presided over a 2017 lawsuit that "dealt with similar issues concerning Arizona's proof of citizenship requirement for voting." (Doc. 132-1 at 1.)  In the aftermath of the two transfer requests, the affected parties filed an array of briefs.  Although the parties disagreed about certain issues, one issue on which all parties seemed to agree was that the two new actions should be heard by the same judge.  To that end, Chief Judge Snow has now issued an order transferring Case No. 22-cv-00509 to Judge Bolton. (Doc. 138.)  Afterward, Judge Campbell denied the motion to transfer the second new action to him. (Case No. 2:17-cv-04102-DGC, Doc. 68.)

Given these developments, the Court finds it unnecessary to solicit further briefing on the Attorney General's transfer request in this action (or to stay the transfer-related briefing process, as has also been suggested).  Now that the two new actions have been assigned to the same judge, the Court declines to accept a further transfer of either or both of the new actions because such a transfer would not avoid duplication of labor or promote judicial economy and because of the differences in the election laws at issue.

Accordingly,

**IT IS ORDERED** that the motion to transfer (Doc. 131) is **denied**.

Dated this 13th day of April, 2022.

_Dominic W. Lanza_
United States District Judge