Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road, Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota et al., | Case No. 2 CV22-00509-PHX-SRB |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |

Living United for Change in Arizona, et al.

Plaintiffs,

v.

Katie Hobbs,

Defendant.

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8
9
10

INTRODUCTION ............................................................................................................. 4

LEGAL STANDARD......................................................................................................... 5

ARGUMENT ..................................................................................................................... 5

    I.   Movants are not entitled to intervene as of right. ................................................. 5

        A.    Movants fail to show that they have a significantly protectable interest that warrants intervention. ................................................................................................................ 6

        B.    Movants fail to establish that their purported interests would be impaired by the Court's disposition of this action. ....................................................................................... 8

        C.    Movants fail to make the "very compelling showing" required to rebut the presumption that the Government's representation is adequate. .......................................... 10

    II.    The Court should deny Movants' motion for permissive intervention. ......................... 12

CONCLUSION................................................................................................................. 14

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ass'n of People with Disabilities v. Herrera,*
    257 F.R.D. 236 (D.N.M. 2008) ................................................................... 7, 8

*Arakaki v. Cayetano,*
    324 F.3d 1078 (9th Cir. 2003) ................................................................... 10

*Arizonans for Free Elections v. Hobbs,*
    335 F.R.D. 269 (D. Ariz. 2020) ............................................................ 10, 11

*Common Cause R.I. v. Gorbea,*
    No. 1:20-cv-00318-MSM-L7DA, 2020 WL 4365608 (D.R.I. July 30,
    2020) ............................................................................................................. 7

*Democracy N.C. v. N.C. State Bd. of Elections,*
    No. 1:20CV457, 2020 WL 6591397 (M.D.N.C. June 24, 2020) .................. 7

*Freedom from Religion Found., Inc. v. Geithner,*
    644 F.3d 836 (9th Cir. 2011) ................................................................... 10

*Issa v. Newsom,*
    2020 WL 3074351 (E.D. Cal. June 10, 2020) .......................................... 7, 8

*Cal. ex rel. Lockyer v. United States,*
    450 F.3d 436 (9th Cir. 2006) ..................................................................... 6

*Miracle v. Hobbs,*
    333 F.R.D. 151 (D. Ariz. 2019) ......................................................... *passim*

*One Wis. Inst., Inc. v. Nichol,*
    310 F.R.D. 394, 397 (W.D. Wis. 2015) ............................................. 6, 7, 12

*Perry v. Proposition 8 Off. Proponents,*
    587 F.3d 947 (9th Cir. 2009) ......................................................... 5, 10, 12

*PEST Comm. v. Miller,*
    648 F. Supp. 2d 1202 (D. Nev. 2009) ................................................. 10, 13

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. 2004) ..................................................................... 5

*United States v. Arizona*,
   No. CV 10-1413-PHX-SRB, 2010 WL 11470582 (D. Ariz. Oct. 28,
   2010) ................................................................................................................ 5, 6, 9

*United States v. City of L.A.*,
   288 F.3d 391 (9th Cir. 2002) ................................................................................ 10

*Wise v. Circosta*,
   978 F.3d 93 (4th Cir. 2020) .................................................................................... 8

*Yazzie v. Hobbs*,
   No. CV-20-08222-PCT-GMS, 2020 WL 8181703 (D. Ariz. Sept. 16,
   2020) (Snow, J.)...................................................................................................... 7

**Other Authorities**

S.B. 1638, 55th Leg., 2d Reg. Sess. (Ariz. 2022) .............................................................. 9

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE

Plaintiffs Mi Familia Vota and Voto Latino, by and through counsel, file this Opposition to the Republican National Committee, National Republican Senatorial Committee, Republican Party of Arizona, Gila County Republican Party, and Mohave County Republican Central Committee's (the "Movants") Motion to Intervene (ECF No. 24, the "Motion"). For the reasons set forth below, Plaintiffs respectfully request that the Court deny the Motion.

## INTRODUCTION

Movants fall far short of meeting their burden to show that intervention as of right is justified. They fail to demonstrate that they have a significantly protectable interest warranting intervention, much less any purported interest that could be impaired by the disposition of this action. Movants rely instead on undifferentiated interests regarding election integrity and the need to uphold Arizona's election laws, but generalized interests such as these fail to satisfy the intervention requirements of Rule 24(a)(2). Movants also fail to establish that Defendants, public officials including Arizona's Secretary of State and Attorney General, do not adequately represent their interests. In cases where a potential intervenor seeks to enter on the side of government officials, there is a strong presumption that the party's interests are represented absent a "very compelling showing" to the contrary. Here, Movants and Defendants seek the same "ultimate objective"—upholding H.B. 2492 (the "Challenged Law")—and nothing in Movants' motion suggests that Defendants are incapable of or unwilling to defend this litigation.

For similar reasons, the Court should use its wide discretion to dismiss Movants' request for permissive intervention. Movants fail to show any interest demonstrating independent grounds for jurisdiction, failing to meet one of the threshold requirements for permissive intervention. And, as noted above, Movants also fail to overcome the strong presumption that Defendants can adequately represent their purported interests, which counsels against granting permissive intervention. Permissive intervention will also inevitably delay the proceedings, increase litigation costs, and prejudice the existing parties with little countervailing benefits.

Finally, this Court has noted before that granting political actors such as Movants intervention in a case such as this introduces "unnecessary partisan politics into an otherwise nonpartisan legal dispute." *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (quotation omitted). This consideration, taken along with all the other reasons already discussed, strongly counsels against granting intervention here.

## LEGAL STANDARD

To intervene as of right pursuant to Rule 24(a)(2), Movants must file a timely motion and demonstrate that: (1) they have a significantly protectable interest in this action; (2) disposition of the action may impair or impede their ability to protect that interest; and (3) their purported interest is not adequately represented by existing parties to the litigation. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). As the party seeking to intervene, Movants "bear[] the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). "Failure to satisfy any one of the requirements is fatal to the application." *United States v. Arizona*, No. CV 10-1413-PHX-SRB, 2010 WL 11470582, at *1 (D. Ariz. Oct. 28, 2010) (citing *Perry*, 587 F.3d at 950).

To seek permissive intervention pursuant to Rule 24(b), Movants must file a timely motion and demonstrate: (1) independent grounds for jurisdiction and (2) that their claims share a question of law or fact with the main action. *Miracle*, 333 F.R.D. at 156 (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

## ARGUMENT

### I.    Movants are not entitled to intervene as of right.

Movants fail to show that they meet the requirements for intervention as of right. Movants have no significantly protectable interest in this action, their ability to protect any interests they allege would not be impeded or impaired by a disposition, and their interests are adequately represented by the parties to this litigation. The Court should accordingly deny their motion to intervene.

1

2

      **A.**     **Movants fail to show that they have a significantly protectable interest that warrants intervention.**

3

      Movants' generalized interests in the election process fall short of the standard for

4

intervention as of right. Intervention as of right is reserved for parties that demonstrate a

5

direct and specific interest in an action. *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436,

6

441 (9th Cir. 2006). Said interest must be particular to the movant and cannot be

7

"generalized" or "undifferentiated." *Id.*; *see also One Wis. Inst., Inc. v. Nichol*, 310 F.R.D.

8

394, 397 (W.D. Wis. 2015) ("To intervene as of right, a party must demonstrate 'a direct,

9

significant, and legally protectable interest in the question at issue in the lawsuit … That

10

interest must be unique to the proposed intervenor.") (citation omitted). Yet central to

11

Movants' argument in support of its Motion are its interests in "fair and reliable elections"

12

and in upholding Arizona's law. Mot. to Intervene (hereinafter "Mot.") at 6–8 (May 12,

13

2022), ECF No. 24. These are interests which can be shared by anyone across election

14

cases, and which are not specific or particular to Movants in the present action.

15

      Such undifferentiated, generalizable interests have been rejected as a basis for

16

intervention as of right by courts around the country, including this one. *See Miracle*, 333

17

F.R.D. at 155 ("The Court is similarly unmoved by the highly generalized argument that

18

Proposed Intervenors have an interest in upholding the constitutionality of the" challenged

19

law); *Arizona*, 2010 WL 11470582, at *3 (finding that a movant did not have a direct and

20

specific interest in the litigation in part because his "expressed interest [was] general" and

21

"shared by many other citizens of the state of Arizona"). Movants offer no compelling

22

reason why this Court should take a different course here.

23

      Beyond their generalized interests, Movants seem to contend that they should

24

automatically be allowed to intervene in election law cases solely because they are political

25

party organizations; courts nationwide have rejected this very assertion. Mot. at 5–7. Being

26

a political party alone is not enough;[1] a political party, like any other litigant seeking

27

28

---

[1] Nor is it enough for Movants to ambiguously assert that political party organizations typically "expend significant resources" on elections and that generally, "preventing

intervention, must show that it meets the standard for intervention as of right under Rule 24(a)(2). *See, e.g.*, *Yazzie v. Hobbs*, No. CV-20-08222-PCT-GMS, 2020 WL 8181703, at *3, *4 (D. Ariz. Sept. 16, 2020) (Snow, J.)[2] (denying Republican Party's motion to intervene in voting rights case); *Common Cause R.I. v. Gorbea*, No. 1:20-cv-00318-MSM-L7DA, 2020 WL 4365608, at *3 n.5 (D.R.I. July 30, 2020) (explaining a previous denial of a motion to intervene by the Republican National Committee and Rhode Island Republican Party); *Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20CV457, 2020 WL 6591397, at *1 (M.D.N.C. June 24, 2020) (denying Republican National Committee and North Carolina Republican Party's motion to intervene in voting rights case); *Nichol*, 310 F.R.D. at 399 (denying intervention to Republican officials and voters); *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 259 (D.N.M. 2008) (denying intervention motions by Republican entities seeking to defend restrictive election law). Movants offer nothing to meet this requirement.

The "analogous" cases Movants cite to attempt to justify intervention on political party grounds only reaffirm the principle that political party organizations must still demonstrate specific interests to justify intervention. For example, while Movants cite to *Issa v. Newsom* to support their argument that "federal courts routinely find that political parties have interests supporting intervention in litigation regarding election rules," Mot. at 6 (quoting *Issa*, 2020 WL 3074351 at *3) (quotations omitted), that case does not contend that political parties get a *de facto* interest in an action. *Issa*, 2020 WL 3074351,

---

diversions of resources" from Movants' "activities is a legitimate 'interest'" warranting intervention. Mot. at 6. Generalizations about political parties or the election process do not overcome Movants' failure to specify *their* significant protected interests in *this* action.
[2] Movants contend that *Yazzie* is "unpersuasive and distinguishable. . . because the Secretary of State had already filed a motion to dismiss, demonstrating her commitment to defending the challenged law, and because intervention would delay the proceeding." Mot. at 16. Plaintiffs disagree with Movants' characterization. That Defendants here have not yet filed a motion in this action does not mean, and nothing in Movants' Motion suggests, that Defendants are not committed to defending the Challenged Law. Moreover, like in *Yazzie*, Movants here share the same ultimate objective with Defendants, making intervention improper. *See* Sec. I.C., *infra*. Lastly, intervention *will* inevitably lead to delays in the proceeding. *See* Sec. II., *infra*.

1    at *3. Rather, movants in *Issa*, unlike Movants here, met all the factors for intervention as

2    of right, including listing direct and specific interests (rather than undifferentiated

3    generalizations). *Id.* In short, Movants being political party organizations does not absolve

4    them from abiding by Rule 24(a)(2) requirements.

5           Moreover, Movants fail to explain how the prospects of the Republican Party would

6    be hurt by removing a law that, without notice or opportunity to challenge, ends the rights

7    of properly registered voters to vote in presidential elections. In fact, Movants fail to assert

8    with any specificity why they support the Challenged Law or what harms the law purports

9    to assuage. Plaintiffs' interest, on the other hand, is "to safeguard the fundamental rights

10   of hundreds of thousands of Arizonans, including the right to vote and the state-protected

11   right to vote early by mail." Pls.' Am. Compl. (hereinafter "Am. Compl.")  ¶ 1, ECF No.

12   38; *see also* Am. Compl. at 59–66. Movants presumably share an interest in ensuring that

13   the fundamental rights of lawful Arizona voters are upheld. This is particularly true since

14   the Challenged Law is certain to impede the voting rights of even some among Movants'

15   membership or constituencies. *Id.*

16          The only logical means by which Movants' "interests" could be negatively

17   implicated by this action is if they have concluded that the Challenged Law is *more likely*

18   to disenfranchise Democratic voters, and that the collateral damage to the voting rights of

19   Republican voters is worth the benefit the Party stands to gain from shutting out those other

20   voters from the franchise. And to be sure, as Plaintiffs have alleged, it is true that the

21   Challenged Law is more likely to disenfranchise Arizona's non-white voters. *Id.* at ¶ 46.

22   But an interest in *preventing* others from voting is not legally protectable. *See, e.g.*, *Wise*

23   *v. Circosta*, 978 F.3d 93, 100 (4th Cir. 2020). Accordingly, it cannot support Movants'

24   intervention.

25          **B.    Movants fail to establish that their purported interests would be**

26                  **impaired by the Court's disposition of this action.**

27          Movants fail to demonstrate a direct and specific interest in this action so "there can

28   be no impairment of the[ir] ability to protect" said non-existent interest. *Herrera*, 257

-8-

F.R.D. at 252; *see also Arizona*, 2010 WL 11470582, at *3 (holding that because a potential intervenor failed to establish a protectible interest, the impairment requirement for intervention was not met). But even assuming Movants successfully demonstrated a direct and specific interest, Movants failed to establish that their ability to protect their interest would be impeded or impaired by the disposition of *this* litigation. Movants instead rely on generalized assertions to conclude that their ability to protect their interests will "plainly" suffer if Defendants lose or if the matter settles against Movants' position. Mot. at 8. For example, Movants contend that "[l]aws *like*" the Challenged Law "serve the integrity of the election process" and that a decision adverse to Movants would lead to substantial changes to the "election landscape." *Id.* at 8, 9 (emphasis added). Yet Movants fail to explain how or why these assertions are true. Movants cannot cure their lapse by arguing, as they do, that the Court should not credit Plaintiffs' position regarding the Challenged Law or judge the final merits of the case.[3] *Id.* at 9. Movants failed to show how their interests would be impaired, even *if* the Court were to decide the merits in favor of Plaintiffs. Indeed, it is hard to imagine the kind of change or confusion Movants anticipate facing when the Challenged Law *uproots* the existing election law landscape and when disposition in favor of Plaintiffs would happen well before the next presidential election.

Further, Movants' contentions about their need to intervene to guard against purported confusion or disruption to the upcoming election from an injunction in this matter entirely miss the mark. *Id.* at 8–9. As Plaintiffs' Amended Complaint notes that, on April 22, 2022, Governor Doug Ducey signed into law S.B. 1638, which provides that H.B 2492 "is effective from and after December 31, 2022." S.B. 1638 § 4, 55th Leg., 2d Reg. Sess. (Ariz. 2022). *See* Am. Compl. n.2. In other words, the Challenged Law will not take effect until *after* the coming election. Movants' purported desire to avoid voter confusion and election disruption from any potential injunction of the Challenged Law occurring

---

[3] Movants instead urge the Court to view the Challenged Law as *constitutional*, despite their contention that the Court should not yet reach the final merits of the case. None of the cases Movants cite suggest that the Court should favor the law being challenged, but rather hold that the motion to intervene be judged by the factors set out in this brief.

before the November 2022 election are inapt given this fact and do not show potential impairment of any legitimate interest.

### C.   Movants fail to make the "very compelling showing" required to rebut the presumption that the Government's representation is adequate.

Movants have the "unenviable task" of rebutting the strong presumption that their interests are adequately represented by the existing Defendants, a presumption they fail to overcome. *Arizonans for Free Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020). The "most important factor" in determining "whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry*, 587 F.3d at 950 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "Where [an existing] party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies" which the intervenor can only rebut with a "compelling showing" that the representation is inadequate. *Id.* at 950–51. While Movants argue that Defendants' motivation to further "the public interest" is not the same as Movants' motivation to further its "particular [partisan] interests," Mot. at 10, the ultimate objective inquiry does not ask whether the parties' motivations are identical, only *whether they seek the same ultimate relief. See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (finding the same ultimate objective where both parties sought to uphold the constitutionality of the challenged statutes). Both Movants and Defendants share the same ultimate objective: for this Court to uphold the constitutionality of the challenged statute, so a presumption of adequacy exists.

A separate presumption of adequacy also applies when the government acts on behalf of its constituency. *Arakaki*, 324 F.3d at 1086 (emphasis added); *United States v. City of L.A.*, 288 F.3d 391, 401 (9th Cir. 2002); *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1212–14 (D. Nev. 2009). Absent a "*very* compelling showing to the contrary," courts presume that a state adequately represents its citizens where the movant shares the same interest. *Id.* Courts consider three factors when determining the adequacy of representation:

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE

"(1) whether the interest of a present party is such that it will undoubtedly make all the proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Miracle*, 333 F.R.D at 155–56 (citing *Arakaki*, 324 F.3d at 1086).

Movants' attempt to rebut the presumption by again rattling off one-size-fits-all generalizations that are not specific to the issues at hand and fall far short of the "*very compelling showing*" standard. Mot. at 10, 11. For example, Movants suggest that they should be permitted to intervene because Defendants may not litigate the case in a way that explicitly protects the interests of Republican candidates for office. *Id.* They then, without more, conclude that the potential "difference in interests" that traditionally exist between governments and political parties (which they fail to connect to this action) overcomes the presumption of adequate representation. *Id.* at 10–12.

Movants are mistaken. They have not articulated a single argument they intend to make if intervention is granted, let alone shown that Defendants are unwilling or incapable of making those arguments themselves. *Miracle*, 333 F.R.D at 155–56 (citing *Arakaki*, 324 F.3d at 1086); *Arizonans for Fair Elections*, 335 F.R.D. at 275 (rejecting speculation that an existing defendant's "substantive positions may be different" where the movants "fail[ed] to provide any examples of such differences"). Even if they had articulated such an argument, concerns over partisan bias, disagreements over litigation strategy, and appeals to "practical experience" are not sufficient to overcome the presumption of adequate representation. *See, e.g.*, *Miracle*, 333 F.R.D. at 156 (D. Ariz. 2019) (denying intervention as of right because a movant "must do more than allege—and superficially at that—partisan bias to meet" the standard); *Arizonans for Fair Elections*, 335 F.R.D. at 275 (denying intervention as of right in a case where a state actor was already defending because the movants failed to demonstrate anything more than a potential disagreement over "the best way to approach litigation") (citation omitted).  Movants have similarly failed to indicate exactly which "necessary elements" they bring "to the proceedings that

1   other parties would neglect." *Miracle*, 333 F.R.D at 155–56 (citing *Arakaki*, 324 F.3d at

2   1086), or why that perspective cannot be addressed via a more appropriate forum such as

3   an amicus brief.

4                                        \*       \*       \*

5         For all these reasons, the Court should deny Movants' request to intervene as of

6   right pursuant to Rule 24(a)(2).

7   **II.   The Court should deny Movants' motion for permissive intervention.**

8         Movants' request that the Court grant permissive intervention under Rule 24(b)

9   should also be denied because they cannot show independent grounds for jurisdiction. As

10  noted above, to demonstrate an entitlement to permissive intervention Movants must file a

11  timely motion and demonstrate: (1) independent grounds for jurisdiction and (2) that their

12  claims share a question of law or fact with the main action. *Miracle*, 333 F.R.D. at 156.

13  Movants cannot demonstrate independent grounds for jurisdiction here because they fail to

14  articulate how an injunction of the Challenged Law would injure them. As noted above, an

15  interest in preventing others from voting is not legally protectable, and Movants have not

16  established any other way in which an injunction here would cognizably injure them. *See

17  supra*, Sec. I.A (citing *Wise*, 978 F.3d at 100). Absent some independent injury to their

18  non-generalized interests, Movants are not entitled to permissive intervention here.

19        Further, even if Movants meet the threshold requirements the Court has discretion

20  to deny permissive intervention and should in this instance. This discretion is appropriately

21  exercised when a potential intervenors' interests are adequately represented by the existing

22  parties or when intervention would unduly delay or prejudice the original parties. *Miracle*,

23  333 F.R.D. at 156 (citing *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989)); Rule

24  24(b)(1)(B). In particular, where an applicant fails to overcome the strong presumption of

25  adequate representation, "the case for permissive intervention disappears." *Nichol*, 310

26  F.R.D. at 399 (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678

27  (W.D. Wis. 1996)); *see also Perry*, 587 F.3d at 955 (holding that the district court properly

28  denied permissive intervention where movants were adequately represented by existing

1  parties).

2      The Court should exercise this discretion to deny Movants' request for permissive

3  intervention for three reasons. *First*, Movants failed to overcome the presumption that

4  Defendants can adequately represent their purported interests in this action. *See supra*, Sec.

5  I.C. *Second*, allowing all five Movants to intervene will inevitably delay the proceedings,

6  increase litigation costs, and prejudice the existing parties. *See PEST Comm.*, 648 F. Supp.

7  2d at 1214 (declining to allow permissive intervention despite movants meeting the

8  threshold factors because their interests were already met by existing parties and "adding

9  [movants] as parties would unnecessarily encumber the litigation"). *Third*, allowing

10 Movants to intervene "will introduce unnecessary partisan politics into an otherwise

11 nonpartisan legal dispute." *Miracle*, 333 F.R.D. at 156 (internal quotations omitted).

12     In sum, Movants' intervention is not necessary to the development of the case;

13 permitting *amicus* participation would allow Movants to "bring their perspective," Mot. at

14 15, while facilitating the speedy and efficient resolution of the matter and keeping the

15 floodgates shut on unnecessary partisan dispute, particularly since any of Movants'

16 purported interests are already represented by existing parties.[4]

17

18

19

20 ─────────────────────

21 [4] If the Court is inclined to grant intervention, Plaintiffs respectfully request that, at a
   minimum, it impose strict limits to prevent unnecessary delay, duplication, and prejudice
22 to existing parties and to judicial economy. For example—similar to the approach Judge
   Rayes took in *Arizona Democratic Party*, Plaintiffs respectfully request that the Court
23 designate existing Plaintiffs and Defendants as "the representatives responsible for
   coordinating" the legal strategy and scheduling in the matter and order that (1) Movants
24 "cannot file a response without leave of Court;" (2) "any proposed response must not repeat
   any argument already raised," and (3) "any motion seeking leave to file a response will
25 need to explain how the briefing submitted by [existing parties] does not adequately
   address the issue or issues affecting Movants." *Ariz. Democratic Party*, 2020 WL 6559160,
26 at *1. Plaintiffs note that Movants "commit to complying with all deadlines that govern the
   parties, working to prevent duplicative briefing, and coordinating with the parties on
27 discovery," Mot. at 14, and ask that if Movants are admitted as parties, they be strictly held
   to that commitment.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For these reasons, the Court should deny Movants' motion to intervene pursuant to Rule 24(a) and Rule 24(b).


Dated: May 26, 2022                    Respectfully Submitted,


                                       */s/ Daniel A. Arellano*
                                       Roy Herrera (Bar No. 032901)
                                       Daniel A. Arellano (Bar. No. 032304)
                                       Jillian L. Andrews (Bar No. 034611)
                                       **HERRERA ARELLANO LLP**
                                       530 East McDowell Road
                                       Suite 107-150
                                       Phoenix, Arizona 85004-1500
                                       Telephone: (602) 567-4820
                                       roy@ha-firm.com
                                       daniel@ha-firm.com
                                       jillian@ha-firm.com


                                       Marc E. Elias*
                                       Elisabeth C. Frost*
                                       John M. Geise*
                                       Mollie DiBrell*
                                       Alexander F. Atkins*
                                       Daniela Lorenzo*
                                       **ELIAS LAW GROUP LLP**
                                       10 G Street NE, Suite 600
                                       Washington, DC 20002
                                       Phone: (202) 968-4513
                                       Facsimile: (202) 968-4498
                                       melias@elias.law
                                       efrost@elias.law
                                       jgeise@elias.law
                                       mdibrell@elias.law
                                       aatkins@elias.law
                                       dlorenzo@elias.law

                                       *Attorneys for Plaintiffs*
                                       *\* Admitted Pro Hac Vice*

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE