IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> Katie Hobbs, et al., <br><br>  Defendants. | No. CV-22-00509-PHX-SRB <br><br> **ORDER** |

The Court now considers Movants Republican National Committee, National Republican Senatorial Committee, Republican Party of Arizona, Gila County Republican Committee, and Mohave County Republican Central Committee's (collectively, "Movants") Motion to Intervene ("Motion"). (Doc. 24, ("Mot.").) For the following reasons, the Court denies the Motion.

**I.  BACKGROUND**

H.B. 2492, signed into law on March 30, 2022 and effective on December 31, 2022, mandates new voter registration processes based on documentation of citizenship. (Doc. 1, Compl. ¶ 3); S.B. 1638 § 4, 55th Leg., 2d Reg. Sess. (Ariz. 2022). On March 31, 2022, Plaintiff Mi Familia Vota ("MFV") filed its Complaint against several Arizona officials, including Arizona Secretary of State Katie Hobbs, wherein MFV alleged that H.B. 2492's requirements are an unconstitutional burden on the right to vote. (Compl. ¶¶ 68–77.) That same day, Plaintiffs Living United for Change in Arizona ("LUCHA"), League of United Latin American Citizens Arizona, Arizona Students' Association, and Arizona Democracy

Resource Center Action (collectively, "LUCHA Plaintiffs") filed a separate Complaint also attacking the constitutionality of H.B. 2492. (Doc. 1, 22-cv-519-SRB, LUCHA Compl.) Arizona Attorney General Mark Brnovich promptly intervened in the latter lawsuit. (Doc. 12, 22-cv-519-SRB, Brnovich Mot. to Intervene; Doc. 20, 22-cv-519-SRB, 04/26/2022 Order.) The Court consolidated the two lawsuits on May 17, 2022. (Doc. 39, 05/17/2022 Order.)

On May 12, 2022, Movants filed the instant Motion. (Mot.) MFV and co-Plaintiff Voto Latino filed their Response to the Motion on May 26, 2022, and LUCHA Plaintiffs filed a separate Response on the same date. (Doc. 46, Resp. to Mot. ("Resp."); Doc. 26, 22-cv-00519-SRB, LUCHA Resp. to Mot.) Movants filed their Reply on June 2, 2022. (Doc. 49, Reply.)

## II.     LEGAL STANDARDS & ANALYSIS

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right and permissive intervention. Movants argue the Court should grant intervention on either ground. (Mot. at 2.)

### A.     Intervention as of Right

Rule 24(a)(2) provides the right to intervene where a person or entity "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants for intervention as a matter of right must satisfy a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). "Failure to

1  satisfy one of the requirements is fatal to the application." *Perry v. Proposition 8 Off.*
2  *Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

3  While courts usually liberally construe Rule 24 in favor of intervention, certain
4  circumstances weigh against this construction. First, "[t]here is . . . an assumption of
5  adequacy when the government is acting on behalf of a constituency that it represents."
6  *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)
7  (quoting *Arakiki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Second, "[w]here the
8  party and the proposed intervenor share the same 'ultimate objective,' a presumption of
9  adequacy of representation applies, and the intervenor can rebut that presumption only with
10 a 'compelling showing' to the contrary." *Perry*, 587 F.3d at 951. Courts consider three
11 factors in assessing the movant's showing: "(1) whether the interest of a present party is
12 such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether
13 the present party is capable and willing to make such arguments; and (3) whether a
14 proposed intervenor would offer any necessary elements to the proceeding that other
15 parties would neglect." *Id.* at 952.

16 Here, the government is representing its constituency, and despite Movants'
17 arguments to the contrary, Movants and Defendants share the same objective: defending
18 the constitutionality of H.B. 2492. (*See* Mot. at 9 (describing Movants' interest as
19 "preventing a federal court from enjoining a valid law"); Reply at 5 (describing that
20 "Defendants are officials tasked with defending state law").) Movants have not met their
21 heightened burden to compellingly show inadequacy of representation. *See Perry*, 587 F.3d
22 at 951. Arguing that they advance the uniquely Republican interests of encouraging
23 Republican voters to cast ballots and promoting Republican candidates, Movants assert
24 that they have discrete, partisan interests in defending H.B. 2492. (Mot. at 10–12.) But as
25 judges within this District have previously recognized, a would-be intervenor's partisan
26 motivation—vis-à-vis the government's obligation to its entire constituency, regardless of
27 political affiliation—does not alone "call into question [the government's] sincerity, will
28 or desire" to defend the challenged law. *See Yazzie v. Hobbs*, No. CV-20-08222-PCT-

GMS, 2020 WL 8181703, at *3 (D. Ariz. Sept. 16, 2020); *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (declining to find inadequate representation where movants only "allege[d]—and superficially at that—partisan bias" to meet the Rule 24(a) standard). Defendants have given no indication that they are not willing or able to defend H.B. 2492 without Movants' assistance, and the Attorney General's swift intervention and continued presence as a Defendant confirms as much. *See Miracle*, 333 F.R.D. at 155–56 (citing Attorney General's representation of Secretary Hobbs as indication of adequate defense of lawsuit).

Moreover, Movants fail to grapple with binding precedent imposing a strong presumption of adequacy under the instant circumstances. (*See* Mot. at 2, 4, 10–11; Reply at 4 (mischaracterizing instant inadequacy standard as a "low bar").) Relying on out-of-circuit precedent and speculation about the limited resources Defendants will expend on litigating this case, Movants ignore that at this juncture, Defendants and Movants seek the same "ultimate objective." (*See* Mot. at 11); *Perry*, 587 F.3d at 949 (finding adequate representation where distinctions in position between movants and defendants "are rooted in style and degree, not the ultimate bottom line.") The Court concludes that Movants have not made the "compelling showing" that Defendants do not adequately represent Movants' interests. *See Perry*, 587 F.3d at 951; *c.f. Citizens for Balanced Use*, 647 F.3d at 899 (finding "compelling" showing of inadequate representation when government defendant was in the process of appealing order in a previous litigation between movants and government, where the order addressed the same interests as the instant lawsuit). Given that each factor of the Rule 24(a) test must be met to intervene as a matter of right, the Court need not reach the remaining Rule 24(a) factors. *See Perry*, 587 F.3d at 950.

## B. Permissive Intervention

To merit permissive intervention, an applicant must demonstrate: "(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (citation omitted). But even

where those three elements are satisfied, the district court retains discretion to deny permissive intervention. *Id.* (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

While the Movants' request meets the elements of Rule 24(b), equitable concerns weigh against granting permissive intervention. As already detailed, Movants' participation in the lawsuit is not necessary to the adequate representation of their interests. *See Yazzie*, 2020 WL 8181703, at *4 (citing *Cal. v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 779 (9th Cir. 1986)) (denying permissive intervention where movants were already "more than adequately represented").[1] Though the Movants pledge to respect the briefing schedule, the Court concludes from experience that Movants' intervention would "unnecessarily delay this time-sensitive proceeding." *Id.*; (*see* Mot. at 14; Reply at 8–9.) Further, the Court agrees with MFV that granting the Motion would needlessly inject "partisan politics into an otherwise nonpartisan legal dispute."[2] (Resp. at 13 (quoting *Miracle*, 333 F.R.D. at 156).)

However, the Court will not ignore Movants' contention that Defendants may reach a settlement agreement detrimental to Movants' interests. (Mot. at 8, 11; Reply at 6.) To alleviate these concerns, the Court will require the parties to inform counsel for Movants of any proposed settlement agreement. The Court will also deny the Motion without

---

[1] Movants attempt to dismiss *Yazzie* as "unpersuasive and distinguishable." (*See* Mot. at 16.) The Court disagrees. Contrary to Movants' assertion, the rationale in *Yazzie* did not hinge on the pendency of defendant's motion to dismiss or the timeliness of the motion to intervene, but instead primarily addressed that the Republican movants and government defendant shared the same "ultimate objective." *See Yazzie*, 2020 WL 8181703, at *3–4 (citing *Perry*, 587 F.3d at 954). Movants have offered no convincing justification for why this Motion should be decided differently.

[2] Movants assert that the Democratic Party will participate in this lawsuit, and that therefore the Court should grant the Motion in anticipation of the Democratic Party's participation. (*See* Reply at 1, 8 (citing Doc. 47, Joint Mot. for Ext. of Time ("Joint Mot.")).) But the parties informed the Court that the Arizona Democratic Party sent a letter on April 29, 2022 indicating its intent to assert a claim under the National Voter Registration Act ("NVRA") which would allow it to file a separate action under the NVRA upon the expiration of 90 days from the date of its letter. The Court has no information that the Democratic Party will try to participate in the instant lawsuit. (*See* Joint Mot. at 1.)

prejudice so that Movants may seek intervention if they have substantiated concerns about the adequacy of the defense or objections to the terms of a settlement.

### III. CONCLUSION

Because Defendants adequately represent Movants' interests in this litigation, the Court denies the Motion without prejudice.

**IT IS ORDERED** denying Movants Republican National Committee, National Republican Senatorial Committee, Republican Party of Arizona, Gila County Republican Committee, and Mohave County Republican Central Committee's Motion to Intervene (Doc. 24) without prejudice.

Dated this 23rd day of June, 2022.

_____
Susan R. Bolton
United States District Judge