Tyler Green*
Cameron T. Norris*
James P. McGlone*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
jim@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com
*pro hac vice

*Attorneys for Proposed Intervenor-Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Katie Hobbs, et al.,<br><br>                    Defendants. | Case No: 2:22-cv-00509-SRB (Lead)<br>Case No: 2:22-cv-00519-SRB (Consol.)<br>Case No: 2:22-cv-01003-SRB (Consol.)<br>Case No: 2:22-cv-01124-SRB (Consol.)<br>Case No: 2:22-cv-01369-SRB (Consol.) |
| Living United for Change in Arizona, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Katie Hobbs,<br><br>                    Defendant. | **MOTION TO INTERVENE AS DEFENDANT BY THE REPUBLICAN NATIONAL COMMITTEE** |

Poder Latinx,

                    Plaintiffs,

v.

Katie Hobbs,

                    Defendant.

United States of America,

                    Plaintiff,

v.

State of Arizona, et al.,

                    Defendants.

Democratic National Committee,

                    Plaintiff,

v.

Katie Hobbs, et al.,

                    Defendants.

The RNC files this motion to clarify its status in the five consolidated cases. The RNC is an intervenor defendant in *DNC v. Hobbs*, No. 22-cv-1369. After this Court granted the RNC's motion to intervene, *see DNC* Doc. 18 in No. 22-cv-1369, the plaintiffs in *DNC* moved to consolidate their case with four already-consolidated cases, noting that further "consolidation will promote efficiency and convenience" because "[t]he cases challenge the same law, are filed against the same parties, and adjudication of the claims in each will require overlapping discovery and briefing," *see MFV* Doc. 90 at 2. This Court agreed and consolidated the *DNC* case with the other four consolidated cases. *MFV* Doc. 91. All told, the RNC became a party to the *DNC* case, and then the *DNC* case was consolidated with *Mi Familia Vota v. Hobbs*; *LUCHA v. Hobbs*; *Poder Latinx v. Hobbs*; and *United States v. Hobbs*.

Since then, the RNC has learned that some plaintiffs do not consider the RNC a party to the consolidated cases. Apparently, in their view, the RNC cannot file motions or responses, take discovery, or appeal in any case other than the *DNC* case. That situation

not only seems like a logistical nightmare, but also defeats the very reasons why the *DNC* plaintiffs sought consolidation. It also complicates the RNC's plans to simply join the State's forthcoming "consolidated Motion to Dismiss." *MFV* Doc. 100 at 3. Clarification from this Court is needed.

To clarify their status, the RNC now moves to intervene in the four cases that are consolidated with this one: *Mi Familia Vota*, No. 2:22-cv-00509; *LUCHA*, No. 2:22-cv-00519; *Poder Latinx*, No. 2:22-cv-01003; and *United States*, No. 2:22-cv-01124. The RNC has found itself in this situation before. In a 2020 election case in Wisconsin, a district court granted the RNC's motion to intervene in one case, and then consolidated that case with two others. The RNC then moved to intervene in the two consolidated cases "in an effort to clarify their status in these two cases." *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-00284 (W.D. Wis., Mar. 31, 2020). The district court granted that motion. *Id.* As the court explained elsewhere in those consolidated cases:

> [T]his case is one of four closely overlapping lawsuits …. If anything, *denying* intervention would at this point unnecessarily complicate an already complicated set of cases by requiring the RNC[] to act as *amici* in this case and as defendants in the other, three related cases. The Seventh Circuit has observed that 'Rule 24(b) is just about economy in litigation.' Here, … intervention would serve the interests of judicial administration ….

*Swenson v. Bostelmann*, Doc. 38 at 5, No. 20-cv-00459 (W.D. Wis. June 23, 2020). That analysis fits this case to a T.

The RNC satisfies the criteria for intervention, for reasons given in its memorandum in *DNC* and its memoranda and reply in *Mi Familia Vota* and *LUCHA*. *See DNC* Doc. 10; *MFV* Docs. 24 & 49; *LUCHA*, Docs. 23. While this Court previously denied the latter motions, that denial was deliberately "without prejudice." *MFV* Doc. 57 at 6. This Court acknowledged that things could change, especially if "the Democratic Party" decided to sue and "try to participate in the instant lawsuit." Doc. 57 at 5 n.2.

Things indeed have changed. The Democratic Party did sue, and this Court granted the RNC's motion to intervene in that case. Three more cases were filed, and five of the six cases were consolidated, including the case where the RNC is already a party. The

RNC's intervention will no longer "inject 'partisan politics into an otherwise nonpartisan legal dispute,'" Doc. 57 at 5; both it and the Democratic Party are now in this case. And the RNC's intervention will no longer "'unnecessarily delay this time-sensitive proceeding,'" Doc. 57 at 5; it is *already* a party, and the number of total parties has since ballooned. As in Wisconsin, "*denying* intervention would at this point unnecessarily complicate an already complicated set of cases by requiring the RNC[] to act as *amici* in this case and as defendants in the other … related cases." *Swenson*, Doc. 38 at 5, No. 20-cv-00459 (W.D. Wis.). That bizarre situation serves no purpose underlying the intervention rules.

For all these reasons, this Court should clarify the RNC's status by allowing it to intervene in the other consolidated cases. The Attorney General does not oppose this motion. The Secretary of State takes no position. The recorders for Yavapai County, Maricopa County, Graham County, Cochise County, Apache County, Yuma County, Santa Cruz County, and Pinal County take no position. The *MFV*, *LUCHA*, and *Poder Latinx* plaintiffs oppose. The RNC has not heard from the remaining parties.

Respectfully submitted on June 2, 2022.

By: */s/ James P. McGlone*

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

Tyler Green*
Cameron T. Norris*
James P. McGlone*
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
jim@consovoymccarthy.com
*pro hac vice

*Attorneys for Proposed Intervenor-Defendant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28