Daniel J. Adelman (011368)
Arizona Center for Law
In the Public Interest
352 E. Camelback Rd., #200
Phoenix, AZ 85012
(602) 258-8850
danny@aclpi.org

Jon Sherman (DC Bar No. 998271)
Michelle Kanter Cohen (DC Bar No. 989164)
Cecilia Aguilera (DC Bar No. 1617884)
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

John A. Freedman
Jeremy Karpatkin
Erica McCabe
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Erica.McCabe@arnoldporter.com

Steven L. Mayer
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
(415) 471-3100
Steve.Mayer@arnoldporter.com

Leah R. Novak
Arnold & Porter Kay Scholer LLP
250 W. 55th Street
New York, NY 10019
(212) 836-8000
Leah.Novak@arnoldporter.com

Counsel for Plaintiff Poder Latinx

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>Katie Hobbs, et al.,<br><br>   Defendants. | Case No: 2:22-cv-00509-SRB (Lead)<br>Case No: 2:22-cv-00519-SRB (Consol.)<br>Case No: 2:22-cv-01003-SRB (Consol.)<br>Case No: 2:22-cv-01124-SRB (Consol.)<br>Case No: 2:22-cv-01369-SRB (Consol.)<br><br>**WAIVER OF THE SERVICE OF SUMMONS**<br><br>(Honorable Susan R. Bolton) |
| Living United for Change in Arizona, et al.,<br><br>   Plaintiffs,<br><br>  v. | |

Katie Hobbs,

Defendant,

and

State of Arizona, et al.,

Intervenor-Defendants.

Poder Latinx, et al.,

Plaintiff,

v.

Katie Hobbs, et al.,

Defendants.

United States of America,

Plaintiff,

v.

State of Arizona, et al.,

Defendants.

Democratic National Committee, et al.,

Plaintiffs,

v.

State of Arizona, et al.,

Defendants,

and

Republican National Committee,

Intervenor-Defendant.

To: Richard Colwell, Yuma County Recorder
(Name of plaintiff's attorney or unrepresented party)

I have received your request to waive service of a summons in this action along with a copy of the First Amended Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you. I, or the entity I represent, agree to save the expense of serving a summons and first amended complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within sixty (60) days from September 14, 2022, the date when this request was sent (or ninety (90) days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: September 15, 2022

_____
Signature of attorney or unrepresented party

Richard Colwell
Printed name of party
waiving service

William Kerekes
Printed Name

250 W. 2nd Street
Yuma, AZ  85364
Address

bill.kerekes@yumacountyaz.gov
Email Address

928-817-4300
Telephone Number

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and first amended complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

1

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service. If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2