Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road, Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia Vota and
Voto Latino*
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | |
| Plaintiffs, | Case No. 2:22-cv-00509-SRB |
| v. | **MFV PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY THE REPUBLICAN NATIONAL COMMITTEE** |
| Katie Hobbs, et al., | |
| Defendants. | |

Living United for Change in Arizona, et al.,

                Plaintiffs,

      v.

Katie Hobbs,

              Defendant,

              and

State of Arizona, et al.,

              Intervenor-Defendants.

---

Poder Latinx,

              Plaintiff,

      v.

Katie Hobbs, et al.,

              Defendants.

---

United States of America,

              Plaintiff,

      v.

State of Arizona, et al.,

              Defendants.

---

Democratic National Committee, et al.,

              Plaintiffs,

      v.

State of Arizona, et al.,

              Defendants,

              and

Republican National Committee,

              Intervenor-Defendant.

1        Plaintiffs Mi Familia Vota and Voto Latino (together, "MFV Plaintiffs"), by and

2    through counsel, file this Opposition to the Motion to Intervene as Defendant by the

3    Republican National Committee ("RNC") (ECF No. 101, the "Motion" or "Mot."). For the

4    reasons set forth below, MFV Plaintiffs respectfully request that the Court deny the RNC's

5    Motion. In the alternative, if the Court is inclined to grant intervention, MFV Plaintiffs

6    request that it strictly limit the scope of the RNC's intervention in these consolidated

7    matters to permit the RNC to only brief issues not addressed by one of the other parties and

8    require the RNC to seek leave to file independent briefs.

9    **INTRODUCTION**

10       On June 23, 2022, the Court denied the RNC's motion to intervene in the actions

11   brought by the Plaintiffs in *Mi Familia Vota v. Hobbs*, No. 2:22-cv-509 ("*MFV*"), and

12   *Living United for Change in Arizona et al v. Hobbs*, No. 2:22-cv-519 ("*LUCHA*"). Order

13   at 5-6, *MFV*, No. 2:22-cv-00509 (June 23, 2022), ECF No. 57 ("Order Denying RNC

14   Intervention"). Those cases are now consolidated, together with three other complaints,

15   before this Court. The RNC now seeks to intervene in all of them, including the *MFV* and

16   *LUCHA* actions in which this Court previous denied it intervention.

17       Nothing has changed, except that the Democratic National Committee and Arizona

18   Democratic Party (together, "DNC") subsequently independently filed a complaint, and

19   the Court granted the RNC intervention to defend against the DNC's claims, *without*

20   *opposition from the DNC*. Order, *DNC v. Hobbs*, No. CV-22-01369 (Aug. 24, 2022), ECF

21   No. 18. After that motion to intervene was granted, the DNC's case was consolidated with

22   this action. Order, *DNC*, No. CV-22-01369 (Aug. 24, 2022), ECF No. 19. The RNC has

23   not sought reconsideration of the Court's Order denying its motion to intervene against the

24   *MFV* or *LUCHA* Plaintiffs, either through a timely motion or now, nearly three months

25   later. And although the Court was clear in its June 23 Order about the circumstances under

26   which the RNC could seek to renew its motion—namely, if it "ha[s] substantiated concerns

27   about the adequacy of the defense or objections to the terms of a settlement," Order

28

Denying RNC Intervention at 6—the RNC does not argue its intervention is now justified on either of those clearly articulated grounds.

Instead, the RNC seeks to leverage the fact that it was granted intervention on an unopposed motion to defend against the separate claims brought by the DNC, to argue it should now be granted intervention in *all five* of the consolidated cases before this Court. The RNC does not argue that its intervention is warranted by a significant change in the underlying substantive facts or controlling law upon which this Court's well-reasoned June 23 Order was based. Instead, the RNC simply contends that granting its motion would be more administratively efficient.

The RNC is wrong. It can easily limit its briefing to address the claims brought by the party against whom its intervention has been permitted, without causing confusion or inefficiency. If anything, granting the RNC's motion would obstruct the efficiency of these proceedings, expanding the already substantial amount of briefing that this Court has to contend with, making discovery more expansive and burdensome, and resulting in more complexity in this already complex case. It is the law of the case that the RNC cannot intervene in the *MFV* or *LUCHA* actions, yet the RNC offers nothing to explain why this Court should depart from that ruling, and fails to even address that doctrine at all. The Court denied the RNC intervention in this case in a detailed, thoughtful, and well-considered order following briefing in opposition from both the *MFV* and *LUCHA* Plaintiffs. The RNC fails to identify a sufficient reason for this Court to revisit that determination, and its new motion to intervene should be similarly denied.

If the Court nevertheless decides to grant the RNC's Motion and allow it to intervene in all five of the consolidated cases here, the Court should strictly limit the RNC's role, permitting it to only independently brief issues not addressed by the other parties to this matter, and to only do so after seeking and obtaining leave from the Court. Courts in this district have imposed similar strict limitations on intervenors (including the RNC itself) in elections matters. Given the number and variety of parties involved in this case as plaintiffs and defendants, the issues the RNC is concerned about are highly likely to receive full and

thorough development by the original parties. In the unlikely event the RNC deems the parties' briefing insufficient, it is appropriate to require it to request leave to address any such matters separately, to guard against its intervention impeding the efficient resolution of this case.

## BACKGROUND

Mi Familia Vota filed the original complaint in this action, challenging H.B. 2492, on March 31, 2022. Compl., *MFV* (Mar. 31, 2022), ECF No. 1. The same day, the *LUCHA* Plaintiffs filed a separate lawsuit challenging H.B. 2492. Compl., *LUCHA* (Mar. 31, 2022), ECF No. 1. Nearly six weeks later, on May 12, the RNC, National Republican Senatorial Committee, Republican Party of Arizona, Gila County Republican Party, and Mohave County Republican Central Committee (collectively the "Republican Entities") moved to intervene in both matters. Mots. to Intervene, *MFV*, No. 2:22-cv-00509 (May 12, 2022), ECF No. 24, and *LUCHA*, No. 2:22-cv-00519 (May 12, 2022), ECF No. 23.[1] On May 17, this Court consolidated *LUCHA* with *MFV*. Order, *MFV*, No. 2:22-cv-00509 (May 17, 2022), ECF No. 39.

On June 23, after full briefing on the Republican Entities' motions to intervene in *MFV* and *LUCHA* (which the Court considered together after the matters were consolidated), Resp., *LUCHA*, No. 2:22-cv-00519 (May 26, 2022), ECF No. 26; *MFV*, No. 2:22-cv-00509, ECF Nos. 46 (May 26, 2022) and 49 (June 2, 2022), the Court denied the motions "without prejudice so that Movants may seek intervention if they have substantiated concerns about the adequacy of the defense or objections to the terms of a settlement." Order Denying RNC Intervention at 5-6. At no point has the RNC, nor any of the other Republican Entities, filed any motion asking the Court to reconsider that ruling.

On August 15, the DNC filed a separate lawsuit challenging H.B. 2492. Compl., *DNC* (Aug. 15, 2022), ECF No. 1. The next day, the RNC alone filed an unopposed motion to intervene in that case. Unopposed Mot. to Intervene, *DNC* (Aug. 16, 2022), ECF No. 10.

---

[1] On May 13, Mi Familia Vota amended its complaint to add co-plaintiff Voto Latino. *See Mi Familia Vota*, No. 2:22-cv-00509 (May 13, 2022), ECF No. 38.

1   On August 24, this Court issued a short order granting the RNC's unopposed intervention

2   into the *DNC* case, and then separately consolidated *DNC* into *MFV* later that same day.[2]

3     On September 6, the RNC filed the instant Motion to Intervene in the now five

4   consolidated cases. *MFV*, No. 2:22-cv-00509 (Sept. 6, 2022), ECF No. 101. The RNC

5   asserts that, by virtue of its unopposed intervention into *DNC*, it should be allowed

6   intervention in all the consolidated cases, including the two in which it was previously

7   denied intervention after full briefing. *See generally* Mot.

8   **LEGAL STANDARD**

9     Motions for reconsideration are governed by Local Civil Rule 7.2(g) and will

10  ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal

11  authority that could not have been brought to [the Court's] attention earlier with reasonable

12  diligence." LRCiv 7.2(g). Such motions "shall be filed no later than fourteen (14) days

13  after the date of the filing of the Order that is the subject of the motion." *Id.*

14    The law of the case is a discretionary doctrine which "mandates that courts follow

15  a prior decision 'unless (1) the decision is clearly erroneous and its enforcement would

16  work a manifest injustice; (2) intervening controlling authority makes reconsideration

17  appropriate; or (3) substantially different evidence was adduced at a subsequent trial.'"

18  *Mitchell v. United States*, No. CV-09-08089-PCT-DGC, 2018 WL 4467897, at *3 (D. Ariz.

19  Sept. 18, 2018), *aff'd*, 958 F.3d 775 (9th Cir. 2020) (quoting *Alaimalo v. United States*,

20  645 F.3d 1042, 1049 (9th Cir. 2011)).

21    To intervene as of right pursuant to Rule 24(a)(2), a proposed intervenor must file a

22  timely motion and demonstrate that: (1) they have a significantly protectable interest in this

23  action; (2) disposition of the action may impair or impede their ability to protect that

24  interest; and (3) their purported interest is not adequately represented by existing parties to

25  the litigation. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

26  A party seeking intervention "bears the burden of showing that *all* the requirements for

27

28

---

[2] By this point, both *Poder Latinx v. Hobbs*, No 2:22-cv-1003, and *United States. v. Arizona*, No. 2:22-cv-1124, had also been consolidated into *MFV*. The RNC has not previously moved to separately intervene in either of those cases.

MFV PLAINTIFFS' OPPOSITION TO RNC MOTION TO INTERVENE

intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). "Failure to satisfy any one of the requirements is fatal to the application." *United States v. Arizona*, No. CV 10-1413-PHX-SRB, 2010 WL 11470582, at *1 (D. Ariz. Oct. 28, 2010) (citing *Perry*, 587 F.3d at 950).

To justify permissive intervention under Rule 24(b), a party seeking intervention must file a timely motion and demonstrate: (1) independent grounds for jurisdiction and (2) that their claims share a question of law or fact with the main action. *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

**ARGUMENT**

The Court should deny the RNC's Motion. When the Court denied the RNC's prior motion to intervene in the *MFV* and *LUCHA* cases, it clearly articulated the circumstances under which the RNC could seek to renew its motion, stating: "Movants may seek intervention [again in the future] if they have substantiated concerns about the adequacy of the defense or objections to the terms of a settlement." Order Denying RNC Intervention at 5-6. The RNC's Motion fails to argue, much less establish, that either circumstance is met. Nor could it: as reflected by the briefing that presaged the State's recently filed motion to dismiss (as well as the motion to dismiss itself), the Attorney General is vigorously defending this matter. Nor have the parties entered into any settlement agreement to which the RNC objects. The Motion also does not satisfy the standards applicable to a motion for reconsideration or explain why the law of the case doctrine does not govern. Finally, the RNC's arguments about administrative efficiency are not sufficient to support intervention and, in any event, are inaccurate. In the alternative, should the Court grant the motion to intervene, it should strictly limit the RNC's participation to solely briefing issues not addressed by the other parties to this matter subject to the Court's approval.

MFV PLAINTIFFS' OPPOSITION TO RNC MOTION TO INTERVENE

1
2

**I.    The RNC fails to meet the standard this Court previously set out for renewal of its request for intervention.**

3
4
5
6
7
8
9
10
11

In denying the RNC's prior motion to intervene, the Court left open the possibility that the RNC could renew its request for intervention, but only if it could later show that it "ha[s] substantiated concerns about the adequacy of the defense or objections to the terms of a settlement." Order Denying RNC Intervention at 6. In the new Motion, the RNC does not (and cannot) argue that either of those situations has occurred. The Attorney General has continued to robustly defend this action, filing a motion to dismiss last week seeking dismissal of all these consolidated cases. *See* ECF No. 127 (Sept. 16, 2022). The RNC's failure to satisfy the preconditions that the Court clearly set for renewal of its motion to intervene is reason enough to deny its motion.

12
13

**II.   The RNC does not satisfy the requirements for a motion for reconsideration, and the law of the case separately forecloses its Motion.**

14
15
16

While the RNC has not satisfied the preconditions that the Court identified for renewal of its request for intervention, it has also not sought reconsideration of that prior order, nor does it explain why the law of the case does not preclude its new Motion.

17
18
19
20
21
22
23
24
25

To prevail on a motion for reconsideration, a party must show that the Court's prior order exhibited "manifest error" or demonstrate "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g). The law of the case doctrine requires a similar showing for a Court to revise a prior decision. *See Alaimalo*, 645 F.3d at 1049 (explaining the law of the case doctrine requires that courts follow a prior decision "unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial.").

26
27
28

As explained in the MFV Plaintiffs' opposition to that prior motion to intervene, the RNC cannot demonstrate that it has *any* significantly protectable interest warranting intervention; instead, it relies on generalized interests that are insufficient to justify

MFV PLAINTIFFS' OPPOSITION TO RNC MOTION TO INTERVENE

intervention under Rule 24. *See* MFV Pls.' Opp. to Intervention at 6-8 (May 26, 2022), ECF No. 46. Nor can the RNC overcome the strong presumption that Defendants—Arizona government officials—adequately represent the generalized interests that the RNC seeks to intervene to protect. *Id.* at 10-12. After carefully considering the parties' arguments, the Court correctly came to that conclusion and properly denied the Republican Entities' motion to intervene. *See generally* Order Denying RNC Intervention.

Nothing has changed on that front. As the Court previously found, it is still the case that "circumstances weigh against" granting intervention where, like here, "the government is representing its constituency, and despite [the RNC's] arguments to the contrary, [the RNC] and Defendants share the same objective: defending the constitutionality of H.B. 2492." *Id.* at 3 (citing *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011), *Proposition 8 Off. Proponents*, 587 F.3d at 950, *Yazzie v. Hobbs*, No. CV-20-08222-PCT-GMS, 2020 WL 8181703, at *3 (D. Ariz. Sept. 16, 2020), and *Miracle*, 333 F.R.D. at 156). As the parties sit here today, Defendants continue to aggressively defend the challenged laws and have filed a motion to dismiss all of the claims brought by all of the Plaintiffs. ECF No. 127.

And while it is true that the Court also noted that it was inclined to deny permissive intervention because allowing the RNC to intervene "would needlessly inject partisan politics" into the action, Order Denying RNC Intervention at 5 (cleaned up), and the DNC has since brought its own affirmative claims challenging H.B. 2492, it also remains true that the *MFV* Plaintiffs are nonpartisan entities who bring these claims based on H.B. 2492's impediment to voting rights. The Supreme Court has emphasized that consolidation should be understood "not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). Accordingly, each consolidated case "retains its independent character," *id.*, and the mere fact that the *MFV* case has now been consolidated with one brought by a political committee does not transform *MFV's* claims into ones that require the partisan viewpoint

1    of the RNC.

2          Nor has the law substantively changed since the Court issued its order denying the

3    RNC's earlier motion to intervene. While the RNC does not cite it here, in its motion to

4    intervene in the DNC action the RNC claimed that *Berger v. North Carolina State*

5    *Conference of the NAACP*, 142 S. Ct. 2191 (June 23, 2022), altered the presumption of

6    adequate representation. *See* RNC Unopposed Mot. to Intervene at 4-5, *DNC*, ECF No. 10.

7    That case involved a challenge to a voter-identification law brought against North

8    Carolina's governor and members of the state board of elections, in which legislative

9    leaders from the state's House and Senate sought to intervene as defendants consistent with

10   a North Carolina law that expressly authorized them to do so. *Berger,* 142 S. Ct. at 2198.

11   The Court held simply that when "a *duly authorized* state agent seeks to intervene to defend

12   a state law," the presumption of adequate representation that may apply when a private

13   litigant seeks to intervene on the side of the government is not applicable, and intervention

14   of those "*duly authorized state agent[s]*" should be permitted. *Id*. at 2204 (emphasis

15   added). The RNC, however, is not a state agent, and it is certainly not "duly authorized"

16   by the State of Arizona to defend against a challenge to Arizona state law.[3]

17         It remains the law in the Ninth Circuit that adequate representation is presumed

18   when a private litigant—such as the RNC—seeks to intervene on the side of the

19   government, and that when that litigant shares the same objective as a party, they must

20   make a "compelling showing" to show inadequacy of representation. *See* Order Denying

21   RNC Intervention at 3 (citing cases). Thus, there is no intervening change in the law that

22   would justify this Court's reconsideration of the prior motion to intervene or a need to vary

23   from the law of the case doctrine regarding this Court's previous decision to deny the RNC

24   intervention.

25

26

27   _____

[3] The *Berger* Court explicitly *declined* to rule on the appropriateness of such a presumption
outside of that limited context, stating "to resolve this case we need not decide whether a
28   presumption of adequate representation might sometimes be appropriate when a private
litigant seeks to defend a law alongside the government or in any other circumstance." *Id*.

**III.   The RNC's intervention will impede, not promote, the efficient resolution of this matter.**

Finally, the RNC's contention that the Court should permit intervention in all the consolidated cases because it would be a "logistical nightmare" if the RNC were permitted to only defend against the claims made by the DNC, Mot. at 3, is not credible. Courts and parties in litigation routinely navigate complex matters in which different parties are making or responding to different claims, without incident, much less the nightmarish results that the RNC projects. This action already presents such a case, in which different plaintiffs raise different statutory and constitutional challenges to two different Arizona laws. If anything, granting the RNC's Motion and permitting it to intervene to defend against every single claim brought by every single plaintiff in all of these consolidated cases threatens to add far more complexity and impose far more burdens on the Court and the parties than the current scenario, where the RNC has been permitted to intervene to address the claims brought by the DNC alone. The undersigned is confident in the ability of RNC counsel to figure out how to limit its briefing and discovery to the claims raised by the DNC.

If the RNC is right and the only realistic result is that its involvement in this case in that limited capacity will introduce a "logistical nightmare," that is not a reason to find that the RNC should be allowed to intervene in *more cases*. If anything, it would be reason to reconsider the RNC's intervention entirely. None of the plaintiff groups other than the DNC were able to be heard when the RNC sought unopposed intervention in *DNC* because that case had not yet been consolidated with the MFV Plaintiffs' and other plaintiffs' cases. Yet, the RNC now submits that its unopposed intervention there—rather than its earlier opposed and rejected intervention in *MFV*—should dictate its relationship to this matter. If the RNC is to have only one relationship as regards all the consolidated matters, it should be the one the Court determined was appropriate after considering all of the parties' positions on full briefing, not the unopposed motion that resulted in the RNC's intervention

1  in the *DNC* case.[4]

2  **IV.   If the RNC is permitted to intervene, the Court should exercise its discretion
3         to strictly limit the scope of its intervention.**

4         In the alternative, if the Court is persuaded to allow the RNC to intervene in all the

5  consolidated matters, it should exercise its power to limit the scope of that intervention.

6  Courts in this district have repeatedly imposed restrictions on the participation and role of

7  intervenors in election cases on the side of both plaintiffs and defendants. For example, in

8  two recent election challenges, Judge Rayes and Judge Lanza ruled that intervenors,

9  including the RNC, could only brief issues not addressed by one of the other parties and

10  only after seeking leave to do so. *See Ariz. Democratic Party v. Hobbs*, No. CV-20-01143,

11  2020 WL 6559160, at *1 (D. Ariz. June 26, 2020) (recounting the "strict limitations the

12  Court has imposed to avoid redundant briefing and delay" on intervenors, including the

13  RNC); *Mi Familia Vota v. Hobbs* ("*Mi Familia II*"), No. CV-21-01423, 2021 WL 5217875,

14  at *2 (D. Ariz. Oct. 4, 2021) ("impos[ing] similar restrictions" on briefing by intervenors,

15  including the RNC).

16         If the RNC is permitted to intervene in all the consolidated matters, similar

17  restrictions are warranted. The consolidated matters already have multiple sovereign

18  entities on both the plaintiff and defense sides, more than a dozen individual plaintiffs and

19  plaintiff organizations, and nearly twenty state and local officials as Defendants. This Court

20  has already taken steps to limit the amount and scope of briefing given the number and

21  variety of parties involved. *See* Order at 3, *MFV*, No. 2:22-cv-00509 (Sept. 2, 2022), ECF

22

23  ───────────────
   [4] The fact that the RNC was previously denied intervention in two of the consolidated cases
24  here before it was granted unopposed intervention in the DNC case readily distinguishes
   this scenario from *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-00284 (W.D. Wis. Mar. 31,
25  2020), and *Swenson v. Bostelmann*, Doc. 38 at 5, No. 20-cv-00459 (W.D. Wis. June 23,
   2020), which the RNC misleadingly claims "fit[] this case to a T." Mot. at 3. In those
26  actions, the Court permitted the RNC to intervene in a consolidated action when it had
   previously been granted intervention in one of the matters that became consolidated. The
27  RNC was not first denied intervention in *Lewis* and *Swenson*, which is effectively what
   occurred here. As such, *Lewis* and *Swenson* offer no guidance for the current scenario and
28  certainly do not "fit[] this case to a T." Mot. at 3.

No. 100. If the Court permits the RNC to intervene in all the consolidated matters, restrictions such as those imposed by other courts in this district would be warranted because they would (1) align with this Court's previous limitations on briefing for the actual parties to these matters and (2) avoid duplicative and unnecessary briefing. Accordingly, if the Court grants the RNC intervention in all these consolidated matters, MFV Plaintiffs request that the Court order that they can only brief issues not addressed by one of the other parties and must seek leave to file independent briefs.

## CONCLUSION

For these reasons, the Court should deny the RNC's motion to intervene. In the alternative, if the Court grants intervention, it should impose strict limitations, limiting any briefing by the RNC to only address issues not addressed by one of the other parties and only after seeking leave from the Court to file independent briefs.

Dated: September 20, 2022                    Respectfully submitted,


                                             */s/ Daniel A. Arellano*
                                             Roy Herrera (Bar No. 032901)
                                             Daniel A. Arellano (Bar. No. 032304)
                                             Jillian L. Andrews (Bar No. 034611)
                                             **HERRERA ARELLANO LLP**
                                             530 East McDowell Road
                                             Suite 107-150
                                             Phoenix, Arizona 85004-1500
                                             Telephone: (602) 567-4820
                                             roy@ha-firm.com
                                             daniel@ha-firm.com
                                             jillian@ha-firm.com


                                             Marc E. Elias*
                                             Elisabeth C. Frost*
                                             John M. Geise*
                                             Mollie DiBrell*
                                             Alexander F. Atkins*
                                             Daniela Lorenzo*
                                             **ELIAS LAW GROUP LLP**

MFV PLAINTIFFS' OPPOSITION TO RNC MOTION TO INTERVENE

10 G Street NE, Suite 600
Washington, DC 20002
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*
*\* Admitted Pro Hac Vice*