**MARK BRNOVICH**
**ATTORNEY GENERAL**
Joseph A. Kanefield (No. 015838)
 *Chief Deputy & Chief of Staff*
Drew C. Ensign (No. 025463)
 *Deputy Solicitor General*
Robert J. Makar (No. 033579)
 *Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Email: Drew.Ensign@azag.gov
Email: Robert.Makar@azag.gov

**FENNEMORE CRAIG, P.C.**
Douglas C. Northup (No. 013987)
Timothy J. Berg (No. 004170)
Emily Ward (No. 029963)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: tberg@fennemorelaw.com
Email: eward@fennemorelaw.com

*Attorneys for Defendant*
*Attorney General Mark Brnovich*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-22-00509-PHX-SRB (Lead) |
| Plaintiffs, | **DEFENDANTS ATTORNEY GENERAL MARK BRNOVICH AND STATE OF ARIZONA'S MOTION TO DISMISS UNDER RULES 12(B)(1) AND (B)(6)** |
| v. | |
| Katie Hobbs, et al., | |
| Defendants. | |
| AND CONSOLIDATE CASES. | No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), the State of Arizona and Mark Brnovich, Arizona Attorney General (hereinafter, the "State") moves to dismiss the Amended Complaint filed by Plaintiffs Tohono O'odham Nation and Gila River Indian Community (collectively, "Plaintiffs"). The State incorporates by reference all arguments from its motion to dismiss (Doc. 127), as explained below. The State further moves to dismiss count I of Plaintiffs' Amended Complaint brought under the National Voter Registration Act ("NVRA"), 52 U.S.C. §§ 20501–20511, because Plaintiffs failed to provide the notice required under 52 U.S.C. § 20510(b)(2) to assert a private right of action under the NVRA.

## FACTUAL BACKGROUND

Plaintiffs' claims here are one of the many facial challenges to a recently enacted statute: HB 2492 (2022 Ariz. Sess. Laws Ch. 99). Plaintiffs assert two counts: a NVRA claim and a constitutional challenge. As part of their NVRA claim, Plaintiffs admit that they did not provide the statutorily required 30-day notice under § 20510(b)(3). Instead, they allege that they had no obligation to provide such notice because "the violations alleged [] occurred within 30 days before the date of an election for federal office," presumably referring to the 2022 election that occurred on November 8, 2022. (Doc. 21 ¶ 65.) However, Plaintiffs made no factual allegations that support that any NVRA violation occurred as a result of HB 2492 before the 2022 election. And they cannot because HB 2492 will not take effect until January 1, 2023—which was nearly two months *after* the November 2022 election.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6), in turn, mandates dismissal if a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"[A] dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." *Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009). A plaintiff asserting a private right of action under the NVRA must comply with § 20510(b) to have statutory standing, and thus, to state a claim upon which relief can be granted. *See Black Voters Matter Fund v. Raffensperger*, 508 F. Supp. 3d 1283, 1292 (N.D. Ga. 2020).

## ARGUMENT

### A. Plaintiffs' Claims Fail For The Reasons Previously Set Forth

Plaintiffs' constitutional and NVRA claims fail for the reasons previously set forth in the State's consolidated motion to dismiss (Doc. 127), which the State incorporates by reference here.

### B. Plaintiffs' NVRA Claim Also Violates The Pre-Suit Notification Requirement

Plaintiffs' NVRA claim fails also fails because they did not comply with NVRA's pre-suit notification mandate, which is found in 52 U.S.C. § 20510(b). Consequently, they do not have statutory standing pursuant to § 20510(b) to assert a private right of action under the NVRA, and dismissal of their NVRA claim is necessary.

"The NVRA creates a private right of action for '[a] person who is aggrieved by a violation of [the NVRA].'" *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1035 (9th Cir. 2015) (alteration in original) (quoting 52 U.S.C. § 20510(b)). However, a person can only assert an NVRA claim if the person "provide[s] written notice of the violation to the chief election official of the State involved." 52 U.S.C. § 20510(b)(1)–(2). The State then has "90 days after receipt of [the] notice" to correct the "violation" unless the NVRA "violation occurred within 120 days before the date of an election for Federal office." *Id.* A plaintiff can only proceed with a private action without providing notice if "the violation occurred within 30 days before the date of an election for Federal Office." *Id.* § 20510(b)(3); *see also Nat'l Council of La Raza*, 800 F.3d at 1035 (outlining notice requirements).

The NVRA's pre-suit notice requirement "ensure[s] that the chief election officer is directly informed of a violation and is incentivized by the threat of litigation to correct the violation." *Black Voters Matter Fund*, 508 F. Supp. 3d at 1295. A plaintiff who sues without complying with the notice provisions lacks statutory standing to proceed on an NVRA claim. *Scott v. Schedler*, 771 F.3d 831, 836 (5th Cir. 2014) (stating plaintiff's "failure to provide notice is fatal to his suit"); *Black Voters Matter Fund*, 508 F. Supp. 3d at 1294–95 (dismissing NVRA claim where plaintiffs did not comply with notice provisions). Lack of statutory standing for a claim requires dismissal under Rule 12(b)(6). *See Vaughn*, 567 F.3d at 1024; *Black Voters Matter Fund*, 508 F. Supp. 3d at 1294–95.

Here, Plaintiffs failed to comply with § 20510(b)'s notice requirements because they provided no pre-suit notice regarding the asserted NVRA violations at all. Dismissal of their NVRA claim is necessary.

Plaintiffs allege in their Amended Complaint that "the violations alleged [] occurred within 30 days before the date of an election for Federal office," so Plaintiffs do not need to provide notice under § 20510(b). (Doc. 21 ¶ 65.) However, Plaintiffs offer no factual allegations to support that any violations occurred within 30 days of any federal election. That is because it is implausible—if not outright legally *impossible*—to allege that NVRA violations based on HB 2494 occurred when HB 2494 is not even in effect yet. HB 2492 was unequivocally not in effect for the November 2022 election—it only takes effect on December 31, 2022. *See* 2022 Ariz. Legis. Serv. Ch. 174 § 4 (S.B. 1638) ("Laws 2022, chapter 99 is effective from and after December 31, 2022."). It further was not in effect when Plaintiffs filed their Complaint; it was not in effect when Plaintiffs filed their Amended Complaint; and it is not effect as of the date of filing this Motion. Nor can Plaintiffs be "aggrieved" by a statute not yet in effect.

Plaintiffs' insinuation in their Amended Complaint that there is some unknown "ongoing violation" through a citation to *National Council of La Raza* is not enough to save their NVRA claims. (Doc. 21 ¶ 65.) *National Council of La Raza* does not support that a plaintiff can merely say "ongoing violation" and sue within thirty days of an election to get

around § 20510(b). Instead, the court held that "[a] plaintiff can satisfy the NVRA's notice provision *by plausibly alleging that* a[n] ongoing, systematic violation is occurring at the time the notice is sent or, if no notice is sent, when the complaint is filed within 30 days of a federal election." *Nat'l Council of La Raza*, 800 F.3d at 1044 (emphasis added). There, the plaintiffs relied on field investigations and years of data that supported their NVRA claim, which adequately established that they properly pleaded there were ongoing and continuing violations. *Id.* at 1036, 1044. And the plaintiffs there even included this data and information from their field investigations in a pre-suit notice to the chief election officer. *See id.* By contrast, Plaintiffs have not alleged any facts that support it is plausible that there are "ongoing, systematic violations" here, and they failed to provide *any* notice of the purported NVRA violations. Again, HB 2492 is not even in effect yet. In short, Plaintiffs cannot rely on an "ongoing, systemic violation" when they have alleged no facts in support.

Dismissal of the NVRA claim is thus required. Plaintiffs did not provide notice of the NVRA violations asserted in their Amended Complaint. They therefore failed to comply with § 20510(b)'s pre-suit notice requirement, and they lack statutory standing to pursue a private right of action under the NVRA.

## CONCLUSION

Plaintiffs failed to follow the NVRA pre-suit notice requirements, and thus, their NVRA claim fails as a matter of law and is subject to dismissal under Rule 12(b)(6). Plaintiffs' constitutional and NVRA claims also fail for the reasons described in the State's consolidated motion to dismiss (Doc. 127). The State therefore respectfully requests that the Court dismiss the Amended Complaint.

RESPECTFULLY SUBMITTED this 27th day of December, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: s/ Drew C. Ensign
Joseph A. Kanefield (No. 15838)
 *Chief Deputy & Chief of Staff*
Drew C. Ensign (No. 25463)
 *Deputy Solicitor General*
Robert J. Makar (No. 33579)
 *Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov
*Attorneys for Defendant Mark Brnovich, Arizona Attorney General*

**FENNEMORE CRAIG, P.C.**

By: s/
Douglas C. Northup (No. 013987)
Timothy J. Berg (No. 004170)
Emily Ward (No. 029963)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
DNorthup@fennemorelaw.com
TBerg@fennemorelaw.com
EWard@fennemorelaw.com
*Attorneys for Defendant Mark Brnovich, Arizona Attorney General*

**LOCAL RULE 12.1 CERTIFICATION**

Pursuant to Local Rule 12.1, I certify that before filing the instant motion I contacted opposing counsel on December 27 by email, and informed them of the State's intention to file seek dismissal. Counsel for the State also discussed the grounds of dismissal with Counsel for Plaintiffs. Counsel for Plaintiffs indicated that they did not intend to amend their complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

                                        s/ Drew C. Ensign
                                        *Attorneys for Defendant Mark Brnovich,*
                                        *Arizona Attorney General*