LATHAM & WATKINS LLP
  Sadik Huseny (pro hac vice)
    *sadik.huseny@lw.com*
  Amit Makker (pro hac vice)
    *amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

ASIAN AMERICANS ADVANCING JUSTICE-AAJC
  Niyati Shah (pro hac vice)
    *nshah@advancingjustice-aajc.org*
  Terry Ao Minnis (pro hac vice)
    *tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

SPENCER FANE
  Andrew M. Federhar (No. 006567)
    *afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., <br><br> Plaintiffs, <br> v. <br><br> Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., <br><br> Defendants. | Case No: 2:22-cv-00509-SRB (Lead) <br><br> Case No: 2:22-cv-01381-SRB (Consol.) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT ARIZONA COUNTY RECORDERS' FIRST REQUEST FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

AND CONSOLIDATED CASES.

NO. CV-22-00519-PHX-SRB
NO. CV-22-01003-PHX-SRB
NO. CV-22-01124-PHX-SRB
NO. CV-22-01369-PHX-SRB
NO. CV-22-01381-PHX-SRB
NO. CV-22-01602-PHX-SRB

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

The County Recorder Defendants' Request for an extension of time ("Request") to Plaintiff's First Request for Production of Documents ("RFPs") and Interrogatories is not supported by the County Recorders' actions, mischaracterizes Plaintiff's efforts to resolve the discovery issues at play here, and fails to comply with the local rules, which among others things require "sincere efforts" to resolve any discovery-related disputes prior to filing a motion with the Court.

Plaintiff filed this lawsuit in August 2022 and, since that time, has sought to minimize disruptions to the fifteen County Recorders (and their election work) while ensuring that the unlawful voter registration and voter purge laws of HB 2492 and HB 2243 do not irreparably harm Plaintiff, Plaintiff's constituents, and Arizona voters writ large. As part of this—and pursuant to the County Recorders' express position in the parties' October 18, 2022 joint Rule 26(f) Report that they needed until January 1, 2023 to begin producing documents in this case—Plaintiff delayed propounding discovery until mid-December, long after the November 8, 2022 midterm election. Dkt.[1] 91 at 8. Plaintiff believed that giving the County Recorders the discovery-free October, November, and December they sought would avoid disputes and be a graceful resolution to a tricky balancing act, given HB 2492 and HB 2243 would become effective January 1 and, at that point, Plaintiff would need information regarding any implementation of the laws.[2] Discovery at this juncture is essential because County Recorders may now be purging

[1] All references to "Dkt." refer to the docket for Case No. CV-22-01381-PHX-SRB, the plaintiff's prior litigation before being consolidated.
[2] As the Court will recall, Plaintiff filed a motion for a preliminary injunction to prevent HB 2243 from taking effect as planned on September 24, 2022. Dkt. 32. That was resolved when all defendants in the litigation agreed to a stipulated order on September 8, 2022 providing the relief Plaintiffs sought, and extending the effective date of HB 2243 to January 1, 2023, in line with HB 2492's effective date. Dkt. 53. That stipulated order, signed by all parties in this case, made clear that additional filings regarding preliminary relief might be needed once the challenged laws each became effective January 2023. *Id.* Thus, with the challenged laws' effective dates imminent, and Plaintiff needing to understand how Defendants planned to implement the laws and whether illegal voter purges would be taking place, Plaintiff served each County Recorder with a limited set of RFPs on December 12, 2022 (15 requests total), with a response deadline of January 11, 2023 and a limited set of interrogatories (2 interrogatories total) on December 27, 2022 with a response deadline of January 26, 2023. *See* Makker Decl. ¶ 4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

voters from the rolls or preventing voters from registering. This seemed to be the right approach, especially because the County Recorders have repeatedly characterized themselves as "nominal" defendants in this litigation while assuring Plaintiff and the Court that they would fully comply with discovery.[3]

Unfortunately, events have transpired differently. A comparison with requests for discovery extensions by the other two central defendants in this litigation, the Secretary of State and the Attorney General, is illuminating. Pursuant to numerous good-faith discussions and sincere efforts with counsel for the Secretary of State and the Attorney General, Plaintiff has reached agreement with those defendants regarding appropriate discovery extensions that push out discovery responses into February—while, critically, providing Plaintiff some assurance that those defendants are not engaged in implementing HB 2492 and HB 2243 now, threatening irreparable harm. *See* Makker Decl. ¶ 5.

Engagement with the County Recorders has not proceeded similarly. Two days before responses were due to the First RFPs, counsel for the Cochise County Recorder Defendant called Plaintiff's counsel to ask for a little over one month extension. *See id*. ¶ 6. Plaintiff agreed to extend the deadline for all County Recorder Defendants to January 18, 2023, noting it would be open to further extensions if the Defendants provided some basic information on implementation plans. *See id.* ¶ 7. Counsel for the Navajo County Recorder then sent an email demanding an unconditional further extension to January 26, 2023 with a unilateral deadline for a response by noon the following day. *See id.* ¶ 8.

The following day, Plaintiff explained in detail why discovery or assurances are necessary given that the laws are now in effect, and why further unconditional delay in discovery simply puts voters at risk. Plaintiff proposed in good faith that an additional extension could be provided for any of the Defendants that could provide assurances that they are not planning to implement the laws in the interim, or alternatively that Plaintiff and Defendants could reach an agreement stipulating to delaying implementation of the

---

[3] *See, e.g.*, Dkt. 44 at 2; Dkt. 62 at 2; Dkt. 91 at 8.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

challenged laws. *See id.* ¶ 9. Plaintiff also indicated its willingness to confer further with each County Recorder, given they may have diverging views. *See id.*

Rather than engaging or even responding to Plaintiff's proposals, Defendants filed their Request with the Court several hours later. *See id.* The "request" for a 5-week extension, in actuality, had been a demand all along. Prior to filing the Request, no County Recorder told Plaintiff anything at all about their implementation plans, or engaged with Plaintiff in discussing potential discovery compromises (e.g., certain materials produced on a rolling basis, etc.) whatsoever. "Sincere efforts" under Civil Local Rule 7.2(j) cannot mean that you make a demand of the other side and then stop talking.[4]

The inappropriateness and premature nature of the instant Request is highlighted by the fact that, subsequent to the filing of the Request, counsel for two signatories, the Santa Cruz County Recorder and Maricopa County Recorder, independently reached out to engage with Plaintiff's proposal regarding an additional second extension. *See* Makker Decl. ¶¶ 10, 12. Plaintiff and the Santa Cruz County Recorder have now reached an agreement for an additional extension (given specific circumstances there and information shared regarding implementation plans by the Santa Cruz County Recorder), mooting the Request as to Santa Cruz County; discussions with Maricopa county are ongoing. *See id.* ¶¶ 11, 12.

* * *

Plaintiff respectfully requests that the Court deny the County Recorders' Request. There should be an agreed-resolution here for many or all of the County Recorder Defendants, where appropriate, through discussion and good faith compromise. If the County Recorders are *not currently implementing* HB 2492 and HB 2243—e.g., they are *not* sending out voter purge letters and criminal referral letters in the short term—then as

---

[4] Additionally, this Court has a model case management order that requires the parties request a telephone conference with the Court to resolve discovery disputes, which was also not followed here. *See* Judge Susan R. Bolton, Case Management Order, *https://www.azd.uscourts.gov/sites/default/files/judgeorders/SRB%20case%20management%20order.pdf*, ¶ 6(a).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

Plaintiff has already told the County Recorders, extensions into February are fine and will be established quickly; this has already happened with Santa Cruz. But if any of the remaining County Recorders are engaged in such activity now that HB 2492 and HB 2243 are in effect, then granting this overarching Request would potentially serve to keep any such activity hidden from Plaintiff (and the Court) for over a month. And that time is critical. As the Court may recall from Plaintiff's motion for preliminary injunction, HB 2243 only gives an accused voter a 35-day response window before that voter is purged from the voter rolls and referred for criminal investigation, should the voter fail to appropriately respond to a County Recorder's letter. *See* Dkt. 32. If some County Recorders have already sent or are preparing to send letters to voters imminently, Plaintiff is entitled to know about that through the timely (and more than appropriate) limited discovery Plaintiff served. In such circumstances, granting an extension request to all County Recorders, indiscriminately, would allow these facts to remain underground until after a voter purge process may have begun.[5]

Dated: January 13, 2023

Respectfully submitted,

By  */s/ Amit Makker*
    LATHAM & WATKINS LLP
    Sadik Huseny (*pro hac vice*)
    Amit Makker (*pro hac vice*)
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111-6538

---

[5] As discussed in Plaintiff's preliminary injunction motion, disenfranchisement of Plaintiff's constituents via an unlawful voter purge would represent irreparable harm, through the deprivation of their constitutional right to vote. *See* Dkt. 32 at 14-16. It is also worth noting that the County Recorders know very well what they are and are not doing right now vis-à-vis implementation at this point. If they are implementing these laws now, then they absolutely have the resources to respond to limited discovery about it. And if they are not, then they should engage in appropriate discussions with Plaintiff on this, and simply say so. And the need for this discovery now is only sharpened by the fact that not a single County Recorder has ever served their initial disclosures in this case, which were due November 2, 2022. Plaintiff has not pursued that deficiency with the Court, yet, for the same reason it delayed serving discovery: to provide the County Recorders breathing room from the November 8, 2022 election and its aftermath. But this self-help on initial disclosures only reinforces the need for timely discovery responses now.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION

Telephone: (415) 391-0600
Facsimile: (415) 395-8095

ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
Niyati Shah (*pro hac vice*)
Terry Ao Minnis (*pro hac vice
forthcoming*)
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

SPENCER FANE
Andrew M. Federhar (No. 006567)
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

*Attorneys for Plaintiff*

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. CV-22-00509-PHX-SRB
RESP. TO COUNTY RECORDER
DEFS' REQUEST FOR EXTENSION