# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV 22-00509-PHX-SRB |
| Plaintiffs, | **CASE MANAGEMENT ORDER** |
| v. | |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |

**AND CONSOLIDATED CASES**

The Court enters the following Case Management Order to govern the litigation in this case:

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) have already been exchanged.

2. <u>Deadline for Moving to Join Parties, Amend Pleadings, and File Supplemental Pleadings</u>. No motions to join parties, amend pleadings, and file supplemental pleadings shall be filed.

3. <u>Discovery Limitations</u>. The number and duration of depositions shall be limited as provided in Rule 30 of the Federal Rules of Civil Procedure. Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>Fact Discovery</u>. The deadline for completing fact discovery, including

discovery by subpoena, shall be **July 14, 2023**. To ensure compliance with this deadline, the following rules shall apply:

    a.    Written Discovery:  All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

    b.    The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not extend the discovery deadlines set forth in this Order.

    5.    <u>Expert Disclosures and Discovery</u>.

    a.    The Parties shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **August 11, 2023**.

    b.    Rebuttal expert disclosures, if any, shall be made no later than **September 11, 2023**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    d.    Expert depositions shall be completed no later than **September 28, 2023**.

    e.    Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written

    f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.

    g. Each side shall be limited to one retained or specifically employed expert witness per issue.

  6. <u>Discovery Disputes</u>.

    a. If a discovery dispute arises, the parties promptly shall call the Court to request a video conference concerning the dispute. The Court will seek to resolve the dispute during the video conference, and may enter appropriate orders on the basis of the video conference. The Court may order written briefing if it does not resolve the dispute during the video conference. The parties shall not file written discovery motions without leave of Court.[2]

    b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

    c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

  7. <u>Dispositive Motions</u>.

    a. Dispositive motions shall be filed no later than **May 1, 2023**. Responses shall be filed no later than **June 1, 2023**. Replies shall be filed no later than

---

report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures suffice.

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

- 3 -

**July 1, 2023**.

  b. Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits. The parties should review *Hunton v. Am. Zurich Ins. Co*., No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at *5 (D. Ariz. Mar. 7, 2018), before briefing summary judgment motions.

  c. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion or response pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

Dated this 23rd day of March, 2023.

           Susan R. Bolton
           United States District Judge