**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St NW Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegal.org
jdiaz@campaignlegal.org
mdanahy@campaignlegal.org
hjohnson@campaignlegal.org
nhansen@campaignlegal.org
* *Admitted* pro hac vice

**BARTON MENDEZ SOTO PLLC**
James E. Barton II, AZ Bar No. 023888
401 W. Baseline Rd. Suite 205
Tempe, AZ 85283
(480) 418-0668
james@bartonmendezsoto.com

*Attorneys for LUCHA Plaintiffs; additional counsel listed in signature block.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

MI FAMILIA VOTA, et al.,
Plaintiffs,
v.
ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,
Defendants,
and
Speaker of the House Ben Toma and Senate President Warren Petersen,
Intervenor-Defendants.

LIVING UNITED FOR CHANGE IN ARIZONA, et al.,
Plaintiffs,
v.
ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,
Defendant,
and
STATE OF ARIZONA, et al.,
Intervenor-Defendants,

Case No. 22-00509-PHX-SRB (Lead)

**NON-U.S. PLAINTIFFS' CONSOLIDATED STATEMENT OF MATERIAL FACTS**

No. CV-22-00519-PHX-SRB
No. CV-22-01003-PHX-SRB
No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

---

PODER LATINX,

       Plaintiff,

  v.

ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,

       Defendants,

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

---

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

STATE OF ARIZONA, et al.,

       Defendants,

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

---

DEMOCRATIC NATIONAL COMMITTEE, et al.,

       Plaintiffs,

  v.

ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,

       Defendants,

and

REPUBLICAN NATIONAL COMMITTEE,

       Intervenor-Defendant,

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

---

ARIZONA ASIAN AMERICAN NATIVE HAWAIIAN AND PACIFIC ISLANDER FOR EQUITY COALITION,

       Plaintiff,

v.

ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,

Defendants,

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

PROMISE ARIZONA, et al.,

Plaintiffs,

v.

ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,

Defendants,

and

Speaker of the House Ben Toma and Senate President Warren Petersen,

Intervenor-Defendants.

Pursuant to Local Rule 56.1(a), Plaintiffs in this consolidated matter except the United States (collectively "the non-U.S. Plaintiffs") submit the following statements of fact in support of their Cross-Motions for Partial Summary Judgment:

***H.B. 2492 / 2243 Legislative History***

1. On March 30, 2022, then-Governor Doug Ducey signed House Bill 2492 ("H.B. 2492") into law. *See* **Exhibit 1**[1] (March 30, 2022 Letter from Governor Ducey to Secretary Hobbs re: House Bill 2492 voter registration; verification; citizenship). A copy of H.B. 2492 (Chaptered Version) is attached hereto as **Exhibit 2**.

2. On April 22, 2022, Governor Ducey signed Senate Bill 1638 ("S.B. 1638"), which made a technical amendment to H.B. 2492 and delayed the effective date for all of H.B. 2492's provisions to December 31, 2022. A copy of S.B. 1638 (Chaptered Version) is attached hereto as **Exhibit 3**.

3. On June 23, 2022, the Arizona Legislature passed House Bill 2243 ("H.B. 2243"), which was signed into law by Governor Ducey on July 6, 2022. A copy of H.B. 2243 (Chaptered Version) is attached hereto as **Exhibit 4**.

4. H.B. 2243 went into effect on September 24, 2022. *See* **Ex. 4**.

5. H.B. 2492 went into effect on December 31, 2022. *See* **Ex. 2**; **Ex. 4**.

***Arizona Election Officials***

6. Katie Hobbs is the Governor of Arizona. *See* **Ex. 5** (State of Arizona Official Canvass, 2022 General Election) at 2. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1).

7. Adrian Fontes is the Secretary of State of Arizona. *See* **Ex. 5** at 10. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1).

8. Kristin Mayes is the Attorney General of Arizona. *See* **Ex. 5** at 10. As Attorney General,

[1] All references to Exhibits are exhibits to the Declaration of Nicole Hansen.

she is the chief legal officer of the state. A.R.S. § 41-492.

9. The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a).

10. The EPM must be approved by the Governor, Secretary of State, and Attorney General before going into effect. A.R.S. § 16-452(b).

11. The EPM is binding on County Recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c).

12. The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. A copy of the 2019 EPM is attached hereto as **Exhibit 6**.

13. A draft 2021 Elections Procedures Manual was submitted to then-Governor Ducey and then-Attorney General Brnovich by then-Secretary of State Hobbs on October 1, 2021. *See* **Ex. 7** (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. *See* **Ex. 8** (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs).

14. The currently operative Election Procedures Manual does not contain any information or guidance on H.B. 2492 or H.B. 2243. *See generally* **Ex. 6**.

15. The County Recorders are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16-

131; 16-151; 16-161; 16-165; 16-166.

***Voter Registration in Arizona***

16. Eligible Arizona residents may register to vote using a voter registration form prescribed by the Arizona Secretary of State pursuant to A.R.S. § 16-162(C) (the "State Form"). A copy of the current Arizona State Voter Registration Form is attached hereto as **Exhibit 9**.

17. The current State Form does not reflect H.B. 2492's requirements that all State Form applicants provide documentary proof of location of residence ("DPOR"), documentary proof of citizenship ("DPOC"), and their place of birth. *See* **Ex. 9**. The "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. citizenship cannot be confirmed from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. **Ex. 9** at 3.

18. Eligible Arizona residents may register to vote using the National Mail Voter Registration Form prescribed by the U.S. Election Assistance Commission pursuant to the NVRA (the "Federal Form"). A copy of the Federal Form is attached hereto as **Exhibit 10**.

19. The Federal Form does not require the submission of documentary proof of citizenship or documentary proof of location of residence. *See* **Ex. 10**.

20. The Federal Form does not request information about place of birth. *See* **Ex. 10**.

21. In 2005, Arizona requested that the Election Assistance Commission ("EAC") add its DPOC requirement to Arizona's state-specific instructions on the Federal Form. The EAC did not approve that request and Arizona did not seek judicial review of that agency action. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 6 (2013).

22. In 2013, Arizona again requested that the EAC include state-specific instructions on the Federal Form requiring DPOC. *See Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183, 1188 (10th Cir. 2014). In 2014, the EAC denied that request. Arizona, along with Kansas, sought judicial review of that denial. *Id.* at 1188-89. The Tenth Circuit upheld the

EAC's agency action, *id.* at 1196, and the Supreme Court denied Arizona's petition for certiorari. *Kobach v. U.S. Election Assistance Comm'n*, 576 U.S. 1055 (2015).

23. Since 2013, Arizona has operated a dual voter registration system that requires DPOC for registration to vote in state and local elections but not for federal elections. **Ex. 6** (2019 EPM) at 3 (Ch. 1, Sec. II.A); *see also* A.R.S. §§ 16-121.01; 16-127.

24. The 2014 EPM that implemented this dual voter registration system provided that if a voter registration applicant submitted a State Form without DPOC, they were not registered to vote at all. *See* **Ex. 11** at 21 (2014 Arizona Election Procedures Manual). If such an applicant submitted a Federal Form without DPOC, they were registered as a "federal only" voter. *Id.* at 30.

25. In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "*LULAC* Consent Decree") mandating that, among other things, voter registration applicants would be treated equally regardless of whether they used the State or Federal Form to register and election officials would register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter registration database. A copy of the consent decree is attached hereto as **Exhibit 12**.

26. The *LULAC* Consent Decree was incorporated into an addendum to the operative EPM, which was distributed to the county recorders, and later incorporated into the 2019 EPM. **Exhibit 6** (2019 EPM) at 6, (Ch. 1, Sec. II.A.2). A copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual is attached hereto as **Exhibit 13**.

***H.B. 2492 – DPOR Requirement***

27. All voter registration applicants in Arizona must attest to their legal residence under penalty of perjury. **Ex. 9** (State Form) § 22; **Ex. 10** (Federal Form) § 9.

28. With certain exceptions stipulated to in *Gonzalez v. Arizona*, CV 06 06-1268-PHX-ROS (D. Ariz.) ("*Gonzalez* Stipulation"), voters are already required to provide the documents

indicating location of residence identified in A.R.S. § 16-579(A)(1) when they vote in person. A copy of the *Gonzalez* stipulation is attached hereto as **Exhibit 14**.

29. Pursuant to the *Gonzalez* stipulation, members of federally recognized Indian tribes are entitled to present Tribal identification at the polls that does not include a numbered street address to satisfy the in-person identification requirement of A.R.S. § 16-579(A)(1). Such voters are given a provisional ballot that is counted without additional documentation.

30. Both the State and Federal Forms allow applicants whose residences do not have a street address to include a description and drawing of their place of residence on their voter application form, rather than a numbered street address. **Ex. 9** (State Form) § 23; **Ex. 10** (Federal Form) § C.

31. The DPOR requirement applies to all voter registration applicants, regardless of whether they use the State or Federal Form. A.R.S. § 16-123; Doc. 346 ¶ 62.

32. The Federal Form does not require DPOR for the registration of voters in Federal elections. *See* **Ex. 10** (Federal Form).

33. According to the Attorney General, on December 30, 2022, Kori Lorick from the Secretary of State's office sent an email containing a chart explaining documents that could constitute proof of location of residence. *See* Doc. 365, ¶ 14.

34. The Secretary's chart recognizes that tribal members may demonstrate proof of location of residence through a tribal or state identification card without a traditional street address, with a P.O. Box, or with no address at all, consistent with the *Gonzalez* Stipulation. *See* Doc. 365, ¶ 15; Doc. 365-1, Ex. J.

***H.B. 2492 – Birthplace and Citizenship Checkbox Requirements***

35. The Secretary of State has admitted that a person's birthplace and whether they check a citizenship checkbox are immaterial to verifying a person's qualifications to register and vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61.

36. Prior to the enactment of H.B. 2492, the State Form contained a field for inputting place of birth, but until H.B. 2492's enactment, the omission of such information was not a basis for

rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57.

37.     On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" **Ex. 15** at AZSOS-000001; **Ex. 16**. A copy of the Dec. 30, 2022 Email from Kori Lorick to the County Recorders and its attachments are attached as **Exhibits 15** and **16**.

38.     The referenced policy document states that the Birthplace Requirement "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." **Ex. 16** at AZSOS-000012.

39.     The document also states that the Citizenship Checkbox Requirement "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." **Ex. 16** at AZSOS-000012.

40.      On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." **Ex. 17** at SCCR000105. A copy of the March 24, 2022 Letter from Arizona Association of Counties is attached hereto as **Exhibit 17**.

41.     Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way

to verify this data anyway." **Ex. 18** at SCCR000111. A copy of the March 24, 2022 Email from Jennifer Marson is attached hereto as **Exhibit 18**.

42. Also on March 24, 2022, Defendant Pima County Recorder Gabriella Cázares-Kelly sent a letter to former Governor Ducey requesting a veto of H.B. 2492, stating: "The bill creates unnecessary barriers for voters wishing to participate in the electoral process, by changing the way County Recorders process voter registrations forms. . . . Requiring a birthplace when registering (16-121.01) is irrelevant. There is no way to verify the information and it has no bearing on the ability to vote nor does it verify identity. . . . This bill simply does not support the work that we do. It actually inhibits the work that we do." **Ex. 19** at PIMA_COUNTY_0822. A copy of the March 24, 2022 Email from Pima County Recorder Gabriella Cázares-Kelly is attached hereto as **Exhibit 19**.

43. On January 27, 2023, Defendant Cochise County Recorder David Stevens responded to interrogatories propounded in this litigation by Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition, stating: "Recorder Stevens will follow guidance from the Arizona Secretary of State's Office indicating that certain portions of H.B. 2492 violate federal law and should not be implemented." **Ex. 20** at 4. A copy of Cochise County Recorder Stevens' Responses to Interrogatories is attached hereto as **Exhibit 20**.

***H.B. 2243 – Citizenship Checks and Cancellation***

44. The Secretary of State admitted that A.R.S. § 16-165(I) "requires a different 'standard, practice, or procedure' for determining a voter's qualifications for voters who a county recorder 'has reason to believe are not United States citizens' than for voters who a county recorder does not have reason to believe are not United States citizens." Doc. 189 ¶ 102.

45. The Secretary has admitted that A.R.S. § 16-165(I) directs county recorders to sort voters into two categories: those who will be subjected to the additional SAVE System verification procedures and those who "are not suspected of lacking U.S. citizenship [and] will not be subjected to the investigation and potential cancellations [sic] provisions set forth in H.B. 2243." Doc. 189, ¶¶ 102-03.

46. The Secretary of State has admitted that H.B. 2243 "requires that county recorders, to the extent practicable, check the SAVE System each month 'to verify the citizenship status' of any 'persons who are registered to vote in that county and who the county recorder has reason to believe are not United States citizens.'" Doc. 189, ¶ 112.

47. The Secretary of State has admitted that H.B. 2243 "does not include any indicia or criteria that would provide a predicate for the county recorder's 'reason to believe' a person is not a United States citizen." Doc. 112 ¶ 41.

***H.B. 2243 Databases Are "Potentially Unreliable" and Based On "Inaccurate" Data***

48. The Secretary of State has admitted that H.B. 2243 "requires the Secretary and county recorders to engage in a number of database checks, in most cases monthly and to the extent practicable, to confirm registered voters' residence and/or citizenship status . . . ." **Ex. 21** (Secretary of State Answer filed in Case No. 2:22-cv-01381-SRB, Doc. 63) ¶ 85.

49. The Secretary of State has admitted that "H.B. 2243 do[es] not specify what type, set, or combination of 'information' establishes that a registered voter 'is not a United States citizen' or what information is sufficient to match an individual in a database with the registered voter or applicant, and that some United States citizens may be erroneously flagged as non-citizens based on potentially outdated and inaccurate data." Secretary of State Answer to Plaintiffs Poder Latinx and CPLC's Second Amended Complaint, ECF No. 189, ¶ 44.

50. The Secretary of State has admitted that under H.B. 2243, "if a county recorder obtains information and confirms that a registered voter is not a United States citizen, which may be based on potentially unreliable and outdated sources, and if, after receiving a notice, the voter does not provide proof of citizenship within 35 days, the recorder must cancel the registration and notify the county attorney and Attorney General for possible investigation." **Ex. 21** ¶ 12.

***H.B. 2243 NVRA Notice***

51. On July 22, 2022, Plaintiff Equity Coalition sent formal notice to the Secretary of State, as required under the NVRA, notifying then-Secretary Hobbs of the NVRA violations arising

from the enactment of H.B. 2243. A copy of this notice is attached hereto as **Exhibit 22**; *see also* Doc. 169-2 (Poder Latinx's H.B. 2243 NVRA Notice Letter).

52. On August 15, 2022, Plaintiffs Promise Arizona and Southwest Registration Education Project also provided written notice to then-Secretary Hobbs of the NVRA violations created by H.B. 2243. A copy of this notice is attached hereto as **Exhibit 23.**

***Implementation of H.B. 2243***

53. On August 10, 2022, Plaintiff Equity Coalition contacted each of the named county recorder-Defendants, asking whether and when, in connection with the passage of H.B. 2243, the county recorder is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the 55th Legislature (September 24, 2022). **Ex. 24** (Steinbach Decl. filed in Case No. 2:22-cv-01381-SRB, Doc. 35) ¶¶ 3-5, 16-17, 19.

54. By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. **Ex. 24** ¶¶ 6-21. The other eight county recorders did not respond in writing to the request. **Ex. 25** (Ex. 23 to Steinbach Decl. filed in Case No. 2:22-cv-01381-SRB, Doc. 35-2).

55. No county recorder ever stated that they would not implement H.B. 2243 in September or October 2022 because doing so was prohibited under the NVRA's 90-day prohibition period. *See generally* **Ex. 24**; **Ex. 25**.

56. On August 25, 2022, Plaintiff Equity Coalition filed a Motion for Preliminary Injunction, attached hereto as **Exhibit 26** (Motion for Preliminary Injunction, Case No. 2:22-cv-01381-SRB, Doc. 32).

57. On September 8, 2022, the parties filed a proposed stipulated order regarding the motion for preliminary injunction (the "Stipulated Order"), attached hereto as **Exhibit 27**

(Case No. 2:22-cv-01381-SRB, Doc. 53). At the request of Maricopa County, the recitals of the proposed stipulation made clear the county recorders only consented to be being bound by the Secretary of State's interpretation on the effective date of H.B. 2243's amendments to A.R.S. § 16-165 as set forth in the order, and would not be bound if the Secretary were to later adopt a different interpretation. *Id.* at 2 ("WHEREAS, the County Recorder Defendants agree and will abide by the Secretary of State and the Attorney General's interpretation of the effective date of H.B. 2243's amendments to A.R.S. § 16-165, as set forth above.").

58. In her October 26, 2022 Answer to Plaintiff Promise Arizona's Complaint, then-Secretary Hobbs stated for the first time that the NVRA's 90-day prohibition on systematic cancellation of voters would apply to cancellations under the provisions of A.R.S. § 16-165 as amended by H.B. 2243, but the Secretary acknowledged that the Secretary "has no currently available means of binding other officials, including the county recorders, the Attorney General, or the new Secretary of State who would be elected in the November 2022 General Election." **Ex. 28** (SOS Answer to Promise Arizona Compl.), Case No. 2:22-cv-01602, Doc. 46 ¶¶ 78, 157; *see also* **Ex. 29**, Promise Arizona Compl., Case No. 2:22-cv-01602, Doc. 1 ¶¶ 78, 157.

59. No county recorder has stated in any Answer that he or she is bound by the Secretary of State's interpretation that the NVRA's 90-day prohibition on systematic cancellation of voters would apply to cancellations under the provisions of A.R.S. § 16-165 as amended by H.B. 2243.

***Voting By Mail***

60. Approximately 89 percent of Arizonans voted by mail in the 2020 general election. *See* **Ex. 30** at 1, (Statement by Arizona Clean Elections Commission that "In the 2020 General Election, approximately 89% of ballots cast were early ballots," available at: https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail).

Date: June 5, 2023

Respectfully submitted,

/s/ Danielle Lang
**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

**BARTON MENDEZ SOTO**
James Barton (AZ Bar No. 023888)
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
480-418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
(AZ Bar No. 019579)
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

/s/ Alexander Atkins (with permission)
**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*

**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500

Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

Daniela Lorenzo*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
jgeise@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
danny@aclpi.org
(602) 258-8850

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

/s/ Michelle Kanter Cohen (with permission)
**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

/s/ Christopher Babbitt (with permission)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

/s/ Amit Makker (with permission)
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

/s/ Erika Cervantes (with permission)
**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Ernest Herrera*
Erika Cervantes*
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
eherrera@maldef.org
ecervantes@maldef.org

**ORTEGA LAW FIRM**
Daniel R. Ortega Jr.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Email: danny@ortegalaw.com

*Attorneys for Promise Arizona Plaintiffs*

**OSBORN MALEDON, P.A.**
David B. Rosenbaum
AZ No. 009819
Joshua J. Messer
AZ No. 035101
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jmesser@omlaw.com

**LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER LAW**

/s/ Allison Neswood (with permission)
**NATIVE AMERICAN RIGHTS FUND**
Allison A. Neswood*
CO No. 49846
neswood@narf.org
Michael S. Carter
AZ No. 028704, OK No. 31961
carter@narf.org
Matthew Campbell*
NM No. 138207, CO No. 40808
mcampbell@narf.org
Jacqueline D. DeLeon*
CA No. 288192
jdeleon@narf.org

Ezra Rosenberg*
DC No. 360927, NJ No. 012671974
Jim Tucker**
AZ No. 019341
Ryan Snow*
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600 (main)
erosenberg@lawyerscommittee.org
jtucker@lawyerscommittee.org
rsnow@lawyerscommittee.org

***Admitted in Arizona, D.C. and Nevada.*

**GILA RIVER INDIAN COMMUNITY**
Thomas L. Murphy
AZ No. 022953
Javier G. Ramos
AZ No. 017442
Post Office Box 97
Sacaton, Arizona 85147
(520) 562-9760
thomas.murphy@gric.nsn.us
javier.ramos@gric.nsn.us
*Representing Gila River Indian Community Only*

1506 Broadway
Boulder, CO 80301
(303) 447-8760 (main)

Samantha B. Kelty
AZ No. 024110, TX No. 24085074
kelty@narf.org
950 F Street NW, Suite 1050,
Washington, D.C. 20004
(202) 785-4166 (direct)

**TOHONO O'ODHAM NATION**
Howard M. Shanker (AZ Bar 015547)
Attorney General, Tohono O'odham Nation
Marissa L. Sites (AZ Bar 027390)
Assistant Attorney General, Tohono O'odham Nation
P.O. Box 830
Sells, Arizona 85634
(520) 383-3410
Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov
*Representing Tohono O'odham Nation Only*

*Attorneys for Tohono O'odham Nation, Gila River Indian Community, Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

* *Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

On this 5th day of June, 2023, I caused the foregoing to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

*/s/* Danielle Lang

Danielle Lang