David B. Rosenbaum, 009819
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jmesser@omlaw.com

*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. 2:22-cv-00509-PHX-SRB (Consolidated) |
| Plaintiffs, | |
| v. | **SUMMARY JUDGMENT RESPONSE AND CROSS-MOTION BY TOHONO O'ODHAM NATION, GILA RIVER INDIAN COMMUNITY, KEANU STEVENS, ALANNA SIQUIEROS, AND LADONNA JACKET** |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| Living United for Change in Arizona, et al., | |
| Plaintiffs | |
| v. | |
| Adrian Fontes, | |
| Defendant, and | |
| State of Arizona, et al., | |
| Intervenor-Defendants. | |
| Poder Latinx, et al. | |
| Plaintiffs, | |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |
| United States of America, | |
| Plaintiff, | |

1

|   |   |
|---|---|
| v. |   |
| State of Arizona, et al., |   |
| Defendants. |   |
| Democratic National Committee, et al., |   |
| Plaintiffs, |   |
| v. |   |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., |   |
| Defendants, and |   |
| Republican National Committee, |   |
| Intervenor-Defendant. |   |
| Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition, |   |
| Plaintiff, |   |
| v. |   |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., |   |
| Defendants. |   |
| Promise Arizona, et al., |   |
| Plaintiffs, |   |
| v. |   |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., |   |
| Defendants. |   |
| Tohono O'odham Nation, Gila River Indian Community, Keanu Stevens, Alanna Siquieros, and LaDonna Jacket, |   |
| Plaintiffs, |   |
| v. |   |
| Kristin K. Mayes, in her official capacity as Attorney General of Arizona; Adrian Fontes, in his official capacity as Arizona Secretary of State; Dana Lewis in her official capacity as Pinal County Recorder; Gabriella Cázares-Kelly in her official |   |

capacity as Pima County Recorder;
Stephen Richer in his official capacity as
Maricopa County Recorder;
Michael Sample in his official capacity as
Navajo County Recorder,

                Defendants.

## INTRODUCTION

In this response and cross-motion, the Tohono O'odham Nation; the Gila River Indian Community; Hopi Tribal Member, LaDonna Jacket; and Tohono O'odham Tribal Members Keanu Stevens and Alanna Siquieros ("Tohono O'odham Plaintiffs") address the State of Arizona and Attorney General Mayes' (collectively "the State") motion for summary judgment only as it pertains to Arizona's documentary proof of location of residence (DPOR) requirement for voter registration mandated by A.R.S. § 16-123. The State moves this Court to (1) hold that the DPOR requirement is preempted by Section 6 of the NVRA as applied to federal mail voter registration form (Federal Form) applicants registering for federal elections and (2) issue several rulings interpreting the DPOR provision "to clarify the legal dispute that underlies some of Plaintiffs' constitutional claims."[1] Doc. 364 at 9, 21.

---

[1] To be clear, apart from the Section 6 of the NVRA "accept and use" claim, the State *does not* ask this Court to resolve any of Tohono O'odham or LUCHA Plaintiffs' statutory or constitutional claims challenging the DPOR requirement. Nor could it. Rather the State asks this Court to issue interim legal rulings on the interpretation of the DPOR requirement so that the constitutional claims can be fully adjudicated considering those rulings. Regardless of the requested rulings here, Plaintiffs' constitutional claims (and LUCHA Plaintiffs' DPOR claims under Section 2 of the Voting Rights Act) are not ripe for adjudication because they rely on fact-intensive inquiries concerning the burdens of the DPOR requirement. *See Mecinas v. Hobbs*, 30 F.4th 890, 905 (9th Cir. 2022) (finding judgement in favor of the State defendants "premature" in an *Anderson-Burdick* case because "the magnitude of the asserted injury" presented "factual questions that cannot be resolved on a motion to dismiss"); *Soltysik v. Padilla*, 910 F.3d 438, 447 (9th Cir. 2018); *Thornburg v. Gingles*, 478 U.S. 30, 46 (1986)("[T]he Senate Report espouses a flexible, fact-intensive test for § 2 violations.").

3

With respect to their claim under Section 6 of the NVRA, Tohono O'odham Plaintiffs agree with the State that the DPOR requirement is preempted and, particularly given the lack of any substantive disagreement among the parties, cross-move on that claim. With respect to the State's requested rulings interpreting the DPOR provision's requirements, Tohono O'odham Plaintiffs do not oppose the substance of the State's motion. However, there are several deficiencies in the technical drafting of the State's requested rulings. Below, Tohono O'odham Plaintiffs explain these technical deficiencies, propose revised requested rulings that are substantively aligned with the State's requests, and cross-move on those revised requested rulings. Tohono O'odham Plaintiffs agree that these requested rulings will "clarify the legal dispute that underlies some of Plaintiffs' constitutional claims," Doc. 364 at 17, but reiterate that they do not resolve Plaintiffs' fact-intensive claims at this stage of the litigation.

## ARGUMENT

**I.  Tohono O'odham Plaintiffs are entitled to summary judgment on their NVRA claim.**

Tohono O'odham Plaintiffs are entitled to judgment as a matter of law on their claim that the DPOR requirement violates Section 6 of the NVRA as it applies to Federal Form applicants registering for federal elections. As the State concedes, and no party argues to the contrary,[2] *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1 (2013) ("*ITCA*") (Scalia, J.), controls this result.

Section 6 of the NVRA requires that "[e]ach State shall accept and use the mail voter registration application form prescribed by the Federal Election Commission [("Federal Form")] … for the registration of voters in elections for Federal office." 52 U.S.C. § 20505(a)(1). In *ITCA*, the Supreme Court held that the NVRA's mandate that

---

[2] The State agrees that the elements of Tohono O'odham Plaintiffs' NVRA claim are met, and Defendant-Intervenors were completely silent on this issue, offering no contrary arguments. *See* Docs. 364, 367.

4

states "accept and use" the Federal Form preempts state-imposed requirements on Federal Form applicants that exceed the Federal Form's requirements. 570 U.S. at 15. More specifically, the Court held that states cannot require that additional documentation accompany the Federal Form if the Federal Form does not itself require such documentation. *Id.* The "accept and use" language of Section 6, the Court explained, does not mean that "the State is merely required to receive the form willingly and use it *somehow* in its voter registration process." *Id.* at 9-10. Rather, it "mean[s] that a State must accept the Federal Form as a complete and sufficient registration application." *Id*. at 9.

As the State concedes, Arizona's new DPOR requirement applies to Federal Form users. Doc. 364 at 4 and Doc. 346 ¶ 62. The new provision provides that "a person who registers to vote shall provide an identifying document that establishes proof of location of residence," without making any exception for people who register using the Federal Form. A.R.S. § 16-123. But the Federal Form itself does not require DPOR for the registration of voters in federal elections. *See* Plaintiffs' Statement of Facts ("Pls. SOF") ¶ 32, Ex. 10. Rather, the Federal Form requires only attestation of residence location and provides applicants with two options for providing their location of residence. Ex. 10 at 2. It allows registrants to provide their home address or, if the registrant does not have a street number or home address, it directs applicants to "show where they live" using the map in Box C at the bottom of the application form. *Id*. Applicants need not provide any additional proof, according to the Federal Form's clear instructions. *Id.*

These undisputed facts are sufficient to establish that the Tohono O'odham Plaintiffs are entitled to judgment as a matter of law. Because Arizona's "state-imposed requirement of evidence of [location of residence] not required by the Federal Form is 'inconsistent with' the NVRA's mandate that States 'accept and use' the Federal Form[,]" it is preempted. *ITCA*, 570 U.S. at 15.

Finally, while Tohono O'odham Plaintiffs agree with the substance of the State's analysis and substantive conclusion in Section I.A.2., its requested ruling, which is merely a restatement of the applicable legal standard, falls short. Doc. 364 at 4. Instead, Tohono O'odham Plaintiffs cross-move for the following summary judgment ruling on their Section 6 NVRA claim:

> ***Requested ruling:*** Application of A.R.S. § 16-123 to people who register to vote using the Federal Form to register for federal elections is preempted by the requirement in Section 6 of the NVRA that states "accept and use" the Federal Form.

## II.     Tohono O'odham Plaintiffs propose technical revisions to the State's requested rulings on the proof of residence requirements.

The State's Motion requests the Court issue rulings interpreting A.R.S. § 16-123, Doc. 364 at 16-17.[3] Tohono O'odham Plaintiffs agree that the statutory interpretation of A.R.S. § 16-123, which would help "clarify the legal dispute that underlies some of Plaintiffs' constitutional claims, is a matter appropriate for summary judgment. *Cal. River Watch v. City of Vacaville*, 473 F.Supp.3d 1081, 1085 (E.D. Cal. 2020) ("[W[hen the trial court is presented with a question of statutory interpretation at summary judgment, resolution of such question . . . is appropriate."), *vacated and remanded on other grounds* 14 F.4th 1076 (9th Cir. 2021); *Singh v. Clinton*, 618 F.3d 1085, 1088 (9th Cir. 2010).

Tohono O'odham Plaintiffs agree to the substantive analysis and content of the State's proposed rulings on the interpretation of the DPOR requirement. In particular, in light of the *Gonzalez* stipulation, which ensures that Native voters can satisfy the voter identification requirement at the polls with documents that lack an address provided to members of federally recognized tribes by tribal governments or the federal

---

[3] The State essentially concedes that the stricter interpretation of A.R.S. § 16-123 offered by Tohono O'odham Plaintiffs would render it unconstitutional in arguing that "[f]ederal courts are required to accept a narrowing construction of a state law in order to preserve its constitutionality." Doc. 364 at 17 (*citing Voting for Am., Inc. v. Steen*, 732 F.3d 382, 396 (5th Cir. 2013)).

6

government, it is appropriate to interpret A.R.S. § 16-123 to mirror the *Gonzalez* stipulation but at the voter registration stage. *See* Pls. SOF ¶¶ 28-29; Ex. 14 (*Gonzalez, et al. v. Arizona, et al.*, Case 2:06-cv-1268-ROS, Doc. 776).

However, the State's requested rulings, as drafted, do not provide Plaintiffs, the Court, or the public with the appropriate level of clarity. Below, Tohono O'odham Plaintiffs propose revised requested rulings that match the substance of the State's requested rulings but provide greater clarity and specificity. Tohono O'odham cross-moves for the Court to enter these revised requested rulings interpreting A.R.S. § 16-123.

*First*, Tohono O'odham Plaintiffs agree with the substance of the State's requested ruling #1 but propose that, for the purpose of clarity, its references to "the Voting Laws" be replaced with specific statutory references and that the list of documents in A.R.S. § 16-579(A)(1) be affirmatively described as exemplary, not exhaustive. Tohono O'odham Plaintiffs shared the revised requested ruling below with opposing counsel and they advised that the State and Attorney General agree with this revised requested ruling.

***State's Requested Ruling #1:*** Although the Voting Laws state that any identifying document listed in A.R.S. § 16-579(A)(l) constitutes satisfactory proof of location of residence, the Voting Laws do not specify that such documents are the only acceptable proof.

***Tohono O'odham Plaintiffs' Revised Requested Ruling #1:*** A.R.S. § 16-123 references A.R.S. § 16-579(A)(1) for a list of documents that satisfy the documentary proof of location of residence requirement in A.R.S. § 16-123. The reference to 16-579(a)(1) provides examples of documents, but is not an exhaustive list of the documents, that can be used to satisfy A.R.S. § 16-123.

*Second,* the State's requested ruling #2 is insufficient because it is limited to "obtain[ing] a standard street address for [one's] home" and is not expressly related to the requirement in A.R.S. § 16-123. Doc. 364 at 17. It is quite true that the Voting

7

Laws do not require tribal members to *obtain* a standard street address; they do not require anyone to obtain any manner of address. To provide necessary clarity, the Court should instead rule that A.R.S. § 16-123 does not require tribal members or other state residents to *have* a standard street address in order to register to vote. Without this express mandate, tribal members would be at risk that technical distinctions will be raised when they seek to register (i.e., "The law doesn't require that you obtain a standard street address, but nothing says you don't have to have one in order to prove your location of residence and register to vote."). Tohono O'odham Plaintiffs shared the revised requested ruling below with the opposing counsel and they advised that the State and Attorney General agree with this revised requested ruling.

  ***State's Requested Ruling #2***: The Voting Laws do not require tribal members to obtain a standard street address for their home.

  ***Tohono O'odham Plaintiffs' Revised Requested Ruling #2:*** A.R.S. § 16-123 does not require tribal members or other Arizona residents to have a standard street address for their home to satisfy A.R.S. § 16-123.

  *Third,* the State's requested ruling #3 is insufficient because it obliquely references an internal Secretary of State document and does not establish that any document listed in SOF Ex. J (Doc. 365-1) actually constitutes satisfactory proof of location of residence under A.R.S. § 16-123. In stating that the documents in the chart "*could* constitute satisfactory proof of location of residence," Doc. 364 at 17:20-22 (emphasis added), the State's proposed ruling does not resolve whether tribal members or other Arizona residents *can* register to vote using any document in the chart.[4] Moreover, by cross-referencing a chart made by the Secretary of State, the ruling invites a lack of clarity and concern that a future Secretary of State could substantively revise the chart and thus undermine the ruling.

---

[4] To be clear, this does not appear to be an intentional choice by the State but rather a minor technical failing in the drafting. The referenced chart, with which the State agrees (Doc. 364 at 17), does not say the documents *could* constitute DPOR but rather instructs county recorders as to what does constitute DPOR. Doc. 365-1, SOF Ex. J.

In addition, the chart itself lacks clarity. For example, the last row of the table appears to include an incorrect statutory citation. Based on the reference to "providing an address at a homeless center; USPS General Delivery; Courthouse," it appears that this is intended to address registration of persons who do not reside in a fixed, permanent, or private structure. Doc. 365-1, SOF Ex. J. However, A.R.S. § 16-166(B), which is cited in the chart, *id.*, does not address those circumstances. The correct citation appears to be A.R.S. § 16-121(B), which does.

Tohono O'odham Plaintiffs shared the revised requested ruling below with the opposing counsel and they advised that the State and Attorney General need more time to review the requested language. However, Tohono O'odham Plaintiffs note that the revised requested ruling, with the exception of correcting the apparent citation error noted above, mirrors the language of the referenced chart as to which forms of documentation are acceptable for the DPOR requirement.

*State's Requested Ruling #3*: The chart made by the Secretary of State's office (at Doc. 365-1, SOF Ex. J) accurately explains documents that could constitute satisfactory proof of location of residence under the Voting Laws.

*Tohono O'odham Plaintiffs' Revised Requested Ruling #3:* In addition to the documents listed in A.R.S. § 16-579(A)(1), the following documents satisfy the requirement in A.R.S. § 16-123:

- A valid unexpired Arizona driver license or nonoperating ID ("AZ-issued ID"), regardless of whether the address on the AZ-issued ID matches the address on the ID-holder's voter registration form and even if the AZ-issued ID lists only a P.O. Box.
- Any Tribal identification document, including but not limited to a census card, an identification card issued by a tribal government, or a tribal enrollment card, regardless of whether the Tribal identification document contains a photo, a physical address, a P.O. Box, or no address.

- o   Written confirmation signed by the registrant that they qualify to register pursuant to A.R.S. § 16-121(B), regarding registration of persons who do not reside at a fixed, permanent, or private structure.

### III.   Conclusion

In conclusion, Tohono O'odham Plaintiffs cross-move for summary judgment declaring that the application of A.R.S. § 16-123 to people who register to vote for federal elections using the Federal Form is preempted by Section 6 of the NVRA. Tohono O'odham Plaintiffs further request modifications to State Defendants' requested rulings on the interpretation of A.R.S. § 16-123 that ensure clear and effective application of the statute. With those modifications, Tohono O'odham Plaintiffs cross-move for the entry of their requested rulings on the interpretation of A.R.S. § 16-123.

DATED this 5th day of June, 2023.

OSBORN MALEDON, P.A.

By   s/David B. Rosenbaum
David B. Rosenbaum
AZ No. 009819
Joshua J. Messer
AZ No. 035101
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jmesser@omlaw.com

GILA RIVER INDIAN COMMUNITY
Thomas L. Murphy
AZ No. 022953
Javier G. Ramos
AZ No. 017442
Post Office Box 97
Sacaton, Arizona 85147
(520) 562-9760
thomas.murphy@gric.nsn.us
javier.ramos@gric.nsn.us
*Representing Gila River Indian Community Only*

NATIVE AMERICAN RIGHTS FUND
Allison A. Neswood*
CO No. 49846
neswood@narf.org

10

Michael S. Carter
AZ No. 028704, OK No. 31961
carter@narf.org
Matthew Campbell*
NM No. 138207, CO No. 40808
mcampbell@narf.org
Jacqueline D. DeLeon*
CA No. 288192
jdeleon@narf.org
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80301
(303) 447-8760 (main)

Samantha B. Kelty
AZ No. 024110, TX No. 24085074
kelty@narf.org
NATIVE AMERICAN RIGHTS FUND
950 F Street NW, Suite 1050,
Washington, D.C. 20004
(202) 785-4166 (direct)

Ezra D. Rosenberg*
DC No. 360927, NJ No. 012671974
Jim Tucker
AZ No. 019341
Ryan Snow*
DC No. 1619340
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600 (main)
erosenberg@lawyerscommittee.org
jtucker@lawyerscommittee.org
rsnow@lawyerscommittee.org

TOHONO O'ODHAM NATION
Howard M. Shanker (AZ Bar 015547)
Attorney General, Tohono O'odham Nation
Marissa L. Sites (AZ Bar 027390)
Assistant Attorney General, Tohono O'odham Nation
P.O. Box 830
Sells, Arizona 85634
(520) 383-3410
Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov
*Representing Tohono O'odham Nation Only*

11

*Admitted Pro Hac Vice*

Attorneys for Plaintiffs