1  KRISTEN CLARKE                          GARY M. RESTAINO
   Assistant Attorney General              United States Attorney
2  Civil Rights Division                   District of Arizona

3  ELISE C. BODDIE
   Principal Deputy Assistant Attorney General
4  Civil Rights Division

5  T. CHRISTIAN HERREN, JR. (AL Bar No. ASB6671R63T)
   RICHARD A. DELLHEIM (NY Bar No. 2564177)
6  EMILY R. BRAILEY (DC Bar No. 1684650)
   JENNIFER J. YUN (DC Bar No. 1600953)
7  Attorneys, Voting Section
   Civil Rights Division
8  U.S. Department of Justice
   4CON – Room 8.1815
9  950 Pennsylvania Avenue, NW
   Washington, DC 20530

10
   Tel.: (202) 353-5724 / Fax: (202) 307-3961
11 Email: Chris.Herren@usdoj.gov
   Richard.Dellheim@usdoj.gov
12 Emily.Brailey@usdoj.gov
   Jennifer.Yun@usdoj.gov
13 *Attorneys for the United States*

14              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF ARIZONA**
15

16  Mi Familia Vota, et. al.,
                        Plaintiffs,          No. 2:22-cv-00509-SRB (Lead Case)
17                                           No. 2:22-cv-01124-SRB (Consolidated)
          v.
18                                           **Declaration of Emily R. Brailey**
                                             **Pursuant to Fed. R. Civ. P. 56(d)**
19  Adrian Fontes, et. al.,
                        Defendants.
20

21  Living United for Change in Arizona, et al.,

22

1               Plaintiffs,

2        v.

3 Adrian Fontes,

              Defendant,

4 and

5 State of Arizona, et al.,

6               Defendants.

7

 Poder Latinx, et al.,

8               Plaintiffs,

9 v.

10 Adrian Fontes, et al.

              Defendants.

11

12 United States of America,

              Plaintiff,

13

14        v.

 State of Arizona, et al.,

15               Defendants.

16

 Democratic National Committee, et al.

17               Plaintiffs,

18        v.

19 Adrian Fontes, et al.,

              Defendants,

20        and

21

22

| | |
|---|---|
| 1 | Republican National Committee, |
| |                     Defendant-Intervenor. |
| 2 | |

Arizona Asian American Native Hawaiian
and Pacific Islander for Equity Coalition,
                  Plaintiff,

     v.

Adrian Fontes, et al.,
                  Defendants.

Promise Arizona, et al.,
                  Plaintiffs,

     v.

Adrian Fontes, et al.,
                  Defendants.

Tohono O'odham Nation, et al.,

     v.

Kris Mayes, et al.,
                  Defendants.

**DECLARATION OF COUNSEL IN SUPPORT OF UNITED STATES'
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 56(d), Emily Brailey hereby declares as follows:

1.     I am an attorney employed by the United States Department of Justice and I represent the United States in this action.

2.     I submit this Declaration under Rule 56(d) in connection with the United States' opposition to the State Defendants' and Defendant-Intervenors' motions for partial summary judgment on the United States' claim arising under Section 101 of the Civil Rights Act ("Materiality Provision"), 52 U.S.C. § 10101(a)(2)(B).

3.     As required by Rule 56(d), this Declaration specifies the reasons that the United States "cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).

4.     The United States sued the State of Arizona on July 5, 2022, challenging House Bill 2492 ("HB 2492") under Section 6 of the National Voter Registration Act ("NVRA") and the Materiality Provision.  U.S. Compl. ¶¶ 62-70, *United States v. Arizona*, No. 2:22-cv-01124-SRB (D. Ariz. July 5, 2022) (ECF No. 1).

5.     The Materiality Provision bars election officials from rejecting voter registration applications based on errors or omissions that are not material to establishing an individual's qualifications to vote.  52 U.S.C. § 10101(a)(2)(B).

6.     The United States' allegations include that HB 2492 violates the Materiality Provision by requiring election officials to reject voter registration applications if the

1    voter fails to check a box indicating that the voter is a citizen or to include the voter's

2    place of birth.  U.S. Compl.  ¶¶ 67, 68.

3         7.    On March 24, 2023, the Court set a case schedule permitting fact discovery

4    to continue through July 14, 2023, and expert discovery to continue through September

5    28, 2023.  ECF No. 338.

6         8.    The Court also ordered the parties to file motions for summary judgment on

7    claims that could be decided without discovery.  March 23, 2023 Sched. Conf. Tr. at

8    36:20-22, ECF No. 340.

9         9.    The State Defendants moved for partial summary judgment on the United

10   States' Materiality Provision claim on May 8, 2023.  ECF No. 364.  The State

11   Defendants' Motion raises factual questions that can only be resolved through factual and

12   expert discovery.

13        10.   For instance, the State Defendants assert that the citizenship checkbox on

14   the State's voter registration form "serve[s] a useful role" in determining a voter's

15   qualifications.  State Defs. Mot. at 12, ECF No. 364.  That assertion raises material

16   questions of fact as to whether and how Arizona's counties have used, do use, or expect

17   to use the citizenship checkbox on Arizona's voter registration form to determine

18   citizenship when the registrant has already provided documentary proof of citizenship.

19        11.   The State Defendants similarly argue that birthplace is "information that

20   can help confirm the voter's identity" and is therefore material to voter qualifications.

21   State Defs. Mot. at 14, ECF No. 364.  That assertion raises material fact questions as to

22

2

1    the utility of attempting to use birthplace to confirm voter identity, as well as the State's

2    past, current, and expected procedures for doing so.

3        12.    The United States is currently conducting discovery on the Materiality

4    Provision claim.  On May 12, 17, and 30, Consolidated Plaintiffs propounded discovery

5    on this issue.  ECF Nos. 366, 372, 386; Exs. A (discovery requests to the Arizona

6    Attorney General), B (discovery reqests to the Arizona Secretary of State), C (discovery

7    requests to the Arizona County Recorders).

8        13.    The deadline to respond to these requests has not run.  *See* Fed. R. Civ. P.

9    34(b)(2)(A) (responding party has 30 days to respond to requests for production of

10   documents).

11       14.    Consolidated Plaintiffs are currently working with counsel for the Office of

12   the Arizona Secretary of State to schedule a deposition of a representative of that Office

13   under Rule 30(b)(6).  Consolidated Plaintiffs expect to notice additional depositions

14   related to the material fact questions raised by the State Defendants' motion shortly.  ECF

15   No. 338 (setting July 14, 2023 as the deadline for fact discovery).

16       15.    The discovery that Consolidated Plaintiffs seek regarding the Materiality

17   Provision claim is essential to the United States' opposition to the State Defendants'

18   Motion for Partial Summary Judgment on the Materiality Provision claim.  The material

19   facts the United States seeks and is developing through expert analysis include, for

20   example:

21

22

3

a.   Whether and how Arizona election officials have relied on the State Form's citizenship checkbox to establish voter eligibility;

b.   Whether and how Arizona election officials have relied on registrants' birthplace to establish voter identity;

c.   Whether and how Arizona election officials will use the citizenship checkbox or birthplace to establish voter eligibility or identity;

d.   Expert analysis regarding the use of a voter's birthplace to establish or confirm identity;

e.   Expert analysis regarding the number of voters affected by HB 2492's citizenship checkbox, birthplace, and mail voting requirements;

f.   Whether there is evidence of voting by ineligible persons in Arizona that may be prevented by HB 2492's voter registration and mail voting requirements;

g.   Whether and how a voter's eligibility is verified at the time of registration versus when the voter casts a ballot in a federal election; and

h.   Whether and how a voter's eligibility is verified at the time an early ballot by mail is cast versus when a ballot is cast in person in a federal election.

16.     The State Defendants and County Defendants are the only entities that possess the additional information the United States requires to adequately respond to the State Defendants' Motion for Partial Summary Judgment, and this information is

4

1   unavailable to the United States absent additional discovery from those entities.

2   Moreover, at least some of the pertinent information Defendants produced in discovery

3   requires expert analysis.

4        17.     The information the United States seeks is discoverable.  Fed. R. Civ. P.

5   26(b)(1).  It is also essential to the United States' opposition to Defendants' Motion for

6   Partial Summary Judgment on the Materiality Provision claim.

7        18.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

8   foregoing is true and correct.

9   Executed on  June 5, 2023

10                                          */s/ Emily R. Brailey*

11                                          EMILY R. BRAILEY
                                            Attorney, Voting Section
12                                          Civil Rights Division
                                            U.S. Department of Justice
13                                          4CON – Room 8.1815
                                            950 Pennsylvania Avenue, NW
14                                          Washington, DC 20530

15

16

17

18

19

20

21

22

# Exhibit A

1

2

3

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

5

6

7   Mi Familia Vota, et al.,

8           Plaintiffs,

9       v.

10  Adrian Fontes, in his official capacity as
    Arizona Secretary of State, et al.,

11

12          Defendants.

13

14  AND CONSOLIDATED CASES.

15

16

17

18

19

Case No. 2:22-cv-00509-SRB
(Lead)

**CONSOLIDATED PLAINTIFFS'
FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT
KRIS MAYES, IN HER OFFICIAL
CAPACITY AS ARIZONA
ATTORNEY GENERAL**

No. CV-22-00519-PHX-SRB
No. CV-22-01003-PHX-SRB
No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

20

21  **PROPOUNDING PARTY:**      Consolidated Plaintiffs

22  **RESPONDING PARTY:**       Defendant Kris Mayes, in her official capacity as
23                              Arizona Attorney General

24  **SET NUMBER:**             ONE (1)[1]

25

26

27

28

---

[1] Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition served its First Request for Production of Documents on the Arizona Attorney General on December 12, 2022. This is the First Set of Requests for Production to the Attorney General served jointly by all consolidated Plaintiffs.

Pursuant to Federal Rules of Civil Procedure 26 and 34, consolidated Plaintiffs, by and through counsel, serve the following requests for production upon Defendant Kris Mayes, in her official capacity as Arizona Attorney General ("Defendant").

Responses to these requests must be produced within thirty (30) days after service in accordance with Rule 34. As agreed among the parties, all discovery responses and documents shall be produced to all counsel of record. Each request for production is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.      "Any" or "all" means "any and all."

2.      "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

3.      "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means. It includes communications entirely internal to the Arizona Attorney General's Office, as well as communications that include or are with entities and individuals outside of the Arizona Attorney General's Office.

4.      "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 34 and "writings" and "recordings" as defined in Federal Rules of Evidence 1001, and it includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), any computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of

2

whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

5.     "Including" means "including but not limited to."

6.     **"**Nonstandard Address**"** means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded.

7.     "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

8.     "Racially Polarized Voting" means "the existence of a correlation between the race of voters and the selection of certain candidates," *Thornburg v. Gingles*, 478 U.S. 30 (1986).

9.     "Relating to," "regarding," or "concurring" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

10.     "You," "your," and "Attorney General" means Defendant Kris Mayes in her official capacity as Arizona Attorney General, and includes any predecessors and successors to the Arizona Attorney General's Office; any past and present employees, staff, agents, assigns, and representatives of the Arizona Attorney General's Office; and any other persons or entities that, at any time, acted on behalf or for the benefit of the Arizona Attorney General's Office.

3

**INSTRUCTIONS**

You are to follow the instructions set forth below in responding to these requests.

1.     You shall produce materials and serve responses and any objections on Plaintiffs' counsel within 30 days after service of these requests for production.

2.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. All objections must be noted with specificity. Any ground not stated in a timely objection is waived.

3.     If, in responding to these requests, you encounter any ambiguities when construing a request or definition, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding. Where you, in good faith, doubt the meaning or intended scope of a request, and the sole objection would be to its vagueness, overbreadth, or ambiguity, please contact Plaintiffs' counsel for clarification in advance of asserting an objection.

4.     With respect to any document withheld on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

5.     In accordance with the Federal Rules of Civil Procedure, the scope of discovery sought through these requests for production extends to all relevant and non-privileged materials that might reasonably lead to the discovery of admissible evidence. You should produce all documents available to you or subject to your access or control that are responsive to the following requests for production. This includes documents in your actual or constructive possession or control, as well as any non-privileged information in the actual or constructive possession or control of your attorneys, investigators, experts, agents, and any other persons acting on your behalf.

6.     Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without

4

abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this request should be produced intact with the documents; and documents attached to each other should not be separated.

7.  Subject to any Electronically Stored Information ("ESI") order subsequently entered in this case, all documents are to be produced in electronic form pursuant to these instructions. All documents, including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and database load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at a location that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

8.  If there are no documents responsive to a particular request, so indicate in your response. Similarly, to the extent that you do not have any means of recording the information requested herein, please so indicate in your responses to the specific production request.

9.  If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, as well as describe in full the circumstances surrounding its destruction, loss, or other disposition from your possession or control.

10.     These requests for production are continuing in nature, up to and during trial. Materials sought by these requests for production that become available after you serve your responses must be disclosed to counsel for Plaintiffs by supplementary response or responses.

11.     Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these requests for production if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you should state this fact in each response. Supplementary answers are to be served upon Plaintiffs' counsel as soon as practicable after you receive this new information, but, in any event, no later than 14 days after its receipt.

12.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonably burdensome effort; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification of persons consulted, description of files, records and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spent and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend the additional efforts to produce such documents would be unreasonably burdensome.

13.     The past-tense forms of verbs in these requests include their present-tense forms, and vice versa.

14.     The singular form of a noun or pronoun includes the plural form, and the plural form indicates the singular.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

16.     A reference to an entity, agency, department, or board in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications from January 1, 2016 to the present, including but not limited to bulletins, memoranda, training materials, manuals, policies, and procedures, related to the Attorney General or other office of the State of Arizona assisting any Tribe, enrolled Tribal member, or other Arizona resident who uses a Nonstandard Address with assigning or identifying a physical residential street address for any home or homes that lack one or with navigating the challenges presented by the lack of a standard residential street address.

### REQUEST FOR PRODUCTION NO. 2:

All Communications from November 4, 2020 to the present regarding the Challenged Laws, including any associated legislative proposals, with any representatives or agents of Intervenor Republican National Committee, Arizona Free Enterprise Club, Heritage Foundation, American Legislative Exchange Council, Election Transparency Initiative, Honest Elections Project, America First Policy Institute, and Public Interest Law Foundation, as well as all documents related to such communications.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications from January 1, 2016 to the present concerning Arizona's history of voting-related discrimination and Racially Polarized Voting.

### REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications from January 1, 2016 to the present concerning racial and language minority disparities in Arizona in poverty rates, income,

1   access to transportation, education, healthcare, employment, home ownership, and internet

2   access.

3   **REQUEST FOR PRODUCTION NO. 5:**

4       All Documents and Communications from January 1, 2016 to the present

5   concerning the Elections Procedures Manual, as well as implementation and enforcement

6   of the consent decree reached in *LULAC v. Reagan*, No. 2:17-cv-04102-DGC.

7   **REQUEST FOR PRODUCTION NO. 6:**

8       All Documents and Communications from January 1, 2016, to the present

9   regarding misconduct, fraud, election security, or a lack of voter confidence in election

10  integrity related to citizenship, voters' residences, or proof of citizenship or residential

11  addresses in voter registration, including but not limited to complaints, bulletins,

12  memoranda, training materials, manuals, policies, and procedures.

/s/ *Christopher Dodge (with permission)*

**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

/s/ *Christopher Dodge (with permission)*

**BARTON MENDEZ SOTO**
James Barton (AZ Bar No. 023888)
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
480-418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
(AZ Bar No. 019579)
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

6

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

/s/ *Christopher Dodge (with permission)*
**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ  85012
danny@aclpi.org
(602) 258-8850

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

7

New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

/s/ *Christopher Dodge (with permission)*
**PAPETTI SAMUELS
WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER    CUTLER    PICKERING
HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

/s/ *Christopher Dodge (with permission)*
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING
JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

1

2    *Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

3

4    /s/ *Christopher Dodge (with permission)*

     **MEXICAN AMERICAN LEGAL**              **ORTEGA LAW FIRM**
5    **DEFENSE AND EDUCATIONAL**             Daniel R. Ortega Jr.
     **FUND**                                361 East Coronado Road, Suite 101
6    Ernest Herrera*                         Phoenix, AZ 85004-1525
     Erika Cervantes*                        Telephone: (602) 386-4455
7    634 South Spring Street, 11th Floor     Email: danny@ortegalaw.com
     Los Angeles, CA 90014
8    Telephone: (213) 629-2512
     Facsimile: (213) 629-0266
9    eherrera@maldef.org
     ecervantes@maldef.org
10

11

12   *Attorneys for Promise Arizona Plaintiffs*

13   /s/ *Christopher Dodge (with permission)*

     **OSBORN MALEDON, P.A.**                **NATIVE AMERICAN RIGHTS FUND**
14   David B. Rosenbaum                      Allison A. Neswood*
     AZ No. 009819                           CO No. 49846
15   Joshua J. Messer                        neswood@narf.org
     AZ No. 035101                           Michael S. Carter
16   2929 North Central Avenue, 21st Floor   AZ No. 028704, OK No. 31961
     Phoenix, Arizona 85012-2793             carter@narf.org
17   (602) 640-9000                          Matthew Campbell*
     drosenbaum@omlaw.com                    NM No. 138207, CO No. 40808
18   jmesser@omlaw.com                       mcampbell@narf.org
                                             Jacqueline D. DeLeon*
19                                           CA No. 288192
     **LAWYERS COMMITTEE FOR**               jdeleon@narf.org
20   **CIVIL RIGHTS UNDER LAW**              1506 Broadway
     Ezra Rosenberg*                         Boulder, CO 80301
21   DC No. 360927, NJ No. 012671974         (303) 447-8760 (main)
     Jim Tucker**
22   AZ No. 019341
     Ryan Snow*                              Samantha B. Kelty
23   1500 K Street NW, Suite 900             AZ No. 024110, TX No. 24085074
     Washington, DC 20005                    kelty@narf.org
24   (202) 662-8600 (main)                   950 F Street NW, Suite 1050,
     erosenberg@lawyerscommittee.org         Washington, D.C. 20004
25   jtucker@lawyerscommittee.org            (202) 785-4166 (direct)
     rsnow@lawyerscommittee.org
26

27

28

                                    9

1

2
*\*\*Admitted in Arizona, D.C. and Nevada.*

3
**GILA RIVER INDIAN COMMUNITY**

4
Thomas L. Murphy
AZ No. 022953

**TOHONO O'ODHAM NATION**
Howard M. Shanker (AZ Bar 015547)

5
Javier G. Ramos
AZ No. 017442

Attorney General, Tohono O'odham
Nation

6
Post Office Box 97

Marissa L. Sites (AZ Bar 027390)

7
Sacaton, Arizona 85147
(520) 562-9760

Assistant Attorney General, Tohono
O'odham Nation

8
thomas.murphy@gric.nsn.us
javier.ramos@gric.nsn.us

P.O. Box 830
Sells, Arizona  85634

9
*Representing Gila River Indian*

(520) 383-3410

10
*Community Only*

Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov

11
*Representing Tohono O'odham Nation*
*Only*

12

13
*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*

14
*Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

15
*\* Admitted Pro Hac Vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT KRIS MAYES, IN HER OFFICIAL CAPACITY AS ARIZONA ATTORNEY GENERAL** on counsel of record for all parties by email.


Dated: May 12, 2023                              */s/ Daniel Arellano*

                                                            Daniel Arellano

1
2
3
4
5

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

6
7
8
9
10
11
12
13

Mi Familia Vota, et al.,

        Plaintiffs,

    v.

Adrian Fontes, in his official capacity as Arizona Secretary of State, et al.,

        Defendants.

Case No. 2:22-cv-00509-SRB (Lead)

**CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT KRIS MAYES, IN HER OFFICIAL CAPACITY AS ARIZONA ATTORNEY GENERAL**

14
15
16
17
18
19

AND CONSOLIDATED CASES.

No. CV-22-00519-PHX-SRB
No. CV-22-01003-PHX-SRB
No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

20
21

**PROPOUNDING PARTY:**    Consolidated Plaintiffs

22
23

**RESPONDING PARTY:**    Defendant Kris Mayes, in her official capacity as Arizona Attorney General

24

**SET NUMBER:**    ONE (1)

25
26
27
28

Pursuant to Federal Rules of Civil Procedure 26 and 33, consolidated Plaintiffs, by and through counsel, serve the following Interrogatories upon Defendant Kris Mayes, in her official capacity as Arizona Attorney General ("Defendant").

Responses to these Interrogatories must be produced within thirty (30) days after service in accordance with Rule 33. As agreed among the parties, all discovery responses shall be produced to all counsel of record. Each Interrogatory is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.    "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

2.    "Nonstandard Address" means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded.

3.    "You," "your," and "Attorney General" means Defendant Kris Mayes in her official capacity as Arizona Attorney General, and includes any predecessors and successors to the Arizona Attorney General's Office; any past and present employees, staff, agents, assigns, and representatives of the Arizona Attorney General's Office; and any other persons or entities that, at any time, acted on behalf or for the benefit of the Arizona Attorney General's Office.

2

# INSTRUCTIONS

You are to follow the instructions set forth below in responding to these Interrogatories.

1.     Pursuant to Federal Rule of Civil Procedure 33(b)(4), if you object to any part of an Interrogatory, set forth the basis of your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in a timely objection is waived.

2.     Where you, in good faith, doubt the meaning or intended scope of an Interrogatory, before objecting to the Interrogatory based on its vagueness, overbreadth, or ambiguity, contact Plaintiffs' counsel in advance of asserting an objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the Interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding.

3.     If any objection is raised to these Interrogatories on the basis of an assertion of privilege, you shall provide both a description of the basis of the privilege and all information necessary for Plaintiff to assess the claim of privilege.

4.     If, after a reasonable inquiry, you do not know the answer to any Interrogatory, or if there are limitations to your knowledge about the answer to any Interrogatory, provide whatever answer you can including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any Interrogatory or may be able to provide additional information in response to any Interrogatory, identify those people or entities in your response.

5.     Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these Interrogatories if you learn that a response is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response. Supplementary answers are to be served upon Plaintiffs' counsel as soon as

3

practicable after you receive this new information, but, in any event, no later than 14 days after its receipt.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all state interests that you believe are furthered by the Challenged Laws and all evidence that either supports or undermines the contention that the Challenged Laws further those interests, including any evidence of voter fraud committed by non-citizens or non-residents in Arizona since January 1, 2016. Your answer should specify which alleged state interest(s) support each challenged provision of the Challenged Laws and the connection between the alleged state interests and challenged provisions. Your answer should also identify by name any witnesses who have or are likely to have knowledge or information related to the importance of the state interests identified in this answer and how the Challenged Laws are likely to interact with those interests.

### INTERROGATORY NO. 2:

Identify all provisions of the Challenged Laws that you intend to implement or enforce and describe such implementation or enforcement, including the timing of when you plan to implement and enforce the Challenged Laws and how you plan to enforce them, and whether such plans involve any "possible investigation" under A.R.S. § 16-165(A)(10) and what such investigations will entail. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about any plans for implementation or any mechanisms by which the Challenged Laws will or are likely to be implemented.

### INTERROGATORY NO. 3:

Identify each instance in which the State or any of its political subdivisions has established that a non-U.S. citizen has registered to vote or cast a ballot in Arizona since January 1, 2016, including any supporting evidence thereof. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to non-U.S. citizens registering to vote in Arizona or evidence thereof.

**INTERROGATORY NO. 5:**

Identify every type of document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such documents available to them. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**INTERROGATORY NO. 6:**

Identify all databases or other sources of citizenship information that are accessible to You or that you anticipate will become accessible to you, and which of those are practicable to use in the ways required by the Challenged Laws. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

/s/ *Christopher Dodge (with permission)*

**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

/s/ *Christopher Dodge (with permission)*

**BARTON MENDEZ SOTO**
James Barton (AZ Bar No. 023888)
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
480-418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
(AZ Bar No. 019579)
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

6

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

/s/ *Christopher Dodge (with permission)*
**ARIZONA CENTER FOR LAW
IN THE PUBLIC INTEREST**
Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ  85012
danny@aclpi.org
(602) 258-8850

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

7

New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa
Action Fund*

/s/ *Christopher Dodge (with permission)*
**PAPETTI SAMUELS
WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER    CUTLER    PICKERING
HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

/s/ *Christopher Dodge (with permission)*
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING
JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

1
2

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

3

4   /s/ *Christopher Dodge (with permission)*

**MEXICAN AMERICAN LEGAL**
5   **DEFENSE AND EDUCATIONAL**
**FUND**
6   Ernest Herrera*
Erika Cervantes*
7   634 South Spring Street, 11th Floor
Los Angeles, CA 90014
8   Telephone: (213) 629-2512
Facsimile: (213) 629-0266
9   eherrera@maldef.org
ecervantes@maldef.org
10

**ORTEGA LAW FIRM**
Daniel R. Ortega Jr.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Email: danny@ortegalaw.com

11

12          *Attorneys for Promise Arizona Plaintiffs*

13   /s/ *Christopher Dodge (with permission)*

**OSBORN MALEDON, P.A.**
14   David B. Rosenbaum
AZ No. 009819
15   Joshua J. Messer
AZ No. 035101
16   2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
17   (602) 640-9000
drosenbaum@omlaw.com
18   jmesser@omlaw.com
19

**NATIVE AMERICAN RIGHTS FUND**
Allison A. Neswood*
CO No. 49846
neswood@narf.org
Michael S. Carter
AZ No. 028704, OK No. 31961
carter@narf.org
Matthew Campbell*
NM No. 138207, CO No. 40808
mcampbell@narf.org
Jacqueline D. DeLeon*
CA No. 288192
jdeleon@narf.org
1506 Broadway
Boulder, CO 80301
(303) 447-8760 (main)

20

**LAWYERS COMMITTEE FOR**
21   **CIVIL RIGHTS UNDER LAW**
Ezra Rosenberg*
22   DC No. 360927, NJ No. 012671974
Jim Tucker**
23   AZ No. 019341
Ryan Snow*
24   1500 K Street NW, Suite 900
Washington, DC 20005
25   (202) 662-8600 (main)
erosenberg@lawyerscommittee.org
26   jtucker@lawyerscommittee.org
rsnow@lawyerscommittee.org
27

28

Samantha B. Kelty
AZ No. 024110, TX No. 24085074
kelty@narf.org
950 F Street NW, Suite 1050,
Washington, D.C. 20004
(202) 785-4166 (direct)

1

2
*\*\*Admitted in Arizona, D.C. and Nevada.*

3
**GILA RIVER INDIAN COMMUNITY**

4
Thomas L. Murphy                                    **TOHONO O'ODHAM NATION**
AZ No. 022953                                        Howard M. Shanker (AZ Bar 015547)

5
Javier G. Ramos                                      Attorney General, Tohono O'odham
AZ No. 017442                                        Nation

6
Post Office Box 97                                   Marissa L. Sites (AZ Bar 027390)
Sacaton, Arizona 85147                               Assistant Attorney General, Tohono

7
(520) 562-9760                                       O'odham Nation

8
thomas.murphy@gric.nsn.us                            P.O. Box 830
javier.ramos@gric.nsn.us                             Sells, Arizona  85634

9
*Representing Gila River Indian*                     (520) 383-3410

10
*Community Only*                                     Howard.Shanker@tonation-nsn.gov
                                                     Marissa.Sites@tonation-nsn.gov

11
                                                     *Representing Tohono O'odham Nation*
                                                     *Only*

12

13
*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*
*Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

14

15
*\* Admitted Pro Hac Vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT KRIS MAYES, IN HER OFFICIAL CAPACITY AS ARIZONA ATTORNEY GENERAL** on counsel of record for all parties by email.


Dated: May 12, 2023                    _/s/ Daniel Arellano_____

                                       Daniel Arellano

11

# Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| v. | **CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ADRIAN FONTES, IN HIS OFFICIAL CAPACITY AS ARIZONA SECRETARY OF STATE** |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB No. CV-22-01003-PHX-SRB No. CV-22-01124-PHX-SRB No. CV-22-01369-PHX-SRB No. CV-22-01381-PHX-SRB No. CV-22-01602-PHX-SRB No. CV-22-01901-PHX-SRB |

**PROPOUNDING PARTY:**     Consolidated Plaintiffs

**RESPONDING PARTY:**     Defendant Adrian Fontes, in his official capacity as Arizona Secretary of State

**SET NUMBER:**     ONE (1)[1]

---

[1] Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition served its First Request for Production of Documents on the Arizona Secretary of State General on December 12, 2022. This is the First Set of Requests for Production to the Arizona Secretary of State served jointly by all consolidated Plaintiffs.

Pursuant to Federal Rules of Civil Procedure 26 and 34, consolidated Plaintiffs, by and through counsel, serve the following requests for production upon Defendant Adrian Fontes, in his official capacity as Arizona Secretary of State ("Defendant").

Responses to these requests must be produced within thirty (30) days after service in accordance with Rule 34. As agreed among the parties, all discovery responses and documents shall be produced to all counsel of record. Each request for production is subject to the Definitions and Instructions set forth below.

### DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.      "Any" or "all" means "any and all."

2.      "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

3.      "H.B. 2492" refers to the Arizona House Bill 2492 signed into law by the Governor on March 30, 2022 as alleged in the Complaint, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

4.      "H.B. 2243" refers to the Arizona House Bill 2243 signed into law by the Governor on July 6, 2022 as alleged in the Complaint, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

5.      "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, written notice, note, summary, and other means. It includes communications entirely internal to the Arizona

2

Secretary of State's Office, as well as communications that include or are with entities and individuals outside of the Arizona Secretary of State's Office.

6.      "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 34 and "writings" and "recordings" as defined in Federal Rules of Evidence 1001, and it includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), any computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

7.      "Including" means "including but not limited to."

8.      "Nonstandard Address" means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded

9.      "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

10.      "Racially Polarized Voting" means "the existence of a correlation between the race of voters and the selection of certain candidates," *Thornburg v. Gingles*, 478 U.S. 30 (1986).

11.    "Registered Voter" means a person who has been added to the official list of the eligible voters for any election held in Arizona, including all state, federal, and local elections.

12.    "Voter Registration Applicant" means a person who has submitted an application to register to vote in Arizona, whether or not the application is deemed complete.

13.    "Voter Registration Information" means all Documents derived from a person's voter registration application and any other information maintained regarding the applicant, voter, or canceled voter, including the first name, middle name, last name, suffix, gender, complete registration address, birthdate, national origin, race, state-assigned voter ID number, type of identification, documentation and/or identification number submitted, date of registration application, date of registration (if any), voter registration status (e.g., denied, suspended, pending, registered, and including whether the person is a Federal-only, Congress-only, or other status voter), and voter status (active, inactive, canceled, etc.)

14.    "Voter Registration History" includes the following Communications, Documents, and information for each voter or Voter Registration Applicant:

a. All Communications, records, or database entries (whether entered manually or automatically generated) regarding the processing history, including the receipt, acceptance, or denial of applications; review of supporting documents submitted with the application; missing documents or records; additional documents submitted; and reasons or acceptance, denial, or other actions;

b. Fields or other records that show what type of document or type of document number was submitted with the application, specifically including a passport or birth certificate, driver's license number, as well as other items;

c. Data related to any correspondence that was sent to the applicant;

d. Data related to any correspondence that was received from the applicant; and

e. Fields that correspond to the Application, Status Reason, DL # Response Code

4

Report, SSN Response Code Report, or any electronic records showing or reflecting the comparison of voter information with any database or system.

15.    "Relating to," "regarding," or "concurring" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

16.    "You," "your," and "Secretary of State" means Defendant Adrian Fontes in his official capacity as Arizona Secretary of State, and includes any predecessors and successors to the Arizona Secretary of State's Office; any past and present employees, staff, agents, assigns, and representatives of the Arizona Secretary of State's Office; and any other persons or entities that, at any time, acted on behalf or for the benefit of the Arizona Secretary of State's Office.

## **INSTRUCTIONS**

You are to follow the instructions set forth below in responding to these requests.

1.    You shall produce materials and serve responses and any objections on Plaintiffs' counsel within 30 days after service of these requests for production.

2.    Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. All objections must be noted with specificity. Any ground not stated in a timely objection is waived.

3.    If, in responding to these requests, you encounter any ambiguities when construing a request or definition, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding. Where you, in good faith, doubt the meaning or intended scope of a request, and the sole objection would be to its vagueness, overbreadth, or ambiguity, please contact Plaintiffs' counsel for clarification in advance of asserting an objection.

4.      With respect to any document withheld on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

5.      In accordance with the Federal Rules of Civil Procedure, the scope of discovery sought through these requests for production extends to all relevant and non-privileged materials that might reasonably lead to the discovery of admissible evidence. You should produce all documents available to you or subject to your access or control that are responsive to the following requests for production. This includes documents in your actual or constructive possession or control, as well as any non-privileged information in the actual or constructive possession or control of your attorneys, investigators, experts, agents, and any other persons acting on your behalf.

6.      Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this request should be produced intact with the documents; and documents attached to each other should not be separated.

7.      Subject to any Electronically Stored Information ("ESI") order subsequently entered in this case, all documents are to be produced in electronic form pursuant to these instructions. All documents, including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and database load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at a location that does not unreasonably conceal or interfere with

information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

8.     If there are no documents responsive to a particular request, so indicate in your response. Similarly, to the extent that you do not have any means of recording the information requested herein, please so indicate in your responses to the specific production request.

9.     If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, as well as describe in full the circumstances surrounding its destruction, loss, or other disposition from your possession or control.

10.     These requests for production are continuing in nature, up to and during trial. Materials sought by these requests for production that become available after you serve your responses must be disclosed to counsel for Plaintiffs by supplementary response or responses.

11.     Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these requests for production if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you should state this fact in each response. Supplementary answers are to be served upon Plaintiffs' counsel as soon as practicable

7

1   after you receive this new information, but, in any event, no later than 14 days after its
2   receipt.

3         12.    If you contend that it would be unreasonably burdensome to obtain and
4   provide all of the documents called for in response to any document request or any
5   subsection thereof, then in response to the appropriate document request: (a) produce all
6   such documents as are available to you without undertaking what you contend to be an
7   unreasonably burdensome effort; (b) describe with particularity the efforts made by you or
8   on your behalf to produce such documents, including identification of persons consulted,
9   description of files, records and documents reviewed, and identification of each person
10   who participated in the gathering of such documents, with specification of the amount of
11   time spent and the nature of work done by such person; and (c) state with particularity the
12   grounds upon which you contend the additional efforts to produce such documents would
13   be unreasonably burdensome.

14         13.    The past-tense forms of verbs in these requests include their present-tense
15   forms, and vice versa.

16         14.    The singular form of a noun or pronoun includes the plural form, and the
17   plural form indicates the singular.

18         15.    The connectives "and" and "or" shall be construed either disjunctively or
19   conjunctively as necessary to bring within the scope of a document production topic all
20   responses that otherwise might be construed to be outside its scope.

21         16.    A reference to an entity, agency, department, or board in this request shall be
22   construed to include its officers, directors, partners, members, managers, employees,
23   representatives, agents, consultants, or anyone acting on its behalf.

24                               **REQUESTS FOR PRODUCTION**
25   **REQUEST FOR PRODUCTION NO. 1:**

26         All Documents and Communications, including but not limited to any writings,
27   memoranda, presentations, correspondence (including internal communications), policies,

28

procedures, guidelines, and reports (draft and final versions) related to Nonstandard Addresses, including any document concerning how the State of Arizona or any Arizona County has implemented voter registration and list maintenance programs that account for voters with Nonstandard Addresses, any assistance to a Tribe or an enrolled Tribal member, rural, or other resident of the State who uses a Nonstandard Address with voter registration, precinct assignment, and/or assigning or identifying a standard residential street address for a home(s), and the ability of voters to submit a description and/or graphic depiction of their location of residence, using either the state or federal voter registration form.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications from January 1, 2016, to the present concerning the Elections Procedures Manual, as well as implementation and enforcement of the consent decree reached in *LULAC v. Reagan*, No. 2:17-cv-04102-DGC.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning voter registration applications submitted since January 1, 2020, for applicants who have used the option in the State Form to "describe [the] location [of their residence] using mileage, cross streets, parcel #, subdivision name/lot, or landmarks" and to "[d]raw a map and/or provide latitude/longitude or geocode in Box 23 if located in a rural area without a traditional street address" or the option in the Federal Form, to "show where [they] live" using the map in Box C. This request includes documents related to applicants who have been successfully registered and who have been denied voter registration or removed from the voter rolls. This request also includes related Secretary correspondence, corresponding County or voter responses, and any notes generated or maintained by the Secretary's office regarding moving a voter to inactive status or cancelling a registration.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications from January 1, 2017, to the present relating to the use of birthplace and citizenship attestation checkbox on the State Form, including

but not limited to whether voter registration applicants were required to provide birthplace or complete the citizenship attestation checkbox to be registered to vote, whether voter registration applicants actually did provide such information, how frequently voter registration applicants actually did provide a correct or incorrect birthplace, fail to provide a birthplace, complete or fail to complete the citizenship attestation checkbox, or make errors in completing the citizenship attestation checkbox, and whether voter applications were rejected for failing to provide this information and/or the number of voter applicants who timely cured their applications for these errors or omissions pertaining to birthplace and/or the citizenship attestation checkbox.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications from January 1, 2016, to the present regarding misconduct, fraud, election security, or a lack of voter confidence in election integrity related to citizenship, voters' residences, or proof of citizenship or residential addresses in voter registration.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications from January 1, 2016, to the present concerning inequity (whether it be actual, potential, alleged, or perceived inequity) in access to voter registration and voting and provision of voting resources among racial, ethnic, national origin, or language minority communities; Racially Polarized Voting; and Arizona's history of voting-related discrimination.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications from January 1, 2016, to the present related to voter registration forms the Secretary provides to each public assistance agency that, pursuant to the NVRA, provides voter registration assistance, the Secretary's guidance to public assistance agencies about the use of such forms, and the Secretary's guidance to election officials about how to process such forms. Your response should include samples of the forms promulgated for each public assistance agency.

1  **<u>REQUEST FOR PRODUCTION NO. 8:</u>**

2        Any and all Documents and Communications, including but not limited to those

3  containing individual and aggregate data and Voter Registration Information and History,

4  relating to Voter Registration Applicants and Registered Voters who were denied,

5  challenged, removed, cancelled, and/or placed on Congressional-only or federal-only

6  status due to either (1) missing, inaccurate, non-matching, unverified, unverifiable, or

7  otherwise defective DPOC or (2) the results of a database search required by HB 2492 or

8  HB 2243, as well as: the reasons notices were sent to Voter Registration Applicants or

9  Registered Voters pursuant to HB 2492 and HB 2243; any draft and actual notices sent to

10  Voter Registration Applicants or Registered Voters pursuant to HB 2492 and HB 2243;

11  any responses and/or submissions—or lack thereof—in response to these notices; the

12  sufficiency of any responses and/or submissions to these notices; the final dispositions; and

13  the reasons for the denial, challenge, removal or cancellation of voter registration and/or

14  placement on Congressional-only or federal-only status, from January 1, 2022 onward.

15  **<u>REQUEST FOR PRODUCTION NO. 9:</u>**

16        All Documents referenced in, or relied upon in formulating, your responses to all

17  interrogatories in this matter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Christopher D. Dodge*

**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

*/s/ Danielle Lang*

**BARTON MENDEZ SOTO**
James Barton (AZ Bar No. 023888)
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
480-418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
(AZ Bar No. 019579)
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

*/s/ Jon Sherman*
**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
Daniel J. Adelman (AZ Bar No. 011368)
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
danny@aclpi.org
(602) 258-8850

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
Beauregard Patterson*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
bpatterson@fairelectionscenter.org
(202) 331-0114

1

2

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa*
*Action Fund*

*/s/ Christopher E. Babbitt*
**PAPETTI SAMUELS**
**WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER   CUTLER   PICKERING**
**HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

8

1  */s/ Amit Makker*
2  **LATHAM & WATKINS LLP**                    **ASIAN AMERICANS ADVANCING**
   Sadik Huseny*                               **JUSTICE-AAJC**
3  *sadik.huseny@lw.com*                       Niyati Shah*
   Amit Makker*                                *nshah@advancingjustice-aajc.org*
4  *amit.makker@lw.com*                        Terry Ao Minnis*
5  505 Montgomery Street, Suite 2000           *tminnis@advancingjustice-aajc.org*
   San Francisco, CA 94111-6538                1620 L Street NW, Suite 1050
6  Telephone: (415) 391-0600                   Washington, DC 20036
7  Facsimile: (415) 395-8095                   Telephone: (202) 296-2300
                                               Facsimile: (202) 296-2318
8  **SPENCER FANE**
   Andrew M. Federhar
9  (AZ Bar No. 006567)
10 *afederhar@spencerfane.com*
   2415 East Camelback Road, Suite 600
11 Phoenix, AZ 85016
12 Telephone: (602) 333-5430
   Facsimile: (602) 333-5431
13
14 *Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander
                              for Equity Coalition*
15
16 */s/ Ernest Herrera*
   **MEXICAN AMERICAN LEGAL**                  **ORTEGA LAW FIRM**
17 **DEFENSE AND EDUCATIONAL**                 Daniel R. Ortega Jr.
   **FUND**                                    361 East Coronado Road, Suite 101
18 Ernest Herrera*                             Phoenix, AZ 85004-1525
   Erika Cervantes*                            Telephone: (602) 386-4455
19 634 South Spring Street, 11th Floor         Email: danny@ortegalaw.com
20 Los Angeles, CA 90014
   Telephone: (213) 629-2512
21 Facsimile: (213) 629-0266
22 eherrera@maldef.org
   ecervantes@maldef.org
23
24              *Attorneys for Promise Arizona Plaintiffs*
25
26
27
28

1

*/s/ Allison A, Neswood*

2   **OSBORN MALEDON, P.A.**

**NATIVE AMERICAN RIGHTS FUND**

David B. Rosenbaum

Allison A. Neswood*

3   AZ No. 009819

CO No. 49846

Joshua J. Messer

neswood@narf.org

4   AZ No. 035101

Michael S. Carter

2929 North Central Avenue, 21st Floor

AZ No. 028704, OK No. 31961

5   Phoenix, Arizona 85012-2793

carter@narf.org

(602) 640-9000

Matthew Campbell*

6   drosenbaum@omlaw.com

NM No. 138207, CO No. 40808

jmesser@omlaw.com

mcampbell@narf.org

7

Jacqueline D. DeLeon*

8

CA No. 288192

**LAWYERS COMMITTEE FOR**

jdeleon@narf.org

9   **CIVIL RIGHTS UNDER LAW**

1506 Broadway

Ezra Rosenberg*

Boulder, CO 80301

10  DC No. 360927, NJ No. 012671974

(303) 447-8760 (main)

Jim Tucker**

11  AZ No. 019341

Ryan Snow*

12  1500 K Street NW, Suite 900

Samantha B. Kelty

Washington, DC 20005

AZ No. 024110, TX No. 24085074

13  (202) 662-8600 (main)

kelty@narf.org

erosenberg@lawyerscommittee.org

950 F Street NW, Suite 1050,

14  jtucker@lawyerscommittee.org

Washington, D.C. 20004

rsnow@lawyerscommittee.org

(202) 785-4166 (direct)

15

16

17

**GILA RIVER INDIAN COMMUNITY**

**TOHONO O'ODHAM NATION**

18  Thomas L. Murphy

Howard M. Shanker (AZ Bar 015547)

AZ No. 022953

Attorney General, Tohono O'odham

19  Javier G. Ramos

Nation

AZ No. 017442

Marissa L. Sites (AZ Bar 027390)

20  Post Office Box 97

Assistant Attorney General, Tohono

Sacaton, Arizona 85147

O'odham Nation

21  (520) 562-9760

P.O. Box 830

thomas.murphy@gric.nsn.us

Sells, Arizona 85634

22  javier.ramos@gric.nsn.us

(520) 383-3410

*Representing Gila River Indian*

Howard.Shanker@tonation-nsn.gov

23  *Community Only*

Marissa.Sites@tonation-nsn.gov

24  *Representing Tohono O'odham Nation*

*Only*

25

26

*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*

27  *Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

28

10

**U.S. DEPARTMENT OF JUSTICE**

GARY M. RESTAINO                      KRISTEN CLARKE
United States Attorney, District of   Assistant Attorney General
Arizona                               Civil Rights Division

                                      ELISE C. BODDIE
                                      Principal Deputy Assistant Attorney General
                                      Civil Rights Division

                                      */s/ Jennifer J. Yun*
                                      T. CHRISTIAN HERREN, JR.
                                      RICHARD A. DELLHEIM
                                      EMILY R. BRAILEY
                                      JENNIFER J. YUN
                                      Civil Rights Division, Voting Section
                                      U.S. Department of Justice
                                      950 Pennsylvania Avenue, NW
                                      Washington, DC 20530
                                      (202) 353-5724
                                      jennifer.yun@usdoj.gov

*Attorneys for the United States*

* *Admitted Pro Hac Vice*
**Admitted in Arizona, D.C. and Nevada.*

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ADRIAN FONTES, IN HIS OFFICIAL CAPACITY AS ARIZONA SECRETARY OF STATE** on counsel of record for all parties by email.


Dated: May 17, 2023                    /s/Amit Makker

                                                    Amit Makker

1
2
3
4

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

5
6
7
8
9
10
11
12

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| v. | **CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ADRIAN FONTES, IN HIS OFFICIAL CAPACITY AS ARIZONA SECRETARY OF STATE** |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |

13
14
15
16
17
18

| | |
|---|---|
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB |
| | No. CV-22-01003-PHX-SRB |
| | No. CV-22-01124-PHX-SRB |
| | No. CV-22-01369-PHX-SRB |
| | No. CV-22-01381-PHX-SRB |
| | No. CV-22-01602-PHX-SRB |
| | No. CV-22-01901-PHX-SRB |

19
20

**PROPOUNDING PARTY:**       Consolidated Plaintiffs

21

**RESPONDING PARTY:**       Defendant Adrian Fontes, in his official capacity as Arizona Secretary of State

22
23

**SET NUMBER:**       ONE (1)

24
25
26
27
28

Pursuant to Federal Rules of Civil Procedure 26 and 33, consolidated Plaintiffs, by and through counsel, serve the following Interrogatories upon Defendant Adrian Fontes, in his official capacity as Arizona Secretary of State ("Defendant").

Responses to these Interrogatories must be produced within thirty (30) days after service in accordance with Rule 33. As agreed among the parties, all discovery responses shall be produced to all counsel of record. Each Interrogatory is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

2. "H.B. 2492" refers to the Arizona House Bill 2492 signed into law by the Governor on March 30, 2022 as alleged in the Complaint, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

3. "H.B. 2243" refers to the Arizona House Bill 2243 signed into law by the Governor on July 6, 2022 as alleged in the Complaint, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

4. "Document" has the meaning prescribed in the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34. The term "Document" shall be interpreted in the broadest sense possible and includes Documents in any form, including by way of example and without limitation, originals and copies of letters, memoranda, notes, records, minutes, reports, notebooks, messages, emails, telegrams, ledgers, legal

2

instruments, legal opinions to the extent that they are not protected by the attorney client privilege or attorney work product doctrines, agreements, manuals, procedures, graphs, rough drafts, secretarial notes, work pads, films or videos, photographs, computer disks and other electronic media, books, publications, advertisements, literature, brochures, announcements, press releases, and includes without limitation all tangible things which come within the meaning of the terms "writings and recordings" used in Federal Rule of Evidence 1001 and all electronically stored information, and includes data and data files, and underlying data or data files, whether in raw or processed form. A draft or nonidentical copy is a separate document within the meaning of this term. The term "Document" also includes the term "Thing" construed under the broadest possible construction under the Federal Rules of Civil Procedure.

5.     "Nonstandard Address" means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded.

6.     "You," "your," and "Secretary of State" means Defendant Adrian Fontes in his official capacity as Arizona Secretary of State, and includes any predecessors and successors to the Arizona Secretary of State's Office; any past and present employees, staff, agents, assigns, and representatives of the Arizona Secretary of State's Office; and any other persons or entities that, at any time, acted on behalf or for the benefit of the Arizona Secretary of State's Office.

**INSTRUCTIONS**

You are to follow the instructions set forth below in responding to these Interrogatories.

1.      Pursuant to Federal Rule of Civil Procedure 33(b)(4), if you object to any part of an Interrogatory, set forth the basis of your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in a timely objection is waived.

2.      Where you, in good faith, doubt the meaning or intended scope of an Interrogatory, before objecting to the Interrogatory based on its vagueness, overbreadth, or ambiguity, contact Plaintiffs' counsel in advance of asserting an objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the Interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding.

3.      If any objection is raised to these Interrogatories on the basis of an assertion of privilege, you shall provide both a description of the basis of the privilege and all information necessary for Plaintiff to assess the claim of privilege.

4.      If you do not know the answer to any Interrogatory, or if there are limitations to your knowledge about the answer to any Interrogatory, provide whatever answer you can including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any Interrogatory or may be able to provide additional information in response to any Interrogatory, identify those people or entities in your response.

5.      Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these Interrogatories if you learn that a response is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response. Supplementary answers are to be served upon Plaintiffs' counsel as soon as

4

practicable after you receive this new information, but, in any event, no later than 14 days after its receipt.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all databases or other sources of citizenship information that are accessible to You or that you anticipate will become accessible to You, and which of those are practicable to use in the ways required by the Challenged Laws. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

**INTERROGATORY NO. 2:**

Identify every type of Document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such documents available to them. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**INTERROGATORY NO. 3:**

Identify all laws, rules, and methods for preventing voting fraud in Arizona prior to the enactment of the challenged laws, including (but not limited to) laws, rules, and methods for preventing noncitizens from voting, and describe the process for investigating and prosecuting allegations of voter fraud.

**INTERROGATORY NO. 4:**

Identify all sources of citizenship information that the Challenged Laws require election officials to use and describe what makes such sources "potentially outdated and

unreliable," "faulty," or "not accurately reflect current U.S. citizenship status." (See SOS's Answers to LUCHA's FAC ¶¶ 100, 102.)

**INTERROGATORY NO. 6:**

Identify any evidence of (including the names of any individuals who have or are likely to have knowledge, information, or evidence of) voter fraud committed by non-citizens or non-residents in Arizona from January 1, 2016 to present, and describe how each incident of such voter fraud was discovered or what evidence You have that such fraud has occurred but was not discovered.

**INTERROGATORY NO. 7:**

Identify and describe the actions You take to facilitate compliance by public assistance agencies, as defined by the NVRA, with the NVRA's requirements that those agencies provide voter registration services, including but not limited to your promulgation and distribution of forms marked with a specific code for each agency, your guidance to public assistance agencies, and your guidance to election officials processing voter registration forms from public assistance agencies. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the Secretary's role in facilitating public assistance agency compliance with the NVRA.

**INTERROGATORY NO. 8:**

Identify all laws, procedures, policies, and practices regarding how an in-person voter's citizenship is verified at the time that the voter casts a ballot versus how citizenship is determined upon receipt of a valid and complete mail ballot in the same election.

**INTERROGATORY NO. 9:**

Identify and describe how the Arizona State Registration Form's citizenship attestation checkbox and birthplace information will be used under HB 2492 to determine the voter's qualification and how this process differs from pre-HB 2492 processes, including references to relevant laws, policies, procedures, and practices.

*/s/ Christopher D. Dodge*
**HERRERA ARELLANO LLP**                          **ELIAS LAW GROUP LLP**
Roy Herrera (AZ Bar No. 032901)                   Marc E. Elias*
Daniel A. Arellano (AZ Bar. No. 032304)           Elisabeth C. Frost*
Jillian L. Andrews (AZ Bar No. 034611)            Christopher D. Dodge*
530 East McDowell Road                            Mollie DiBrell*
Suite 107-150                                     Alexander F. Atkins*
Phoenix, Arizona 85004-1500                       Daniela Lorenzo*
Phone: (602) 567-4820                             250 Massachusetts Ave NW, Suite 400
roy@ha-firm.com                                   Washington, DC 20001
daniel@ha-firm.com                                Phone: (202) 968-4513
jillian@ha-firm.com                               Facsimile: (202) 968-4498
                                                  melias@elias.law
                                                  efrost@elias.law
                                                  jgeise@elias.law
                                                  cdodge@elias.law
                                                  mdibrell@elias.law
                                                  aatkins@elias.law
                                                  dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

*/s/ Danielle Lang*
**BARTON MENDEZ SOTO**                            **CAMPAIGN LEGAL CENTER**
James Barton (AZ Bar No. 023888)                  Danielle Lang*
401 W. Baseline Road                              Jonathan Diaz*
Suite 205                                         Molly Danahy*
Tempe, AZ 85283                                   Hayden Johnson*
480-418-0668                                      Nicole Hansen*
james@bartonmendezsoto.com                        1101 14th St. NW, Suite 400
                                                  Washington, D.C. 20005
**DEPARTMENT OF JUSTICE**                         (202) 736-2200
**SAN CARLOS APACHE TRIBE**                       dlang@campaignlegalcenter.org
Alexander B. Ritchie                              jdiaz@campaignlegalcenter.org
(AZ Bar No. 019579)                               mdanahy@campaignlegalcenter.org
Attorney General                                  hjohnson@campaignlegalcenter.org
Chase A. Velasquez*                               nhansen@campaignlegalcenter.org
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

*/s/ Jon Sherman*
**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
Daniel J. Adelman (AZ Bar No. 011368)
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
danny@aclpi.org
(602) 258-8850

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
Beauregard Patterson*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
bpatterson@fairelectionscenter.org
(202) 331-0114

7

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

**ARNOLD & PORTER**
**KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

*/s/ Christopher E. Babbitt*
**PAPETTI SAMUELS**
**WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER   CUTLER   PICKERING**
**HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Amit Makker*
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

*/s/ Ernest Herrera*
**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Ernest Herrera*
Erika Cervantes*
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
eherrera@maldef.org
ecervantes@maldef.org

**ORTEGA LAW FIRM**
Daniel R. Ortega Jr.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Email: danny@ortegalaw.com

*Attorneys for Promise Arizona Plaintiffs*

9

1

*/s/ Allison A. Neswood*

2   **OSBORN MALEDON, P.A.**
    David B. Rosenbaum

3   AZ No. 009819
    Joshua J. Messer

4   AZ No. 035101
    2929 North Central Avenue, 21st Floor

5   Phoenix, Arizona 85012-2793
    (602) 640-9000

6   drosenbaum@omlaw.com
    jmesser@omlaw.com

7

8   **LAWYERS COMMITTEE FOR**
    **CIVIL RIGHTS UNDER LAW**

9   Ezra Rosenberg*
    DC No. 360927, NJ No. 012671974

10  Jim Tucker**
    AZ No. 019341

11  Ryan Snow*
    1500 K Street NW, Suite 900

12  Washington, DC 20005
    (202) 662-8600 (main)

13  erosenberg@lawyerscommittee.org
    jtucker@lawyerscommittee.org

14  rsnow@lawyerscommittee.org

15

16

17  **GILA RIVER INDIAN COMMUNITY**
    Thomas L. Murphy

18  AZ No. 022953
    Javier G. Ramos

19  AZ No. 017442
    Post Office Box 97

20  Sacaton, Arizona 85147
    (520) 562-9760

21  thomas.murphy@gric.nsn.us
    javier.ramos@gric.nsn.us

22  *Representing Gila River Indian*
    *Community Only*

23

**NATIVE AMERICAN RIGHTS FUND**
Allison A. Neswood*
CO No. 49846
neswood@narf.org
Michael S. Carter
AZ No. 028704, OK No. 31961
carter@narf.org
Matthew Campbell*
NM No. 138207, CO No. 40808
mcampbell@narf.org
Jacqueline D. DeLeon*
CA No. 288192
jdeleon@narf.org
1506 Broadway
Boulder, CO 80301
(303) 447-8760 (main)

Samantha B. Kelty
AZ No. 024110, TX No. 24085074
kelty@narf.org
950 F Street NW, Suite 1050,
Washington, D.C. 20004
(202) 785-4166 (direct)

**TOHONO O'ODHAM NATION**
Howard M. Shanker (AZ Bar 015547)
Attorney General, Tohono O'odham
Nation
Marissa L. Sites (AZ Bar 027390)
Assistant Attorney General, Tohono
O'odham Nation
P.O. Box 830
Sells, Arizona 85634
(520) 383-3410
Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov
*Representing Tohono O'odham Nation*
*Only*

24

25

26

27   *Attorneys for Tohono O'odham Nation, Gila River Indian Community,*
     *Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

28

10

1
2    **U.S. DEPARTMENT OF JUSTICE**

3    GARY M. RESTAINO                KRISTEN CLARKE
     United States Attorney,          Assistant Attorney General
4    District of Arizona              Civil Rights Division

5
                                      ELISE C. BODDIE
6                                     Principal Deputy Assistant Attorney General
                                      Civil Rights Division
7
8                                     */s/ Jennifer J. Yun*
                                      T. CHRISTIAN HERREN, JR.
9                                     RICHARD A. DELLHEIM
                                      EMILY R. BRAILEY
10                                    JENNIFER J. YUN
                                      Civil Rights Division, Voting Section
11                                    U.S. Department of Justice
                                      950 Pennsylvania Avenue, NW
12                                    Washington, DC 20530
                                      (202) 353-5724
13                                    jennifer.yun@usdoj.gov
14
15                            *Attorneys for the United States*
16
17   * *Admitted Pro Hac Vice*
     ***Admitted in Arizona, D.C. and Nevada.*
18
19
20
21
22
23
24
25
26
27
28

                                      11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ADRIAN FONTES, IN HIS OFFICIAL CAPACITY AS ARIZONA SECRETARY OF STATE** on counsel of record for all parties by email.

Dated: May 17, 2023                    /s/ Amit Makker

                                       Amit Makker

12

# Exhibit C

1
2
3
4        **UNITED STATES DISTRICT COURT**
         **DISTRICT OF ARIZONA**
5
6
7    Mi Familia Vota, et al.,

8            Plaintiffs,                          Case No. 2:22-cv-00509-SRB
                                                  (Lead)
9         v.
                                                  **CONSOLIDATED PLAINTIFFS'**
10   Adrian Fontes, in his official capacity as   **FIRST SET OF REQUESTS FOR**
     Arizona Secretary of State, et al.,          **PRODUCTION TO THE**
11                                                **DEFENDANT COUNTY**
             Defendants.                          **RECORDERS, IN THEIR OFFICIAL**
12                                                **CAPACITIES**
13
14
15   AND CONSOLIDATED CASES.                      No. CV-22-00519-PHX-SRB
                                                  No. CV-22-01003-PHX-SRB
16                                                No. CV-22-01124-PHX-SRB
                                                  No. CV-22-01369-PHX-SRB
17                                                No. CV-22-01381-PHX-SRB
                                                  No. CV-22-01602-PHX-SRB
18                                                No. CV-22-01901-PHX-SRB
19
20
21
22   **PROPOUNDING PARTY:**     Consolidated Plaintiffs

23   **RESPONDING PARTY:**      Defendants Apache County Recorder Larry Noble;
                                Cochise County Recorder David W. Stevens;
24                              Coconino County Recorder Patty Hansen;
                                Gila County Recorder Sadie Jo Bingham;
25                              Graham County Recorder Polly Merriman;
                                Greenlee County Recorder Sharie Milheiro;
26                              La Paz County Recorder Richard Garcia;
                                Maricopa County Recorder Stephen Richer;
27                              Mohave County Recorder Kristi Blair;
28

Navajo County Recorder Michael Sample;
Pima County Recorder Gabriella Cázares-Kelly;
Pinal County Recorder Dana Lewis;
Santa Cruz County Recorder Anita Moreno;
Yavapai County Recorder Michelle M. Burchill; and
Yuma County Recorder Richard Colwell, in their
official capacities

**SET NUMBER:**                ONE (1)[1]

---

[1] Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition served its First Request for Production of Documents on the County Recorders on December 12, 2022. This is the First Set of Requests for Production to the County Recorders served jointly by all consolidated Plaintiffs.

Pursuant to Federal Rules of Civil Procedure 26 and 34, consolidated Plaintiffs, by and through counsel, serve the following requests for production upon Defendants Defendants Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Polly Merriman; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Mohave County Recorder Kristi Blair; Navajo County Recorder Michael Sample; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Dana Lewis; Santa Cruz County Recorder Anita Moreno; Yavapai County Recorder Michelle M. Burchill; and Yuma County Recorder Richard Colwell, in their official capacities ("Defendants" or "County Recorders").

Responses to these requests must be produced within thirty (30) days after service in accordance with Rule 34. As agreed among the parties, all discovery responses and documents shall be produced to all counsel of record. Each request for production is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.    "Any" or "all" means "any and all."

2.    "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

3.    "Citizenship Checkbox" means the "yes" box next to the question regarding citizenship on a voter registration form, as described in A.R.S. § 16-121.01.

4.    "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email,

3

report, letter, text message, voicemail message, written memorandum, note, summary, and other means. It includes communications entirely internal to the County Recorder's office, as well as communications that include or are with entities and individuals outside of the County Recorder's office.

5. "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 34 and "writings" and "recordings" as defined in Federal Rules of Evidence 1001, and it includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), any computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6. "DPOC" means documentary proof of citizenship as required for voter registration under the Challenged Laws.

7. "DPOR" means documentary proof of location of residence as required for voter registration under the Challenged Laws.

8. "Federal Form" means the federal mail voter registration application form developed by the U.S. Election Assistance Commission pursuant to the National Voter Registration Act.

9. "Including" means "including but not limited to."

10. "Nonstandard Address" means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded.

11. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local

4

governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

12.    "Registered Voter" means a person who has been added to the official list of eligible voters for any election held in Arizona, including those voters whose registration is limited to "Federal Only" ballots.

13.    "Relating to," "regarding," or "concurring" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

14.    "State Form" means any voter registration form prescribed by the Secretary of State, as described in A.R.S. § 16-152.

15.    "You," "your," "Defendants" and "County Recorders" means Defendants Defendants Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Polly Merriman; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Mohave County Recorder Kristi Blair; Navajo County Recorder Michael Sample; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Dana Lewis; Santa Cruz County Recorder Anita Moreno; Yavapai County Recorder Michelle M. Burchill; and Yuma County Recorder Richard Colwell, in their official capacities, and includes any predecessors and successors to your offices; any past and present employees, staff, agents, assigns, and representatives of your offices; and any other persons or entities that, at any time, acted on behalf or for the benefit of your offices.

16.    "Voter Registration Applicant" means a person who has submitted an application to register to vote in Arizona, whether or not the application is deemed complete.

17.    "Voter Registration Information" means all Documents derived from a person's voter registration application and any other information maintained regarding the

5

applicant, voter, or canceled voter, including all identifying information, voter registration status and history, voting history, gender, sex, race and/or national origin information, and all data maintained within the statewide voter file as well as any local database maintained by Your office.

18. "Voter Registration History" includes the following Communications, Documents, and information for each voter:

    a. All Communications, records, or database entries (whether entered manually or automatically generated) regarding the processing history, including the receipt, acceptance, or denial of applications; review of supporting documents submitted with the application; missing documents or records; additional documents submitted; and reasons for acceptance, denial, or other actions;

    b. Fields or other records that show what type of document or type of document number was submitted with the application, specifically including a passport or birth certificate, driver's license number, as well as other items;

    c. Data related to any correspondence that was sent to the applicant;

    d. Data related to any correspondence that was received from the applicant; and

    e. Fields that correspond to the Application, Status Reason, DL # Response Code Report, SSN Response Code Report, or any electronic records showing or reflecting the comparison of voter information with any database or system.

**INSTRUCTIONS**

You are to follow the instructions set forth below in responding to these requests.

1.    You shall produce materials and serve responses and any objections on Plaintiffs' counsel within 30 days after service of these requests for production.

2.    Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. All objections must be noted with specificity. Any ground not stated in a timely objection is waived.

3.    If, in responding to these requests, you encounter any ambiguities when construing a request or definition, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding. Where you, in good faith, doubt the meaning or intended scope of a request, and the sole objection would be to its vagueness, overbreadth, or ambiguity, please contact Plaintiffs' counsel for clarification in advance of asserting an objection.

4.    With respect to any document withheld on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

5.    In accordance with the Federal Rules of Civil Procedure, the scope of discovery sought through these requests for production extends to all relevant and non-privileged materials that might reasonably lead to the discovery of admissible evidence. You should produce all documents available to you or subject to your access or control that are responsive to the following requests for production. This includes documents in your actual or constructive possession or control, as well as any non-privileged information in the actual or constructive possession or control of your attorneys, investigators, experts, agents, and any other persons acting on your behalf.

6.    Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this request should be produced intact with the documents; and documents attached to each other should not be separated.

7.    Subject to any Electronically Stored Information ("ESI") order subsequently entered in this case, all documents are to be produced in electronic form pursuant to these instructions. All documents, including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and database load files containing standard fielded information and metadata. TIFF images

7

shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at a location that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

8.     If there are no documents responsive to a particular request, so indicate in your response. Similarly, to the extent that you do not have any means of recording the information requested herein, please so indicate in your responses to the specific production request.

9.     If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, as well as describe in full the circumstances surrounding its destruction, loss, or other disposition from your possession or control.

10.     These requests for production are continuing in nature, up to and during trial. Materials sought by these requests for production that become available after you serve your responses must be disclosed to counsel for Plaintiffs by supplementary response or responses.

11.     Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these requests for production if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you should state this fact in each response.

8

Supplementary answers are to be served upon Plaintiffs' counsel as soon as practicable after you receive this new information, but, in any event, no later than 14 days after its receipt.

12.    If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonably burdensome effort; (b) describe with particularity the efforts made by you or on your behalf to produce such documents, including identification of persons consulted, description of files, records and documents reviewed, and identification of each person who participated in the gathering of such documents, with specification of the amount of time spent and the nature of work done by such person; and (c) state with particularity the grounds upon which you contend the additional efforts to produce such documents would be unreasonably burdensome.

13.    The past-tense forms of verbs in these requests include their present-tense forms, and vice versa.

14.    The singular form of a noun or pronoun includes the plural form, and the plural form indicates the singular.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

16.    A reference to an entity, agency, department, or board in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, or anyone acting on its behalf.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications from January 1, 2017, to the present relating to the use of birthplace and Citizenship Checkbox on the State Form, including but not limited to whether Voter Registration Applicants were required to provide birthplace or

complete the Citizenship Checkbox to be registered to vote, whether Voter Registration Applicants actually did provide such information, how frequently Voter Registration Applicants actually did provide a correct or incorrect birthplace, fail to provide a birthplace, complete or fail to complete the Citizenship Checkbox, or make errors in completing the Citizenship Checkbox, and whether Voter Registration Applicants were rejected for failing to provide this information and/or the number of Voter Registration Applicants who cured their applications for these errors or omissions pertaining to birthplace and/or the Citizenship Checkbox.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all Documents and Communications related to Your office's processes and procedures for checking the citizenship or residence location of voters prior to the enactment of the Challenged Laws, including but not limited to Documents and Communications that describe or explain how Your office should determine citizenship and residence location of a Registered Voter or Voter Registration Applicant.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Documents and Communications relating to—including but not limited to a complete list of—Registered Voters whose registrations were cancelled, suspended, removed, placed on Congressional-only or federal-only status, or restricted in any manner for any reason and Voter Registration Applicants whose registration applications were denied, challenged, placed on Congressional-only or federal-only status, or otherwise not granted in any manner for any reason (including but not limited to missing, inaccurate, non-matching, unverifiable, or otherwise defective DPOR or DPOC) from January 1, 2022 to the present. This request includes Documents and Communications that address the reasons for the denial, challenge, placement on Congressional-only or federal-only status, cancellation, suspension or removal, the final disposition of the denial, challenge, placement on Congressional-only or federal-only status, cancellation, suspension or removal, whether the Registered Voter or Voter Registration Applicant were notified of the decision and given the opportunity to cure, and all Voter Registration Information and Voter Registration History on both individual and aggregate levels.

1

2   **REQUEST FOR PRODUCTION NO. 4:**

3       Any and all Documents and Communications pertaining to methods by which Voter

4   Registration Applicants or Registered Voters can appeal, contest, or cure a rejection of

5   their voter registration application, placement on a Congressional-only or federal-only

6   voter list, or a change in their voter registration status based on a finding by Your office of

7   non-citizenship or an absence of DPOC or failure to check the Citizenship Checkbox, non-

8   residency, or an absence of DPOR, or failure to provide birthplace on their registration

9   application.

**REQUEST FOR PRODUCTION NO. 5:**

10      Any and all Documents and Communications related to Nonstandard Addresses,

11  including all documents concerning how Your office has implemented voter registration

12  and list maintenance programs that account for voters with Nonstandard Addresses, any

13  assistance provided to a tribe or a tribal, rural, or other resident within its jurisdiction whose

14  residence has only a Nonstandard Address with voter registration, precinct assignment,

15  and/or assigning a standard residential street address to a home(s), and the ability of voters

16  to submit a description and/or graphic depiction of their location of residence, using either

17  the State Form or Federal Form.

**REQUEST FOR PRODUCTION NO. 6:**

18      All voter registration applications submitted since January 1, 2020, along with

19  related County and responsive voter correspondence and notes, for applicants who have

20  used the option in the State Form to "describe [the] location [of their residence] using

21  mileage, cross streets, parcel #, subdivision name/lot, or landmarks" and to "[d]raw a map

22  and/or provide latitude/longitude or geocode in Box 23 if located in a rural area without a

23  traditional street address" or the option in the Federal Form, to "show where [they] live"

24  using the map in Box C.  This request includes applications and related documents in which

25  the applicant has been successfully registered and applications and related documents for

26  individuals who have been denied voter registration or removed from the voter rolls.  This

27

28

request also includes related County Recorder correspondence and corresponding voter responses regarding moving a voter to inactive status or cancelling a registration.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning actual or alleged misconduct, fraud, a lack of voter confidence, election security, or other problems related to citizenship, residence location, or proof of citizenship or residential addresses in voter registration, including but not limited to bulletins, memoranda, training manuals, policies and procedures, and complaints or reports received from citizens and the County's response or other documents (including internal and external communications) evidencing the investigation and resolution of each communication or complaint.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning potential voters who have sought to vote early, or applied to vote by mail, who do not appear on the voter registration list, including but not limited to all rejections of mail ballot applications due to lack of registration and provisional ballots cast due to lack of registration and the outcome of those provisional ballots.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning inequity (whether it be actual, potential, alleged, or perceived inequity) in access to voter registration and voting and provision of voting resources among racial, ethnic, national origin, or language minority communities, including but not limited to external studies, voter or advocate communications or complaints, or internal assessments related to such inequities.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents referenced in, or relied upon in formulating, your responses to all interrogatories in this matter.

/s/ Christopher D. Dodge
**HERRERA ARELLANO LLP**                    **ELIAS LAW GROUP LLP**
Roy Herrera (AZ Bar No. 032901)            Marc E. Elias*
Daniel A. Arellano (AZ Bar. No. 032304)    Elisabeth C. Frost*
Jillian L. Andrews (AZ Bar No. 034611)     Christopher D. Dodge*
530 East McDowell Road                     Mollie DiBrell*
Suite 107-150                              Alexander F. Atkins*
Phoenix, Arizona 85004-1500                Daniela Lorenzo*
Phone: (602) 567-4820                      250 Massachusetts Ave NW, Suite 400
roy@ha-firm.com                            Washington, DC 20001
daniel@ha-firm.com                         Phone: (202) 968-4513
jillian@ha-firm.com                        Facsimile: (202) 968-4498
                                           melias@elias.law
                                           efrost@elias.law
                                           cdodge@elias.law
                                           mdibrell@elias.law
                                           aatkins@elias.law
                                           dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

/s/ Danielle M. Lang
**BARTON MENDEZ SOTO**                       **CAMPAIGN LEGAL CENTER**
James Barton (AZ Bar No. 023888)            Danielle Lang*
401 W. Baseline Road                        Jonathan Diaz*
Suite 205                                   Molly Danahy*
Tempe, AZ 85283                             Hayden Johnson*
480-418-0668                                Nicole Hansen*
james@bartonmendezsoto.com                  1101 14th St. NW, Suite 400
                                            Washington, D.C. 20005
                                            (202) 736-2200
**DEPARTMENT OF JUSTICE**                     dlang@campaignlegalcenter.org
**SAN CARLOS APACHE TRIBE**                   jdiaz@campaignlegalcenter.org
Alexander B. Ritchie                        mdanahy@campaignlegalcenter.org
(AZ Bar No. 019579)                         hjohnson@campaignlegalcenter.org
Attorney General                           nhansen@campaignlegalcenter.org
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General                 **MAYER BROWN LLP**
Post Office Box 40                         Lee H. Rubin* (CA# 141331)
16 San Carlos Ave.                         Two Palo Alto Square, Suite 300
San Carlos, AZ 85550                       3000 El Camino Real
Alex.Ritchie@scat-nsn.gov                  Palo Alto, CA 94306-2112
Chase.Velasquez@scat-nsn.gov               (650) 331-2000
                                           lrubin@mayerbrown.com

6

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

/s/ Michelle Kanter Cohen
**ARIZONA CENTER FOR LAW
IN THE PUBLIC INTEREST**
Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ  85012
danny@aclpi.org
(602) 258-8850

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
1825 K St. NW, Ste. 701
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

7

New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

/s/ Christopher E. Babbitt
**PAPETTI SAMUELS**
**WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER   CUTLER   PICKERING**
**HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

/s/ Danielle Lang (with permission)
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING**
**JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

8

1

2
*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander*
*for Equity Coalition*

3

4
/s/ Ernest Herrera

**MEXICAN AMERICAN LEGAL**          **ORTEGA LAW FIRM**

5
**DEFENSE AND EDUCATIONAL**          Daniel R. Ortega Jr.

**FUND**          361 East Coronado Road, Suite 101

6
Ernest Herrera*          Phoenix, AZ 85004-1525

7
Erika Cervantes*          Telephone: (602) 386-4455

634 South Spring Street, 11th Floor          Email: danny@ortegalaw.com

8
Los Angeles, CA 90014

9
Telephone: (213) 629-2512

Facsimile: (213) 629-0266

10
eherrera@maldef.org

ecervantes@maldef.org

11

12
*Attorneys for Promise Arizona Plaintiffs*

13
/s/ Allison A. Neswood

14
**OSBORN MALEDON, P.A.**          **NATIVE AMERICAN RIGHTS FUND**

David B. Rosenbaum          Allison A. Neswood*

15
AZ No. 009819          CO No. 49846

Joshua J. Messer          neswood@narf.org

16
AZ No. 035101          Michael S. Carter

17
2929 North Central Avenue, 21st Floor          AZ No. 028704, OK No. 31961

Phoenix, Arizona 85012-2793          carter@narf.org

18
(602) 640-9000          Matthew Campbell*

19
drosenbaum@omlaw.com          NM No. 138207, CO No. 40808

jmesser@omlaw.com          mcampbell@narf.org

20
Jacqueline D. DeLeon*

CA No. 288192

21
**LAWYERS COMMITTEE FOR**          jdeleon@narf.org

22
**CIVIL RIGHTS UNDER LAW**          1506 Broadway

Ezra Rosenberg*          Boulder, CO 80301

23
DC No. 360927, NJ No. 012671974          (303) 447-8760 (main)

Jim Tucker**

24
AZ No. 019341

Ryan Snow*          Samantha B. Kelty

25
1500 K Street NW, Suite 900          AZ No. 024110, TX No. 24085074

Washington, DC 20005          kelty@narf.org

26
(202) 662-8600 (main)          950 F Street NW, Suite 1050,

27
erosenberg@lawyerscommittee.org          Washington, D.C. 20004

jtucker@lawyerscommittee.org          (202) 785-4166 (direct)

28

9

rsnow@lawyerscommittee.org

**\*\*Admitted in Arizona, D.C. and Nevada.*

| | |
|---|---|
| **GILA RIVER INDIAN COMMUNITY** | **TOHONO O'ODHAM NATION** |
| Thomas L. Murphy | Howard M. Shanker (AZ Bar 015547) |
| AZ No. 022953 | Attorney General, Tohono O'odham |
| Javier G. Ramos | Nation |
| AZ No. 017442 | Marissa L. Sites (AZ Bar 027390) |
| Post Office Box 97 | Assistant Attorney General, Tohono |
| Sacaton, Arizona 85147 | O'odham Nation |
| (520) 562-9760 | P.O. Box 830 |
| thomas.murphy@gric.nsn.us | Sells, Arizona  85634 |
| javier.ramos@gric.nsn.us | (520) 383-3410 |
| *Representing Gila River Indian* | Howard.Shanker@tonation-nsn.gov |
| *Community Only* | Marissa.Sites@tonation-nsn.gov |
| | *Representing Tohono O'odham Nation* |
| | *Only* |

*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*
*Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

*\* Admitted Pro Hac Vice*

**U.S. DEPARTMENT OF JUSTICE**

| | |
|---|---|
| GARY M. RESTAINO | KRISTEN CLARKE |
| United States Attorney, District of | Assistant Attorney General |
| Arizona | Civil Rights Division |
| | |
| | ELISE C. BODDIE |
| | Principal Deputy Assistant Attorney General |
| | Civil Rights Division |
| | |
| | /s/ Jennifer J. Yun |
| | T. CHRISTIAN HERREN, JR. |
| | RICHARD A. DELLHEIM |
| | EMILY R. BRAILEY |
| | JENNIFER J. YUN |
| | Civil Rights Division, Voting Section |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20530 |
| | (202) 353-5533 |

10

jennifer.yun@usdoj.gov

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT COUNTY RECORDERS** on counsel of record for all parties by email.

Dated: May 30, 2023                 _/s/_ Danielle Lang_____

                              Danielle Lang

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mi Familia Vota, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>Adrian Fontes, in his official capacity as<br>Arizona Secretary of State, et al.,<br><br>          Defendants. | Case No. 2:22-cv-00509-SRB<br>(Lead)<br><br>**CONSOLIDATED PLAINTIFFS'<br>FIRST SET OF<br>INTERROGATORIES TO THE<br>DEFENDANT COUNTY<br>RECORDERS, IN THEIR OFFICIAL<br>CAPACITIES** |
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

**PROPOUNDING PARTY:**     Consolidated Plaintiffs

**RESPONDING PARTY:**       Defendants Apache County Recorder Larry Noble;
Cochise County Recorder David W. Stevens;
Coconino County Recorder Patty Hansen;
Gila County Recorder Sadie Jo Bingham;
Graham County Recorder Polly Merriman;
Greenlee County Recorder Sharie Milheiro;
La Paz County Recorder Richard Garcia;
Maricopa County Recorder Stephen Richer;
Mohave County Recorder Kristi Blair;
Navajo County Recorder Michael Sample;

Pima County Recorder Gabriella Cázares-Kelly;
Pinal County Recorder Dana Lewis;
Santa Cruz County Recorder Anita Moreno;
Yavapai County Recorder Michelle M. Burchill; and
Yuma County Recorder Richard Colwell, in their
official capacities

**SET NUMBER:**                    ONE (1)[1]

---

[1] Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition served its First Request for Production of Documents on the County Recorders on December 12, 2022. This is the First Set of Requests for Production to the County Recorders served jointly by all consolidated Plaintiffs.

Pursuant to Federal Rules of Civil Procedure 26 and 33, consolidated Plaintiffs, by and through counsel, serve the following Interrogatories upon Defendants Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Polly Merriman; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Mohave County Recorder Kristi Blair; Navajo County Recorder Michael Sample; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Dana Lewis; Santa Cruz County Recorder Anita Moreno; Yavapai County Recorder Michelle M. Burchill; and Yuma County Recorder Richard Colwell, in their official capacities ("Defendants" or "County Recorders").

Responses to these Interrogatories must be produced within thirty (30) days after service in accordance with Rule 33. As agreed among the parties, all discovery responses and documents shall be produced to all counsel of record. Each Interrogatory is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.      "Any" or "all" means "any and all."

2.      "Challenged Laws" means Arizona House Bill 2492 signed into law by the Governor on March 30, 2022, Chapter 99 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022, and Arizona House Bill 2243 signed into law by the Governor on July 6, 2022, Chapter 370 to Session Laws from the Fifty-fifth Legislature Second Regular Session 2022.

3.      "Citizenship Checkbox" means the "yes" box next to the question regarding citizenship on a voter registration form, as described in A.R.S. § 16-121.01.

4.      "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email,

3

report, letter, text message, voicemail message, written memorandum, note, summary, and other means. It includes communications entirely internal to the County Recorder's office, as well as communications that include or are with entities and individuals outside of the County Recorder's office.

5.      "Document" is synonymous in meaning and scope to the term "document" as used under Federal Rule of Civil Procedure 34 and "writings" and "recordings" as defined in Federal Rules of Evidence 1001, and it includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), any computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6.      "DPOC" means documentary proof of citizenship as required for voter registration under the Challenged Laws.

7.      "DPOR" means documentary proof of location of residence as required for voter registration under the Challenged Laws.

8.      "Federal Form" means the federal mail voter registration application form developed by the U.S. Election Assistance Commission pursuant to the National Voter Registration Act.

9.      "Including" means "including but not limited to."

10.     "Nonstandard Address" means, but is not limited to, residential addresses that do not include a complete address number and/or a street name; addresses that appear to be directions (such as "between mile markers x and y" or "the second house on the left"); addresses that include a complete address number and street name or otherwise resemble a standard address, but are not listed in nontribal governmental databases; and other addresses that lack address coordinators or are not typically geocoded.

11.     "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local

4

governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

12.    "Registered Voter" means a person who has been added to the official list of eligible voters for any election held in Arizona, including those voters whose registration is limited to "Federal Only" ballots.

13.    "Relating to," "regarding," or "concurring" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, or constituting.

14.    "State Form" means any voter registration form prescribed by the Secretary of State, as described in A.R.S. § 16-152.

15.    "You," "your," "Defendants" and "County Recorders" means Defendants Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Wendy John; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Mohave County Recorder Kristi Blair; Navajo County Recorder Michael Sample; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Dana Lewis; Santa Cruz County Recorder Suzanne Sainz; Yavapai County Recorder Michelle M. Burchill; and Yuma County Recorder Richard Colwell, in their official capacities, and includes any predecessors and successors to your offices; any past and present employees, staff, agents, assigns, and representatives of your offices; and any other persons or entities that, at any time, acted on behalf or for the benefit of your offices.

16.    "Voter Registration Applicant" means a person who has submitted an application to register to vote in Arizona, whether or not the application is deemed complete.

17.    "Voter Registration Information" means all Documents derived from a person's voter registration application and any other information maintained regarding the

applicant, voter, or canceled voter, including all identifying information, voter registration status and history, voting history, gender, sex, race and/or national origin information, and all data maintained within the statewide voter file as well as any local database maintained by Your office.

18.     "Voter Registration History" includes the following Communications, Documents, and information for each voter:

a.     All Communications, records, or database entries (whether entered manually or automatically generated) regarding the processing history, including the receipt, acceptance, or denial of applications; review of supporting documents submitted with the application; missing documents or records; additional documents submitted; and reasons for acceptance, denial, or other actions;

b.     Fields or other records that show what type of document or type of document number was submitted with the application, specifically including a passport or birth certificate, driver's license number, as well as other items;

c.     Data related to any correspondence that was sent to the applicant;

d.     Data related to any correspondence that was received from the applicant; and

e.     Fields that correspond to the Application, Status Reason, DL # Response Code Report, SSN Response Code Report, or any electronic records showing or reflecting the comparison of voter information with any database or system.

**INSTRUCTIONS**

You are to follow the instructions set forth below in responding to these Interrogatories.

1.     Pursuant to Federal Rule of Civil Procedure 33(b)(4), if you object to any part of an Interrogatory, set forth the basis of your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in a timely objection is waived.

2.     Where you, in good faith, doubt the meaning or intended scope of an Interrogatory, before objecting to the Interrogatory based on its vagueness, overbreadth, or

ambiguity, contact Plaintiffs' counsel in advance of asserting an objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the Interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding.

3.     If any objection is raised to these Interrogatories on the basis of an assertion of privilege, you shall provide both a description of the basis of the privilege and all information necessary for Plaintiff to assess the claim of privilege.

4.     If, after a reasonable inquiry, you do not know the answer to any Interrogatory, or if there are limitations to your knowledge about the answer to any Interrogatory, provide whatever answer you can including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any Interrogatory or may be able to provide additional information in response to any Interrogatory, identify those people or entities in your response.

5.     Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly supplement or correct your responses to these Interrogatories if you learn that a response is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response. Supplementary answers are to be served upon Plaintiffs' counsel as soon as practicable after you receive this new information, but, in any event, no later than 14 days after its receipt.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and describe each way that Your office uses or would use information related to the birthplace of a Voter Registration Applicant—including Applicants for whom you already have DPOC--to verify such person's eligibility to vote, including but not limited to each way in which a Voter Registration Applicant's failure to provide their birthplace affects or would affect Your ability to confirm the Voter Registration

Applicant's identity or determine whether that person is eligible to register and vote in Arizona. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to how such information is or would be used by Your office.

**INTERROGATORY NO. 2:**

Identify and describe Your office's processes and procedures for checking the citizenship or residence address or location of Registered Voters or Voter Registration Applicants both before and after the Challenged Laws were enacted, including but not limited to any Documents and Communications that describe or explain how Your office should determine citizenship and residence address or location of a Registered Voter or Voter Registration Applicant. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to such agreements, or the relevant information contained in such databases.

**INTERROGATORY NO. 3:**

Identify and describe each way in which a Voter Registration Applicant's failure to check the Citizenship box on the State Form affects or would affect Your ability to determine whether that person is eligible to register and vote in Arizona, including but not limited to cases where you have DPOC for the Voter Registration Applicant.

**INTERROGATORY NO. 4:**

Identify all sources of citizenship information that are accessible to You or that you anticipate will become accessible to you, and which of those are practicable to use in the ways required by the Challenged Laws including any and all Documents, Communications, or Agreements pertaining to the process to confirm DPOC or DPOR, such as any agreements Your office has to utilize any database or systems (including but not limited to the SAVE system), all documentation concerning the use of such systems to confirm DPOC or DPOR (terms, matching algorithms, rules, criteria, or processes used to conduct database searches), and any Communications pertaining to such database searches or their results. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

**INTERROGATORY NO. 5:**

Identify and describe each instance where a database search on a Voter Registration Applicant or Registered Voter yielded inaccurate or outdated U.S. citizenship information or a challenge to a voter's registration or ballot relied on inaccurate or outdated U.S. citizenship information, including but not limited to instances where the database search or challenge process incorrectly determined a Voter Registration Applicant or Registered Voter was not a U.S. citizen, and whether such person flagged as an alleged noncitizen had actually naturalized. Your response should include both erroneous initial determinations of non-citizenship later corrected or updated, as well as rejected challenges to a voter's registration or ballot based on inaccurate, or outdated U.S. Citizenship information or allegations of non-U.S. citizenship.

**INTERROGATORY NO. 6:**

Identify and describe Your office's processes and procedures for processing voter registration applications with nonstandard addresses, including but not limited to all processes and procedures concerning how You have implemented voter registration and list maintenance programs for voters with nonstandard addresses, any assistance provided to a tribe or a tribal, rural, or other resident within Your jurisdiction who uses a nonstandard address with voter registration, precinct assignment, and/or assigning a standard residential street address to such Voter Registration Applicants, and the ability of Voter Registration Applicants to submit a description and/or graphic depiction of their location of residence, using either the State Form or Federal Form.

**INTERROGATORY NO. 7:**

Identify every type of document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such documents available to them. Your answer should identify by name any witnesses who

9

have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**INTERROGATORY NO. 8:**

Identify and describe each method by which Registered Voters or Voter Registration Applicants can appeal, contest, or cure decisions by Your office based on a finding of non-citizenship or absence of DPOC or failure to check the Citizenship Checkbox, failure to prove location of residence or an absence of DPOR, or failure to provide their birthplace on their registration application, including but not limited to the standards applied in considering any such effort to appeal, contest, or cure such decisions, the notice provided to the Voter Registration Applicant or Registered Voter of the outcome of any such effort, any Documents and Communications that describe or explain such methods, standards, and notice, and each instance since January 1, 2017 in which a Registered Voter or Voter Registration Applicant has availed themselves of such methods to appeal, contests, or cure such decision and the outcome of each such effort.

**INTERROGATORY NO. 9:**

Identify and describe each instance in which You have established that a non-U.S. citizen or non-County resident has registered to vote or has voted in Your County from January 1, 2013 to present, including but not limited to any supporting evidence thereof, any Documents and Communications related to such instance, whether such instance involved misconduct, fraud, or mistake, and any instance in which Your office informed such non-U.S. citizen or non-County resident they were eligible to vote in the County and later determined they were actually ineligible. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to any such instance of a non-U.S. citizen or non-County resident registering or voting in Your County.

**INTERROGATORY NO. 10:**

Identify all state and county interests that you believe are furthered by the Challenged Laws and all evidence that either supports or undermines the contention that the Challenged Laws further those interests. Your answer should specify which alleged state or county interest(s) support each challenged provision of the Challenged Laws and

the connection between the alleged state or county interests and challenged provisions. Your answer should also identify by name any witnesses who have or are likely to have knowledge or information related to the importance of the state interests identified in this answer and how the Challenged Laws are likely to interact with those interests.

**INTERROGATORY NO. 11:**

For every Request for Production served on You in this matter, please describe the methodology for Your search for responsive documents and productions, including but not limited to identifying the individuals who assisted in the search, custodians, search terms, date ranges, protocols for retention of metadata, and methods for collection and review for responsiveness and privilege.

**INTERROGATORY NO. 12:**

FOR DEFENDANTS MARICOPA COUNTY RECORDER STEVEN RICHER AND PIMA COUNTY RECORDER GABRIELLA CÁZARES-KELLY ONLY:

Describe in detail Your County's voter registration database system and how it relates to the voter registration database maintained by the Secretary of State, including the software and vendor Your database relies upon, all data fields and voter information maintained in Your database and how they differ, if at all, from the Secretary of State's statewide database, how the data fields are inputted, updated, and maintained in Your database, and how Your database shares information with the Secretary of State's statewide database. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to Your County's voter registration database.

/s/ Christopher D. Dodge
**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Mi Familia Vota and Voto Latino*

/s/ Danielle Lang
**BARTON MENDEZ SOTO**
James Barton (AZ Bar No. 023888)
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
480-418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
(AZ Bar No. 019579)
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

6

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III*
(IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

/s/ Michelle Kanter Cohen
**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**
Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ  85012
danny@aclpi.org
(602) 258-8850

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Steven L. Mayer*
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Leah R. Novak*
250 West 55th Street

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
1825 K St. NW, Ste. 701
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

7

New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

/s/ Christopher E. Babbitt
**PAPETTI SAMUELS WEISS MCKIRGAN LLP**
Bruce Samuels (AZ Bar No. 015996)
Jennifer Lee-Cota (AZ Bar No. 033190)
bsamuels@pswmlaw.com
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Seth P. Waxman*
Daniel S. Volchok*
Christopher E. Babbitt*
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com
christopher.babbitt@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

/s/ Danielle Lang (with permission)
**LATHAM & WATKINS LLP**
Sadik Huseny*
*sadik.huseny@lw.com*
Amit Makker*
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**SPENCER FANE**
Andrew M. Federhar
(AZ Bar No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
Niyati Shah*
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

1
2      *Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander*
       *for Equity Coalition*
3

4      /s/ Ernest Herrera
       **MEXICAN AMERICAN LEGAL**          **ORTEGA LAW FIRM**
5      **DEFENSE AND EDUCATIONAL**          Daniel R. Ortega Jr.
       **FUND**                             361 East Coronado Road, Suite 101
6      Ernest Herrera*                      Phoenix, AZ 85004-1525
       Erika Cervantes*                     Telephone: (602) 386-4455
7      634 South Spring Street, 11th Floor  Email: danny@ortegalaw.com
8      Los Angeles, CA 90014
       Telephone: (213) 629-2512
9      Facsimile: (213) 629-0266
10     eherrera@maldef.org
       ecervantes@maldef.org
11

12                        *Attorneys for Promise Arizona Plaintiffs*

13     /s/ Allison A. Neswood
       **OSBORN MALEDON, P.A.**              **NATIVE AMERICAN RIGHTS FUND**
14     David B. Rosenbaum                    Allison A. Neswood*
15     AZ No. 009819                         CO No. 49846
       Joshua J. Messer                      neswood@narf.org
16     AZ No. 035101                         Michael S. Carter
17     2929 North Central Avenue, 21st Floor AZ No. 028704, OK No. 31961
       Phoenix, Arizona 85012-2793          carter@narf.org
18     (602) 640-9000                        Matthew Campbell*
19     drosenbaum@omlaw.com                  NM No. 138207, CO No. 40808
       jmesser@omlaw.com                     mcampbell@narf.org
20                                           Jacqueline D. DeLeon*
21     **LAWYERS COMMITTEE FOR**             CA No. 288192
       **CIVIL RIGHTS UNDER LAW**            jdeleon@narf.org
22     Ezra Rosenberg*                       1506 Broadway
       DC No. 360927, NJ No. 012671974       Boulder, CO 80301
23     Jim Tucker**                          (303) 447-8760 (main)
24     AZ No. 019341
       Ryan Snow*                            Samantha B. Kelty
25     1500 K Street NW, Suite 900           AZ No. 024110, TX No. 24085074
       Washington, DC 20005                  kelty@narf.org
26     (202) 662-8600 (main)                 950 F Street NW, Suite 1050,
27     erosenberg@lawyerscommittee.org       Washington, D.C. 20004
       jtucker@lawyerscommittee.org          (202) 785-4166 (direct)
28

                                    9

rsnow@lawyerscommittee.org

**\*\*Admitted in Arizona, D.C. and Nevada.*

| **GILA RIVER INDIAN COMMUNITY** | **TOHONO O'ODHAM NATION** |
|---|---|
| Thomas L. Murphy | Howard M. Shanker (AZ Bar 015547) |
| AZ No. 022953 | Attorney General, Tohono O'odham |
| Javier G. Ramos | Nation |
| AZ No. 017442 | Marissa L. Sites (AZ Bar 027390) |
| Post Office Box 97 | Assistant Attorney General, Tohono |
| Sacaton, Arizona 85147 | O'odham Nation |
| (520) 562-9760 | P.O. Box 830 |
| thomas.murphy@gric.nsn.us | Sells, Arizona  85634 |
| javier.ramos@gric.nsn.us | (520) 383-3410 |
| *Representing Gila River Indian* | Howard.Shanker@tonation-nsn.gov |
| *Community Only* | Marissa.Sites@tonation-nsn.gov |
| | *Representing Tohono O'odham Nation* |
| | *Only* |

*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*
*Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

*\* Admitted Pro Hac Vice*

**U.S. DEPARTMENT OF JUSTICE**

| GARY M. RESTAINO | KRISTEN CLARKE |
|---|---|
| United States Attorney, District of Arizona | Assistant Attorney General Civil Rights Division |
| | ELISE C. BODDIE |
| | Principal Deputy Assistant Attorney General |
| | Civil Rights Division |
| | /s/ Emily R. Brailey |
| | T. CHRISTIAN HERREN, JR. |
| | RICHARD A. DELLHEIM |
| | EMILY R. BRAILEY |
| | JENNIFER J. YUN |
| | Civil Rights Division, Voting Section |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20530 |

10

(202) 353-5533
jennifer.yun@usdoj.gov

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I served the foregoing **CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT COUNTY RECORDERS, IN THEIR OFFICIAL CAPACITIES** on counsel of record for all parties by email.


Dated: May 30, 2023                    /s/ Danielle Lang

                                       Danielle Lang