Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia
Vota and Voto Latino
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| v. | **MOTION SEEKING LEAVE TO FILE EXHIBITS IN SUPPORT OF MFV PLAINTIFFS' SUMMARY JUDGMENT REPLY (EXPEDITED BRIEFING REQUESTED)** |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

**INTRODUCTION**

Plaintiffs Mi Familia Vota and Voto Latino (together, "MFV"), file this motion to advise the Court of MFV's intention to file three exhibits consisting of recently disclosed written discovery responses from County Recorder Defendants with MFV's forthcoming Reply to the State's Consolidated Summary Judgment Response and Reply Brief, ECF No. 436 ("Response"), and seek leave to do so, should the Court find that leave is necessary. Those exhibits are submitted with this motion as <u>Attachment A</u>.

Counsel for MFV conferred with counsel for the State to obtain the State's position on this motion and was advised that "Counsel for the State does not object to MFV attaching the exhibits to its forthcoming summary judgment reply, on the condition that the State be permitted a brief response to any fact assertions introduced by the exhibits. Accord LRCiv 56.1(b) (authorizing controverting statement of facts)." For the reasons discussed below, MFV believes that further response from the State is unwarranted. The exhibits were available to the State before it filed its Response, and MFV seeks to rely on them to respond to arguments made by the State in its Response. As such, it is not even clear that leave from the Court is required for MFV to rely upon these exhibits in their reply. Nevertheless, in the interest of disclosure and expediency, MFV has been candid with the State in its intention to file and refer to these exhibits and is filing this motion out of an abundance of caution, should the Court determine leave from the Court is required.

In light of the expedited briefing and hearing schedule, MFV requests that the Court order the State to file any response objecting to this motion by no later than July 17.

**ARGUMENT**

Under the Local Rules, MFV is permitted to file these exhibits with its reply brief without obtaining leave because they support arguments rebutting the State's Response. Specifically, the new exhibits—which consist of discovery responses produced by County Recorder Defendants after MFV filed its partial motion for summary judgment, but before the State filed its Response brief—directly rebut assertions made in the State's Response,

but do not contain "facts that the Court needs to decide the motion," LRCiv 56.1(a), and are not meant to serve as a reply statement of fact. The Court can and should grant MFV's motion for partial summary judgment based on the facts as they were known and submitted to the Court at the time MFV filed that motion. These new exhibits simply further confirm what the record already shows, and further rebut specific arguments made by the State in its Response.

While the Local Rules prevent parties from filing supplemental statements of fact, LRCiv. 56.1(b), this Court has found parties *can* attach exhibits to summary judgment reply briefs that respond to arguments raised by the opposing party in their briefing, even where the moving party did not first seek leave. *Bilyeu v. Morgan Stanley Long-Term Disability Plan*, No. CV-08-02071-PHX-SRB, 2014 WL 12837695, at *1 n.1 (D. Ariz. Dec. 10, 2014) (explaining Court considered "exhibits included with Defendants' [summary judgment] reply and the arguments relying on those exhibits" because they were "in response to Plaintiff's" summary judgment arguments); *see also E.E.O.C. v. Creative Networks, LLC & Res-Care, Inc.*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, at *2 (D. Ariz. Dec. 15, 2008) (holding exhibits of deposition transcripts attached to defendant's summary judgment reply motion "were proper" though defendant did not seek leave to file them because "they rebut[ted] arguments first raised by Plaintiff in its opposition to Defendant's Motion for Summary Judgment").

Here, following MFV's June 5, 2023 Cross-Motion for Partial Summary Judgment and Opposition to Defendants' Motions for Summary Judgment, ECF No. 399, but before the State's July 5, 2023 Response, several County Recorder Defendants served responses to the consolidated Plaintiffs' first set of interrogatories. *E.g.*, ECF Nos. 410–417, 419–433 (notices of service). These responses show—consistent with the evidence MFV submitted with its cross-motion for partial summary judgment—that the County Recorders do not, and have no reason to, use birthplace information to confirm an applicant's registration eligibility. This additional evidence further undercuts the State's repeated assertion in its

1    Response that the Court can simply ignore how, and even whether, "election officials use

2    birthplace information." State's Resp. at 33 (suggesting this is "not the question" under the

3    Materiality Provision); *id.* at 34 (suggesting the Court look past the views of "the Secretary

4    of State and certain county representatives" who actually administer elections). Because

5    MFV intends to introduce these exhibits in Response to the State's curious suggestion that

6    how Arizona's election officials actually use information provided by prospective voters

7    when they register to vote is irrelevant to how those same officials "determ[ine] whether"

8    the information in question is material to the question of whether an "individual is qualified

9    under State law to vote," 52 U.S.C. 10101(a)(2)(B), the Local Rules do not require leave.

10   *See, e.g.*, *Bilyeu*, 2014 WL 12837695 at *1 n.1; *E.E.O.C.*, 2008 WL 5225807 at *2. MFV

11   nevertheless files this motion out of an abundance of caution and in the interest of

12   transparency, to give the State notice and an opportunity to argue that the exhibits are not

13   proper, without delaying the expedited summary judgment briefing and hearing schedule.

14        To the extent the Court believes leave is necessary for MFV to cite to these materials

15   in its reply, leave should be granted, because the exhibits "are in response to [the State's]

16   argument about the" materiality of the birthplace provision "at issue in" its Reply. *Bilyeu*,

17   2014 WL 12837695 at *1 n.1; *see also Dowling v. Arpaio*, No. CV 09-01401-PHX-JAT,

18   2012 WL 300547, at *1 (D. Ariz. Feb. 1, 2012) (holding there are occasions where

19   "elevat[ing] form over substance and strictly enforce[ing] Local Rule 56 . . . [does] not

20   further the goals of the litigation"). And, in any event, the exhibits "do not constitute new

21   evidence," *E.E.O.C.*, 2008 WL 5225807 at *2, both because they were available to the

22   State when the County Recorders served these responses, which was *prior to* the State's

23   filing of its Response, and because they are not "facts that the Court needs to decide the

24   motion," because the Court has ample basis to grant Plaintiffs' motion based on the

25   evidence presented to it with that motion. LRCiv 56.1(a).

26

27

28

1

**CONCLUSION**

2

In sum, MFV files this motion out of an abundance of caution to provide notice of

3

its intent to file three exhibits containing written discovery responses from County

4

Recorders Defendants with its Reply in support of its cross-motion for partial summary

5

judgment. MFV respectfully requests that the State be ordered to file its response to this

6

motion, if any, by no later than July 17. For the reasons discussed, MFV does not believe

7

that leave of the Court is necessary for MFV to rely on these additional exhibits in its reply

8

brief, but should the Court find to the contrary, MFV respectfully requests that leave be

9

granted.

10

11

Dated: July 12, 2023                    Respectfully submitted,

12

                                        */s/ Jillian L. Andrews*
                                        Roy Herrera (Bar No. 032901)

13

                                        Daniel A. Arellano (Bar. No. 032304)
                                        Jillian L. Andrews (Bar No. 034611)

14

                                        **HERRERA ARELLANO LLP**

15

                                        530 East McDowell Road
                                        Suite 107-150

16

                                        Phoenix, Arizona 85004-1500

17

                                        Phone: (602) 567-4820
                                        roy@ha-firm.com

18

                                        daniel@ha-firm.com
                                        jillian@ha-firm.com

19

20

                                        Marc E. Elias*

21

                                        Elisabeth C. Frost*
                                        Christopher D. Dodge*

22

                                        Mollie DiBrell*
                                        Alexander F. Atkins*

23

                                        Daniela Lorenzo*

24

                                        **ELIAS LAW GROUP LLP**
                                        250 Massachusetts Ave NW

25

                                        Suite 400
                                        Washington, DC 20001

26

                                        Phone: (202) 968-4513

27

                                        Facsimile: (202) 968-4498
                                        melias@elias.law

28

- 4 -

efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Attorneys for Plaintiffs Mi Familia Vota and*
*Voto Latino*
*\* Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

On this day, July 12, 2023, I caused the foregoing to be filed and served electronically via the Court's CM/ECF system upon all counsel of record.

*/s/ Jillian L. Andrews*

Jillian L. Andrews