# Attachment A

**FLAGSTAFF LAW GROUP**
Rose Winkeler
State Bar No. 025023
702 N. Beaver St.
Flagstaff, Arizona 86001
Telephone: (928) 233-6800
Email: rose@flaglawgroup.com
*Attorney for Defendant Coconino County*
*Recorder Patty Hansen*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Famila Vota, et al., | NO. CV-22-00509-PHX-SRB (Consolidated) |
| Plaintiffs, | |
| vs. | |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, et al., | **DEFENDANT COCONINO COUNTY RECORDER'S ANSWERS TO CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Defendants. | |
| AND CONSOLIDATED CASES. | **No. CV-22-00519-PHX-SRB**<br>**No. CV-22-01003-PHX-SRB**<br>**No. CV-22-01124-PHX-SRB**<br>**No. CV-22-01369-PHX-SRB**<br>**No. CV-22-01381-PHX-SRB**<br>**No. CV-22-01602-PHX-SRB** |

Pursuant to Fed. R. Civ. P. 33, Defendant Coconino County Recorder hereby submits the following answers to Consolidated Plaintiffs' First Set of Interrogatories. As discovery in this matter is ongoing, Defendant hereby reserves the right to supplement any and all responses as new information is learned through discovery in this matter.

**INTERROGATORY NO. 1**:

Identify and describe each way that Your office uses or would use information related to the birthplace of a Voter Registration Applicant—including Applicants for whom you already have DPOC—to verify such person's eligibility to vote, including but not limited to each way in which a Voter Registration Applicant's failure to provide their birthplace affects or would affect Your ability to confirm the Voter Registration Applicant's identity or determine whether that person is eligible to register and vote in Arizona. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to how such information is or would be used by Your office.

**RESPONSE**: The Coconino County Recorder does not currently and does not anticipate using birthplace information to verify or confirm Voter Registration Applicant's identity or eligibility to register and vote in Arizona. Further, the Coconino County Recorder believes this requirement to be in violation of the Civil Rights Act of 1964 (52 U.S.C. § 10101(a)(2)(B), consistent with guidance provided by the Arizona Secretary of State's Office in December 2022, and unless and until it receives contradictory guidance from the Secretary of State or a court order saying otherwise, it does not intend to require provision of this information to complete voter registration applications.

**INTERROGATORY NO. 2**:

Identify and describe Your office's processes and procedures for checking the citizenship or residence address or location of Registered Voters or Voter Registration Applicants both before and after the Challenged Laws were enacted, including but not limited to any Documents and Communications that describe or explain how Your office should determine citizenship and residence address or location of a Registered Voter or Voter Registration Applicant. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to such agreements, or the relevant information contained in such databases.

**RESPONSE**: The Coconino County Recorder uses the process and procedures contained in the Elections Procedures Manual (EPM) for processing voter registrations and

continues to do so after the effectiveness of the Challenged Laws. While the Coconino

County Recorder uses the publicly available Coconino County Parcel Viewer (available

at:

https://coconinocounty.maps.arcgis.com/apps/webappviewer/index.html?id=868170827e4

443d2be37eb60562446ae) to confirm addresses are valid and located within Coconino

County, it does not otherwise independently verify residential addresses provided by

Voter Registration Applicants. If residence information is insufficient, the Coconino

County Recorder follows the procedures provided in the EPM to notify Applicants that

their registration has been placed in "suspend" status and that additional information is

required to complete the Applicant's registration. Recorder Patty Hansen and Chief

Deputy Recorder Donna Casner are familiar with the databases used in their office.

**INTERROGATORY NO. 3**:

Identify and describe each way in which a Voter Registration Applicant's failure to check

the Citizenship box on the State Form affects or would affect Your ability to determine

whether that person is eligible to register and vote in Arizona, including but not limited to

cases where you have DPOC for the Voter Registration Applicant.

**RESPONSE**: The Coconino County Recorder follows the procedures contained within

the EPM, which states that the citizenship box is not relevant to the Application if the

Recorder has DPOC for the Applicant already. As this treatment of the Citizenship Box

was repeated in the Arizona Secretary of State's guidance to the County Recorders issued

in December 2022, the Coconino County Recorder has continued to implement this

understanding of the Citizenship Box since the effectiveness of the Challenged Laws.

Unless and until it is directed otherwise by court order or contradictory guidance from the

Secretary of State's Office, it will continue to follow this guidance. Pursuant to the EPM,

if the citizenship box is not checked and no DPOC is provided, the Recorder will reject

the application.

**INTERROGATORY NO. 4**:

Identify all sources of citizenship information that are accessible to You or that you anticipate will become accessible to you, and which of those are practicable to use in the ways required by the Challenged Laws including any and all Documents, Communications, or Agreements pertaining to the process to confirm DPOC or DPOR, such as any agreements Your office has to utilize any database or systems (including but not limited to the SAVE system), all documentation concerning the use of such systems to confirm DPOC or DPOR (terms, matching algorithms, rules, criteria, or processes used to conduct database searches), and any Communications pertaining to such database searches or their results. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

**RESPONSE**: The Coconino County Recorder accesses the SAVE program, which verifies the citizenship status of Voter Registration Applicants, and AVID, which uses the Arizona Motor Vehicle Division records to confirm citizenship. The Coconino County Recorder is not aware of any other database or system it has access to for voter registration purposes and does not intend to seek out additional databases or systems. Recorder Patty Hansen and Chief Deputy Recorder Donna Casner are familiar with the databases used in their office.

**INTERROGATORY NO. 5**:

Identify and describe each instance where a database search on a Voter Registration Applicant or Registered Voter yielded inaccurate or outdated U.S. citizenship information or a challenge to a voter's registration or ballot relied on inaccurate or outdated U.S. citizenship information, including but not limited to instances where the database search or challenge process incorrectly determined a Voter Registration Applicant or Registered Voter was not a U.S. citizen, and whether such person flagged as an alleged noncitizen had actually naturalized. Your response should include both erroneous initial determinations of non-citizenship later corrected or updated, as well as rejected challenges

to a voter's registration or ballot based on inaccurate, or outdated U.S. Citizenship information or allegations of non-U.S. citizenship.

**RESPONSE**: The Coconino County Recorder is not aware of any instances as described above occurring within her office nor are there any records indicating such instances occurred prior to her tenure.

**INTERROGATORY NO. 6**:

Identify and describe Your office's processes and procedures for processing voter registration applications with nonstandard addresses, including but not limited to all processes and procedures concerning how You have implemented voter registration and list maintenance programs for voters with nonstandard addresses, any assistance provided to a tribe or a tribal, rural, or other resident within Your jurisdiction who uses a nonstandard address with voter registration, precinct assignment, and/or assigning a standard residential street address to such Voter Registration Applicants, and the ability of Voter Registration Applicants to submit a description and/or graphic depiction of their location of residence, using either the State Form or Federal Form.

**RESPONSE**: Voter Registration Applicants may provide a description or depiction of their residence if they do not have a residential address. Applicants must provide a mailing address. The Coconino County Recorder uses the descriptive or depictive information provided by a Voter Registration Applicant to locate the residence provided. If the residence cannot be located, the Recorder follows up with the Applicant by phone call and, if necessary, by an in-person visit. Once the residence is confirmed, the Recorder will assign the residence an address.

**INTERROGATORY NO. 7**:

Identify every type of document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such

documents available to them. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**RESPONSE**: HB2492 itself states that the identifying documents prescribed in A.R.S. § 16-579(A)(1) may be used to satisfy DPOR. The Coconino County Recorder neither drafted nor passed this law and thus has not expressed any belief regarding the availability of such documents to those with nonstandard addresses. Further, unless and until it is directed otherwise by court order or guidance from the Secretary of State, the Coconino County Recorder does has not implemented the Challenged Laws' DPOR requirement. It is the Coconino County Recorder's position, consistent with the position stated by the Arizona Attorney General in its Motion for Partial Summary Judgment (Doc. No. 364) that requiring DPOR conflicts with the National Voter Registration Act ("NVRA") and *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 19 (2013), and that treating Voter Registration Applicants using the state form different from those Applicants using the federal form violates the consent decree in *League of United Latin American Citizens of Arizona v. Reagan*, 2:17-cv-04102-DGC. Recorder Patty Hansen and Chief Deputy Recorder Donna Casner are familiar with processing applications with nonstandard addresses.

**INTERROGATORY NO. 8**:

Identify and describe each method by which Registered Voters or Voter Registration Applicants can appeal, contest, or cure decisions by Your office based on a finding of non-citizenship or absence of DPOC or failure to check the Citizenship Checkbox, failure to prove location of residence or an absence of DPOR, or failure to provide their birthplace on their registration application, including but not limited to the standards applied in considering any such effort to appeal, contest, or cure such decisions, the notice provided to the Voter Registration Applicant or Registered Voter of the outcome of any such effort, any Documents and Communications that describe or explain such methods, standards, and notice, and each instance since January 1, 2017 in which a Registered

Voter or Voter Registration Applicant has availed themselves of such methods to appeal, contests, or cure such decision and the outcome of each such effort.

**RESPONSE**: If a Voter Registration Applicant does not provide the minimum required information on voter registration forms as explained in Ch. 1, Section IV(C), the Coconino County Recorder follows the procedure provided therein by notifying the Applicant within 10 days of receipt of the form, requesting the Applicant provide the missing, incomplete, or illegible information, and advising the applicant that their registration will be placed in "suspend" status until the Applicant provides the necessary information. As explained in the above Responses, unless and until it is otherwise directed, the Coconino County Recorder does not intend to require DPOR, and does not consider the Citizenship Box material if DPOC is provided. Specific to an Applicant's failure to provide DPOC, if the Coconino County Recorder cannot otherwise establish the Applicant's citizenship, the Applicant is registered as a "federal-only" voter. Where the AVID system, based on its review of Motor Vehicle Division records, indicates the individual is not a citizen, they are determined not eligible and rejected. No appeal process is provided as the Applicant may re-apply at any time. Additionally, sixty (60) days prior to every election, the Recorder sends notice to federal-only voters notifying them that they can submit DPOC and be registered to vote full ballots.

**<u>INTERROGATORY NO. 9</u>**:

Identify and describe each instance in which You have established that a non-U.S. citizen or non-County resident has registered to vote or has voted in Your County from January 1, 2013 to present, including but not limited to any supporting evidence thereof, any Documents and Communications related to such instance, whether such instance involved misconduct, fraud, or mistake, and any instance in which Your office informed such non-U.S. citizen or non-County resident they were eligible to vote in the County and later determined they were actually ineligible. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to any such

instance of a non-U.S. citizen or non-County resident registering or voting in Your County.

**RESPONSE**: The Coconino County Recorder is not aware of any such instance and has not located any records providing evidence of such instance occurring prior to her tenure as Recorder.

**<u>INTERROGATORY NO. 10</u>**:

Identify all state and county interests that you believe are furthered by the Challenged Laws and all evidence that either supports or undermines the contention that the Challenged Laws further those interests. Your answer should specify which alleged state or county interest(s) support each challenged provision of the Challenged Laws and the connection between the alleged state or county interests and challenged provisions. Your answer should also identify by name any witnesses who have or are likely to have knowledge or information related to the importance of the state interests identified in this answer and how the Challenged Laws are likely to interact with those interests.

**RESPONSE**: The Coconino County Recorder does not set state or county policy. The Recorder follows state and federal law in registering applicants. Where, as here, state and federal laws appear to conflict, the Coconino County Recorder follows guidance received from the Arizona Secretary of State in its capacity as the State Elections Office.

**<u>INTERROGATORY NO. 11</u>**:

For every Request for Production served on You in this matter, please describe the methodology for Your search for responsive documents and productions, including but not limited to identifying the individuals who assisted in the search, custodians, search terms, date ranges, protocols for retention of metadata, and methods for collection and review for responsiveness and privilege.

**RESPONSE**: Coconino County Recorder Patty Hansen, and Chief Deputy Recorder Donna Casner, conducted searches for records requested in the Requests for Production. Those searches were done within the Recorder's electronic files. Most documents were immediately identifiable by the Recorder or the Chief Deputy Recorder and did not

require keyword searches. In researching documents for RFP #7, the Chief Deputy Recorder searched by names of individuals known to have submitted complaints and by the terms "residence" and "residency" and "challenge." Those searches dated back to 2020. The Recorder's Office abides by the Arizona State Library's Records Retention Policies, including those applicable to metadata.

RESPECTFULLY SUBMITTED this 29th day of June, 2023.


FLAGSTAFF LAW GROUP

BY:  */s/Rose M. Winkeler*
     ROSE M. WINKELER
     *Attorney for the Defendant Coconino*
     *County Recorder Patty Hansen*

## **VERIFICATION**

I, Patty Hansen, declare under penalty of perjury that I have read the foregoing Answers to Plaintiff's First Set of Interrogatories and that the same is true to the best of my knowledge and belief.

Patty Hansen
Coconino County Recorder

1

2

## CERTIFICATE OF SERVICE

3        I hereby certify that on June 29, 2023, I electronically transmitted the foregoing

4

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

5

Notice of Electronic Filing to the CM/ECF registrants on record.

6

7

8

9

*/s/Rose M. Winkeler*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  RACHEL H. MITCHELL
   MARICOPA COUNTY ATTORNEY
2
   By:    Anna G. Critz (Bar No. 034530
3          Joseph E. La Rue (Bar No. 031348)
           Jack O'Connor (Bar No. 030660)
4          Deputy County Attorneys
           MCAO Firm No. 0003200
5
   CIVIL SERVICES DIVISION
6  225 West Madison Street
   Phoenix, Arizona 85003
7  Telephone (602) 506-8541
   Facsimile (602) 506-4316
8  laruej@mcao.maricopa.gov
   critza@mcao.maricopa.gov
9  oconnorj@mcao.maricopa.gov
   ca-civilmailbox@mcao.maricopa.gov
10
11 *Attorneys for Maricopa County Recorder*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Mi Familia Vota, et al., | No. 22-CV-00509-SRB |
|---|---|
| Plaintiffs, | |
| vs. | **DEFENDANT MARICOPA COUNTY RECORDER STEPHEN RICHER'S RESPONSES TO CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES | No. CV-22-00519-PHX-SRB |
| | No. CV-22-01003-PHX-SRB |
| | No. CV-22-01124-PHX-SRB |
| | No. CV-22-01369-PHX-SRB |
| | No. CV-22-01381-PHX-SRB |
| | No. CV-22-01602-PHX-SRB |
| | No. CV-22-01901-PHX-SRB |

        Defendant Maricopa County Recorder Stephen Richer ("the Maricopa County

Recorder" or "Recorder Richer") hereby submits his Response to Consolidated Plaintiffs'

First Set of Interrogatories pursuant to Fed. R. Civ. P. 33. Recorder Richer reserves the right

to supplement these responses.

## **PREFATORY STATEMENT**

1.      The Maricopa County Recorder is a nominal, results-only defendant in this matter. He takes no position on the substantive questions concerning the laws Plaintiffs challenge. He is truly a neutral party, present in this lawsuit only because he is made responsible by statute to implement the challenges laws. Recorder Richer will adhere to whatever the district (or appellate) court orders.

2.      Recorder Richer's investigation and development of all facts and circumstances relating to this suit are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Recorder Richer's right to rely on other facts or documents at trial if Recorder Richer's nominal, results-only status is challenged.

3.      By making the accompanying responses and objections to Plaintiffs' First Set of Interrogatories, Recorder Richer does not waive and expressly reserves his right to assert any and all objections as to the admissibility of these responses into evidence in this suit if Recorder Richer's nominal, results-only status is challenged or in any other proceedings on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Recorder Richer makes these responses and objections without necessarily implying that he considers the requests or responses to be relevant or material to the subject matter of this action.

4.      Recorder Richer expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections and to assert additional objections or privileges in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      The Maricopa County Recorder objects to the First Set of Interrogatories to the extent that the interrogatories seek confidential or privileged information, including information covered under the attorney-client privilege, the work product privilege, or the deliberative process privilege.

2.      The Maricopa County Recorder objects to the First Set of Interrogatories to the extent that the interrogatories are vague; overbroad; not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to the relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; or are otherwise inconsistent with the Federal Rules of Civil Procedure.

3.      The Maricopa County Recorder objects to the First Set of Interrogatories to the extent that each interrogatory is compound. The Court has allowed Consolidated Plaintiffs 25 interrogatories, per defendant. The Federal Rules of Civil Procedure limit the number of interrogatories to 25 interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1).

4.      The Maricopa County Recorder objects to the First Set of Interrogatories to the extent that the request seeks "any" or "all" documents or communications where a smaller subset would yield relevant facts and be more proportional to the needs of the case.

5.      The Maricopa County Recorder objects to the First Set of Interrogatories to the extent that the interrogatories seek information that is already in Plaintiffs' possession or control or is otherwise equally accessible or available to Plaintiffs.

6.    The Maricopa County Recorder objects to the First Set of Interrogatories to the extent the Definitions and Instructions therein attempt to impose obligations on the defendant beyond the scope of the federal discovery rules.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe each way that Your office uses or would use information related to the birthplace of a Voter Registration Applicant—including Applicants for whom you already have DPOC--to verify such person's eligibility to vote, including but not limited to each way in which a Voter Registration Applicant's failure to provide their birthplace affects or would affect Your ability to confirm the Voter Registration Applicant's identity or determine whether that person is eligible to register and vote in Arizona. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to how such information is or would be used by Your office.

**RESPONSE:** Recorder Richer objects to the request as it is vague and ambiguous. Recorder Richer further objects to the request as it is compound and seeks more than one category of information. Recorder Richer objects to the request to the extent that it seeks confidential or privileged information, including information covered under attorney-client privilege, work product privilege, or the deliberative process privilege.

Notwithstanding and without waiving these objections, birthplace is currently an optional field and does not impact a voter's registration and voting eligibility.  If a voter provides his or her birthplace, the birthplace is added to their voter record and can be utilized as Personal Identifying Information ("PII") to aid the Maricopa County Recorder's Office

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

in identifying the voter over the phone should the voter contact the Maricopa County Recorder's Office seeking information about their voter record.  However, birthplace is not required and does not impact the voter's ability to register or cast a ballot.

Janine Petty has knowledge or information related to how such information is or would be used by the Maricopa County Recorder's Office.

**INTERROGATORY NO. 2:** Identify and describe Your office's processes and procedures for checking the citizenship or residence address or location of Registered Voters or Voter Registration Applicants both before and after the Challenged Laws were enacted, including but not limited to any Documents and Communications that describe or explain how Your office should determine citizenship and residence address or location of a Registered Voter or Voter Registration Applicant. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to such agreements, or the relevant information contained in such databases.

**RESPONSE:** Recorder Richer objects to the request to the extent that it seeks confidential or privileged information, including attorney-client privilege, work product privilege, and deliberative process privilege. Recorder Richer further objects to the request as extremely compound as it seeks several categories of information that should be broken into several discrete subparts.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office has not yet implemented the Challenged Laws.  Currently, the Maricopa County Recorder's Office checks proof of citizenship and residential address information according to the 2019 Elections Procedure Manual ("EPM") and prior and/or existing state

laws. To acquire and validate proof of citizenship, the Maricopa County Recorder's Office utilizes AZMVD data, SSA data, and SAVE/naturalization numbers, including copies of the items identified in A.R.S. § 16-166. As for residence address, the Maricopa County Recorder's Office currently uses Geographic Information System ("GIS) to properly precinct a voter based on standard and non-standard addresses. The Maricopa County Recorder's Office does not require proof of residency.

Janine Petty has knowledge or information related to such agreements. Gary Bilotta has knowledge or information related to the relevant information contained in the GIS database.

**INTERROGATORY NO. 3:** Identify and describe each way in which a Voter Registration Applicant's failure to check the Citizenship box on the State Form affects or would affect Your ability to determine whether that person is eligible to register and vote in Arizona, including but not limited to cases where you have DPOC for the Voter Registration Applicant.

**RESPONSE:** Recorder Richer objects to the interrogatory as compound. Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office follows the direction provided on page 20 of the 2019 EPM. A voter's registration application is not rejected solely based on whether the voter does not check the Citizenship box on the State form. If the Maricopa County Recorder's Office does not receive DPOC or cannot determine DPOC from AZMVD of an otherwise eligible registrant, that voter is registered as a "federal-only" voter.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

**INTERROGATORY NO. 4:** Identify all sources of citizenship information that are accessible to You or that you anticipate will become accessible to you, and which of those are practicable to use in the ways required by the Challenged Laws including any and all Documents, Communications, or Agreements pertaining to the process to confirm DPOC or DPOR, such as any agreements Your office has to utilize any database or systems (including but not limited to the SAVE system), all documentation concerning the use of such systems to confirm DPOC or DPOR (terms, matching algorithms, rules, criteria, or processes used to conduct database searches), and any Communications pertaining to such database searches or their results. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

**RESPONSE:** Recorder Richer objects to the interrogatory as vague, ambiguous, and extremely compound. The interrogatory seeks information from several distinct categories and should be broken down into several subparts. For instance, the request seeks, *inter alia,* (a) all accessible sources of citizenship information; (b) whether those sources are practicable to use; (c) all documents and communication pertaining to the DPOC or DPOR confirmation process; (d) all documentation related to the use of databases or systems to confirm DPOC or DPOR; and (e) witnesses who have knowledge of the databases. Recorder Richer further objects to the request as overbroad and disproportional to the needs of the case.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office uses the following databases for citizenship information: AZMVD, SAVE system, and copies of DPOC provided by the voter pursuant to A.R.S. § 16-166.  The

Maricopa County Recorder's Office does not have access to databases that assist with identifying proof of residency. The voter must provide documentation as outlined in A.R.S. § 16-579(A).

Janine Petty has knowledge or information related to such databases.

**INTERROGATORY NO. 5:** Identify and describe each instance where a database search on a Voter Registration Applicant or Registered Voter yielded inaccurate or outdated U.S. citizenship information or a challenge to a voter's registration or ballot relied on inaccurate or outdated U.S. citizenship information, including but not limited to instances where the database search or challenge process incorrectly determined a Voter Registration Applicant or Registered Voter was not a U.S. citizen, and whether such person flagged as an alleged noncitizen had actually naturalized. Your response should include both erroneous initial determinations of non-citizenship later corrected or updated, as well as rejected challenges to a voter's registration or ballot based on inaccurate, or outdated U.S. Citizenship information or allegations of non-U.S. citizenship.

**RESPONSE:** Recorder Richer objects to the request as vague and compound. The request seeks information from several distinct categories and should be broken down into discrete subparts.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office does not record instances "where a data search on a Voter Registration Application or Registered Voter yielded inaccurate or outdated US citizenship information or a challenge to a voter's registration or ballot relied on inaccurate or outdated US Citizenship information." The Maricopa County Recorder's Office is unable to determine

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

if information provided from databases is inaccurate or outdated. If the Maricopa County Recorder's Office does not acquire or validate voter registration application citizenship information, the voter is contacted and DPOC is requested.

**INTERROGATORY NO. 6:** Identify and describe Your office's processes and procedures for processing voter registration applications with nonstandard addresses, including but not limited to all processes and procedures concerning how You have implemented voter registration and list maintenance programs for voters with nonstandard addresses, any assistance provided to a tribe or a tribal, rural, or other resident within Your jurisdiction who uses a nonstandard address with voter registration, precinct assignment, and/or assigning a standard residential street address to such Voter Registration Applicants, and the ability of Voter Registration Applicants to submit a description and/or graphic depiction of their location of residence, using either the State Form or Federal Form.

     **RESPONSE:** Recorder Richer objects to the request as vague and ambiguous. "Nonstandard Address" is not adequately defined or delineated in the Definitions section. Recorder Richer further objects to the interrogatory as overbroad and disproportional to the needs of the case. Recorder Richer objects to the request to the extent that it is compound and seeks several distinct categories of information.

     Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office maintains a robust GIS system that allows the County to pinpoint a voter's physical residence based on a non-standard address or description/graphic depiction. This allows the County to identify the precinct/district location of the voter for election purposes. In addition, the voter should provide a mailing address in addition to the non-

standard address, which is added to the voter's record to receive official election mail.  The County also assists communities to work with USPS to obtain valid addresses for rural areas.  In some situations, the County may place a voter in suspense status and contact that voter if the non-standard address is unable to assist GIS in determining which precinct a voter belongs.

**INTERROGATORY NO. 7:** Identify every type of document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16- 123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such documents available to them. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**RESPONSE:** Recorder Richer objects to the request as vague, compound, and overbroad. "Nonstandard Address" is not adequately defined. The interrogatory should be broken into subparts. For example, the request seeks (a) types of documents people with Nonstandard Addresses can use to prove their residence; (b) descriptions of those documents; (c) "an explanation of the basis for Your belief that persons in locations with only Nonstandard Addresses would have such documents available to them"; and (d) witnesses who would have knowledge.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office has not implemented A.R.S. § 16-123.  However, pursuant to A.R.S. §

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

16-123, the items identified in A.R.S. § 16-579(A)(1) are considered satisfactory proof of residency.

**INTERROGATORY NO. 8:** Identify and describe each method by which Registered Voters or Voter Registration Applicants can appeal, contest, or cure decisions by Your office based on a finding of non citizenship or absence of DPOC or failure to check the Citizenship Checkbox, failure to prove location of residence or an absence of DPOR, or failure to provide their birthplace on their registration application, including but not limited to the standards applied in considering any such effort to appeal, contest, or cure such decisions, the notice provided to the Voter Registration Applicant or Registered Voter of the outcome of any such effort, any Documents and Communications that describe or explain such methods, standards, and notice, and each instance since January 1, 2017 in which a Registered Voter or Voter Registration Applicant has availed themselves of such methods to appeal, contests, or cure such decision and the outcome of each such effort.

**RESPONSE:** Recorder Richer objects the request as extremely overbroad, compound, and disproportional to the needs of the case. As an example, this interrogatory seeks *inter alia* (a) the identification; (b) and description of each method a voter or applicant can use to contest a finding of; (c) non-citizenship; (d) failure to prove location of residence or DPOR: (e) and failure to provide birthplace; and (f) all communications explaining such methods to contest; (g) every instance where a voter or applicant contested since January 1, 2017; and (f) the outcome of that contest. Recorder Richer further objects to the request to the extent that it seeks confidential or privileged information.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

Notwithstanding and without waiving these objections, there is no appeal process. The Maricopa County Recorder's Office follows Chapter 1, Section 4 – voter registration processing procedures – of the 2019 EPM.  If the Maricopa County Recorder's Office identifies that certain information contained on the voter's registration is lacking or cannot be validated, the Maricopa County Recorder's Office notifies the voter.  The voter is provided with information on how to cure their registration form or become a full ballot voter if they are eligible to register.

**INTERROGATORY NO. 9:** Identify and describe each instance in which You have established that a non-U.S. citizen or non-County resident has registered to vote or has voted in Your County from January 1, 2013 to present, including but not limited to any supporting evidence thereof, any Documents and Communications related to such instance, whether such instance involved misconduct, fraud, or mistake, and any instance in which Your office informed such non-U.S. citizen or non-County resident they were eligible to vote in the County and later determined they were actually ineligible. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to any such instance of a non-U.S. citizen or non-County resident registering or voting in Your County.

**RESPONSE:** Recorder Richer objects to the request as overbroad, compound, and disproportional to the needs of the case. The interrogatory seeks several distinct categories of information and should be broken down into subparts. Recorder Richer further objects to the request to the extent that it seeks confidential or privileged information.

Notwithstanding and without waiving these objections in most cases, the identified

applicants are not added to the voter rolls because the Maricopa County Recorder's Office receives information that the voter is not a citizen.  In other cases, the voter self-reports to the court that he or she is a non-citizen. Either way, the voter is contacted and informed of the non-citizen issue and how to cure their registration by providing DPOC if they are eligible registrants.

**INTERROGATORY NO. 10:** Identify all state and county interests that you believe are furthered by the Challenged Laws and all evidence that either supports or undermines the contention that the Challenged Laws further those interests. Your answer should specify which alleged state or county interest(s) support each challenged provision of the Challenged Laws and the connection between the alleged state or county interests and challenged provisions. Your answer should also identify by name any witnesses who have or are likely to have knowledge or information related to the importance of the state interests identified in this answer and how the Challenged Laws are likely to interact with those interests.

**RESPONSE:** Recorder Richer objects the request as vague, overbroad, and compound. The interrogatory seeks several distinct categories of information. Recorder Richer further objects to the request to the extent that it presupposes the Maricopa County Recorder has a substantive or policy stake in the challenged laws. Recorder Richer reaffirms that he has a neutral, results-only defendant and takes no position on the merits of the litigation or the policy underpinnings of the challenged laws.

Notwithstanding and without waiving these objections, Maricopa County Maricopa County Recorder's Office is unsure what County interests are furthered by these Challenged

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

Laws. In fact, Maricopa County Maricopa County Recorder's Office believes many of the Challenged Laws' provisions conflict with federal law which puts the County in a position of liability. Additionally, the Challenged laws may make access to registration much more difficult.

**INTERROGATORY NO. 11:** For every Request for Production served on You in this matter, please describe the methodology for Your search for responsive documents and productions, including but not limited to identifying the individuals who assisted in the search, custodians, search terms, date ranges, protocols for retention of metadata, and methods for collection and review for responsiveness and privilege.

**RESPONSE:** Recorder Richer objects the request as it seeks confidential or privileged information, including information covered under the attorney-client privilege and work product privilege. Recorder Richer further objects to the request as overbroad and disproportional to the needs of the case considering the case importance of the discovery being sought to resolving the issues and whether the burden to produce the discover outweighs its likely benefit.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office responds as follows:

1. Receive Request for email review from Public Record Request (PRR) or Litigation Discovery / Request.

2. Identify specific search parameters in the request.

   a. User Mailbox(s) for Search: XXXX

   b. Search To / CC / BCC: XXXX

     c.  Search From: XXXX

     d.  Search Date Range: MM/DD/YYYY > MM/DD/YYYY

     e.  Keyword(s) Search parameters: XXXX

3.  Export matching emails from email archival system.

4.  Process Emails in exported file

     a.  Outlook: "Clean Up Conversations" process on exported email mailbox.

     b.  Outlook via KuTools Plugin: Process "Delete Duplicate" emails.

          i.  The Email Archival application the Maricopa Recorders department uses creates a copy for every email, which often results in duplicate emails that need to be consolidated.

     c.  Search for attached messages within the exported emails, then re-import those attached emails to the exported emails mailbox.

     d.  Outlook via KuTools Plugin: Export attachments from in-scope emails (convert file to .pdf if possible)

     e.  Outlook via KuTools Plugin: Export emails via "Bulk Save" to PDF, including headers, CC and body.

5.  Process automated redactions (bypassed if required by Litigation Discovery).

     a.  Via PDF X-Change Tools Application: Optical Character Recognition Scan Each Document.

     b.  Via PDF X-Change Tools Application: Automated Redaction Process

          i.  Auto-Redact Email Addresses

          ii.  Auto-Redact Phone Numbers

     iii. Auto-Redact all other identified information as needed.

6. Manual in-scope review (various responsible parties)

  a. Manual review each exported email and attachment for in-scope confirmation.

  b. Manual review each exported email and attachment for privilege.

7. Manual Redaction (various responsible parties)

  a. Via PDF X-Change Editor: Manual redactions for qualified information.

8. Production and dissemination to requester.


**INTERROGATORY NO. 12:** FOR DEFENDANTS MARICOPA COUNTY RECORDER STEVEN RICHER AND PIMA COUNTY RECORDER GABRIELLA CÁZARES-KELLY ONLY: Describe in detail Your County's voter registration database system and how it relates to the voter registration database maintained by the Secretary of State, including the software and vendor Your database relies upon, all data fields and voter information maintained in Your database and how they differ, if at all, from the Secretary of State's statewide database, how the data fields are inputted, updated, and maintained in Your database, and how Your database shares information with the Secretary of State's statewide database. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to Your County's voter registration database.

  **RESPONSE:** Recorder Richer objects to the request as compound. The interrogatory seeks several distinct categories of information and should be broken down

into discrete subparts. Recorder Richer further objects to the request as overbroad and disproportional to the needs of the case considering the case importance of the discovery being sought to resolving the issues and whether the burden to produce the discover outweighs its likely benefit.

Notwithstanding and without waiving these objections, the Maricopa County Recorder's Office has an efficient and statutorily compliant voter registration system that interfaces with AVID – the statewide voter registration system. Maricopa County's voter registration system is a homegrown system developed and maintained by the County. This voter registration system interfaces with the AVID system and conforms to the same naming field conventions. Data is securely imported and exported or manually entered and replicated to the AVID system.

RESPECTFULLY SUBMITTED this 29th day of June 2023.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: */s/Jack L. O'Connor III*
　　　Anna G. Critz
　　　Joseph E. La Rue
　　　Jack L. O'Connor III
　　　Deputy County Attorneys
　　　*Attorneys for Maricopa County Recorder*

Original of the foregoing
Emailed this 29th day of June 2023 to:

Latham & Watkins LLP
Sadik Huseny
Amit Makker

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
sadik.huseny@lw.com
amit.makker@lw.com
*Pro Hac Vice*

Asian Americans Advancing
JUSTICE-AAJC
Niyati Shah
Terry Ao Minnis
1620 L Street NW, Suite 1050
Washington, DC 20036
nshah@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org
*Pro Hac Vice*

Andrew M. Federhar
SPENCER FANE
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
afederhar@spencerfane.com
*Attorneys for Plaintiff*

John H Steinbach
Latham & Watkins - San Francisco, CA
505 Montgomery St., Ste. 2000
San Francisco, CA 94111
john.steinbach@lw.com
*Pro Hac Vice*

David Andrew Gaona
Kristen Michelle Yost
Roopali H. Desai
Coppersmith Brockelman PLC
2800 N. Central Ave., Ste. 1900
Phoenix, AZ 85004
agaona@cblawyers.com
kyost@cblawyers.com
rdesai@cblawyers.com
*Counsel for Defendant – Katie Hobbs*

Sambo Dul
States United Democracy Center – Tempe, AZ
8205 S. Priest Dr., Ste. #10312

18

Tempe, AZ 85284
bo@statesuniteddemocracy.org

Christine Bass
States United Democracy Center – Los Angeles, CA
506 S. Spring St., Ste. 13308
Los Angeles, CA 90013
christinebass@statesuniteddemocracy.org
*Counsel for Defendant Secretary of State Katie Hobbs*

Brunn Wall Roysden, III
Drew Curtis Ensign
Office of the Attorney General – Phoenix
Phoenix, AZ 85004-1592
beau.roysden@azag.gov
drew.ensign@azag.gov
*Counsel for Defendant Arizona Attorney General Mark Brnovich*

Apache County Recorder Larry Noble
Apache County Recorder's Office
75 West Cleveland St.
P.O. Box 425
St. Johns, AZ 85936

Celeste M Robertson
crobertson@apachelaw.net
*Counsel for Defendant Apache County Recorder Larry Noble*

Cochise County Recorder David W. Stevens
Cochise County Recorder's Office
1415 Melody Lane
Building B
Bisbee, AZ 85603

Christine Joyce Roberts
croberts@cochise.az.gov
*Counsel for Defendant Cochise County Recorder David W. Stevens*

Coconino County Recorder Patty Hansen
Coconino County Recorder's Office
110 E. Cherry Ave.
Flagstaff, AZ 86001

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

Aaron Michael Lumpkin
alumpkin@coconino.az.gov
*Counsel for Defendant Coconino County Recorder Patty Hansen*

Gila County Recorder Sadie Jo Bingham
Gila County Recorder's Office
Globe Main Office
Gila County Courthouse
1400 E Ash St.
Globe, AZ 85501

Brad Beauchamp
bbeauchamp@gilacountyaz.gov
*Counsel for Defendant Gila County Recorder Sadie Jo Bingham*

Graham County Recorder Wendy John
Graham County Recorder's Office
921 Thatcher Boulevard
2nd Floor
Safford, AZ 85546

Jean Ann Roof
jroof@graham.az.gov
*Counsel for Defendant Graham County Recorder Wendy John*

Greenlee County Recorder Sharie Milheiro
Greenlee County Recorder's Office
253 Fifth St.
P.O. Box 1625
Clifton, AZ 85533

Jeremy Ford
jford@greenlee.az.gov
*Counsel for Defendant Greenlee County Recorder Sharie Milheiro*

La Paz County Recorder Richard Garcia
La Paz County Recorder's Office
1112 Joshua Avenue, #201
Parker, AZ 85344

Ryan Norton Dooley
rdooley@lapazcountyaz.org
*Counsel for Defendant La Paz County Recorder Richard Garcia*

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

Mohave County Recorder Kristi Blair
Mohave County Recorder's Office
700 W. Beale Street
Kingman, AZ 86401

Ryan Esplin
esplir@mohave.gov
*Counsel for Defendant Mohave County Recorder Kristi Blair*

Jason S Moore
Navajo County Attorney's Office
P.O. Box 668
Holbrook, AZ 86025
*Counsel for Defendant Navajo County Recorder Michael Sample*

Pima County Recorder Gabriella Cázares-Kelly
Pima County Recorder's Office
240 N Stone Avenue
Tucson, AZ 85701

Daniel S Jurkowitz
Daniel.Jurkowitz@pcao.pima.gov
*Counsel for Defendant Pima County Recorder Gabriella Cázares Kelly*

Pinal County Recorder Virginia Ross
Pinal County Recorder's Office
31 N Pinal Street, Building E
Florence, AZ 85132

Craig Charles Cameron
craig.cameron@pinal.gov
*Counsel for Defendant Pinal County Recorder Virginia Ross*

Santa Cruz County Recorder Suzanne Sainz
Santa Cruz County Recorder's Office
2150 N. Congress Drive, Suite 101
Nogales, AZ 85621

James J D'Antonio
jdantonio@santacruzcountyaz.gov
Kimberly Janiece Hunley
khunley@santacruzcountyaz.gov
*Counsel for Defendant Santa Cruz County Recorder Suzanne Sainz*

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

M Colleen Connor
Thomas M Stoxen
Yavapai County Attorneys Office
255 E Gurley Street
Prescott, AZ 86301
colleen.connor@yavapaiaz.gov
thomas.stoxen@yavapaiaz.gov
*Counsel for Defendant Yavapai County Recorder Michelle M. Burchill*

Yuma County Recorder Richard Colwell
Yuma County Recorder's Office
102 S. Main Street
Yuma, AZ 85364

William J Kerekes
bill.kerekes@yumacountyaz.gov
*Counsel for Defendant Yuma County Recorder Richard Colwell*

*/s/ S.R.*

S:\CIVIL\CIV\Matters\GN\2022\Mi Familia Vota II v. Hobbs 2022-1062 (22-0509 SRB)\Discovery\Pla to Def\Defendant MC Recorder's Responses\County Recorders Resp to Roggs 060623.docx

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON STREET
PHOENIX, ARIZONA 85003

## VERIFICATION

I, Janine Petty, am the Senior Director of Voter Registration for Maricopa County Recorder Stephen Richer, a Defendant in this matter in his official capacity. I am the person in the Recorder's office who is directly responsible for overseeing voter registration, the subject of the foregoing Interrogatories. I have read the Interrogatories served upon Recorder Richer. The answers to those Interrogatories, provided above, are true and correct to the best of my knowledge, information, and belief.

_____

Janine Petty
Senior Director of Voter Registration for the
Maricopa County Recorder

Justin S. Pierce (State Bar #022646)
Christina Estes-Werther (State Bar #025075)
**PIERCE COLEMAN PLLC**
7730 East Greenway Road, Suite 105
Scottsdale, Arizona 85260
Tel. (602) 772-5506
Fax (877) 772-1025
Justin@PierceColeman.com
Christina@PierceColeman.com
*Attorneys for Defendant Santa Cruz*
*County Recorder Anita Moreno*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| vs. | **DEFENDANT SANTA CRUZ COUNTY RECORDER RESPONSES TO CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB No. CV-22-01003-PHX-SRB No. CV-22-01124-PHX-SRB No. CV-22-01369-PHX-SRB No. CV-22-01381-PHX-SRB No. CV-22-01602-PHX-SRB No. CV-22-01901-PHX-SRB |

1

Pursuant to Fed. R. Civ. P. 33, Defendant Santa Cruz County Recorder Anita Moreno ("Moreno"), submits her response and objections to Consolidated Plaintiffs' First Set of Non-Uniform Interrogatories as follows:

**RESPONSES AND OBJECTIONS**
**COMMON TO ALL INTERROGATORIES**

1.  Defendant objects to each request, to the "Definitions," and to the "Instructions" to the extent that they purport to impose obligations beyond what is required by the Federal Rules of Civil Procedure in responding to discovery requests.

2.  Defendant objects to each interrogatory to the extent that it calls for the production of documents that are privileged as attorney-client communications, protected as work product, or otherwise not subject to discovery under the Federal Rules of Civil Procedure.

3.  Defendant objects to each request to the extent that it assumes facts that are not in evidence. By responding to these requests, Defendant does not admit or agree with any explicit or implicit assumption made in the requests.

4.  Defendant has responded based on her investigation to date and on information currently available to it and reserves the right to supplement these responses.

5.  The foregoing objections are incorporated by reference into each of Defendant's responses below. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of the Defendant's Responses and Objections Common to All Interrogatories.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and describe each way that Your office uses or would use information related to the birthplace of a Voter Registration Applicant—including Applicants for whom you already have DPOC--to verify such person's eligibility to vote, including but not limited to each way in which a Voter Registration Applicant's failure to provide their birthplace affects or would affect Your ability to confirm the Voter Registration

Applicant's identity or determine whether that person is eligible to register and vote in Arizona. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to how such information is or would be used by Your office.

**RESPONSE:**

**Defendant objects to Interrogatory Number 1 as vague and calls for speculation as it relates to how birthplace information may be used to verify voter eligibility in the future.**

**Subject to and without waiving the foregoing objections, Defendant states that she does not use the information related to birthplace information for any purpose except to input the information from the voter registration form into the voter profile in the Arizona Voter Information Database ("AVID"). Defendant is unable to predict future uses but does not anticipate that this procedure will change unless different guidance is provided by the Secretary of State.**

**The witnesses who have knowledge of how this information is used are as follows: Anita Moreno, Yolanda Kory, Rosa Ann Fajardo, Monica Gutierrez, Angel Aguilar, Joshua Canchola, Margaret Felix, Rodrigo Robles, Saibet Gastelum, Victoria Padilla, Victor Villalobos, Eduviges Covarrubias, Luis Fierro, Alejandro Martinez, and Suzanne Sainz.**

**INTERROGATORY NO. 2:**

Identify and describe Your office's processes and procedures for checking the citizenship or residence address or location of Registered Voters or Voter Registration Applicants both before and after the Challenged Laws were enacted, including but not limited to any Documents and Communications that describe or explain how Your office should determine citizenship and residence address or location of a Registered Voter or Voter Registration Applicant. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to such agreements, or the relevant information contained in such databases.

**RESPONSE:**

Defendant objects to Interrogatory Number 2 as overbroad and unduly burdensome as it relates to "any Documents and Communications" (broadly defined) for how Defendant should determine citizenship and residence address or location of a voter or registrant. Further, this request seeks information that is publicly available to Plaintiffs through the *2019 State Elections Procedures Manual[1] ("EPM")* and outlines the processes and procedures for checking citizenship or residence or location of registrants.

Subject to and without waiving the foregoing objections:

**Citizenship**

Defendant states that she follows the processes and procedures for checking the citizenship of a registrant, before and after the Challenged laws were enacted, as outlined in the *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A. Citizenship Requirement*, summarized as follows:

If the registrant submits a voter registration form by the registration deadline and provides Documentary Proof of Citizenship ("DPOC") by 5:00 p.m. on the Thursday before the election, the registrant is entitled to vote a "full-ballot" at the next election.

If a registrant submits a voter registration form without DPOC, Defendant cannot register the applicant as a "full-ballot" voter (eligible to vote for all federal, state, county, and local races for which the voter qualifies) until an acceptable form of DPOC is provided to the Defendant. If a registrant does not submit DPOC and Defendant cannot verify the registrant's U.S. citizenship via Arizona Department of Transportation, Motor Vehicle Department ("AZMVD") records or other records in the statewide voter registration database, Defendant designates the registrant as a

---

[1]
https://azsos.gov/sites/default/files/2019_ELECTIONS_PROCEDURES_MANUAL_APPROVED.pdf

4

"Federal-Only Voter" and sends a letter to the registrant (including a DPOC Submission Form/"Federal-Only" Notice) within 10 business days of receipt of the registration form informing the registrant that:

- The registrant has not satisfied the DPOC requirements;
- The registrant must submit DPOC to become a "full-ballot" voter, and the registrant must provide DPOC by 5:00 p.m. on the Thursday before any given election in order to vote a "full-ballot" in that election; and
- The registrant will remain a "federal-only" voter unless and until the registrant submits valid DPOC to become a "full-ballot" voter.

Registrants who provide the missing information necessary to link their submitted DPOC to their registration form shall be made "full-ballot" voters within 10 business days. If the registrant provides DPOC to the Defendant *after* 5:00 p.m. on the Thursday before the next election, the Defendant makes the registrant a "full-ballot" voter for *future* elections within 5 business days after completion of processing of provisional ballots. Valid forms of DPOC are outlined in the EPM.

<u>Residence Address or Location</u>

Defendant states that she follows the processes and procedures for checking the residence address or location of a registrant, before and after the Challenged laws were enacted, as outlined in the *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, C. Residency Requirements for Registration,* which states that Defendant has no duty to verify a registrant's residency status and relies on the registrant's affirmation of residency.

Defendant states that she does not use the residency address or location for any purpose except to input the information from the voter registration form into the voter profile in the Arizona Voter Information Database ("AVID").

1   **Defendant does not have any other internal processes or procedures for**
2   **checking citizenship or residence address or location of registered voters or**
3   **registrants.**

4   **The witnesses who have knowledge of how this information is used are as**
5   **follows: Anita Moreno, Yolanda Kory, Rosa Ann Fajardo, Monica Gutierrez, Angel**
6   **Aguilar, Joshua Canchola, Margaret Felix, Rodrigo Robles, Saibet Gastelum,**
7   **Victoria Padilla, Victor Villalobos, Eduviges Covarrubias, Luis Fierro, Alejandro**
8   **Martinez, and Suzanne Sainz.**

9   **INTERROGATORY NO. 3:**

10  Identify and describe each way in which a Voter Registration Applicant's failure
11  to check the Citizenship box on the State Form affects or would affect Your ability to
12  determine whether that person is eligible to register and vote in Arizona, including but
13  not limited to cases where you have DPOC for the Voter Registration Applicant.

14  **RESPONSE:**

15  **Defendant states that regardless of whether the citizenship box is checked,**
16  **Defendant inputs the information from the voter registration form into the voter**
17  **profile in AVID and if there is no DPOC, the Defendant follows the process outlined**
18  **in *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A.***
19  ***Citizenship Requirement,* as summarized in Interrogatory Number 2.**

20  **INTERROGATORY NO. 4:**

21  Identify all sources of citizenship information that are accessible to You or that
22  you anticipate will become accessible to you, and which of those are practicable to use in
23  the ways required by the Challenged Laws including any and all Documents,
24  Communications, or Agreements pertaining to the process to confirm DPOC or DPOR,
25  such as any agreements Your office has to utilize any database or systems (including but
26  not limited to the SAVE system), all documentation concerning the use of such systems
27  to confirm DPOC or DPOR (terms, matching algorithms, rules, criteria, or processes used
28  to conduct database searches), and any Communications pertaining to such database

searches or their results. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to the identified databases.

**RESPONSE:**

Defendant objects to Interrogatory Number 4 as vague, overbroad and unduly burdensome as to "*all* sources of citizenship information" and "*any and all* Documents, Communications or Agreements" pertaining to DPOC or DPOR confirmation, "*all* documentation concerning" search terms and algorithms and other criteria to confirm DPOC or DPOR, "*any* Communications" (broadly defined) about database searches or results, and the expectation that Defendant anticipate what future documents may come into her possession for purposes of verifying citizenship. Further, this request seeks information that is publicly available to Plaintiffs through the EPM and outlines the processes and procedures for checking citizenship and the databases available to Defendant.

Subject to and without waiving the foregoing objections, Defendant states that the sources of citizenship information that are accessible to her are those outlined in *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A. Citizenship Requirement, 1. Valid Forms of DPOC*:

- **Driver Licenses and Identification Cards;**
- **Out-of-State Driver License or Identification Card;**
- **Birth Certificate;**
- **U.S. Passport;**
- **Citizenship and Immigration Documents, specifically (1) a legible copy of the registrant's Certificate of Naturalization or Certificate of Citizenship; or (2) the registrant's Naturalization Certificate Number, Citizenship Certificate Number, or Alien Registration Number; and**
- **Tribal Identification Numbers and Documents.**

Additionally, if Defendant receives a juror questionnaire, forwarded by the court, specifying that the registrant selected that he or she is not a U.S. citizen, Defendant

follows the process outlined in *EPM, Chapter 1, VIII. Voter Registration List Maintenance, B. Secretary of State Duties to Forward Registrant Information, 4. Juror Disclosure of Non-Citizenship*.

Defendant cannot predict what other sources of citizenship information with regard to the Challenged Laws may become available to her and will wait for guidance from the Secretary of State on any implementation of the Challenged Laws.

Defendant utilizes the database or systems as outlined in the *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A. Citizenship Requirement*, and may have correspondence relating to login credentials, invoices, and invitations for user calls. Defendant has been unable to locate agreements for the use of any databases for this purpose, which is likely due to the change in administration in January 2023.

Defendant is unclear how to respond to the request for "all documentation" relating to "terms, matching algorithms, rules, criteria, or processes used to conduct database searches" or how to identify in this response "any Communications pertaining to such database searches or their results." Without further information more precisely defining these terms, Defendant cannot provide a response to this request.

The witnesses who have or are likely to have knowledge or information related to the identified databases are as follows: Anita Moreno, Yolanda Kory, Rosa Ann Fajardo, Monica Gutierrez, Angel Aguilar, Joshua Canchola, Margaret Felix, Rodrigo Robles, Saibet Gastelum, Victoria Padilla, Victor Villalobos, Eduviges Covarrubias, Luis Fierro, Alejandro Martinez, and Suzanne Sainz.

**INTERROGATORY NO. 5:**

Identify and describe each instance where a database search on a Voter Registration Applicant or Registered Voter yielded inaccurate or outdated U.S. citizenship information or a challenge to a voter's registration or ballot relied on

inaccurate or outdated U.S. citizenship information, including but not limited to instances

where the database search or challenge process incorrectly determined a Voter

Registration Applicant or Registered Voter was not a U.S. citizen, and whether such

person flagged as an alleged noncitizen had actually naturalized. Your response should

include both erroneous initial determinations of non-citizenship later corrected or

updated, as well as rejected challenges to a voter's registration or ballot based on

inaccurate, or outdated U.S. Citizenship information or allegations of non-U.S.

citizenship.

**RESPONSE:**

**Defendant objects to Interrogatory Number 5 as overbroad, unduly burdensome, and not proportional to the needs of the case as it requests an identification and description of "each instance" of a database search without a designated time period. Further, Defendant is unable to identify and describe each instance of the requested information since Defendant is unaware of a mechanism that identifies (a) where a database search on a registrant yielded inaccurate or outdated U.S. citizenship information, (b) whether such person flagged as an alleged noncitizen had actually naturalized, (c) any listing of erroneous initial determinations of non-citizenship was later corrected or updated, or (d) any rejected challenges to a voter's registration or ballot based on inaccurate or outdated U.S. Citizenship information or allegations of non-U.S. citizenship.**

**Without further information more precisely defining these terms and establishing a reasonable time period, Defendant cannot provide a response to this request.**

**INTERROGATORY NO. 6:**

Identify and describe Your office's processes and procedures for processing voter

registration applications with nonstandard addresses, including but not limited to all

processes and procedures concerning how You have implemented voter registration and

list maintenance programs for voters with nonstandard addresses, any assistance provided

to a tribe or a tribal, rural, or other resident within Your jurisdiction who uses a

nonstandard address with voter registration, precinct assignment, and/or assigning a

standard residential street address to such Voter Registration Applicants, and the ability

of Voter Registration Applicants to submit a description and/or graphic depiction of their

location of residence, using either the State Form or Federal Form.

**RESPONSE:**

**Defendant states that when a voter registration form is received with a**
**nonstandard address, the form is scanned and Defendant inputs the information**
**from the form into AVID. There are no County processes or procedures relating to**
**implementation of voter registration, list maintenance programs, or assistance to**
**any registrant who uses a nonstandard address.**

**INTERROGATORY NO. 7:**

Identify every type of document a person who resides in a location with only a

Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-

123, including a description of all the elements each document must contain to satisfy the

proof of location of residence requirement and an explanation of the basis of Your belief

that persons who reside in locations with only Nonstandard Addresses have such

documents available to them. Your answer should identify by name any witnesses who

have or are likely to have knowledge or information about the availability of satisfactory

documents for persons residing in locations with only Nonstandard Addresses.

**RESPONSE:**

**Defendant objects to Interrogatory Number 7 as vague, unduly burdensome,**
**and disproportionate to the needs of the case as it requests "every type of**
**document"  and "all the elements" relating to proof of location of residence.**

**Subject to and without waiving the foregoing objections, Defendant states**
**that she has not requested proof of location of residence and it has not been**
**necessary to consider what types of documents would be used for this purpose. As**
**stated in Interrogatory Number 2, Defendant has no duty to verify a registrant's**

**residency status and relies on the registrant's affirmation of residency. Defendant states that she does not use the residency address or location for any purpose except to input the information from the voter registration form into the voter profile in the Arizona Voter Information Database ("AVID").**

**While Defendant does not rely on documents for the location of residence, the witnesses who have or are likely to have knowledge or information related to nonstandard addresses are as follows: Anita Moreno, Yolanda Kory, Rosa Ann Fajardo, Monica Gutierrez, Angel Aguilar, Joshua Canchola, Margaret Felix, Rodrigo Robles, Saibet Gastelum, Victoria Padilla, Victor Villalobos, Eduviges Covarrubias, Luis Fierro, Alejandro Martinez, and Suzanne Sainz.**

**INTERROGATORY NO. 8:**

Identify and describe each method by which Registered Voters or Voter Registration Applicants can appeal, contest, or cure decisions by Your office based on a finding of non-citizenship or absence of DPOC or failure to check the Citizenship Checkbox, failure to prove location of residence or an absence of DPOR, or failure to provide their birthplace on their registration application, including but not limited to the standards applied in considering any such effort to appeal, contest, or cure such decisions, the notice provided to the Voter Registration Applicant or Registered Voter of the outcome of any such effort, any Documents and Communications that describe or explain such methods, standards, and notice, and each instance since January 1, 2017 in which a Registered Voter or Voter Registration Applicant has availed themselves of such methods to appeal, contests, or cure such decision and the outcome of each such effort.

**RESPONSE:**

**Defendant objects to Interrogatory Number 8 as overbroad and imposes a burden on Defendant that is not proportional to the needs of the case as to "any Documents and Communications" for "each instance" in a six-year period of an unidentified appeal process being used by a voter or registrant.**

**Subject to and without waiving the foregoing objections, Defendant follows the process outlined in the *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A. Citizenship Requirement, 2. DPOC Requirement for "Full-Ballot" Voter Designation, b. Registrant's Submission of DPOC* as summarized in Interrogatory Number 2, which outlines the process for the Defendant to notify a registrant how to satisfy the DPOC requirements to become a "full-ballot" voter.**

**The Defendant has no other internal processes for appeal, contest, or cure decisions relating to citizenship on the registration form.**

**INTERROGATORY NO. 9:**

Identify and describe each instance in which You have established that a non-U.S. citizen or non-County resident has registered to vote or has voted in Your County from January 1, 2013 to present, including but not limited to any supporting evidence thereof, any Documents and Communications related to such instance, whether such instance involved misconduct, fraud, or mistake, and any instance in which Your office informed such non-U.S. citizen or non-County resident they were eligible to vote in the County and later determined they were actually ineligible. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to any such instance of a non-U.S. citizen or non-County resident registering or voting in Your County.

**RESPONSE:**

**Defendant objects to Interrogatory Number 9 as overbroad and imposes a burden on Defendant that is not proportional to the needs of the case as to (1) the identification and description of "each instance" in a ten-year period when a non-Citizen or non-County resident has registered to vote or has voted in Santa Cruz County, and (2) "any Documents and Communications" (both broadly defined) related to each instance. Defendant objects to the request to identify witnesses over a ten-year period as she only began her role as County Recorder on January 3, 2023. Further, this request seeks information that is publicly available to Plaintiffs in the**

EPM and outlines the processes and procedures for managing non-U.S. Citizen and non-County voters.

Subject to and without waiving the foregoing objections:

**Non-U.S. Citizen**

Defendant states that she follows the processes and procedures for checking the citizenship of a registrant, as summarized in *EPM, Chapter 1: Voter Registration, II. Voter Registration Requirements, A. Citizenship Requirement* and outlined in Interrogatory Number 2, regarding DPOC, notification by the Defendant, and designation as a "federal-only" voter if DPOC is not provided. Defendant is unaware of any non-Citizen who has registered to vote or voted in Santa Cruz County or any instance when the County informed a non-Citizen that the person was eligible to vote when the person was actually ineligible.

**Non-County Resident**

Defendant follows the processes and procedures for a non-County resident who desires to vote as outlined in *EPM, Chapter 1: Voter Registration, VII. Eligibility to Vote, B. Residency Requirements to Vote in the Next Election, 2. Eligibility When Registrant Moves Within 29-Day Period*, which requires that within the 29-day period before the next election, a non-County resident may update their address at the appropriate polling place for the voter's new address and may vote a provisional ballot on Election Day pursuant to A.R.S. §§ 16-122, 16-135, 16-584. In the alternative, the registrant remains a qualified elector in the former county and must vote in that former county pursuant to A.R.S. § 16-125. Exceptions are made for Military and Overseas voters and Public Officers Posted in a Different County under *3. Exceptions to the 29-Day Residency Requirement*. Defendant is unaware of any instance when the County informed a non-County resident that the person was eligible to vote when the person was actually ineligible.

**Witnesses**

**The witnesses who have or are likely to have knowledge or information related to any such instance of a non-U.S. citizen or non-County resident registering or voting in  Santa Cruz  County are as follows: Anita Moreno, Yolanda Kory, Rosa Ann Fajardo, Monica Gutierrez, Angel Aguilar, Joshua Canchola, Margaret Felix, Rodrigo Robles, Saibet Gastelum, Victoria Padilla, Victor Villalobos, Eduviges Covarrubias, Luis Fierro, Alejandro Martinez, and Suzanne Sainz.**

**INTERROGATORY NO. 10:**

Identify all state and county interests that you believe are furthered by the Challenged Laws and all evidence that either supports or undermines the contention that the Challenged Laws further those interests. Your answer should specify which alleged state or county interest(s) support each challenged provision of the Challenged Laws and the connection between the alleged state or county interests and challenged provisions. Your answer should also identify by name any witnesses who have or are likely to have knowledge or information related to the importance of the state interests identified in this answer and how the Challenged Laws are likely to interact with those interests.

**RESPONSE:**

**Defendant objects to Interrogatory Number 10 as vague and overbroad as to "all state and county interests" and imposes a burden on Defendant that is not proportional to the needs as to "all evidence" to support those interests. Further, the Defendant's belief as to what interests are furthered is not applicable as she had no role in crafting the Challenged Laws and she has no knowledge of any interests as she was not the County Recorder at the time the Challenged Laws were passed by the Legislature. Defendant further objects to the request to identify witnesses who have knowledge or information related to state interests and how the Challenged Laws are likely to interact with those interests as Defendant and her staff are not lobbyists or involved in the legislative process.**

1

**INTERROGATORY NO. 11:**

2

For every Request for Production served on You in this matter, please describe the

3

methodology for Your search for responsive documents and productions, including but

4

not limited to identifying the individuals who assisted in the search, custodians, search

5

terms, date ranges, protocols for retention of metadata, and methods for collection and

6

review for responsiveness and privilege.

7

**RESPONSE:**

8

**Defendant objects to Interrogatory Number 11 because if not already beyond**

9

**the limits, this Interrogatory takes the Interrogatories beyond the presumptive**

10

**discovery limits as proscribed by the rules and the Court's Case Management**

11

**Order.** *See* **Doc. 338, Case Management Order ("Each side may propound up to 25**

12

**interrogatories, including subparts…"). Counting subparts, the Interrogatories sent**

13

**to the Defendant here exceed 25 interrogatories.**

14

**Subject to and without waiving the foregoing objections, the methodology**

15

**included a keyword search by the County's IT Department, specifically Javier De**

16

**La Ossa, assisted by Robert May, Santa Cruz County Civil Bureau Chief, and based**

17

**on discussions with Defendant and Saibet Gastelum. Once IT identified the records,**

18

**undersigned legal counsel reviews for responsiveness and privilege. The date range**

19

**for responding was upon notification of the discovery requests on May 30, 2023 to**

20

**present.**

21

**For the Plaintiff's First Set of Requests for Production, the following search**

22

**terms and date ranges were as follows:**

23

- **REQUEST FOR PRODUCTION NO. 1: None.**

24

- **REQUEST FOR PRODUCTION NO. 2: 2492, 2243, 2617, Arizona**

25

   **Association of Counties, AACO, Jen Marson, Secretary of State, Kori Lorick,**

26

   **Legislature (January 1, 2022 to December 31, 2022).**

27

28

- **REQUEST FOR PRODUCTION NO. 3: U.S. Constitution, Civil Rights Act of 1964, National Voter Registration Act of 1993, impact, legality, constitutionality (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 4: method of registration, quantity of persons registered, voter statistics, naturalized U.S. citizens, documentary proof of citizenship, DPOC, documentary proof of residence, DPOR, Class F driver's license, Federal Form, Federal Only Voters, Congress Only Voters, Full Ballot Voters, state form, LULAC consent decree, vote by mail (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 5: rejected registration (January 1, 2004 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 6: inactive, canceled (January 1, 2004 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 7: None (captured under requests 2, 3 and 4)**
- **REQUEST FOR PRODUCTION NO. 8: 16-165, 16-121.01, Department of Transportation, ADOT, Social Security Administration, SSA, Systemic Alien Verification for Entitlements Program, SAVE, National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 9: None (captured under request 8)**
- **REQUEST FOR PRODUCTION NO. 10: 16-166 (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 11: citizenship status (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 12: None (captured under requests 2 and 8)**

- **REQUEST FOR PRODUCTION NO. 13: 16-143, Attorney General (January 1, 2022 to December 31, 2022).**
- **REQUEST FOR PRODUCTION NO. 14: None – not applicable.**
- **REQUEST FOR PRODUCTION NO. 15: voter fraud, non-citizen voting (January 1, 2010 to December 31, 2022).**

**For the Consolidated Plaintiffs' First Set of Requests for Production, the following search terms and date ranges were as follows:**

- **REQUEST FOR PRODUCTION NO. 1: birthplace, citizenship checkbox, state form (January 1, 2017 to present)**
- **REQUEST FOR PRODUCTION NO. 2: citizenship, residence location, residence address, processes, procedures (January 1, 2022 to September 24, 2022)**
- **REQUEST FOR PRODUCTION NO. 3: voter registrations - cancel, suspense, removal, congressional-only, federal-only, restrict, denial, challenged, notification, cure (January 1, 2022 to present)**
- **REQUEST FOR PRODUCTION NO. 4: voter registration - appeal, contest, cure, citizenship, DPOC, residency, residence address, birthplace, DPOR (January 1, 2022 to present)**
- **REQUEST FOR PRODUCTION NO. 5: nonstandard address, voter registration, list maintenance, tribal, rural (January 1, 2022 to present)**
- **REQUEST FOR PRODUCTION NO. 6: None.**
- **REQUEST FOR PRODUCTION NO. 7: misconduct, fraud, voter confidence, election security, citizenship, residence location, residence address  (January 1, 2022 to present)**
- **REQUEST FOR PRODUCTION NO. 8: early voting, vote by mail, rejection, provisional ballots (January 1, 2022 to present)**
- **REQUEST FOR PRODUCTION NO. 9: racial, ethnic, national origin, language minority communities (January 1, 2022 to present)**

1    • **None for Request for Production Nos. 10, 11 or 12.**

2         **INTERROGATORY NO. 12:**

3    FOR DEFENDANTS MARICOPA COUNTY RECORDER STEVEN RICHER AND

4    PIMA COUNTY RECORDER GABRIELLA CÁZARES-KELLY ONLY:

5         **RESPONSE:**

6    **Not applicable to Santa Cruz County.**

7         DATED this 29th day of June, 2023.

8                                              **PIERCE COLEMAN PLLC**

9

10                                     By: _/s/ Christina Estes-Werther_
                                           Justin S. Pierce
11                                         Christina Estes-Werther
                                           7730 E. Greenway Road, Ste. 105
12                                         Scottsdale, Arizona 85260
                                           Attorneys for Defendant Santa Cruz
13                                         County Recorder Anita Moreno

14

15                          CERTIFICATE OF SERVICE

16         I hereby certify that on June 29, 2023, I transmitted via electronic mail a copy of
17   the foregoing to all parties, care of their respective counsel.

18

19   /s/ Mary Walker

20

21   4866-4918-2535, v. 1

22

23

24

25

26

27

28