# Exhibit 2

Kevin E. O'Malley (Bar No. 006420)
Hannah H. Porter (Bar No. 029842)
Ashley E. Fitzgibbons (Bar No. 036295)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
kevin.omalley@gknet.com
hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com
*Attorneys for Intervenor-Defendants Speaker Toma and President Petersen*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota,<br><br>        Plaintiff,<br><br>v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State, et al.,<br><br>        Defendant.<br><br>AND CONSOLIDATED CASES | No. 2:22-cv-00509-SRB (Lead)<br><br>**INTERVENOR-DEFENDANTS SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN'S ANSWERS TO CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGA-TORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Intervenor-Defendants Speaker of the House Ben Toma and Senate President Warren Petersen (the "Speaker" and "President," respectively), by and through counsel undersigned, hereby answer Consolidated Plaintiffs' First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

The Speaker and President generally object to the interrogatories as follows:

1. The Speaker and President object to each interrogatory to the extent such interrogatory seeks information beyond the scope of discovery as contemplated by the Federal Rules of Civil Procedure. Specifically, the Speaker and President object to the extent such interrogatory seeks information that is not relevant to the parties' claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. The Speaker and President object to each interrogatory to the extent such interrogatory is compound, describing more than one item or distinct category of items, and therefore should count as multiple requests under Federal Rule of Civil Procedure 33.

3. The Speaker and President object to all instructions, definitions, and interrogatories to the extent they seek information not known or reasonably accessible to the Speaker and President on the grounds that such instructions, definitions, and requests seek to require more from the Speaker and President than any obligation imposed by law would subject the Speaker and President to unreasonable and undue oppression, and would seek to impose upon the Speaker and President an obligation to investigate or discover information equally accessible to Plaintiffs.

4. The Speaker and President object to Definition 2, to the extent it defines "Arizona Legislature" to exceed the scope of Federal Rule of Civil Procedure 33. The Speaker and President cannot answer on behalf of every member and staff of the Arizona House of Representatives and Arizona Senate.

5. The Speaker and President object to Definition 5, to the extent it defines "document" to exceed the scope of Federal Rule of Civil Procedure 34.

6. The Speaker and President object to Definition 7 regarding "Nonstandard Address." This definition is vague, subjective, ambiguous and unclear. As defined in Definition 7, "Nonstandard Address" includes <u>but is not limited to</u> certain types of addresses such as addresses that "are not typically geocoded."

7. The Speaker and President object to Definition 9, to the extent it defines "You" or "your" to include "any" successors and predecessors since January 1, 2020, "any past and present employees, staff, agents, assigns, and representatives of the Speaker of the House or Senate President" at any time, and "any other persons or entities that, at any time, acted on behalf or for the benefit of the Speaker of the House or the Senate President." This definition is vague, ambiguous, overbroad, seeks information not reasonably accessible to the Speaker and President, and exceeds the scope of the Federal Rules of Civil Procedure. The Speaker and the President cannot answer on behalf of any person or entity that has ever, at any point in time, acted on behalf of or for the benefit of someone holding the position of the Speaker of the House or the Senate President.

8. The Speaker and President object generally to the interrogatories to the extent they seek information, at least some of which is protected by the legislative privilege, attorney-client privilege, work product doctrine, and/or any other form of protection from disclosure.

9. The Speaker and President expressly incorporate each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein.  Responses to the interrogatories are not intended to be a waiver of any applicable specific or general objection to such request.

Subject to and without waiving its General Objections, and incorporating each of them as warranted, the Speaker and President responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**

1    Identify and describe the purposes of the Challenged Laws, including but not
2 limited to what they were aimed at accomplishing and their anticipated or likely impact or
3 effect. Your answer should also identify by name any witnesses who have or are likely to
4 have knowledge or information related to the purposes or anticipated effects of the
5 Challenged Laws, or evidence thereof.
6    **OBJECTIONS:**
7    The Speaker and President object that this request is vague and ambiguous.
8    The Speaker and President further object that the interrogatory is compound, as it
9 seeks more than one category of information.
10   Furthermore, to the extent this request seeks to compel the Speaker and the
11 President to discuss their legislative activity in connection with the Challenged Laws,
12 such information is protected by the legislative privilege. *See Puente Arizona v. Arpaio*,
13 314 F.R.D. 664 (D. Ariz. 2016); *see also League of Women Voters of Florida, Inc. v. Lee*,
14 2021 WL 5283949 (N.D. Fla. 2021); *Jackson Municip. Airport Auth. v. Harkins,* 67 F.4th
15 678, 2023 WL 3333607 (5th Cir. 2023); *La Union Del Pueblo Entero v. Abbott,* 68 F.4th
16 228, 2023 WL 3494770 (5th Cir. 2023); *In re N. Dakota Legislative Assembly*, No. 23-
17 1600, 2023 WL 3831550 (8th Cir. June 6, 2023).
18   Furthermore, the legislative privilege is individual to each legislator, and therefore
19 the Speaker and President cannot waive the privilege for any other individual legislators.
20   **ANSWER:**
21   Subject to and without waiving the foregoing objections, the Speaker and President
22 respond as follows:
23   The Speaker and the President can only respond to this interrogatory on their own
24 behalf and not on behalf of the Arizona Legislature as a whole or on behalf of any other
25 legislator. It is the Speaker and the President's position that the Challenged Laws allow
26 for the government to ensure that persons who have registered to vote are eligible to vote,

4

1  i.e. that they meet the residence and citizenship requirements to vote under Arizona law. It
2  is the Speaker and the President's position that the Challenged Laws were not intended to
3  discriminate against any individual on the basis of race or national origin.

4        H.B. 2243 "[r]equires a county recorder to cancel the voter registration of a person
5  from whom the county recorder receives and confirms information that the person is not a
6  U.S. citizen, is not an Arizona resident or has been issued a driver's license or
7  nonoperating license in another state. [H.B. 2243] outlines notice requirements prior to
8  cancelling a person's voter registration. [H.B. 2243] requires the Secretary of State (SOS)
9  and a county recorder to compare the voter registration database with prescribed
10  databases." Amended Fact Sheet for H.B. 2243, Arizona State Senate, Fifty-Fifth
11  Legislature, Second Regular Session, July 22, 2022.

12        H.B. 2617 "[r]equires a county recorder to cancel the voter registration of a person
13  for whom the county recorder receives and confirms information that the person is not a
14  U.S. citizen, has been issued a driver license or nonoperating license in another state or is
15  otherwise not a qualified elector. [H.B. 2617] outlines notice requirements prior to
16  canceling a person's voter registration. [H.B. 2617] requires the Secretary of State (SOS)
17  and a county recorder to compare the voter registration database with prescribed
18  databases." Amended Fact Sheet for H.B. 2617, Arizona State Senate, Fifty-Fifth
19  Legislature, Second Regular Session, May 23, 2022.

20        H.B. 2492 "[r]equires a person to provide satisfactory evidence of citizenship in
21  order to be deemed a qualified elector. [H.B. 2492] requires a person to provide proof of
22  location of residence in order to be presumed to be properly registered to vote. [H.B.
23  2492] outlines requirements for verification of citizenship by a counter recorder and the
24  Attorney General (AG)." Fact Sheet for H.B. 2492, Arizona State Senate, Fifty-Fifth
25  Legislature, Second Regular Session, March 8, 2022.

26        Upon information and belief, the members of the Fifty-Fifth Legislature, Second

5

Regular Session of the Arizona Legislature may have knowledge relevant to the above interrogatory; however, the legislative privilege may bar discovery into this topic and the legislative process.

**INTERROGATORY NO. 2:**

Identify each instance in which the Arizona Legislature has established that a non-U.S. citizen has registered to vote in Arizona since January 1, 2016, including any supporting evidence thereof. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to non-U.S. citizens registering to vote in Arizona or evidence thereof.

**OBJECTIONS:**

The Speaker and President object that this interrogatory is overbroad, unduly burdensome and disproportional to the needs of the case.

The Speaker and President further object that this interrogatory is vague and ambiguous. The Speaker and President further object that the interrogatory is compound, as it seeks more than one category of information.

The Speaker and President further object to the extent that this interrogatory seeks information related to the entire Arizona Legislature and all of its members, which is therefore outside the scope of the Speaker and President's knowledge. This request could also call for information protected by the legislative privilege.

**ANSWER:**

Subject to and without waiving the foregoing objections, the Speaker and President respond as follows:

It is not the role of the Arizona Legislature, as a legislative body, to "establish" whether a non-U.S. citizen has registered to vote in Arizona. Enforcement of Arizona's voting laws is a duty of the executive branch.

Upon information and belief, current and former members of the Arizona Attorney General's office may have information related to the enforcement of Arizona's voting laws and whether any individual has violated said laws. Upon information and belief, county officials may also have information related to the enforcement of Arizona's voting laws and whether any individual has violated said laws.

**INTERROGATORY NO. 3:**

Identify each instance in which the Arizona Legislature has established that a non-U.S. citizen has voted in Arizona since January 1, 2016, including any supporting evidence thereof. Your answer should identify by name any witnesses who have or are likely to have knowledge or information related to non-U.S. citizens registering to vote in Arizona or evidence thereof.

**OBJECTIONS:**

The Speaker and President object that this interrogatory is overbroad, unduly burdensome and disproportional to the needs of the case.

The Speaker and President further object that this interrogatory is vague and ambiguous. The Speaker and President further object that the interrogatory is compound, as it seeks more than one category of information.

The Speaker and President further object to the extent that this interrogatory seeks information related to the entire Arizona Legislature and all of its members, and which is therefore outside the scope of the Speaker and President's knowledge. This request could also call for information protected by the legislative privilege.

**ANSWER:**

Subject to and without waiving the foregoing objections, the Speaker and President respond as follows:

It is not the role of the Arizona Legislature, as a legislative body, to "establish" whether a non-U.S. citizen has voted in Arizona. Enforcement of Arizona's voting laws is a duty of the executive branch.

Upon information and belief, current and former members of the Arizona Attorney General's office may have information related to the enforcement of Arizona's voting laws and whether any individual has violated said laws. Upon information and belief, county officials may also have information related to the enforcement of Arizona's voting laws and whether any individual has violated said laws.

**INTERROGATORY NO. 4:**

Identify every type of document a person who resides in a location with only a Nonstandard Address can use to prove the location of their residence under A.R.S. § 16-123, including a description of all the elements each document must contain to satisfy the proof of location of residence requirement and an explanation of the basis of Your belief that persons who reside in locations with only Nonstandard Addresses have such documents available to them. Your answer should identify by name any witnesses who have or are likely to have knowledge or information about the availability of satisfactory documents for persons residing in locations with only Nonstandard Addresses.

**OBJECTIONS:**

The Speaker and President object that this interrogatory is vague and ambiguous. The definition of a "Nonstandard Address" is vague, subjective, and is not a limited definition.

The Speaker and President further object to this interrogatory to the extent it seeks information outside the scope of the Speaker and President's knowledge, especially as it

asks for "Your belief" regarding whether unidentified persons have documents available to them. As noted above, Plaintiffs' definition of "Your" includes "any" successors and predecessors since January 1, 2020, "any past and present employees, staff, agents, assigns, and representatives of the Speaker of the House or Senate President" at any time, and "any other persons or entities that, at any time, acted on behalf or for the benefit of the Speaker of the House or the Senate President." The Speaker and President cannot answer whether these other individuals have or do not have a belief about whether unidentified persons have certain documents available to them.

The Speaker and President further object that the interrogatory is compound, as it seeks more than one category of information.

**ANSWER:**

Subject to and without waiving the foregoing objections, the Speaker and President respond as follows:

It is the Speaker and the President's position that A.R.S. § 16-123 does not provide an exhaustive list of permissible documentation for proof of location of residence. Section 16-123 states that "[a]ny" of the identifying documents prescribed in § 16-579(A)(1) "constitutes satisfactory proof of location of residence." The statute does not specify that such documents are the only acceptable proof of location of residence.

The remainder of the request is overbroad and premature. The Speaker and the President cannot identify "every type of document" any person may use to prove location of residence absent a specific factual context.

Upon information and belief, the Secretary of State may have knowledge or information relevant to this request. Furthermore, to the extent that any of the individual members of the non-U.S. Plaintiffs' groups "reside in a location with only Nonstandard Addresses," they may have knowledge or information regarding which documents are available to them.

9

RESPECTFULLY SUBMITTED this 23rd day of June, 2023.

GALLAGHER & KENNEDY, P.A.

By: */s/ Hannah H. Porter*
Kevin E. O'Malley
Hannah H. Porter
Ashley E. Fitzgibbons
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Intervenor-Defendants
Speaker Toma and President Petersen*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I transmitted via electronic mail a copy of the foregoing to all parties, c/o their respective counsel.

*/s/ Hannah H. Porter*
*Attorneys for Intervenor-Defendants
Speaker Toma and President Petersen*

9554512v1/40847-0004