Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

Kevin E. O'Malley (Bar No. 006420)
Hannah H. Porter (Bar No. 029842)
Ashley E. Fitzgibbons (Bar No. 036295)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.omalley@gknet.com
hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com
*Attorneys for Intervenor-Defendants Speaker Toma and President Petersen*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Mi Familia Vota,

Plaintiff,

v.

Adrian Fontes, in his official capacity as Arizona Secretary of State, et al.,

Defendant.

AND CONSOLIDATED CASES

No. 2:22-cv-00509-SRB (Lead)

**INTERVENOR-DEFENDANTS SPEAKER TOMA AND PRESIDENT PETERSEN'S MOTION FOR LEAVE TO FILE RESPONSE TO DNC'S MOTION TO COMPEL**

Intervenor-Defendants Speaker of the House Ben Toma and Senate President Warren Petersen (the "Speaker" and "President" respectively) hereby move for an order allowing them to file a 5-page response to the Democratic National Committee's Motion to Compel (Doc. 500) to address an issue that Consolidated Plaintiffs[1] raised for the first time in the Motion to Compel, filed approximately an hour after the Speaker and President filed their 10-page brief regarding the discovery dispute (Doc. 499).

Specifically, the Motion to Compel devotes several pages to a new argument that even if there was no waiver of the privilege, the legislative privilege has been "overcome" in this case based on a five-factor balancing test. [*See id.* at p. 3-4, 7-9.] Consolidated Plaintiffs did not raise this issue or take this position in any of the meet-and-confer discussions between counsel, which is confirmed in the written communications attached to the DNC's Motion to Compel. [*See* Doc. 500-1 at p. 45-57.]

Some background is useful on this point. On June 23, the Speaker and President served their initial written responses to the Consolidated Plaintiffs' discovery requests, which included an objection that the information sought was protected by the legislative privilege. [*Id.*, Ex. A, p. 7-16.] After service of those discovery responses, counsel participated in a meet-and-confer call on June 29, 2023. Counsel for the DNC, Christopher Babbitt, sent a letter on July 5 with their summary of the June 29 meet-and-confer discussion. [*Id.*, Ex. C, p. 45-48.]

In that July 5 letter, Consolidated Plaintiffs took the position that the Speaker and President had waived the legislative privilege, relying on the Third Circuit decision, *Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001):

> **Plaintiffs' position.** The non-US plaintiffs' position is that your clients have waived any legislative privilege (i) affirmatively intervening as parties, not just for themselves but "on behalf of their respective legislative chambers";

---

[1] "Consolidated Plaintiffs" refers to all Plaintiffs other than the United States of America.

> (ii) purporting to offer evidence regarding the legislative intent of the challenged legislation; and (iii) leaving open the possibility that your clients or other legislative witnesses might offer evidence in defense of the legislation. *See, e.g., Powell v. Ridge,* 247 F.3d 520, 525 (3d Cir. 2001). Absent a resolution of this critical issue among the parties, we believe the availability and application of the legislative privilege is appropriate to present to Judge Bolton promptly for decision.
>
> . . .
>
> **Plaintiffs' position.** As noted, the non-US plaintiffs' position is that under *Powell* and similar cases, the legislative privilege does not apply where, as here, legislators voluntarily intervene in ongoing litigation against other state officials. Our expectation, therefore, is that your July 10 production will not fulfill our view of your clients' obligations to produce documents in response to our May 17 requests. You stated that you would review the Third Circuit's *Powell* decision in light of our discussion to see if any resolution is possible before the issue is presented to Judge Bolton.

[*Id.*, Ex. C, p. 46, 47.] At no point in the July 5 letter did Consolidated Plaintiffs argue as to the application of the five-factor balancing test or take the position that regardless of waiver, the legislative privilege was overcome in this case.

On July 10, Undersigned counsel sent a response letter explaining why *Powell* was not applicable to this case, including citing to several cases discussing the purposes behind the legislative privilege. [*Id.*, Ex. D, p. 52.] The letter then stated: "Accordingly, we do not agree that the Speaker and the President have put their individual motives and actions at issue in this case or that their intervention effects a waiver of their legislative privilege." [*Id.*]

On July 18, counsel for the parties participated in another meet-and-confer discussion, which largely focused on the draft 30(b)(6) topics circulated by Consolidated Plaintiffs the day before. [*See id.*, Ex. F, p. 68 (noting it was a "DRAFT FOR DISCUSSION ON JULY 18 MEET AND CONFER").] On the call, Mr. Babbitt reiterated the Consolidated Plaintiffs' position that the legislative privilege had been waived. No one from the Plaintiffs' side asserted that the privilege should not apply in this case based on the five-factor balancing test.

Indeed, Mr. Volchok, on behalf of the DNC, described the discovery dispute to the Court at the July 25, 2023 hearing as concerning whether the Speaker and President implicitly waived the privilege by intervening and taking certain positions in the case. He did not assert that the privilege should not apply at all regardless of the alleged waiver.

Accordingly, based on all of the Consolidated Plaintiffs' communications up to that point, the Speaker and President's simultaneous brief stated that the Consolidated Plaintiffs' arguments were limited to the issue of implied waiver, and did not present any argument on the application of the five-factor test applied by Judge Lanza in his recent decision, *Mi Familia Vota v. Hobbs*, ___ F. Supp. 4th ___, No. CV-21-01423-PHX-DWL, 2023 WL 4595824 (D. Ariz. July 18, 2023). [*See* Doc. 499 at 1-2.] Rather, the Speaker and President's brief focused solely upon the implied waiver and 30(b)(6) deposition issues that had been part of the parties' meet-and-confer discussions. [*See* Doc. 499.]

Given this background, to the extent that the Court will consider the Consolidated Plaintiffs' argument that the qualified privilege has been overcome, raised for the first time in their Motion to Compel filed *after* the Speaker and President's brief, the Speaker and President respectfully request that they be given an opportunity to present argument on that issue. Specifically, the Speaker and President request the Court allow the Speaker and President to file a 5-page response limited to that sole issue, which includes addressing Judge Lanza's recent decision cited by Consolidated Plaintiffs. [*See* Doc. 500 at 3-4, 7-9 (citing *Mi Familia Vota v. Hobbs*).]

A proposed order is submitted herewith. The proposed order includes a tentative date for the requested response, but the Speaker and the President can be prepared to file their response within 48 hours of the Court's order.

Undersigned counsel conferred with Mr. Babbitt via phone call and email to seek the Consolidated Plaintiffs' position on this request, but the parties were unable to come to a consensus regarding the requested relief.

RESPECTFULLY SUBMITTED this 10th day of August, 2023.

GALLAGHER & KENNEDY, P.A.

By: */s/ Hannah H. Porter*

Kevin E. O'Malley
Hannah H. Porter
Ashley E. Fitzgibbons
2575 East Camelback Road
Phoenix, Arizona 85016-9225
*Attorneys for Intervenor-Defendants Toma and Petersen*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing.

*/s/D. Ochoa*