Papetti Samuels Weiss McKirgan LLP
Bruce Samuels (State Bar No. 015996)
bsamuels@pswmlaw.com
Jennifer Lee-Cota (State Bar No. 033190)
jleecota@pswmlaw.com
16430 North Scottsdale Road, Suite 290
Scottsdale, AZ 85254
+1 480 800 3530

Wilmer Cutler Pickering Hale and Dorr LLP
Seth P. Waxman, (*pro hac vice*)
seth.waxman@wilmerhale.com
Daniel S. Volchok (*pro hac vice*)
daniel.volchok@wilmerhale.com
Christopher E. Babbitt (*pro hac vice*)
christopher.babbitt@wilmerhale.com
Britany Riley-Swanbeck *(pro hac vice)*
britany.riley-swanbeck@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

Attorneys for the Democratic National
Committee and Arizona Democratic Party

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| MI FAMILIA VOTA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al.,<br><br>Defendants,<br><br>and<br><br>Speaker of the House Ben Toma and Senate President Warren Petersen,<br><br>Intervenor-Defendants. | Case No. 22-00509-PHX-SRB (Lead)<br><br>**CONSOLIDATED NON-U.S. PLAINTIFFS' OPPOSITION TO LEGISLATORS' MOTION TO STAY DISCOVERY RULING PENDING MANDAMUS PETITION**<br><br>No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

| | |
|---|---|
| 1 | LIVING UNITED FOR CHANGE IN ARIZONA, et al., |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al., |
| 5 | Defendant, |
| 6 | and |
| 7 | STATE OF ARIZONA, et al., |
| | Intervenor-Defendants, |
| 8 | and |
| 9 | SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN, |
| 10 | |
| 11 | Intervenor-Defendants. |
| 12 | PODER LATINX, et al., |
| 13 | Plaintiff, |
| 14 | v. |
| 15 | ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al., |
| 16 | Defendants, |
| 17 | and |
| 18 | Speaker of the House Ben Toma and Senate President Warren Petersen, |
| 19 | Intervenor-Defendants. |
| 20 | UNITED STATES OF AMERICA, |
| 21 | Plaintiff, |
| 22 | v. |
| 23 | STATE OF ARIZONA, et al., |
| | Defendants, |
| 24 | and |
| 25 | SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN, |
| 26 | |
| 27 | Intervenor-Defendants. |
| 28 | DEMOCRATIC NATIONAL COMMITTEE, et al., |

|   |   |
|---|---|
| | Plaintiffs, |
| | v. |
| | ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al., |
| | Defendants, |
| | and |
| | REPUBLICAN NATIONAL COMMITTEE, |
| | Intervenor-Defendant, |
| | and |
| | SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN, |
| | Intervenor-Defendants. |
| | ARIZONA ASIAN AMERICAN NATIVE HAWAIIAN AND PACIFIC ISLANDER FOR EQUITY COALITION, |
| | Plaintiff, |
| | v. |
| | ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al., |
| | Defendants, |
| | and |
| | SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN, |
| | Intervenor-Defendants. |
| | PROMISE ARIZONA, et al., |
| | Plaintiffs, |
| | v. |
| | ADRIAN FONTES, in his official capacity as Arizona Secretary of State, et al., |
| | Defendants, |
| | and |
| | SPEAKER OF THE HOUSE BEN TOMA AND SENATE PRESIDENT WARREN PETERSEN, |
| | Intervenor-Defendants. |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARDS............................................................................................................. 2

ARGUMENT ............................................................................................................................ 2

I.    THE LEGISLATORS ARE NOT LIKELY TO SUCCEED IN OBTAINING THE EXTRAORDINARY RELIEF OF MANDAMUS................................................................. 2

    A.    The Legislators Cannot Possibly Show That They Will Likely Establish A "Clear And Indisputable Right" To Mandamus When No Case Supports Their Position And The Most Analogous Precedent Rejects It ............................................................................................. 2

    B.    The Legislators' Relevance Arguments, Far From Showing That The Legislators Will Likely Satisfy The Demanding Mandamus Standard, Are Waived And Meritless ................................................................. 7

    C.    The Legislators Are Not Likely To Succeed With A Mandamus Petition For The Additional Reason That This Court's Order Could Be Upheld On The Alternative Ground That The Legislators' Privilege Is Overcome ........................................................ 8

II.    THE OTHER FACTORS DO NOT SUPPORT A STAY .......................................................... 9

    A.    Irreparable Harm............................................................................................. 9

    B.    Harm To Plaintiffs ....................................................................................... 10

    C.    Public Interest ............................................................................................... 10

III.    A STAY SHOULD BE DENIED PROMPTLY ...................................................................... 10

CONCLUSION ....................................................................................................................... 12

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).............................................................. 5, 6

*Home Indemnity Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322 (9th Cir. 1995)................................................................................................................................5-6

*In re North Dakota Legislative Assembly*, 70 F.4th 460 (8th Cir. 2023)................................. 3

*In re Walsh*, 15 F.4th 1005 (9th Cir. 2021)...................................................................... 1, 4, 6

*Kerr v. U.S. District Court*, 426 U.S. 394 (1976) ................................................................... 2

*Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2000)............................................................................ 9

*Mi Familia Vota v. Hobbs*, ___ F.Supp.3d ___, 2023 WL 4595824 (D. Ariz. July 18, 2023) ..................................................................................................................... 7

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2011).......................................... 4, 9, 12

*Nken v. Holder*, 556 U.S. 418 (2009) ................................................................................ 2, 8

*Powell v. Ridge*, 247 F.3d 520 (3d Cir. 2001) ..................................................................... 3, 4

*Sol v. Whiting*, 2013 WL 12098752 (D. Ariz. Dec. 11, 2013)................................................. 7

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977) ................................................................................................................. 7

**STATUTES AND RULES**

52 U.S.C. §20510................................................................................................................ 11

Arizona Revised Statutes §12-1841 ....................................................................................... 5

Federal Rule of Civil Procedure 37 ...................................................................................... 12

**INTRODUCTION**

Although trial in this case is now just weeks away, Arizona House Speaker Ben Toma and Arizona Senate President Warren Petersen have taken over a full week to ask this Court for a stay pending their supposedly forthcoming mandamus petition. (The legislators notably do not tell this Court when they will file that petition, having evidently done nothing over the past six weeks to prepare for the possibility that this Court might rule against them after reviewing the parties' August 2 briefing.) The legislators' latest effort to use delay in order to avoid complying with the same discovery obligations to which every other party in this case is subject should be denied promptly.

To start, the legislators never even acknowledge the demanding mandamus standard that they must show they are likely to meet, much less say they are likely to meet it. Their silence is no doubt because they are *not* likely to meet the standard—one the Ninth Circuit has made clear is "especially difficult" to satisfy "in the discovery context," *In re Walsh*, 15 F.4th 1005, 1010 (9th Cir. 2021) (quotation marks omitted). The legislators cite no case holding that legislators can voluntarily inject themselves into a lawsuit—as parties—and raise key factual disputes, yet remain immune to the discovery obligations with which all other parties must comply. That failure to cite *any* supporting authority confirms that the legislators' right to the "extraordinary remedy" of mandamus is not remotely "clear and indisputable," as is required for mandamus relief from the Ninth Circuit. *Id.* at 1008, 1010.

The legislators, moreover, largely ignore the alternative argument plaintiffs advanced in their motion to compel: that the legislative privilege, even if not waived here, is overcome. ECF 535 at 5 n.1. That failure independently precludes the conclusion that the legislators will likely obtain mandamus, because if this Court's order can be upheld on that alternative ground—as it can, given that the legislators failed to address the alternative ground and thus waived arguments against it—then the order cannot be a clear abuse of discretion, as required for mandamus.

Finally, though the Court need not reach the other stay factors given the legislators' clear failure to establish likelihood of success in securing mandamus, those other factors do not support the legislators either. A stay should be promptly denied.

## LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The stay applicant bears the burden of showing that a stay is warranted as a matter of judicial discretion. *Id.* In exercising that discretion, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is entitled to success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies." *Id.* at 434. "The first two factors … are the most critical." *Id.*

## ARGUMENT

### I. THE LEGISLATORS ARE NOT LIKELY TO SUCCEED IN OBTAINING THE EXTRAORDINARY RELIEF OF MANDAMUS

The legislators assert (Mot. 3) that they "are likely to prevail on appeal." But by their own account, the legislators are not planning to "appeal." They are planning (Mot. 2) to file a petition for a writ of mandamus. The legislators must therefore show that they are likely to obtain that extraordinary relief. They do not come close to doing so.[1]

#### A. The Legislators Cannot Possibly Show That They Will Likely Establish A "Clear And Indisputable Right" To Mandamus When No Case Supports Their Position And The Most Analogous Precedent Rejects It

As noted, a litigant seeking mandamus must "satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976) (brackets in original) (quotation marks omitted). The legislators cannot conceivably make that showing when they do not cite *any* case embracing their position that

---

[1] Citations to the legislators' motion are to the ECF page numbers at the top of each page.

- 2 -

1  they can voluntarily intervene *as parties* in a lawsuit—and make assertions about core
2  factual disputes, as this Court noted the legislators have done (ECF 535 at 3)—and then say
3  the other side cannot explore those assertions in discovery. (The legislators maintain that
4  position even in their stay motion, asserting (ECF 543 at 6) the right "to present their
5  perspective of the State's interests in the constitutionality of the" challenged laws, while
6  depriving plaintiffs of the ability to challenge that perspective through discovery.") To
7  plaintiffs' knowledge, there is (unsurprisingly) no case permitting this. That alone will
8  foreclose mandamus if the legislators actually seek it, and it assuredly forecloses the
9  legislators from establishing (as the moving parties here) that they are *likely* to prevail with
10 their supposedly forthcoming mandamus petition.

11       The legislators contend, however (Mot.3-4), that *In re North Dakota Legislative*
12 *Assembly*, 70 F.4th 460 (8th Cir. 2023), supports their position. But the legislators there had
13 not voluntarily inserted themselves into the litigation (they were not parties at all), nor did
14 they dispute core factual allegations by the plaintiffs in that case. There was accordingly no
15 question there of whether the legislators had waived the privilege by trying to have things
16 both ways, i.e., defending state statutes in litigation but then refusing to allow the other side
17 to explore and challenge that defense. In fact, the Eighth Circuit *denied* mandamus as to the
18 one part of the district court's ruling that rested on a holding like this Court's, i.e., a holding
19 that the privilege had been waived. *See id.* at 465. If anything, then, the legislators' leading
20 case further undermines the notion that the legislators can meet the extraordinarily high bar
21 required for mandamus.

22       So does the fact that the most relevant precedent, *Powell v. Ridge*, 247 F.3d 520 (3d
23 Cir. 2001), rejects the legislators' position. As this Court recognized, the Third Circuit held
24 in *Powell* that the state legislators there could not do just what the legislators here seek to do:
25 (1) "intervene in the lawsuit, 'citing … the need to articulate to the Court the unique
26 perspective of the legislative branch of the [state] government'"; (2) "'explicitly concur[]' in
27 the other defendants' [dispositive] motion"; and then (3) "assert[] the legislative privilege

28

- 3 -

after the plaintiffs sought discovery." ECF 535 at 3 (quoting *Powell*, 247 F.3d at 522-523) (other quotation marks omitted). It borders on frivolous to say that the Ninth Circuit will *likely* hold that it was "'a judicial usurpation of power or a clear abuse of discretion,'" *Walsh*, 15 F.4th at 1008 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2011)), for this Court to adopt the same conclusion reached in the most analogous case.

The legislators seek to distinguish *Powell* in various ways (Mot. 6-7). As explained below, none of the distinctions has merit. But the more important point is that the legislators cannot prevail simply by distinguishing *Powell*, because doing so would in no way establish that the Ninth Circuit will likely conclude—again in the absence of any case supporting the legislators' position—that the legislators have a clear and indisputable right to mandamus.

In any event, the legislators' distinctions of *Powell* fail.

First, the legislators say (Mot.6) that *Powell* did not find a waiver of privilege. But that is only because, as the legislators acknowledge (*id.*), *Powell* held that the privilege being claimed did not exist at all. That surely does not help the legislators here, because they are claiming the exact privilege *Powell* held did not exist, i.e., "a privilege which would allow [legislators] to continue to actively participate in this litigation … yet allow them to refuse to comply with … every adverse order." 247 F.3d at 525. In other words, it does not matter whether the conclusion is framed as a waiver of a privilege or as the privilege not existing in the first place. What matters is that the machinations being attempted here are not permitted.

Second, the legislators say (Mot.5) that they, unlike their counterparts in *Powell*, intervened pursuant to specific statutory authority (and that this Court's ruling will chill exercises of that authority). The legislators made these arguments previously, and this Court already addressed them. ECF 535 at 3. The legislators do not even acknowledge the Court's reasoning, let alone say a word about why it is supposedly wrong. That seeming inability to answer this Court's reasoning further demonstrates that the Ninth Circuit is not likely to deem that reasoning so gravely wrong as to warrant mandamus.

In any event, this Court's reasoning was not wrong: States cannot grant their legislators an immunity in *federal* court that allows them to flout both basic fairness and the federal rules regarding discovery that apply to all other litigants. In fact, states almost certainly cannot give legislators (or anyone else) a "right" to intervene in federal court at all. A state can designate which officials are authorized to represent its interests in court, but those designees can participate in federal court only to the extent they meet the standards set forth in the federal rules. That is likely why the relevant statute, Arizona Revised Statutes §12-1841(D), authorizes the legislative leadership to participate by filing amicus briefs rather than intervening as full parties subject to discovery under the Federal Rules. *See* ECF 535 at 2. The legislators have only themselves to blame for forgoing that option here.

Finally, the legislators say (Mot.6-7) that this case is unlike *Powell* because they have not "sought to turn the shield of legislative immunity into a sword" (quotation marks omitted). In reality, that is *exactly* what they have done: Again as this Court explained (ECF 535 at 3), the legislators brought themselves into this case voluntarily and brandished a "sword" by denying one of plaintiffs' central claims, i.e., that the laws were enacted with discriminatory intent, then raised a "shield" by asserting that plaintiffs could not engage with that dispute by the legislators. That is archetypal "sword-shield" conduct.

The legislators argue, however (Mot.7) that "[b]ecause the Legislators have not used *privileged* information in their defense, there is no 'sword and shield' problem" (emphasis added). But as the legislators' own cited Ninth Circuit case makes clear, the "problem" is not so limited: That case recognizes the broader principle that "parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). That is exactly the situation here. Indeed, in the very next sentence of their motion, the legislators agree, stating that "[t]he 'overarching consideration' in an implied waiver analysis 'is whether allowing the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party.'" Mot. 7 (quoting *Home Indem. Co. v.*

- 5 -

*Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)). Again, such unfairness is the situation presented here, as the legislators have squarely asserted that the challenged laws were not passed with discriminatory intent—an assertion bearing directly on some of plaintiffs' claims—and then insisted that plaintiffs cannot explore that core assertion in discovery. *Powell* correctly held that allowing that would be grossly unfair, as did this Court.

There is every reason to expect the Ninth Circuit would do the same, because it has held (sitting *en banc* and without dissent, no less) that in this context, a "court … gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720. Here, the legislators have made that choice. As this Court found, they "specifically put their own motives for passing the Voting Laws at issue when denying Plaintiffs' allegations that the Arizona Legislature enacted the Voting Laws with discriminatory intent." EFC 535 at 3. Having done so, they must "give [their] opponent a fair opportunity to defend against it." *Bittaker*, 331 F.3d at 720.

Again, though, even if any of the legislators' proffered distinctions of *Powell* had merit, such that *that* case was not controlling here, that would not remotely show that the legislators are *likely* to convince the Ninth Circuit that it was a clear abuse of discretion for this Court to hold that state legislators cannot voluntarily inject themselves into a lawsuit (including disputing key factual assertions made by the other side) and then assert that the other side cannot seek information to support those assertions. The legislators' position is simply foreign to foundational principles of our adversarial judicial system. This Court—far from committing an extraordinary "judicial usurpation of power," *Walsh*, 15 F.4th at 1008— was entirely correct to reject it. The court of appeals is not likely to conclude otherwise.

**B.     The Legislators' Relevance Arguments, Far From Showing That The Legislators Will Likely Satisfy The Demanding Mandamus Standard, Are Waived And Meritless**

The legislators also argue at length (Mot.5-6, 8-10) that their intent is not relevant to this case. But the legislators did not make that argument to this Court previously. *See* ECF 499. It is therefore waived and hence cannot support the extraordinary relief of mandamus. (The same is true of the legislators' claim that any "waiver … must be closely tailored to the needs of the opposing party in litigating the claim in question." Mot.8 (quotation marks omitted). The legislators made no such argument before, and again cannot show they will likely obtain the extraordinary remedy of mandamus based on an argument they waived.)

In any event, legislative intent plainly *is* relevant. Indeed, as plaintiffs have recounted (ECF 500 at 10), this Court has ordered the production of materials related to the legislative process, explaining—in reliance on Supreme Court precedent—that communications like those sought here "are likely to contain admissible evidence or lead to the discovery of admissible evidence of those legislators' intent in drafting and supporting" legislation. *Sol v. Whiting*, 2013 WL 12098752, at *3 (D. Ariz. Dec. 11, 2013) (Bolton, J.) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977)). Judge Lanza reached a similar conclusion earlier this year. *See Mi Familia Vota v. Hobbs*, ___ F.Supp.3d ___, 2023 WL 4595824, at *10 (D. Ariz. July 18, 2023). And the legislators here have not opposed the production of requested documents on relevance grounds. *See* ECF 500, Ex. C at 2. In light of all this, the legislators have not shown it is likely they will meet the very high mandamus standard. In fact, as noted at the outset, they do not even claim otherwise. Instead, they improperly try to put the burden on plaintiffs, asserting (Mot.10) that "Plaintiffs have not shown that Petersen's and Toma's individual motives are critical to their claims." But even putting aside that something need not be "critical" to be relevant, plaintiffs have no burden here to show anything; it is the legislators' burden to show they are likely to succeed

1  in procuring truly extraordinary relief from the Ninth Circuit. *Nken*, 556 U.S. at 433. They
2  have not done so, and they cannot elide that failure by trying to shift the burden to plaintiffs.

3          **C.      The Legislators Are Not Likely To Succeed With A Mandamus Petition**
4                   **For The Additional Reason That This Court's Order Could Be Upheld On**
5                   **The Alternative Ground That The Legislators' Privilege Is Overcome**

6         Plaintiffs' motion to compel argued (ECF 500 at 10-12) that even if the legislators had
7  not waived their qualified privilege, the privilege was overcome here under the five-factor
8  test that courts have applied. Although this Court did not reach that alternative argument
9  (ECF 535 at 5 n.1), the argument would provide an independent ground to sustain this
10 Court's order on any mandamus petition—which means the legislators must show that they
11 will likely persuade the Ninth Circuit that the order was a clear abuse of discretion as to the
12 alternative argument as well as the waiver argument. They have not done so, for any of three
13 reasons.

14        *First*, their stay motion largely ignores the alternative argument. The motion never
15 mentions the argument expressly, and it says nothing about four of the five factors (dealing
16 only with relevance, as to which the legislators' arguments fail for the reasons given above).
17 The legislators' silence on the alternative argument forecloses the conclusion that they have
18 shown the requisite likelihood of success with a mandamus petition as to that argument.

19        *Second*, the legislators' brief on plaintiffs' motion to compel (ECF 499) made no
20 arguments as to the five-factor test, i.e., no arguments that the privilege was not overcome.
21 Those arguments are thus waived and accordingly cannot provide a basis for mandamus.

22        *Third*, under a proper application of the five-factor test, the privilege is overcome for
23 the reasons plaintiffs previously argued (ECF 500 at 10-12).

24        For all these reasons, this Court's order on plaintiffs' motion to compel could not be a
25 clear abuse of discretion or usurpation of judicial power, as required for mandamus.

26                          \*      \*      \*

The mandamus standard is demanding, and it cannot possibly be met here given that no case endorses the legislators' view that they can join a case and attack the other side but then block the other side from responding in the ways the Federal Rules allow. For that reason and the others given above, the legislators have not shown a likelihood of success in securing the extraordinary remedy of mandamus, so their stay motion must be denied.

## II.  THE OTHER FACTORS DO NOT SUPPORT A STAY

While the Court need not address the other stay factors given the legislators' clear failure to show likelihood of success, those other factors further militate against a stay.

A.  Irreparable Harm. The legislators' lone irreparable-harm argument (Mot.10-11) is that "the disclosure of privileged information constitutes irreparable harm." But any disclosure would be the result of the legislators' voluntary choice to intervene here and engage on core factual disputes. And the Ninth Circuit, like other courts, has made clear that "[s]elf-inflicted wounds are not irreparable injury." *Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2000) (citing decisions of other circuits).

Moreover, the Supreme Court has held that a party is *not* irreparably harmed by the disclosure of (assertedly) privileged information, because any erroneous disclosure generally can be remedied through post-judgment appeal. *Mohawk*, 558 U.S. at 109. "Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." *Id.* In the unlikely event the Ninth Circuit grants the extraordinary relief that the legislators seek, it would presumably do so on an expedited basis (the legislators themselves say so, Mot.1), which would allow this Court to simply exclude the subject evidence from trial (if the Ninth Circuit rules before November 6) or strike it from the record (if the Court rules after trial but before entry of judgment) and tailor its post-trial rulings accordingly. Any potential harm is thus entirely reparable.

      **B.**    <u>Harm To Plaintiffs</u>. Next, the legislators say (Mot.11) that a stay will not harm plaintiffs because (1) plaintiffs are not entitled to the information they seek, (2) plaintiffs have other information to prove legislative intent, and (3) the Ninth Circuit will resolve any mandamus petition the legislators file before trial starts on November 6. The first argument just reiterates the legislators' merits arguments, which fail for the reasons already given. The second point assumes that the information the legislators are withholding constitutes no better evidence of intent than what is already available; there is simply no basis for that assumption—and just the fact that the legislators are so insistent on concealing it strongly suggests otherwise. And the third point is plainly insubstantial: Particularly given their dilatory approach, the legislators cannot guarantee when the Ninth Circuit will rule on any mandamus petition. And regardless, having the issue resolved shortly before November 6 would make it difficult for plaintiffs to receive and review the withheld documents (and depose the legislators) in time to then incorporate the information uncovered into their trial presentation.

      **C.**    <u>Public Interest</u>. Finally, as to the public interest, the legislators again repeat themselves, this time about the purposes of the legislative privilege and the supposed chilling effect of not adequately safeguarding. But even setting aside that the qualified nature of the privilege belies their claim about the grave harm from piercing it, the claim lacks merit where, as here, the privilege has been waived. Indeed, one could make similar "chill" arguments about any order to disclose privileged information, be it attorney-client, doctor-patient, or otherwise. Any such arguments—like the legislator's—would fail because the simple answer is that enforcing a waiver has little or no "chilling" effect given that others who enjoy the privilege know they can avoid the same outcome by not similarly waiving it.

### III.    A STAY SHOULD BE DENIED PROMPTLY

It bears emphasizing the sequence of events that have culminated in the legislators' latest delay tactic. To avoid putting this Court in the position of adjudicating the validity of challenged laws on the eve of the 2024 elections, plaintiffs sued within days of the laws'

enactment (or the expiration of the statutory notice period for suits under the National Voter Registration Act, 52 U.S.C. §20510(b)(2)).  Indeed, the first of these consolidated cases was filed on March 31, 2022, just one day after the first of the challenged laws was signed by the governor.  ECF 1.  And continuing to be mindful of the calendar, plaintiffs served targeted discovery requests on the legislators (four interrogatories and four requests for production, ECF 363, 371), shortly after the legislators' motion to intervene was granted—following their now-debunked assurance that "the existing parties would not suffer any prejudice from the Speaker and President's intervention," ECF 348 at 7 (April 4, 2023).  By contrast, the legislators failed to make timely initial disclosures under Rule 26; requested extensions of time merely to *object* to the plaintiffs' discovery requests; and then took the position in the meet-and-confer discussions that they "do not agree with [the] premise that the Speaker and the President intervened on behalf of their respective chambers," ECF 500-1, Ex. E, even though they expressly intervened "on behalf of their respective legislative chambers," ECF 348 at 4, and now ask this Court for special treatment because they concluded their intervention was necessary to advance "the perspective of the *Legislature*," ECF 543 at 5 (emphasis added).  Moreover, they evidently did nothing for six weeks to prepare for the possibility that this Court would rule against them on plaintiffs' motion to compel, and then waited another eight days to ask this Court to stay its ruling so that they can (at some unspecified future time) get around to trying to persuade the Ninth Circuit that this Court usurped its authority or clearly abused its discretion by agreeing with the Third Circuit's decision in *Powell*.  The Court should firmly reject such gamesmanship.

Trial in this case is approaching rapidly.  If this Court is to have the benefit of a full adversarial presentation on the remaining claims, the legislators' repeated efforts to obstruct the schedule this Court put in place and delay their participation in discovery cannot be tolerated any longer.  Plaintiffs are entitled to the information this Court has directed the

legislators to produce. The Court should deny the stay motion immediately, and for the same reasons should deny the legislators' alternative request for a 10-day stay.[2]

## CONCLUSION

The legislators' stay motion should be denied.

Dated this 25th day of September, 2023.

                                      Respectfully submitted,
                                      PAPETTI SAMUELS WEISS MCKIRGAN LLP

                                      /s/Bruce Samuels
                                      Bruce Samuels

                                      WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                      Seth P. Waxman (*pro hac vice*)
                                      Daniel S. Volchok (*pro hac vice*)
                                      Christopher E. Babbitt (*pro hac vice*)

                                      *Attorneys for the Democratic National Committee and Arizona Democratic Party*

---

[2] Should a stay be granted, plaintiffs anticipate asking this Court to impose sanctions on the legislators under Federal Rule of Civil Procedure 37(b)(2) and *Mohawk*, *see* 558 U.S. at 111.

**CERTIFICATE OF SERVICE**

On this 25th day of September, 2023, I caused the foregoing to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Bruce Samuels
Bruce Samuels