Tyler Green*
Cameron T. Norris*
Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Attorneys for Intervenor-Defendant*

*admitted pro hac vice

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al.,<br>　　　　　Plaintiffs,<br>v.<br><br>Adrian Fontes, et al.,<br><br>　　　　　Defendants.<br>──────────────────────<br>**AND CONSOLIDATED CASES** | Case No: 2:22-cv-00509-SRB (Lead)<br><br>**INTERVENOR REPUBLICAN NATIONAL COMMITTEE'S MOTION FOR ENTRY OF RULE 54(B) JUDGMENT** |

**INTRODUCTION**

A partial final judgment is warranted when a court has resolved a claim and there is no just reason for delay. *See* Fed. R. Civ. P. 54(b); *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). A straightforward application of these two factors confirms that a partial final judgment is warranted on several claims resolved in this Court's summary judgment order. *See* Doc. 534.

The Court fully resolved the claims on which it granted summary judgment. On September 14, the Court issued a summary judgment order on "issues that could be adjudicated without discovery." Doc. 534 at 6. The Court resolved several claims, and it reserved others for trial. The legal claims the Court resolved are final—they require no factual development, no litigation, and no further decisions by the Court. The only thing preventing the parties from immediately appealing those claims is the need for a final judgment.

There is no just reason for delay on these fully resolved claims. A final judgment on the purely legal issues the Court recently resolved is necessary to ensure final resolution of those claims before the 2024 elections. Delaying appeal of those issues serves no benefit—it will only prejudice the parties, cause confusion for voters, and muddle later appeals. Thus, the Republican National Committee respectfully requests that the Court enter a final judgment on the claims resolved in the following orders:

- The Court's order that Section 6 of the NVRA preempts H.B. 2492's restriction on registration for presidential elections.
- The Court's order that Section 6 of the NVRA preempts H.B. 2492's restriction on registration for voting by mail.
- The Court's order that H.B. 2243 violates Section 8(c) of the NVRA by allowing systematic cancellation of registrations within 90 days of an election.
- The Court's order that the checkbox requirement violates the Materiality Provision of the Civil Rights Act when an applicant provides evidence of citizenship.

- The Court's order that Arizona must abide by the LULAC Consent Decree and register otherwise eligible state form users without documentary proof of citizenship for federal elections.
- The Court's order that Arizona may not reject any state form without accompanying documentary proof of citizenship.

## ARGUMENT

Rule 54(b) allows district courts to enter partial final judgments. When an action involves multiple claims or parties and "there is no just reason for delay" of an appeal, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). There are two steps to a Rule 54(b) judgment. First, the court "must render 'an ultimate disposition of an individual claim.'" *Pakootas*, 905 F.3d at 574. Second, the court "must find that there is no just reason for delaying judgment on this claim." *Id.* Both elements are met here: the RNC seeks final judgment on only the legal issues that the Court has definitely resolved, and a final judgment and appeal of those claims would simplify the case before the upcoming elections and avoid the *Purcell* issues that a later judgment would inevitably run into.

**1.  The Court reached a final decision on the merits of the purely legal claims.**

When claims are "'separate and distinct' from the remainder of the counts in the complaint," they are appropriate candidates for a partial final judgment. *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991). The Ninth Circuit takes a "pragmatic approach" to differentiating claims. *Pakootas*, 905 F.3d at 575.

The claims on which the RNC seeks a final judgment are distinct legal issues. This Court has already confirmed that by ordering the parties to brief "only legal issues," Doc. 362, and resolving only claims "that could be adjudicated without discovery." Doc. 534 at 6. In resolving these claims, the Court concluded there were no "genuine issues of material fact" as to whether the NVRA requires Arizona to use the federal registration

form for presidential elections and mail-in voting. Doc. 534 at 9. The Court ruled that, as a matter of law, H.B. 2243's systematic removal program violates the 90-day safe harbor provision in the NVRA. Doc. 534 at 9. It found that whether Arizona's laws violate the materiality provision of the Civil Rights Act is also "a question of law." Doc. 534 at 24. Finally, as to whether the NVRA requires Arizona to register state form applicants who don't submit proof of citizenship for federal elections, the Court ruled that "[t]his claim is resolved by the existing LULAC Consent decree." Doc. 534 at 21. In sum, all orders on which the RNC seeks a final judgment are purely legal issues that are "'separate and distinct' from the remainder of the counts in the complaint." *Ariz. State Carpenters Pension Tr. Fund*, 938 F.2d at 1040.

Indeed, the Court has already separated these legal claims from the factual claims that will proceed to trial, making this a straightforward Rule 54(b) situation. In more difficult cases, even "[c]laims with partially 'overlapping facts' are not 'foreclosed from being separate for purposes of Rule 54(b).'" *Pakootas*, 905 F.3d at 575 (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005)); *see also Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979) ("[T]hat some facts are common to all of [Plaintiffs'] 'theories of recovery'" does not mean there aren't "multiple claims."). But claims remain distinct when, for example, "each requires a factual showing not required by the other." *Pakootas*, 905 F.3d at 575. This case is easier, since the Court's order resolved legal claims that required *no* factual showings.

In addition, the Court's decision on these claims is final. "A decision is final under 28 U.S.C. § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Ariz. State Carpenters Pension Tr. Fund*, 938 F.2d at 1039 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)). The RNC moves for final judgment only on claims that the Court has definitely resolved. *See* Doc. 534 at 33-35. Those claims require no further litigation from the parties, and the

only action they require from the Court is to "execute the judgment." *Id.* There is no reason the Court should wait months from now to execute the judgment.

### 2. There is no just reason to delay appeal of the purely legal issues the Court has already resolved.

Rule 54 "was adopted specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015) (cleaned up). Courts must consider two elements to determine whether there is "no just reason for delaying judgment." Fed. R. Civ. P. 54(b). First, courts determine "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel*, 810 F.3d at 628 (alteration in original) (quoting *Wood*, 422 F.3d at 879). That question overlaps with the first part of the Rule 54(b) test and is satisfied for the same reasons: the legal issues the RNC seeks to appeal are distinct from the other claims in this case. Second, courts must assess "equitable concerns," which "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). Those equitable concerns favor immediate appeal to resolve several important legal issues before the 2024 election. There is no just reason to delay resolution of those issues.

*First*, the claims the RNC seeks to appeal "rest on entirely independent legal theories and facts as compared to the still-pending claims" that will proceed to trial. *Downing v. Lowe's Cos.*, No. 3:22-cv-8159, 2023 WL 4867608, at *2 (D. Ariz. July 31, 2023). Given that this case is a consolidation of eight different cases with eight different complaints, it is unsurprising that it is a good candidate for a Rule 54(b) judgment. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (holding that "when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals," even without a Rule 54(b) judgment).

4

In any event, Rule 54(b) "does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would 'streamline the ensuing litigation.'" *Jewel*, 810 F.3d at 628 (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)). It makes no sense to delay final resolution of discrete legal issues for months while the parties finish litigating unrelated, factually independent claims. The outcome of the trial will have no bearing on the already-resolved legal issues, and the outcome of an appeal will have no bearing on the still-pending trial claims. Thus, "this is *not* the sort of case where the 'legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts.'" *Downing*, 2023 WL 4867608, at *2 (quoting *Wood*, 422 F.3d at 880).

*Second*, delaying final judgment on the resolved claims will result in prejudice. The RNC and the State suffer prejudice because their right to appeal the resolved claims is indefinitely deferred until the Court enters a final judgment. They are thus forced to wait until the other claims "are resolved and final judgment is entered" after trial and post-trial proceedings, while the already-resolved claims "merely 'stagnate.'" *Id.* Those "equities weigh in favor of granting" a Rule 54(b) judgment even though the harm of delayed appeal is "not novel." *Id.* But delay will cause novel harms, too.

The most pressing reason for a final judgment is to resolve these issues before the 2024 elections. If the Court waits for all claims to be resolved before entering final judgment, it will likely be months before the Court issues a final judgment on *any* claim. Entering final judgment on that timeline runs headlong into the *Purcell* principle, which is a "bedrock tenet of election law." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring in grant of stay applications). The *Purcell* principle holds that "federal district courts ordinarily should not enjoin state election laws in the period close to an election." *Id.* At 879 (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)). Injunctions

5

barring the enforcement of election laws cause "voter confusion" that encourages voters to stay "away from the polls." *Purcell*, 549 U.S. at 4-5.

Arizona's elections are around the corner. The next election on March 12, 2024, is only five months away. *See Secretary of State Adrian Fontes 2023-2024 Election Calendar*, Ariz. Sec'y of State 16 (Sept. 13, 2023), https://bit.ly/3F1omn8. The presidential preference primary election is the following week. *See id.* Registration deadlines for those elections are in February. *See id.* at 14. And preparations begin as early as December—just two months out. *See id.* at 12. The Supreme Court applied *Purcell* to an election that was "about four months" away in *Milligan*. 142 S. Ct. at 88 (Kagan, J., dissenting). And the Eleventh Circuit found that four months "easily falls within" *Purcell*'s reach. *League of Women Voters of Fla. v. Fla. Sec'y of State*, 32 F.4th 1363, 1371 (11th Cir. 2022). Other courts have applied *Purcell* six months before an election. *Thompson v. Dewine*, 959 F.3d 804, 813 (6th Cir. 2020). In each of these cases, the Courts measured from the time when the State would have to implement a disruptive change. *See Milligan*, 142 S. Ct. at 88 (Kagan, J., dissenting) (Election is "four months from now."); *League of Women Voters*, 32 F.4th at 1371 ("[D]istrict court … issued its injunction" when the next election was "set to begin in *less* than four months"); *Thompson*, 959 F.3d at 813 ("[M]oving or changing a deadline or procedure now will have inevitable, further consequences."). Every day that passes increases the risk that a final judgment will cause greater disruption and confusion for the 2024 elections. Resolving at least some of the issues in this case before those elections will preserve voters' confidence and promote reliable election administration.

The prejudice of delay is greater here because the county recorders have agreed not to enforce most provisions of the laws while the litigation is ongoing. The Court granted the county recorders extensions to respond to Plaintiffs' discovery requests "conditioned upon them providing written assurances to this Court that voter purges are not being implemented and will not be implemented until further direction is received

from the Secretary of State." Doc. 233 at 3. Subsequent discovery has confirmed that all or nearly all the counties also have declined to substantively implement provisions that do not entail "voter purges" (*i.e.*, the cancellation or change in status of existing registrations), including provisions that are the subject of this Court's partial summary judgment order. A final judgment would allow some of those issues to be resolved on the merits before the election, rather than by assurances and agreements.

Finally, a final judgment will simplify not only the appeal of the legal issues in this motion, but also the likely appeal of other claims after trial. The party moving for a Rule 54(b) judgment does not need to show "harsh or unusual circumstances." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980). Rather, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted). A separate appeal will permit the parties and the Ninth Circuit the chance to give each issue the time and attention it deserves. Waiting for a host of other unrelated issues to come all at once will only increase briefing burdens and further delay resolution of the case.

## CONCLUSION

For the foregoing reasons, this Court should issue a final judgment on the claims outlined in this motion.

RESPECTFULLY SUBMITTED this 10th day of October, 2023.

By: */s/ Kory Langhofer*

| | |
|---|---|
| Cameron T. Norris* | Kory Langhofer, Ariz. Bar No. 024722 |
| Gilbert C. Dickey* | Thomas Basile, Ariz. Bar. No. 031150 |
| CONSOVOY MCCARTHY PLLC | STATECRAFT PLLC |
| 1600 Wilson Blvd., Ste. 700 | 649 North Fourth Avenue, First Floor |
| Arlington, VA 22209 | Phoenix, Arizona 85003 |
| (703) 243-9423 | (602) 382-4078 |
| cam@consovoymccarthy.com | kory@statecraftlaw.com |
| gilbert@consovoymccarthy.com | tom@statecraftlaw.com |

Tyler Green*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
tyler@consovoymccarthy.com

*admitted pro hac vice

*Attorneys for Intervenor-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*/s/ Kory Langhofer*