**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., <br><br> Defendants. <br><br> AND CONSOLIDATED CASES. | Case No. 2:22-cv-00509-SRB (Lead) <br><br><br><br><br><br><br><br><br> No. CV-22-00519-PHX-SRB <br> No. CV-22-01003-PHX-SRB <br> No. CV-22-01124-PHX-SRB <br> No. CV-22-01369-PHX-SRB <br> No. CV-22-01381-PHX-SRB <br> No. CV-22-01602-PHX-SRB <br> No. CV-22-01901-PHX-SRB |

**PLAINTIFFS' MOTION IN LIMINE TO**

**EXCLUDE WITNESSES AND MATERIALS NOT TIMELY DISCLOSED**

Plaintiffs file this motion in limine to prevent Defendants from introducing in their cases-in-chief one witness that was not disclosed in Defendants' Rule 26(a)(1) initial disclosures or any supplemental disclosures and whose knowledge or relevance was not raised in any depositions. In addition, Plaintiffs file this motion to exclude certain exhibits on Defendants' exhibit list (Defense Exhibits 78, 81, 82, 86, 88, and 191) that were not timely produced by Defendants. Pursuant to Local Rule 7.2(l), Plaintiffs conferred with Defendant Attorney General and Intervenor-Defendants on October 16, 2023 regarding this motion, and Defendants oppose this motion. The Defendant Secretary of State takes no position on this motion.

In response to their obligations to disclose "the name[s] . . . of each individual likely

to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1) the Defendants made minimal initial disclosures, *see* Exs. 1-4, entirely inconsistent with their 29-person Rule 26(a)(3)(A)(i) list of fact witnesses. And although Defendants (or at least the Secretary of State and Attorney General) provided voluminous discovery in response to requests for production, their exhibit list contains six proposed exhibits that were never produced in discovery.

At this point in the proceeding, any effort by Defendants to call witnesses who were not specifically named in their initial disclosures or introduce exhibits that were not previously produced to Plaintiffs would inevitably prejudice Plaintiffs and should be excluded under Rule 37.

**Background**

1. Pursuant to the Court's February 6, 2023 Order, initial disclosures were due on February 10, 2023. ECF 264.

2. The Defendants made minimal efforts to identify witnesses in their initial disclosures. The Secretary of State identified a single witness – the State Elections Director. *See* Ex. 1 (2/10/23 SoS initial disclosures). The State of Arizona and the Arizona Attorney General stated they were "not aware of any individuals likely to have discoverable information." *See* Ex. 2 (2/10/23 State/AG initial disclosures at 2). The RNC Intervenors and the Legislative Intervenors identified no one other than the parties to the litigation. *See* Ex. 3 (2/10/23 RNC initial disclosures); Ex. 4 (6/27/23 Intervenors initial disclosures).

3. The RNC and the Legislative Intervenors never supplemented their disclosures.

4. On August 14, 2023 – the last day of the twice-extended written discovery period, ECF 472 – the Attorney General served a supplemental disclosure that identified fifteen employees of various County Recorder's offices, an employee of the Arizona Department of Transportation, and seven catchall categories covering all "officials and

employees" from various federal, state, and local governmental entities without identifying a single one. Ex. 5. The Attorney General did not identify any employees of its own office; nor did it identify any employees of the Secretary of State. Each of the sixteen individuals specifically identified by the Attorney General was put forward by a Defendant in response to a Rule 30(b)(6) notice and was deposed in this case.

5. On October 6, 2023 – well after the end of discovery – the Secretary of State served supplemental disclosures identifying the same sixteen individuals identified in the Attorney General's supplemental disclosures, as well as three employees of the Secretary of State's Office (only one of whom, Colleen Connor, had been previously disclosed). Like the Attorney General, the Secretary of State also listed unnamed "current and former" employees of five federal, state, and local governmental entities. Ex. 6.

6. On October 13, 2023, Defendants served a Rule 26(a)(3)(A)(i) witness list identifying one "shall call" and 28 "may call" fact witnesses. Of these, only two witnesses (Colleen Connor and Dana Lewis) had been identified by any Defendant in their initial disclosures. Fourteen more of the witnesses were identified by Defendants in any supplemental disclosures. Nearly half—or fourteen of the individuals listed by Defendants on their witness list—were never identified by any Defendant in either their initial or any supplemental disclosures.

7. While Plaintiffs deposed most of these witnesses during fact discovery, Defendants' only "shall call" fact witness—Matthew Martin—was never disclosed in discovery and has not been deposed. Plaintiffs do not seek to exclude the witnesses who they did depose during fact discovery, but there is no excuse for Defendants' failure to identify Mr. Martin before the end of discovery. As a result, Plaintiffs now seek an order from this Court prohibiting Defendants from offering testimony from this previously undisclosed and unidentified witness at trial.

8. Defendants' Rule 26(a)(3)(A)(iii) exhibit list similarly contains six exhibits that were never produced in discovery. Plaintiffs similarly move to exclude these

3

previously undisclosed exhibits.

**ARGUMENT**

Under Rule 37, Defendants should be precluded from introducing any witnesses at trial other than those included in their Rule 26(a) initial disclosures. "[T]he purpose of Federal Rule of Civil Procedure 26 […] is to prevent gamesmanship and surprise." *Haro v. GGP-Tucson Mall LLC*, No. CV-17-00285-TUC-JAS, 2019 WL 369269, at *1 (D. Ariz. Jan. 30, 2019). Rule 37 "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). The party facing exclusion of evidence has the burden of showing that a failure to comply with Rule 26 was "substantially justified or harmless." *Id.* (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

Here, Defendants unquestionably violated their disclosure obligations. Defendants seek to present testimony from a Maricopa County employee—their only "shall call" fact witness—whom they never disclosed pursuant to Rule 26(a)(1), interrogatory responses, or Rule 26(e). In addition, Defendants' exhibit list includes six documents that they did not produce in discovery, including a "2004 General Election Publicity Pamphlet (contains information about Prop. 200)," "EAC's request for comment on AZ's request to include additional proof-of-citizenship instructions on the Federal Form," "AZ's comment in response to the EAC's request, with exhibits," "Summary of Significant Updates in Final 2019 EPM from 2014 EPM," and the "U.S. State Department's Foreign Affairs Manual, 8 FAM 403.4, 'Place of Birth,'" which were never turned over in discovery.[1]

When assessing whether a disclosure violation may be excused because it is "substantially justified or harmless," the Court is to consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the

---

[1] Each of these exhibits is also subject to additional objections, including hearsay, as identified on the Defendants' exhibit list submitted with the Joint Pre-Trial Order.

surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Haro*, 2019 WL 369269, at *2 (quoting *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)).

Factor 1. *Surprise*:  Here, none of the Defendants ever previously disclosed that they believed that Maricopa County employee Matthew Martin, their sole "shall call" witness, was likely to have discoverable information that Defendants would use to support its defenses.  Unaware of the existence of this witness, Plaintiffs had no reason to seek to depose him during the discovery period.  If one of the points of Rule 26 is to "prevent gamesmanship and surprise," certainly having to prepare to cross-examine an undisclosed County employee is unfair and should not be permitted.

It is no answer that Mr. Martin arguably falls within one of the seven catchall "officers and employees" categories that the Attorney General identified in its August 14, 2023 supplemental disclosure.  These catchall categories did not provide fair notice that Defendants intended to call Mr. Martin as a trial witness—read literally, the catchalls cover "current and former officials and employees" of approximately 35 separate government agencies, a universe that literally includes tens of thousands of people.  This is not sufficient or reasonable disclosure under Rule 26(a)(1).  *See, e.g.*, *Global Force Entmt. v. Anthem Wrestling*, 468 F. Supp.3d 969, 973 (M.D. Tenn. 2020).

Similarly, Defendants never produced in discovery six documents on their exhibit list and Plaintiffs did not have the ability to question witnesses about them during depositions, nor consider whether they might want to identify and call witnesses to address them, or offer other exhibits in response to them.

Factor 2. *Ability to Cure Surprise*: Plaintiffs are unable to cure the prejudice as the deadline for written discovery closed two months ago, the deadline for fact witness depositions was September 1, 2023, and trial begins in three weeks.  There is no justification for Defendants' failure to timely disclose this witness or these exhibits, each

5

of which was responsive to discovery served on the Defendants.  As a result of Defendants' failure to timely disclose Mr. Martin during fact discovery, Plaintiffs have been deprived of the ability to inquire as to the testimony of Mr. Martin, test that testimony through a deposition and investigation, or consider, identify and offer any counter witnesses or evidence if necessary.  Similarly, Plaintiffs have not been able to fully digest the exhibits not previously disclosed in order to meaningfully incorporate their contents into their trial strategy.  *See, e.g.*, *Vanderberg v. Petco Animal Supplies Store, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018) (upholding district court finding that party was "seriously prejudiced" by disclosure that occurred "after the close of discovery, and just two months before trial").  At a minimum, Plaintiffs should be allowed to depose Mr. Martin in advance of his testimony at trial.

Factor 3: *Disruption of Trial*: Because the Defendants concealed Mr. Martin's identity, neither Plaintiffs nor this Court know what Mr. Martin will say, so any witnesses to rebut their testimony will need to be identified and added to Plaintiffs' witness list on the fly.  Similarly, because Plaintiffs were not provided the six challenged exhibits in discovery, neither Plaintiffs nor the Court know what additional evidence the Plaintiffs may want to admit to ensure the record is complete.  Given the timing of Defendants' disclosure of Mr. Martin and these exhibits mere weeks before trial is to start, forcing Plaintiffs to depose Mr. Martin or to reopen previously taken depositions to inquire about the previously unproduced documents at the last minute would impose a burden.  Already, during that time, the parties will not only be preparing for trial, but the parties will also be taking and defending the depositions of no less than nine expert witnesses. Adding another deposition of a witness who Defendants could have easily disclosed during the normal course of fact discovery will severely disrupt this preparation and prejudice Plaintiffs.  Moreover, there is not time to reopen previously taken depositions to inquire about the previously unproduced documents.  The most fair resolution is excluding the exhibits and testimony at issue.

<div style="padding-left: 2em;">

Factor 4: *Importance of the Evidence*: Defendants have provided no explanation of the significance or importance of Mr. Martin as a witness or the six previously undisclosed exhibits. Certainly, the fact that no Defendant thought that Mr. Martin was "likely to have discoverable information" that, per Rule 26(a)(1), could "support [their] defenses" suggests that the information he would testify to at trial is not very important. Similarly, most of the previously unproduced documents Defendants identified on their exhibit list concern materials concerning events that happened prior to 2020 (as far back as 2004) which only have tangential relevance to the Challenged Provisions.

Factor 5: *Explanation for Failure to Name*: Defendants have provided no explanation for their failure to identify Mr. Miller in their initial disclosures, their interrogatory responses, or their failure to identify him in any supplemental disclosure. Nor is there any justifiable reason that Defendants would have been unable to identify which witness they believe has relevant information until long after the close of discovery. *See, e.g.*, *Falconer v. Penn Maritime, Inc.*, 232 F.R.D. 37, 38-40 (D. Maine 2005) (excluding as witnesses two party employees that were not identified during discovery and that the party failed to list on its initial disclosures); Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because it has not fully investigated the case"). This factor weighs heavily against Defendants. Similarly, Defendants have not provided any explanation for failing to previously produce the exhibits at issue.

</div>

## CONCLUSION

For the reasons stated herein, the Court should preclude Defendants from introducing Mr. Miller's testimony or that of any witnesses in their case-in-chief other than those listed in their Rule 26 disclosures, or from using as exhibits any materials not produced to Plaintiffs before the close of discovery, including Defense Exhibits 78, 81, 82, 86, 88, and 191.

| | |
|---|---|
| /s/ John A Freedman<br>**ARNOLD & PORTER**<br>**KAYE SCHOLER, LLP**<br>John A. Freedman*<br>Jeremy Karpatkin*<br>Erica McCabe*<br>Leah Motzkin*<br>601 Massachusetts Ave., N.W.<br>Washington, D.C. 20001<br>John.Freedman@arnoldporter.com<br>Jeremy.Karpatkin@arnoldporter.com<br>Erica.McCabe@arnoldporter.com<br>Leah.Motzkin@arnoldporter.com<br>(202) 942-5000 | **FAIR ELECTIONS CENTER**<br>Jon Sherman*<br>Michelle Kanter Cohen*<br>Beauregard Patterson*<br>1825 K St. NW, Ste. 450<br>Washington, D.C. 20006<br>jsherman@fairelectionscenter.org<br>mkantercohen@fairelectionscenter.org<br>bpatterson@fairelectionscenter.org<br>(202) 331-0114 |
| **ARIZONA CENTER FOR LAW**<br>**IN THE PUBLIC INTEREST**<br>Daniel J. Adelman (AZ Bar No. 011368)<br>352 E. Camelback Rd., Suite 200<br>Phoenix, AZ 85012<br>danny@aclpi.org<br>(602) 258-8850 | **ARNOLD & PORTER**<br>**KAYE SCHOLER, LLP**<br>Leah R. Novak*<br>Andrew Hirschel*<br>250 West 55th Street<br>New York, NY 10019<br>Leah.Novak@arnoldporter.com<br>Andrew.Hirschel@arnoldporter.com<br>(212) 836-8000 |

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

*Admitted Pro Hac Vice

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.2(l), I hereby certify that I conferred with Defendant Attorney General and Intervenor-Defendants on October 16, 2023 regarding this motion, and understand Defendants oppose this motion. I also understand the Defendant Secretary of State takes no position on this motion.

Dated: October 16, 2023  /s/ *John A. Freedman*
John A. Freedman

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I served the foregoing **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE WITNESSES AND MATERIALS NOT TIMELY DISCLOSED** on counsel of record for all parties by filing on ECF.

Dated: October 16, 2023  /s/ *John A. Freedman*
John A. Freedman