Tyler Green*
Cameron T. Norris*
Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Attorneys for Intervenor-Defendant*

*admitted pro hac vice

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., <br>     Plaintiffs, <br> v. <br><br> Adrian Fontes, et al., <br><br>     Defendants. <br> _____ <br><br> **AND CONSOLIDATED CASES** | Case No: 2:22-cv-00509-SRB (Lead) <br><br> **INTERVENOR REPUBLICAN NATIONAL COMMITTEE'S MOTION IN LIMINE RE: THE ADMISSIBILITY OF LEGAL OPINIONS** |

**INTRODUCTION**

Throughout discovery, Plaintiffs have elicited opinions from lay witnesses regarding the legality of the challenged laws. Plaintiffs' exhibit and witness lists also show that they intend to offer evidence of the various witnesses' opinions of certain legal theories, such as whether the challenged laws are preempted, constitutional, or have an adequate legal basis.

None of that evidence is admissible. The legality of the challenged laws is a legal question decided by the Court—not a matter of fact that depends on testimony of lay witnesses. Whether one of the county defendants *believes* H.B. 2492 is preempted by federal law has no relevance in determining whether H.B. 2492 *as a matter of law* is preempted.

Plaintiffs should thus not be permitted to elicit testimony or introduce evidence about the opinions of individuals or groups concerning the legality of the challenged provisions. Such testimony and evidence are improper, irrelevant, prejudicial, and will only delay an already complex and lengthy trial. The Court should thus grant this motion in limine.

**ARGUMENT**

Generally, "[i]f a witness is not testifying as an expert," that witness's opinion is inadmissible. *See* Fed. R. Evid. 701. Under limited circumstances, a lay witness's opinion *may be* admissible testimony if it meets three criteria: (1) the opinion must be "rationally based on the witness's perception," (2) the opinion must be "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) the opinion cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* "The lay witness may not, however, testify as to a legal conclusion…." *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). That is because "[r]esolving doubtful questions of law is the distinct and exclusive province of

the trial judge." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citation omitted).

Nevertheless, discovery has demonstrated that Plaintiffs intend to introduce improper opinion evidence about the legality of the challenged laws. For example, in depositions Plaintiffs have repeatedly asked witnesses their opinions as to whether the challenged laws are have an adequate legal basis or are preempted by federal law. *See, e.g.*, Tr. of Pima County Recorder Depo. at 110:14-15 (Aug. 8, 2023) ("[T]his bill also violates federal law."); Tr. of Coconino County Recorder Depo. at 36:10-11 (Aug. 23, 2023) (opining that the challenged law "goes against the NVRA"); *id.* 54:6-55:16 (confirming interrogatory response opining that the birthplace requirement violates the Civil Rights Act); Tr. of Ariz. Secretary of State Depo. at 110:22 - 111:5 (Sept. 7, 2023) (identifying a "number of provisions that [the Secretary of State has] determined conflict with federal law"). Plaintiffs are poised to present additional legal opinions as "evidence" during trial. *See, e.g.*, Plaintiffs' Witness List (identifying two former Arizona legislators who, despite having opposed the bills, will opine on the "merit" and "legality" of the challenged laws). This evidence is inadmissible for at least three reasons.

First, none of the opinion evidence meets Rule 701's requirements for lay witness testimony. The opinion evidence is not "rationally based on the witness's perception," since it is mere speculation about legal issues. Fed. R. Evid. 701(a). The opinion evidence is also not "helpful to clearly understanding the witness's testimony or to determining a fact in issue," since the *legality* of the challenged laws is not a "fact in issue." *Id.* Fed. R. Evid. 701(b). Rather, the legality of the challenged laws is a legal conclusion drawn from applying the law to the "fact[s] in issue." Fed. R. Evid. 701(b).

Second, even if the opinion evidence met Rule 701's requirements, it should be excluded as improper opinion evidence of *legal conclusions*. "[L]ay witnesses may testify as to their percipient knowledge and their lay opinions rationally related to them, but they may not speculate or offer any legal conclusion." *Ochoa v. Cnty. of Kern*, 628 F. Supp.

3d 1006, 1015 (E.D. Cal. 2022). Indeed, not even expert witnesses can offer "legal conclusion[s]." *Hangarter v. Provident Life & Acc. Ins.*, 373 F.3d 998, 1016 (9th Cir. 2004). But Plaintiffs seek to introduce evidence that "purports to interpret" or "boil down" a legal or regulatory scheme, which "is a legal opinion" that "is not the province of a lay … witness." *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 680 (N.D. Cal. 2021). So, too, the "opinion as to the correct construction" of legal documents "is an inadmissible legal conclusion." *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (citing Fed. R. Evid. 701 & 704).

Third, the testimony is not just improper—it is also harmful. Defendants would be prejudiced if Plaintiffs were permitted to introduce legal arguments through lay witnesses. Even if it were not prejudicial, the legal opinions of lay witnesses are "not 'helpful to a clear understanding of the testimony or a fact in issue.'" *Nationwide Transp. Fin.*, 523 F.3d at 1059. And "[e]ven relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, [or] confusion of the issues." *Id.* at 1063 (cleaned up). The legality of the challenged laws is appropriate for counsels' argument, not witness testimony. Blurring the separation of law and fact will confuse the relevant issues and sow the seeds of reversal on appeal. And if the federal rules, prejudice, relevance, and confusion were not enough, such opinion evidence will unnecessarily delay an already long and complex trial.

Further, conclusions of law by the Secretary and/or county recorders also are not admissible as statements of an "opposing party" that are "offered against [that] opposing party." *See* Fed. R. Evid. 801(d)(2). The Advisory Committee Notes explain that "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system." This rationale implicitly presupposes—and necessarily depends on—actual adversity between the declarant and the party seeking to admit the statement. For this reason, courts "have interpreted the requirement that a statement be offered 'against a party' to mean that it

must be introduced against that party's position at trial." *United States v. Rivera-Hernandez*, 497 F.3d 71, 82 n.5 (1st Cir. 2007) (citing cases). Here, the Secretary of State and county recorders have maintained an explicitly nominal status. Because the Secretary and the counties apparently are not espousing *any* position at trial with respect to the merits of controverted factual or legal questions, Plaintiffs cannot employ Rule 801(d)(2) as a vehicle for introducing those parties' legal opinions.[1]

The court should thus prohibit Plaintiffs from eliciting testimony or introducing evidence about the legal opinions of witnesses. Permitting Plaintiffs to introduce such legal conclusions "invade[s] the province of the trial judge," inserts "erroneous statements of law" into the record, confuses the issues, delays trial, and prejudices Defendants. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008). In short, that testimony is "not only superfluous but mischievous." *Id.* (citation omitted).

## CONCLUSION

The court should grant the motion in limine and issue an order prohibiting Plaintiffs from introducing or eliciting opinion evidence as to the legality of the challenged provisions.

---

[1] Even if the Secretary or county recorders were party opponents, opinions on abstract legal propositions still are not admissible under Rule 801(d)(2) in any event. *See* 2 MCCORMICK ON EVID. § 256 (8th ed.).

RESPECTFULLY SUBMITTED this 16th day of October, 2023.

By: */s/ Kory Langhofer*

| | |
|---|---|
| Cameron T. Norris* | Kory Langhofer, Ariz. Bar No. 024722 |
| Gilbert C. Dickey* | Thomas Basile, Ariz. Bar. No. 031150 |
| CONSOVOY MCCARTHY PLLC | STATECRAFT PLLC |
| 1600 Wilson Blvd., Ste. 700 | 649 North Fourth Avenue, First Floor |
| Arlington, VA 22209 | Phoenix, Arizona 85003 |
| (703) 243-9423 | (602) 382-4078 |
| cam@consovoymccarthy.com | kory@statecraftlaw.com |
| gilbert@consovoymccarthy.com | tom@statecraftlaw.com |

Tyler Green*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
tyler@consovoymccarthy.com

*admitted pro hac vice

*Attorneys for Intervenor-Defendant*

5

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules 7.2(l), counsel for the Republican National Committee state that they have conferred with counsel for the plaintiffs in good faith regarding this motion in limine. Counsel for the Republican National Committee understand that the plaintiffs oppose this motion.

/s/ Kory Langhofer

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

/s/ Kory Langhofer

Cert-1