Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*
*\*Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (lead) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION IN LIMINE REGARDING PARTY-SPECIFIC ADMISSIONS (FACTS STIPULATED TO BY SOME, BUT NOT ALL, PARTIES)** |
| Adrian Fontes, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

In just a few weeks, this Court is scheduled to hold a trial in this consolidated matter, which began as eight separate lawsuits filed by the United States and no fewer than twenty additional Plaintiffs. Plaintiffs originally sued the Attorney General, the Secretary of State, the State of Arizona, and the Arizona Department of Transportation, as well as all fifteen County Recorders. The Court granted motions filed by the Republican National Committee ("RNC") and the Arizona Speaker of the House Ben Toma and Senate President Warren Peterson (the "Legislator Defendants") to intervene as Defendants. ECF Nos. 160, 348. As a result, this case involves not only a significant number of Plaintiffs, but also close to two dozen Defendants, some of whom are closely connected to the administration of elections in Arizona, and some of whom are only tangentially so; some of whom are actively engaged in this litigation, and some of whom are only nominally so.

In an attempt to streamline the evidence that will need to be presented at trial and identify those facts that are not actually in dispute, the parties have been working to try to reach agreement on a number of stipulated facts. Given the number of parties involved, this has been no small task. And although the Secretary of State, Attorney General, RNC, and Legislator Defendants ultimately agreed to provide Plaintiffs with each of their positions on facts proposed by the Plaintiffs for stipulation, they have taken the position that the only facts that can be treated as stipulated facts are the one to which all of them agree, and declined to agree to submit to the Court, as an exhibit to the parties' joint pre-trial order ("JPTO"), information about facts to which some, but not all, of these Defendants are willing to stipulate.

The facts to which all of the Plaintiffs and the Secretary of State, the Attorney General, RNC, and Legislator Defendants have been able to reach agreement are listed in the JPTO.[1] Plaintiffs file this motion *in limine* to address four categories of additional facts

---

[1] The County Recorder Defendants have consistently asserted that they are nominal parties who do not intend to participate in trial but agree to be bound by the Court's judgment. As a result, they did not engage in the discussions between the parties involving factual

that some, but not all, of these Defendants have indicated they do not dispute.

The *first* category are facts that specifically relate or fall within the knowledge of the Secretary as Arizona's chief election official, to which the Secretary is willing to stipulate, but one or more of the Attorney General, the RNC, or the Legislators have refused to stipulate to (the "Secretary-Specific Facts"). The *second* category consists of facts that all Defendants *except* the RNC are willing to stipulate to (the "RNC-Rejected Facts"). The *third* category of facts at issue are facts that one or more of the Defendants are willing to stipulate to, where the dissenting Defendant or Defendants do not appear to actually dispute the facts in question but are simply unwilling to agree to streamline the trial in this way. The *fourth* and final category of facts at issue are facts that certain County Recorder Defendants are willing to stipulate to as specific to the administration of elections in their county. As of this motion, at least nine County Recorders have provided responses to Plaintiffs' proposed stipulations that will aid the Court in resolving this case.

Plaintiffs are in the process of finalizing the many parties' positions as to each of these additional partially-stipulated facts to ensure the Court is provided with a complete and accurate list in each category. Should the parties ultimately be unable to agree, Plaintiffs will shortly present each category of facts to the Court in later-filed appendices to this placeholder motion *in limine*. In doing so, Plaintiffs will request that the Court deem them an admission by the Defendant(s) who have communicated to Plaintiffs' counsel that they are willing to stipulate to them—regardless of whether other defendants have so admitted or not, and will follow the Court's direction as to whether such admissions may be presented via additional Rule 36 Requests for Admission or through some other means.

Granting the requested relief is well within the Court's power under Federal Rule of Civil Procedure 16(c), which specifically includes among the matters for consideration

---

stipulations, although many—at least nine of them as of this motion—provided responses to Plaintiffs' requests to stipulate to facts uniquely within the Recorders' knowledge and specific to their administration of elections in their county.

- 3 -
PLAINTIFFS' MOT. IN LIMINE RE: PARTY-SPECIFIC STIPULATIONS

at a pretrial conference, a requirement that at least one attorney for every party authorized to make stipulations and admissions be present, and affirmatively empowers the court to "consider and take appropriate action on . . . formulating and simplifying the issues," "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof," and "controlling and scheduling discovery," including by issuing orders affecting discovery under the rules that include requests for party admissions, "adopting special procedures for managing potentially difficult or protracted actions that may involve" among other things, "multiple parties," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2).[2] The relief will also promote judicial economy and efficiency to a significant degree, by ensuring that matters which are in fact admitted to by the relevant parties need not take up excess trial time—and that parties are not able to thwart such admissions (and thereby seek to delay or needlessly bog down trial) for no legitimate reason.

Dated: October 16, 2023

Respectfully submitted,

 *Christopher D. Dodge*
Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar. No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

Marc E. Elias*

---

[2] Plaintiffs will not include proposed stipulations that the parties discussed but which one or more Defendant appeared to have a legitimate basis to dispute. This motion will thus be limited to only those facts for which the dissenting Defendant(s) would not appear to have a good basis to refute.

Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

## CERTIFICATE OF CONFERRAL

I hereby affirm that, in compliance with Local Civil Rule 7.2(l), I conferred with counsel for the Attorney General, Secretary of State, Republican National Committee, and Speaker Toma and President Petersen on this motion. The Secretary of State takes no position on the motion; the remaining Defendants indicate that they oppose the motion.

*/s/ Christopher D. Dodge*

Christopher D. Dodge