Tyler Green*
Cameron T. Norris*
Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Attorneys for Intervenor-Defendant*

*admitted pro hac vice

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., <br>      Plaintiffs, <br> v. <br> Adrian Fontes, et al., <br>      Defendants. <br><br> **AND CONSOLIDATED CASES** | Case No: 2:22-cv-00509-SRB (Lead) <br><br> **RESPONSE TO PLAINTIFFS' MOTION IN LIMINE REGARDING PARTY-SPECIFIC ADMISIONS (FACTS STIPULATED BY SOME, BUT NOT ALL, PARTIES)** |

1    In a good faith effort to narrow the factual issues for trial, the State of Arizona, the
2 Arizona Attorney General, the Arizona Secretary of State, the legislative intervenors, and
3 the Republican National Committee (the "<u>Actively Participating Defendants</u>") offered to
4 propose stipulations to the plaintiffs, and to consider stipulations proposed by the
5 plaintiffs. Before factual stipulations were exchanged, the Republican National
6 Committee observed during a planning call that facts concerning certain topics (*i.e.*, the
7 operations and procedures of the County Recorders) were more likely than others to be
8 stipulated, and suggested focusing efforts on those topics.
9    The plaintiffs abused the invitation to propose stipulations. They sent iterative,
10 incomplete, and evolving drafts of proposed stipulations. The most recent draft reached
11 **<u>95 pages</u>** in length. A great number of the plaintiffs' proposed factual stipulations lacked
12 any citation to the disclosures or deposition transcripts. Others contained one-sided
13 narrations or characterizations that would obviously not be acceptable to opposing
14 counsel.
15    Notwithstanding the nature of the plaintiffs' stipulations, each of the Actively
16 Participating Defendants set aside time—their scarcest resource in the weeks before
17 trial—to review and respond to the plaintiffs' proposals.
18    As the Actively Participating Defendants completed their review, the plaintiffs
19 continued to make revisions in real time, in some cases before the previous updates could
20 be fully reviewed, further muddling the process and squandering the time of the Actively
21 Participating Defendants. The proposals, already unwieldy, were made unmanageable by
22 their incompleteness and the plaintiffs' failures of planning and internal coordination.
23    Notwithstanding the logistical challenges, each of the Actively Participating
24 Defendants ultimately agreed to more than 150 of the plaintiffs' proposed stipulations.
25 *See* Joint Pretrial Order.
26    The plaintiffs now complain that fewer than all their proposed stipulations were
27 accepted, and ask this court to short circuit the factfinding process by accepting the

plaintiffs' alleged facts over the objection of at least one Actively Participating Defendant and without record evidence.[1]

Happily, the doctrine on this issue is straightforward:

> Parties to an action may not by stipulation affect third parties' rights or the rights of those not party to the stipulation. Therefore, it is recognized that a stipulation is not binding upon those who are not parties either to the stipulation or to the action or proceeding in which it is entered into.

73 Am. Jur. 2d Stipulations § 8;[2] *cf. id.* § 5("As a general proposition, no party is required to stipulate with an adversary and may insist upon proving the facts of its case.").

The plaintiffs' apparent fallback position, unsupported by citations, is that non-unanimous stipulations may be transmuted into requests for admission within the meaning of Fed. R. Civ. P. 36. Even if the requests for admission deadline had not passed more than two months ago, and even if the plaintiffs were permitted to issue extraordinarily voluminous requests for admission—both counterfactuals, to be clear—such admissions would not make the trial more efficient. Rule 36 admissions of one party cannot be used against another party, *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 567 (11th Cir. 1987) ("The district court erred in saddling Morris with the deemed admissions of his codefendants."); 10A Fed. Proc., L. Ed. § 26:704 ("An admission made pursuant to the rule regarding requests for admission is binding only

---

[1] Similarly, at least one of the plaintiffs urged this Court at an earlier status conference to enter a "stipulated" preliminary injunction over the objection of the Republican National Committee, suggesting openly that the absence of record evidence and the Republican National Committee's objection could be ignored because, it was asserted, the Republican National Committee would be unable to appeal.

[2] *American Jurisprudence* recognizes the possibility that a party's silence may be construed as implied assent to proposed stipulations. 73 Am. Jur. 2d Stipulations § 8. The one case cited in support of that proposition, however, concerned an attorney who failed to object to the proposed stipulations and lurked, largely silently, in the background throughout trial. *See McBain v. Santa Clara Sav. & Loan Ass'n*, 241 Cal. App. 2d 829, 838-39 (1966). That is not the case here, where the plaintiffs seek to overcome the active opposition of one or more of the Actively Participating Defendants.

2

1  upon the party to whom the request was directed and is not binding upon a coparty."), so
2  the plaintiffs' novel take on Rule 36 ultimately would not narrow the scope of trial.
3       Absent the consent of all parties, there is no substitute for record evidence.  Having
4  mismanaged the process for proposing and negotiating stipulations, and ultimately having
5  received fewer stipulations than they desired or might have obtained with better internal
6  organization, the plaintiffs must now prove their case.

     RESPECTFULLY SUBMITTED this 20th day of October, 2023.

| | |
|---|---|
| Tyler Green* | By: */s/ Kory Langhofer* |
| Cameron T. Norris* | Kory Langhofer, Ariz. Bar No. 024722 |
| Gilbert C. Dickey* | Thomas Basile, Ariz. Bar. No. 031150 |
| CONSOVOY MCCARTHY PLLC | STATECRAFT PLLC |
| 1600 Wilson Blvd., Ste. 700 | 649 North Fourth Avenue, First Floor |
| Arlington, VA 22209 | Phoenix, Arizona 85003 |
| (703) 243-9423 | (602) 382-4078 |
| cam@consovoymccarthy.com | kory@statecraftlaw.com |
| gilbert@consovoymccarthy.com | tom@statecraftlaw.com |
| tyler@consovoymccarthy.com | |

*admitted pro hac vice

*Attorneys for Intervenor-Defendant*

/s/ *Hannah H. Porter*
**GALLAGHER & KENNEDY, P.A.**
Kevin E. O'Malley (Bar No. 006420)
Hannah H. Porter (Bar No. 029842)
Ashley E. Fitzgibbons (Bar No. 036295)
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.omalley@gknet.com
hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com
*Attorneys for Intervenor-Defendants
Speaker Toma and President Petersen*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of October, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

                                                                    */s/ Kory Langhofer*

Cert-1