# EXHIBIT D

**<u>Graham Recorder – Stipulations/Admissions</u>**

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | Graham County will stipulate |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Graham County will stipulate that it inputs voter registration data directly into AVID |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Graham County will stipulate |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Graham County will stipulate |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | Graham County will stipulate |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | Graham County will stipulate |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Graham County will stipulate |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Graham County will stipulate |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Graham County will stipulate |
| 10. | The State Form provides instructions and information in English and Spanish only. | Graham County will stipulate |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Graham County will stipulate, but notes that the "ADOT" database is referred to as AZMVD |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Graham County will stipulate to this fact as to individuals in Graham County only |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | Graham County will stipulate |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Graham County will stipulate |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Graham County will stipulate |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Graham County will stipulate |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Graham County will stipulate |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Graham County will stipulate that early voting begins 27 days before the election and that early ballots are sent that same date |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Graham County will stipulate |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their | Graham County will stipulate |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Graham County will stipulate |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Graham County will stipulate |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Graham County states that H.B. 2492 speaks for itself |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | Graham County states that Arizona law speaks for itself |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | Graham County states that Arizona law speaks for itself |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Graham County states that Arizona law speaks for itself |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship | Graham County will stipulate |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | status. | |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Graham County states that H.B. 2492 speaks for itself |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Graham County will stipulate to this fact as to Graham County only |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Graham County states that Arizona law speaks for itself |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Graham County will stipulate |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Graham County will stipulate to this fact as to Graham County only |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Graham County will stipulate to this fact as to Graham County only |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | Graham County states that the document speaks for itself |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | Graham County states that the document speaks for itself |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | Graham County states that the document speaks for itself |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Graham County states that the document speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | Graham County states that the document speaks for itself |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | Graham County will stipulate |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases | Graham County states that the H.B. 2617 speaks for itself |

9

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 77. HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Graham County states that the H.B. 2617 speaks for itself |
| 78. On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 79. In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Graham County states that the document speaks for itself |
| 80. Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | Graham County will stipulate |
| 81. H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Graham County states that the H.B. 2243 speaks for itself |
| 82. However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. | Graham County states that the H.B. 2243 speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | Graham County states that Arizona law speaks for itself |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Graham County will stipulate |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Graham County will stipulate |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Graham County will stipulate |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Graham County will stipulate |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Graham County will stipulate |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Graham County will stipulate |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | Graham County states that the document speaks for itself |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | Graham County states that the document speaks for itself |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | Graham County states that the document speaks for itself |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | Graham County states that the document speaks for itself |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records.  If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Graham County will stipulate to this fact as to Graham County only |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records.  In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records.  "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Graham County will stipulate to this fact as to Graham County only and further notes that matches are obtained through the AZMVD database |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Graham County will stipulate to this fact as to Graham County only and further notes that matches are obtained through the AZMVD database |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Graham County will stipulate to this fact as to Graham County only |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status | |

14

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | Graham County will stipulate |
| 116. | The MOA of October 31, 2018 is currently in force. | Graham County will stipulate |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Graham County will stipulate to this fact as to Graham County only |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | Graham County states that the document speaks for itself |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | Graham County states that the document speaks for itself |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | Graham County states that the document speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | Graham County states that the document speaks for itself |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | Graham County states that the document speaks for itself |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | Graham County states that the document speaks for itself |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office | |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | Graham County will stipulate that HAVA runs checks against the SSA/AZMVD database |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | |

18

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | Graham County will stipulate |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | Graham County will stipulate to this fact as to Graham County only |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Graham County will stipulate |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Graham County will stipulate with the clarification that English versions of the notice letters are sent. These notices advise the recipient that a Spanish version can be obtained upon request. |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| 164. Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | Graham County is not familiar with any instance of non-U.S. citizens registering to vote since February 8, 2016 |
| 165. Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | Graham County is not familiar with any instance of a non-U.S. citizen voting since February 8, 2016 |
| 166. According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | According to the Graham County Recorder, in Graham County, Arizona, from February 8, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting |
| 171. According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 173. According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Graham County will stipulate that Katie Hobbs is the Governor of Arizona.  As to the remainder, Graham County states that Arizona law speaks for itself |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Graham County will stipulate that Adrian Fontes is the Secretary of State of Arizona.  As to the remainder, Graham County states that Arizona law speaks for itself |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Graham County will stipulate that Kristin Mayes is the Attorney General of Arizona. As to the remainder, Graham County states that Arizona law speaks for itself |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | Graham County states that Arizona law speaks for itself |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time.  Ariz. Const. art. VII, § 2, cl. A.  Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Graham County states that Arizona law speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | Graham County states that Arizona law speaks for itself |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Graham County states that Arizona law speaks for itself |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Graham County states that Arizona law speaks for itself |

**<u>Greenlee County Recorder – Stipulations/Admissions</u>**

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Greenlee County stipulates to this fact |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Greenlee County stipulates to this fact |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Greenlee County stipulates to this fact |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Greenlee County stipulates to this fact |
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and | Greenlee County stipulates to this fact |

1

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | |
| 10. | The State Form provides instructions and information in English and Spanish only. | Greenlee County stipulates to this fact |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | Greenlee County stipulates to this fact |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Greenlee County stipulates to this fact |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Greenlee County will stipulate to this fact as to individuals in Greenlee County only |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified through the Help America Vote Act (HAVA) checks that the county recorders | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Greenlee County stipulates to this fact |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Greenlee County stipulates to this fact |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Greenlee County stipulates to this fact |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Greenlee County stipulates to this fact |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Greenlee County stipulates to this fact |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Greenlee County stipulates to this fact |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote- | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | by-mail. | |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Greenlee County stipulates to this fact |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Greenlee County stipulates to this fact |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Greenlee County states that H.B 2492 speaks for itself |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Greenlee County states that Arizona law speaks for itself |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship status. | Greenlee County stipulates to this fact |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | |

4

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Greenlee County stipulates to this fact as to Greenlee County Only |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Greenlee County states that H.B 2492 speaks for itself |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Greenlee County stipulates to this fact |
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Greenlee County stipulates to this fact as to Greenlee County Only |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search | Greenlee County stipulates to this fact as to Greenlee County Only |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | for a voter on the voter registration database. | |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | Greenlee County stipulates to this fact |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | Greenlee County stipulates to this fact |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | Greenlee County states that the document speaks for itself |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Greenlee County states that the document speaks for itself |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | Greenlee County states that the document speaks for itself |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an | |

6

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | Greenlee County stipulates to this fact |
| 60. The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 61. The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |

8

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Greenlee County stipulates to this fact |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Greenlee County states that the document speaks for itself |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | Greenlee County stipulates to this fact |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Greenlee County states that H.B 2243 speaks for itself |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Greenlee County states that H.B 2243 speaks for itself |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders | Greenlee County states that Arizona law speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Greenlee County stipulates to this fact |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Greenlee County stipulates to this fact |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Greenlee County stipulates to this fact |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Greenlee County stipulates to this fact |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Greenlee County stipulates to this fact |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Greenlee County stipulates to this fact |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. | |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | Greenlee County states that the document speaks for itself |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | Greenlee County states that the document speaks for itself |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | Greenlee County states that the document speaks for itself |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records.  If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records.  In virtually all cases, a "hard" match usually results in one match | Greenlee County will stipulate to this fact as to Greenlee County only |

12

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | |

13

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | Greenlee County stipulates to this fact |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Greenlee County will stipulate to this fact as to Greenlee County only |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | Greenlee County stipulates to this fact |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | Greenlee County stipulates to this fact |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | Greenlee County stipulates to this fact |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on | |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | Greenlee County stipulates to this fact |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | Greenlee County states that the document speaks for itself |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS | Greenlee County states that the document speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | Greenlee County stipulates to this fact as to Greenlee County Only. |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Greenlee County stipulates to this fact |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or | |

19

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | Greenlee County stipulates to this fact |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Greenlee County stipulates to this fact |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | |

20

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Greenlee County stipulates to this fact |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Greenlee County stipulates to this fact |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Greenlee County stipulates to this fact |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | Greenlee County states that Arizona law speaks for itself |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Greenlee County states that Arizona law speaks for itself |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Greenlee County states that Arizona law speaks for itself |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Greenlee County states that Arizona law speaks for itself |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Greenlee County states that Arizona law speaks for itself |

## La Paz County Recorder – Stipulations/Admissions

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | No objection |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | No objection |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | No objection |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | No objection |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | No objection |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | No objection |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | No objection |
| 10. | The State Form provides instructions and information in English and Spanish only. | No objection |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | No objection |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | No objection |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | No objection |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | No objection |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | No objection |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | No objection |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | No objection |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | No objection |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | No objection |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | No objection |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | No objection |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | No objection |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their | No objection |

3

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | No objection |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | No objection |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | No objection |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | No objection |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | No objection |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | No objection |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | No objection |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | status. | |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | No objection |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | No objection |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | No objection |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | No objection |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | No objection |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | No objection |
| 47. | Arizona county recorders do not use birthplace information to determine a voter | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | No objection |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | No objection |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | No objection |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | No objection |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | No objection |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | No objection |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | |
| 55. Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | No objection |
| 61. The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | No objection |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | No objection |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | No objection |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | No objection |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | No objection |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | No objection |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | No objection |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | No objection |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | No objection |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24- | |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | 53:1. | |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | No objection |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | No objection |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records. If no | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | No objection |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records. In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | No objection |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | No objection |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | No objection |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | No objection |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | No objection |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | No objection |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | No objection |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | No objection |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | No objection |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | No objection |

14

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | No objection |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | No objection |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | No objection |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | No objection |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | No objection |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office | |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | No objection |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | No objection |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | No objection |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems | No objection |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Electronic Verification of Vital Events System. | |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | No objection |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | No objection |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | No objection |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | No objection |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | |

20

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| non-County resident registering to vote or voting. | |
| 167. According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | No objection |
| 173. According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. According to the Pinal County Recorder, in Pinal County, Arizona, from January | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | No objection |

23

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | |

# Mohave County Recorder – Stipulations/Admissions

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Agree |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Agree |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Agree |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | Agree |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | Agree |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Agree |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | |
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Agree |
| 10. | The State Form provides instructions and information in English and Spanish only. | Agree |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | Agree |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | The Federal Form states under penalty of perjury, but the state form does not. |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Agree |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | Agree |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Agree |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | Agree |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | Agree |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Yes, if they meet qualifications. |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Agree |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Agree |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | Agree |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | Agree |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Agree |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | Agree |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | Statistics database. *See* A.R.S. § 16-121.01. | |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | Agree |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Agree |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship status. | Agree |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Agree |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | If the voter lists an abbreviation such as CA, it is entered into the system as CA (indicating California), if the voter lists Canada, however, it is entered into the system as Canada. |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | If a voter born in Azerbaijan lists "AZ" on their voter registration form, we would be unable to distinguish that from a voter with the same name who also lists "AZ" as their place of birth, regardless of if the other voter is referring to AZ |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| | | as the state or country, unless using additional identifying information. |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | Agree |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | Agree |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Agree |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Agree |
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Agree |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Agree |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | Agree |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | and it does not verify identification." Doc. 388-17 at SCCR000105. | |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Agree |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | Agree |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | Agree |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | Agree |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Agree |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Agree |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | Agree |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Agree |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice | Agree |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | Agree |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | Agree |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | Agree |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Agree |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Agree |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Agree |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Agree |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | Agree |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Agree |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Agree |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| | include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records. If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | Agree |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Agree |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records. In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Agree |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Agree |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship | Agree |

14

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | verified" field. | |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | Agree |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Agree |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | Agree |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, | Agree |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| | Naturalization Number, or Citizenship Certificate Number. | |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | Agree |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | Agree |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Agree |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | Agree |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | Agree |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | Agree |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | Agree |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; | |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen.  However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification.  However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | Agree |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| | Stipulation | County Recorder Response |
|---|---|---|
| | as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | Agree |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | Agree |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | Agree |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Agree |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | Agree |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | Agree |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | Agree |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | Agree |

23

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

In submitting this document, Defendant Mohave County does not waive its status as a nominal party in this matter.

| Stipulation | | County Recorder Response |
|---|---|---|
| | non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Agree |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Agree |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Agree |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | Agree |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | Agree |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Agree |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Agree |

25

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Agree |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Agree |

**<u>Pima County Recorder – Stipulations/Admissions</u>**

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | Stipulated |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Stipulated |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Stipulated |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | Stipulated |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | Stipulated |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Stipulated |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Stipulated |

1

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Stipulated |
| 10. | The State Form provides instructions and information in English and Spanish only. | Stipulated |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | Stipulated |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | Stipulated |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Stipulated |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | Stipulated |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Stipulated |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | Stipulated |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Stipulated |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified | Stipulated that all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | vote who did not provide proof of identification when they registered and whose identity could not be verified until HB2492 |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | Stipulated |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Stipulated |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Stipulated |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Stipulated |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Stipulated |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Stipulated |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Stipulated |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Stipulated |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | Stipulated |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | Stipulated |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Stipulated |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | Stipulated |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Stipulated |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | Stipulated |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | Stipulated that such a space appears on the voter registration form and that omission was not a basis for rejection until HB2492 |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 38. | An individual's place of birth is not necessarily determinative of their citizenship status. | Stipulated |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Stipulated |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information.  For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada.  Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | In Pima County we use 2 letters for state of birth and 3 letters for country of birth. If a city is entered and the person doing the data entry doesn't know where the city is, we instruct them to write out the city name. |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | Stipulated as to reliability of identifying a voter in which a voter's record will be changed. However, the Pima County Recorder's Office uses this field in addition to other fields to help identify a voter. |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | Stipulated |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | Stipulated |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Stipulated |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Stipulated |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Stipulated |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Stipulated |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | The Pima County Recorder's Office does use this field as one potential security question when engaging with a voter and also to do a soft match for roll maintenance tasks.<br><br>However, this would not pose a barrier for a voter to get registered, as we still require Documentary Proof of Citizenship (DPOC), and do not rely solely on self-reported information.<br><br>This is similar to the question for Mother or Father's Name. |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | Stipulated |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | Stipulated |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Stipulated |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | Stipulated |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | Stipulated |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' | |

8

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 | |

10

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| | Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Stipulated |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Stipulated |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Stipulated |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Stipulated |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | Stipulated |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Stipulated |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Stipulated |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | Stipulated |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | Stipulated |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | Stipulated |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records.  If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | Stipulated |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Stipulated |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records.  In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records.  "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Stipulated |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Stipulated |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | Stipulated |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | Pima County Recorder uses our own database so a HAVA check in this situation will not result in any automatic changes to a voter's record. A related field in our database is "DPOC provided" and in this situation, we would mark the field as "none." |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Stipulated |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | Stipulated |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | Stipulated |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | Stipulated |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | Stipulated |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | Stipulated |

14

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | Stipulated |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | Stipulated |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the | Stipulated |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | Stipulated |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | Stipulated |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | Stipulated |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | Stipulated |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | Stipulated as to "User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | | SAVE response other than that of naturalized or derived citizen" |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen.  However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification.  However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | Stipulated as to Pima County does not perform "the additional verification procedures." |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | Stipulated |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | Stipulated |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office | |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Stipulated that Pima County Recorder's Office procedure requires initiating additional verification if a search didn't return a result. |
| 136. According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Stipulated that Pima County Recorder's Office procedure requires initiating additional verification if a search didn't return a result. |
| 137. According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Stipulated that Pima County Recorder's Office procedure requires initiating additional verification if a search didn't return a result. |
| 138. According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | |
| 142. HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | |
| 143. Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | |
| 144. Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | |
| 145. Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | |
| 146. Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | |
| 147. In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Stipulated |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Stipulated that no non US Citizen successfully registered to vote or voted since January 2021. |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Stipulated |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Stipulated |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Stipulated |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | Stipulated |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Stipulated |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Stipulated |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | County Recorder |
|---|---|
| producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Stipulated |
| 9. Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Stipulated |

## Santa Cruz County Recorder – Stipulations/Admissions

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| Stipulation | | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | Santa Cruz County Recorder stipulates this fact. |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Santa Cruz County Recorder stipulates this fact. |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Santa Cruz County Recorder stipulates to this fact. |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Santa Cruz County Recorder stipulates to this fact. |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Santa Cruz County Recorder stipulates to this fact. |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Santa Cruz County Recorder stipulates to this fact. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Santa Cruz County Recorder stipulates to this fact. |
| 10. | The State Form provides instructions and information in English and Spanish only. | Santa Cruz County Recorder stipulates this fact. |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Santa Cruz County Recorder stipulates to this fact. |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | identification when they registered and whose identity could not be verified through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Santa Cruz County Recorder stipulates to this fact. |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Santa Cruz County Recorder stipulates this fact. |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Santa Cruz County Recorder stipulates this fact. |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Santa Cruz County Recorder stipulates to this fact. |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Santa Cruz County Recorder stipulates to that early voting begins 27 days before the election and that early ballots are sent on that same date. |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Santa Cruz County Recorder stipulates to this fact. |

3

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Santa Cruz County Recorder stipulates to this fact. |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Santa Cruz County Recorder stipulates to this fact. |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Santa Cruz County Recorder stipulates to this fact. |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Santa Cruz County Recorder states that Arizona law speaks for itself. |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | Santa Cruz County Recorder states that Arizona law speaks for itself. |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Santa Cruz County Recorder states that Arizona law speaks for itself. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 38. | An individual's place of birth is not necessarily determinative of their citizenship status. | Santa Cruz County Recorder stipulates to this fact. |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Santa Cruz County Recorder states that Arizona law speaks for itself. |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information.  For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada.  Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Santa Cruz County Recorder states that Arizona law speaks for itself. |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Santa Cruz County Recorder stipulates to this fact. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| Stipulation | | County Recorder Response |
|---|---|---|
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Santa Cruz County Recorder stipulates this fact as to Santa Cruz County only. |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Santa Cruz County Recorder stipulates this fact as to Santa Cruz County only. |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | Santa Cruz County Recorder stipulates to this fact. |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Santa Cruz County Recorder stipulates to this fact. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | Santa Cruz County Recorder stipulates to this fact. |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | Santa Cruz County Recorder stipulates to this fact. |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| Stipulation | County Recorder Response |
|---|---|
| and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 77. HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 78. On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 79. In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 80. Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | Santa Cruz County Recorder stipulates to this fact. |
| 81. H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Santa Cruz County Recorder states that Arizona law speaks for itself. |
| 82. However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. | Santa Cruz County Recorder states that Arizona law speaks for itself. |

10

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | Santa Cruz County Recorder stipulates to this fact. |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | Santa Cruz County Recorder stipulates to this fact. |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Santa Cruz County Recorder stipulates to this fact. |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Santa Cruz County Recorder stipulates to this fact. |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Santa Cruz County Recorder stipulates to this fact. |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | Santa Cruz County Recorder stipulates to this fact. |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Santa Cruz County Recorder stipulates to this fact. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | Santa Cruz County Recorder stipulates this fact. |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Santa Cruz County Recorder stipulates to this fact. |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Santa Cruz County Recorder stipulates to this fact. |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | Santa Cruz County Recorder states that the document speaks for itself. |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | Santa Cruz County Recorder states that the document speaks for itself. |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | Santa Cruz County Recorder states that the document speaks for itself. |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | Santa Cruz County Recorder states that the document speaks for itself. |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records.  If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records.  In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records.  "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz only. |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship | |

13

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen.  However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional | |

16

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification.  However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be | |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| Stipulation | | County Recorder Response |
|---|---|---|
| | verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Santa Cruz County Recorder stipulates to this fact as to Santa Cruz County only. |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Santa Cruz County Recorder stipulates to this fact. |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; | |

20

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Webber Tr. 104:10-13. | |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT – SANTA CRUZ RESPONSES**

| Stipulation | | County Recorder Response |
|---|---|---|
| | 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Santa Cruz County Recorder stipulates to this fact. |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Santa Cruz County Recorder stipulates to this fact. |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Santa Cruz County Recorder stipulates to this fact. |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Santa Cruz County Recorder stipulates to this fact. |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Santa Cruz County Recorder stipulates to this fact. |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Santa Cruz County Recorder stipulates to this fact. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Santa Cruz County Recorder stipulates to this fact. |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Santa Cruz County Recorder stipulates to this fact. |

24

**Yavapai County Recorder – Stipulations/Admissions**

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | Agree (database uses "Arizona Voter Information Database). |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Agree |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Agree |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Agree |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | Agree |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | Agree |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Agree |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Agree |
| 10. | The State Form provides instructions and information in English and Spanish only. | Agree |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | Unknown |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | Agree |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Agree |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | Agree |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Agree |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | Agree |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | Agree |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified | Agree |

3

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | Unknown |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | Agree |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Agree |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Agree |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Agree |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Agree |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | Agree |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | Agree |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Agree |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | Agree |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Agree |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | Agree |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | Agree, except date is unknown |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Agree |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship | Agree |

5

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | status. | |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Agree |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information.  For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada.  Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | Agree |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | Agree |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | Unknown |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | Agree |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Agree, only as to Yavapai County |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Agree |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Agree |
| 47. | Arizona county recorders do not use birthplace information to determine a voter | Agree |

6

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Agree |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | Agree |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | Agree |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | Agree |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | Agree |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | Agree |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to | Agree |

7

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | Unknown |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | Unknown |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | Unknown |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | Unknown |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | Unknown |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | Unknown |
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* | Unknown |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | Unknown |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | Unknown |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | Unknown |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | Unknown |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | Unknown |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | Unknown |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | Agree |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration | Unknown |

9

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | Agree |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital | Agree |

10

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Agree |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Agree |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | Unknown |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | Agree |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Agree |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Agree |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | Agree |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | Unknown |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | Agree |
| **THE ELECTIONS PROCEDURES MANUAL (EPM)** | | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | Agree |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Agree |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Agree |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Agree |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | Agree, unknown as to date |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Agree, unknown as to date |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24- | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | 53:1. | |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | Agree |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | Agree |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | Agree |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | Agree |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | Agree |
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | Agree |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records. If no | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Agree |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records. In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Agree |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Agree |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | Agree |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | Agree |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided | Agree |

14

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Agree |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | Agree |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | Agree |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | Agree |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | Agree |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | Agree |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | Agree |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | Agree |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | Agree |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | Agree |
| 116. | The MOA of October 31, 2018 is currently in force. | Agree |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Agree |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | Agree |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | Agree |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | Agree |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | Agree |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | Agree |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | Agree |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | Agree |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | Agree |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | Agree |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | Agree |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | Agree |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | Agree |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office | Unknown |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | Unknown |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | Agree |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | Agree |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | Agree |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Electronic Verification of Vital Events System. | |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Agree |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | Agree |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Agree |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Unknown |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | Unknown |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | Agree |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | Agree |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | Agree |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | Unknown |

21

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January | Unknown |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Agree |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Unknown |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Agree |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Agree |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | Agree |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | Agree |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | Agree |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time.  Ariz. Const. art. VII, § 2, cl. A.  Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Agree |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Agree |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | Agree |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

# Yuma County Recorder – Stipulations/Admissions

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | Yuma County will stipulate. |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | Yuma County will stipulate. |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | Yuma County will stipulate. |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | Yuma County will stipulate. |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | Yuma County will stipulate. |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | Yuma County will stipulate. |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | Yuma County will stipulate. |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | Yuma County will stipulate. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | Yuma County will stipulate. |
| 10. | The State Form provides instructions and information in English and Spanish only. | Yuma County will stipulate. |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | Yuma County will stipulate. |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | Yuma County does not stipulate due to the stipulation using "ADOT" Yuma County stipulates having interface access via AVID with AZMVD. |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | Yuma County does not stipulate due to the stipulation using "ADOT" Yuma County stipulates having interface access via AVID with AZMVD. |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | Yuma County will stipulate. |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Yuma County will stipulate. |

3

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Yuma County will stipulate. |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Yuma County will stipulate. |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Yuma County will stipulate. |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Yuma County will stipulate. |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Yuma County will stipulate. |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage | Yuma County will stipulate. |

4

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| | is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | Yuma County will stipulate. |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | Yuma County will stipulate. |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | Yuma County will stipulate. |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | Yuma County will stipulate. |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | Yuma County will stipulate. |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | Yuma County will stipulate. |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | Yuma County asserts that the content and intent of H.B. 2492 are self-evident. |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | Yuma County will stipulate to using the 2019 Election Procedures Manual for information and guidance. |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration | Yuma County asserts that the content and intent of H.B. 2492 are self-evident. |

5

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| | application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | Yuma County will stipulate to Arizona State laws. |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship status. | Yuma County will stipulate. |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | Yuma County will stipulate to Arizona State laws and asserts that the content and intent of H.B. 2492 are self-evident. |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | Yuma County will stipulate. |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | Yuma County will stipulate to the fact birthplace data is not uniformly completed, specifically in relation to residents of Yuma County. |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | Yuma County will stipulate. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | Yuma County will stipulate. |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | Yuma County will stipulate. |
| 47. | Arizona county recorders do not use birthplace information to determine a voter registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County, prior to the enactment of H.B. 2492. |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; | |

7

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Doc. 388-16. | |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| | Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | Yuma County will stipulate. |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | Yuma County asserts that the content and intent of H.B. 2617 are self-evident. |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Yuma County asserts that the content and intent of H.B. 2617 and H.B. 2243 are self-evident. |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | Yuma County asserts that the content and intent of H.B. 2617 and H.B. 2243 are self-evident. |
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | Yuma County will stipulate. |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | Yuma County will stipulate. |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | Yuma County will stipulate. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | Yuma County will stipulate. |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24-53:1. | |
| 93. | On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | |
| 94. | Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | |
| 95. | The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | |
| 96. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | |
| 97. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| 98. | The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | |
| 99. | Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records. If no matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | Yuma County does not stipulate due to the stipulation using "ADOT". Yuma County stipulates having interface access via AVID with AZMVD. |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | Yuma County will stipulate. |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records. In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | Yuma County does not stipulate due to the stipulation using "ADOT". Yuma County stipulates having interface access via AVID with AZMVD. |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | Yuma County does not stipulate due to the stipulation using "ADOT". Yuma County stipulates having interface access via AVID with AZMVD. |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | Yuma County does not stipulate due to the stipulation using "ADOT". Yuma County stipulates having interface access via AVID with AZMVD. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | Yuma County does not stipulate due to the stipulation using "ADOT". Yuma County stipulates having interface access via AVID with AZMVD. |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | Yuma County will stipulate. |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | Yuma County will stipulate. |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | Yuma County will stipulate. |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | Yuma County will stipulate. |

15

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | Yuma County will stipulate. |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 116. | The MOA of October 31, 2018 is currently in force. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |

16

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| | SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | Yuma County will stipulate. |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | Yuma County will stipulate. |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | Yuma County will stipulate. |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |

17

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | County Recorder Response |
|---|---|
| registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 129. The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 130. The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | |
| 131. The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | Yuma County asserts that the content and intent of "SAVE MOA" are self-evident. |
| 132. According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| | SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| | Stipulation | County Recorder Response |
|---|---|---|
| | besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | Yuma County will stipulate. |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems Electronic Verification of Vital Events System. | Yuma County will stipulate. |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | Yuma County will stipulate. |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | County Recorder Response |
|---|---|
| of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 156. In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | Yuma County will stipulate. |

21

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | |

22

**PLAINTIFFS' PROPOSED STIPULATIONS OF YUMA COUNTY WILL STIPULATE**

| Stipulation | | County Recorder Response |
|---|---|---|
| | non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | Yuma County will stipulate to this fact specifically in relation to residents of Yuma County. |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | Yuma County will stipulate. |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | Yuma County will stipulate. |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16-131; 16-151; 16-161; 16-165; 16-166. | |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time. Ariz. Const. art. VII, § 2, cl. A. Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | Yuma County will stipulate. |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | Yuma County will stipulate. |

24

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | Yuma County will stipulate. |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | |

# Coconino County Recorder – Stipulations/Admissions

| | |
|---|---|
| **From:** | Rose Winkeler |
| **To:** | Chris Dodge |
| **Subject:** | Re: MFV, et al. v. Fontes, et al. - CR Stipulations |
| **Date:** | Friday, October 13, 2023 4:37:40 PM |

Good afternoon Mr. Dodge,

The Coconino County Recorder has no intention of objecting to or presenting any evidence controverting the proposed stipulations you have sent us. You can indicate that the Coconino County Recorder stipulates to the general facts included here as well as the facts specific to her office.

Thank you,



## **Confidentiality Notice**
This communication is confidential and is intended only for the stated recipients. The communication may be subject to attorney-client privilege and/or attorney work product privilege. No waiver of any applicable privilege(s) should be inferred by the inadvertent receipt of this message by an unintended party.  Pursuant to Ariz. R. Civ. P. 26(b)(6)(B) and ER 4.4(b), you are notified that any disclosure, copying, or other use of this document by an unintended recipient is strictly prohibited. Efforts to discover or use metadata found within this email are also prohibited in most circumstances. *See* State Bar of Arizona Ethics Op. 07-03.  If you believe you have received this email message in error, please do not read this email or any attached items. Please delete the email and all attachments, including copies thereof, and inform the sender at rose@flaglawgroup.com you have deleted the email. Thank you.

On Mon, Oct 9, 2023 at 2:26 PM Chris Dodge <cdodge@elias.law> wrote:

> Counsel for County Recorder Defendants,
>
> The Joint Pretrial Order due in this matter is due on October 16 and requires the parties to submit stipulations of fact, which will streamline trial and the resolution of this case. The Plaintiffs have separately sent a draft set of proposed stipulations to the Defendants that will be litigating this matter at trial, namely the Attorney General, Secretary of State, Republican National Committee, and Speaker Toma and Senate President Petersen. We are attaching here a more limited set of proposed stipulations specific to the County Recorders and their duties. You will see an empty box in the chart next to each proposed stipulation where you can indicate whether your office stipulates to that fact. To be clear, we do not expect the Recorders to submit a single joint response—we are fine with individual responses from each County.
>
> While most of these proposed stipulations are directed towards County Recorders generally,

you will see a handful that are specific to individual counties (e.g., Nos. 147-161, 166-180). In those cases, we do not expect CRs to take a position save with respect to the stipulation for their specific counties. The others can be left blank.

In view of the Court's deadline, we respectfully ask to receive responses by close of business on **Friday, October 13.** Plaintiffs are glad to consider any additional stipulations that any Recorder wishes to propose.

We are also happy to make ourselves available to answer any questions about the proposed stipulations.

Best regards,

Chris

**Christopher D. Dodge**

**Counsel**

Elias Law Group LLP

250 Massachusetts Ave NW

Washington, DC 20001

202-987-4928

cdodge@elias.law

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 1. | At the state level, Arizona's voter registration information is maintained in the Access Voter Information Database (AVID). Morales & Smith Tr. 17:4-7. | |
| 2. | Both Maricopa and Pima counties maintain their own voter registration databases and then sync those databases with AVID. The other thirteen counties input voter registration data directly into AVID. | |
| 3. | Among other methods, voters may register to vote in Arizona using either the registration form prescribed by the Arizona Secretary of State, (the "State Form"), or the National Mail Voter Registration Form, provided by the U.S. Election Assistance Commission ("EAC") (the "federal form"). *See* Doc. 388-10 (copy of the Federal Form). | |
| 4. | Both the State Form and the Federal Form require a voter registration applicant to attest to their eligibility, including U.S. citizenship. | |
| 5. | In 2018, after litigation brought by Plaintiffs League of United Latin American Citizens of Arizona ("LULAC") and Arizona Students' Association, the Arizona Secretary of State agreed to, and this Court ordered, a consent decree (the "LULAC Consent Decree"). SOS Ans. to LUCHA FAC ¶ 83, Doc.124. | |
| 6. | The LULAC Consent Decree mandated that voter-registration applicants be treated equally regardless of whether they used the State Form or Federal Form to register, and that election officials register applicants as full ballot voters if their DPOC could be acquired from the Motor Vehicle Division or the statewide voter-registration database, even if it was not included with their application. *See* Doc. 388-12; SOS Ans. to LUCHA FAC ¶ 83-84, Doc.124. | |
| 7. | The LULAC Consent Decree was incorporated as an addendum to the then-operative EPM, which was distributed to the county recorders, and later incorporated into the currently operative 2019 EPM. *See* Doc. 388-6 at 6; *see also* Doc. 388-13 (copy of the 2019 Addendum to the 2014 Arizona Elections Procedures Manual); SOS Ans. to LUCHA FAC ¶ 85, Doc. 124. | |
| 8. | The current "State Form" advises applicants that they must provide DPOC to vote a "full ballot" and that, if they do not provide DPOC and their U.S. proof of citizenship cannot be acquired from the Arizona Motor Vehicle Division or statewide voter registration database, they will be registered to receive a "federal-only" ballot, which has only federal races. Doc. 388-9. | |

1

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 9. | In Arizona, a "full-ballot" voter is entitled to vote for all federal, state, county, and local races as well as state and local ballot measures for which the voter qualifies. Petty Exhibit 6; MC 000017. | |
| 10. | The State Form provides instructions and information in English and Spanish only. | |
| 11. | The Federal Form is available in 21 languages, including English, Spanish, Bengali, Chinese, Hindi, Japanese, Korean, Tagalog, and Vietnamese. | |
| 12. | All voter-registration applicants in Arizona must attest to their legal residence under penalty of perjury. Doc. 388-9 (State Form) § 22; Doc. 388-10 (Federal Form) § 9. | |
| 13. | The County Recorders currently have access to a limited set of databases for purposes of their voter registration activities. They have access to the statewide voter registration database (AVID). Through AVID, they can also conduct checks against the Arizona Department of Transportation ("ADOT") database and the Social Security Administration ("SSA") database, although they do not have direct access to either of those databases. They also receive data through Arizona's membership in the Electronic Registration Information Center ("ERIC"). Finally, each county has access to the Systemic Alien Verification for Entitlements ("SAVE") system through the Secretary of State's agreement with USCIS. | |
| 14. | Of the databases available to the County Recorders, only the ADOT database and SAVE system provide them with data on citizenship status. | |
| 15. | Most individuals who register to vote in Arizona using a paper form use the State Form. | |
| 16. | The agencies mandated to provide voter registration services under the NVRA use the State Form when assisting their customers in applying to register to vote. | |
| 17. | As of July 2023, there were 4,198,726 registered voters in Arizona. *See* https://azsos.gov/elections/results-data/voter-registration-statistics. | |
| 18. | Most Arizonans vote by mail. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 19. | Prior to the enactment of H.B. 2492, since 1991, all voters have been able to vote early by mail without a reason or "excuse" for doing so, with the exception of the first election in which new mail registrants vote who did not provide proof of identification when they registered and whose identity could not be verified | |

2

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | through the Help America Vote Act (HAVA) checks that the county recorders conduct against both the ADOT and SSA databases. *See* A.R.S. § 16-541. | |
| 20. | Approximately 88% of Arizona voters who voted in the 2020 General Election voted early (either by mail or early in-person). Secretary of State Answer to MFV Plaintiffs' Second Am. Compl., Doc. 123 ¶ 4; Doc. 388-30 at 1. | |
| 21. | In planning for elections, Arizona's election officials plan for most voters to vote by mail, and that is reflected in the number of in-person polling places, equipment allocation and distribution, and staffing decisions. | |
| 22. | Arizona maintains an Active Early Voting List ("AEVL") that allows voters to sign up for a mail ballot to be automatically mailed to them for every election in which they are eligible to vote. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 23. | In addition to the AEVL, voters can submit a ballot-by-mail request for any individual election. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 24. | Voters who are out of town during an election can request to have a ballot mailed to them at a temporary address. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 25. | Voters who are serving in the military or residing overseas can request to have a ballot mailed to them. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 26. | Early voting for an election in Arizona begins 27 days before that election, and voters who are signed up to receive a ballot by mail can expect to receive one shortly after the early voting period begins. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 27. | Arizona voters who receive a ballot by mail can return their ballot by mail. Postage is prepaid and no stamp is required to mail a completed ballot. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 28. | Arizona voters who receive a ballot by mail can, in lieu of mailing it, drop off their | |

3

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | ballot at a voting location or drop box. *See* Arizona Clean Elections Commission, Ballot By Mail, https://www.azcleanelections.gov/how-to-vote/early-voting/vote-by-mail. | |
| 29. | Voters who return their completed ballot at a drop-box or voting location can do so at any time up until 7:00 PM on Election Day, which is also the deadline for mail-in ballots to be received. *See* Arizona Secretary of State, Voting By Mail: How to Get a Ballot-by-Mail, https://azsos.gov/votebymail. | |
| 30. | Mail-in voting in Arizona allows voters to cast a ballot without having to adjust their schedules to travel to a polling place on Election Day. | |
| 31. | Mail-in voting in Arizona allows voters to cast a ballot without having to arrange for transportation to vote at a polling place on Election Day. | |
| 32. | Mail-in voting in Arizona allows a voter to cast a ballot when they will not be in their county of residence during the early-vote period or on Election Day, including due to military service. | |
| 33. | Mail-in voting in Arizona allows voters to cast a ballot without having to stand in line at a polling place on Election Day. | |
| 34. | H.B. 2492 requires "the County Recorder or other officer in charge of elections" to compare voter registrations submitted via the Federal Form against other databases, including the Arizona Department of Transportation driver licenses database, the Social Security Administration database, and the Public Health Vital Statistics database. *See* A.R.S. § 16-121.01. | |
| 35. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship with all available resources and databases accessible to a county recorder result in conflicting information about a voter registrant's citizenship. | |
| 36. | Since 1979, Arizona's voter registration form has contained a space for prospective voters to write their "state or country of birth," but until H.B. 2492's enactment, the omission of such information was not a basis for rejection of a voter registration application. Doc. 124, ¶ 57; Doc. 328, ¶ 57. | |
| 37. | A voter registrant's birthplace is not a qualification to vote under the Arizona Constitution or Arizona statutes regarding voter qualifications. | |
| 38. | An individual's place of birth is not necessarily determinative of their citizenship | |

4

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | status. | |
| 39. | Under H.B. 2492, Arizona election officials must reject any Arizona voter registration form that fails to include the prospective voter's place of birth. | |
| 40. | Arizona county recorders enter a voter registrant's birthplace information into the Arizona voter registration database as that information is written on the form, without any consistent method of capturing the information. For example, if a prospective voter writes "CA" as their state or country of birth, it is entered as "CA," without any indication whether it is referring to the State of California or the country of Canada. Similarly, if a prospective voter writes "LA" as their state or country of birth, it is entered as "LA," without any indication whether it is referring to the State of Louisiana or the Lao People's Democratic Republic (formerly known as Laos). | |
| 41. | Because the voter registration database's birthplace data are not uniformly kept, birthplace cannot be reliably used to identify a voter: county recorders cannot distinguish based on birthplace between a Michael Smith who was born in "Arizona," a Michael Smith who was born in "AZ" (meaning Arizona), and a Michael Smith born in "AZ" (meaning Azerbaijan). | |
| 42. | The Office of the Arizona Secretary of State testified that the SOS and county election officials working to implement H.B. 2492 have reached a "consensus that birthplace is not relevant for purposes of registering to vote." Connor Tr. 72:5-14. | |
| 43. | Birthplace is not used by Arizona election officials, nor can it be used, to establish or confirm a prospective registrant's current place of residence. | |
| 44. | The Office of the Arizona Secretary of State and county recorders have testified that they have no means of verifying a voter or a voter registrant's birthplace information, including no databases against which they can compare that information. | |
| 45. | Prior to the enactment of H.B. 2492, Arizona was able to identify prospective registrants without requiring those prospective registrants to state their place of birth on the voter registration application. | |
| 46. | The federal form does not have a field for an applicant to provide their place of birth. | |
| 47. | Arizona county recorders do not use birthplace information to determine a voter | |

5

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | registrant's eligibility to vote. Doc. 124, ¶¶ 8, 61, 67, 197; Doc. 123, ¶¶ 102-03; Doc. 122, ¶¶ 51-56, 61. | |
| 48. | Arizona county recorders do not use birthplace information to determine whether a voter registration applicant already has an existing registration record or to search for a voter on the voter registration database. | |
| 49. | Birthplace information does not help county recorders identify voters or distinguish between voters with similar characteristics, such as voters who share the same names and date of birth. | |
| 50. | On March 24, 2022, Jennifer M. Marson, the Executive Director of the Arizona Association of Counties, sent a letter to former then-Governor Ducey requesting a veto of H.B. 2492, stating that "the 'place' of an applicant's birth . . . is irrelevant to the applicant's desire to be a registered voter, it can't be verified by the county, and it does not verify identification." Doc. 388-17 at SCCR000105. | |
| 51. | Also on March 24, 2022, Ms. Marson sent an email to each of Arizona's 15 County Recorders reporting to them that H.B. 2492, which Ms. Marson described as "one of the bills we disliked the most," had passed both chambers and was headed to the Governor for signature. Ms. Marson reported that the Arizona Association of Counties would be submitting a veto request and included a summary of some of the Association's key concerns with the bill, including that "[p]lace of birth is irrelevant (doesn't verify ID) and counties have no way to verify this data anyway." Doc. 388-18 at SCCR000111. | |
| 52. | On December 30, 2022, former State Elections Director Kori Lorick sent an email to each of Arizona's 15 County Recorders regarding "implementation of H.B. 2492 and H.B. 2243]," which included as an attachment a "policy document" that "noted which provisions" of H.B. 2492 and H.B. 2243 the Secretary of State's Office "interpret[ed] as conflicting with federal law[.]" Doc. 388-15 at AZSOS-000001; Doc. 388-16. | |
| 53. | The referenced policy document states that requiring place of birth "is in conflict with the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B) ('CRA') and cannot be implemented without violating federal law." Doc. 388-16. at AZSOS-000012. | |
| 54. | The policy document also states that the requiring completion of the checkbox indicating citizenship "is immaterial and violates the CRA, by denying the right to | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | register to vote to eligible Arizonans who accidentally omit the checkmark from their voter registration application," explaining that "if an applicant provides DPOC, or DPOC can be acquired based on the provided information, the county recorder should accept the form." Doc. 388-16 at AZSOS-000012. | |
| 55. | Under the procedures used by the Maricopa County Recorder, the birthplace of an applicant seeking to register to vote does not impact eligibility to register to vote. *See* Defendant Maricopa County Recorder Stephen Richer's Responses to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 56. | Under the procedures used by the Pinal County Recorder, birthplace is not required to register to vote. *See* Defendant Pinal County Recorder Dana Lewis's Responses to Plaintiffs' First Set of Interrogatories (July 14, 2023), Response to Interrogatory No. 1 at p. 3. | |
| 57. | The Coconino County Recorder is not currently using and does not anticipate using birthplace information to verify or confirm information submitted in connection with applications to register to vote. *See* Defendant Coconino County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 58. | With respect to voter-registration procedures, the Graham County Recorder follows the procedures set forth in the 2019 EPM, including guidance that "failure to provide state or country of birth does not invalidate the State Form." Defendant Polly Merriman's Responses to Consolidated Plaintiffs' First Set of Interrogatories (July 10, 2023), Response to Interrogatory No. 1 at pp. 4-5. | |
| 59. | Greenlee County does not reject applications from applicants who use the State Form due to failure to include birthplace on the application and does not use birthplace to verify U.S. citizenship. Milheiro Tr. 71:8-19. | |
| 60. | The La Paz County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant La Paz County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 61. | The Apache County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* | |

7

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Defendant Apache County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (Aug. 22, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 62. | The Cochise County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Cochise County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (July 26, 2023), Response to Interrogatory No. 1 at p. 2-3. | |
| 63. | The Pima County Recorder does not actively track birthplace information. *See* Defendant Pima County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 64. | The Gila County Recorder does not use birthplace information. *See* Defendant Gila County Recorder's Answers to Consolidated Plaintiffs' Interrogatories (June 29, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 65. | The Mohave County Recorder does not use birthplace information submitted in connection with voter-registration applications to verify U.S. citizenship or identity. *See* Defendant Mohave County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (June 30, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 66. | With respect to birthplace information submitted in connection with voter-registration applications, the Santa Cruz County Recorder does not use the information for any purpose, but simply inputs the information from the voter-registration form into the voter profile in the Access Voter Information Database. *See* Defendant Santa Cruz County Recorder Responses to Consolidated Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 1 at p. 3. | |
| 67. | The Navajo County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Navajo County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (June 29, 2023), Response to Interrogatory No. 1. | |
| 68. | The Yavapai County Recorder follows the 2019 EPM with respect to treatment of birthplace information provided in connection with registration applications. *See* Defendant Yavapai County Recorder's Response to Consolidated Plaintiffs' First Set of Interrogatories (July 6, 2023). | |
| 69. | Under the Yuma County Recorder's approach for processing voter-registration | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | application, the birthplace field is treated as optional and information in that field has no impact on a voter's registration or eligibility to vote. *See* Defendant Yuma County Recorder's Answers to Consolidated Plaintiffs' First Set of Interrogatories (July 5, 2023), Response to Interrogatory No. 1 at p. 2. | |
| 70. | On May 25, 2022, the Arizona legislature passed House Bill 2617 ("H.B. 2617"). Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33.; https://apps.azleg.gov/BillStatus/BillOverview/77330. | |
| 71. | The proposed legislation sought to amend Arizona Revised Statutes Sections 16-165 and 21-314 concerning voter registration and cancellations, and jury questionnaires. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 33; https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 72. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager. . . indicating that a person who is registered to vote has stated that the person is not a United States Citizen." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 73. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of being potential noncitizens notice that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 74. | If the suspected registrant did not provide satisfactory evidence within ninety days, county recorders were mandated to "cancel the[ir] registration and notify the county attorney and attorney general for possible investigation." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 75. | H.B. 2617 contained provisions that required county recorders and the Secretary of State to verify a person's citizenship status against state and federal databases and programs, including the Driver License Database, the Social Security Administration Database, the SAVE program, the Electronic Verification of Vital | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Events System, and any "relevant city, town, county, state, and federal databases." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 76. | HB 2617 provided that "[t]he county recorder shall cancel a registration . . . when the county recorder receives and confirms information that the person registered . . . has been issued a driver license or the equivalent of an Arizona nonoperating identification license from another state." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 77. | HB 2617 provided that prior to cancelling a voter's registration under the provisions described in the previous paragraph, county recorders would be required to send registrants who were suspected of having been issued a license or identification in another state that their registration would "be canceled in ninety days unless the person provide[d] satisfactory evidence that the person is qualified." https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf. | |
| 78. | On May 27, 2022, Governor Doug Ducey vetoed H.B. 2617. Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 79. | In the letter explaining the veto of H.B. 2617, Governor Ducey stated that H.B. 2617 failed to provide "necessary safeguards" to "protect the vote of any Arizonian who is eligible and lawfully registered." Case No. 2:22-cv-01602-SRB, ECF 46 (Secretary of State Answer to Promise Arizona Complaint) ¶ 36; https://www.azleg.gov/govlettr/55leg/2r/hb2617.pdf. | |
| 80. | Arizona House Bill 2243 ("H.B. 2243") was signed into law during the 2022 Fifty-fifth Legislature, Second Regular Session. https://apps.azleg.gov/BillStatus/BillOverview/76698. | |
| 81. | H.B. 2243 keeps in place the notice period of 90 days from H.B. 2617 for registrants suspected of having been issued a license or identification in another state. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |
| 82. | However, for registrants suspected to be noncitizens, HB 2243 shortens the notice period from 90 days, as originally provided in HB 2617, to 35 days. https://www.azleg.gov/legtext/55leg/2R/bills/HB2617S.pdf); *see also* A.R.S. § 16-165. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| 83. | H.B. 2243 went into effect on September 24, 2022. Doc. 388-4. | |
| 84. | By August 18, 2022, seven county recorders stated that they understood H.B. 2243 to go into effect upon the general effective date of bills passed during the 55th Legislature, September 24, 2022—45 days prior to the November 8, 2022 federal election—and that they would follow the law. Doc. 388-24. The other eight county recorders did not respond in writing to the request. Doc. 388-25. | |
| 85. | Arizona has set forth no information or guidance for county recorders when they attempt to verify U.S. citizenship of a voter registrant whom county recorders have "reason to believe" is not a U.S. citizen with all available resources and databases accessible to a county recorder results in conflicting information about a voter registrant's citizenship. | |
| | **THE ELECTIONS PROCEDURES MANUAL (EPM)** | |
| 86. | The approved EPM is the sole vehicle under Arizona law by which the Secretary of State can compel County Recorders to comply with state and federal law. Doc. 189 ¶ 21. | |
| 87. | The 2019 Elections Procedures Manual, as the last EPM approved by the Governor, Secretary of State, and Attorney General, is the currently operative and binding EPM. Doc. 388 ¶ 12; *see also* Doc. 388-6 (copy of the 2019 EPM). | |
| 88. | Chapter One of the 2019 EPM deals with Voter Registration. Petty Exhibit 6; MC 000006-000007. | |
| 89. | The 2019 EPM does not contain any information or guidance on H.B. 2492 or H.B. 2243. | |
| 90. | A draft 2021 Elections Procedures Manual was submitted to then-Governor Doug Ducey and then-Attorney General Mark Brnovich by then-Secretary of State Hobbs on October 1, 2021. Doc. 388 ¶ 13; *see also* Doc. 388-7 (Oct. 1, 2021 Letter from Secretary Hobbs to Governor Ducey and Attorney General Brnovich). | |
| 91. | The 2021 draft EPM was not approved by Attorney General Brnovich and thus did not take effect. Doc. 388 ¶ 13; *see also* Doc. 388-8 (Dec. 22, 2021 Letter from Attorney General Brnovich to Secretary Hobbs). | |
| 92. | An annotated Election Procedures Manual was produced in 2021 between the biennial revisions to account for new statutes and new court decisions, but this annotated version does not have the force of law. Hiser Depo Tr. 51:18-52:4, 52:24- | |

11

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | County Recorder Response |
|---|---|
| 53:1. | |
| 93. On September 30, 2023, Secretary Fontes submitted a proposed 2023 Election Procedures Manual to Governor Hobbs and Attorney General Mayes. *See* https://azsos.gov/elections/about-elections/elections-procedures-manual. | |
| 94. Governor Hobbs and Attorney General Mayes may approve the proposed 2023 EPM submitted to them by the Secretary Fontes any time after its submission on September 30, 2023 but by no later than December 31, 2023. A.R.S. § 16-452(B). | |
| 95. The proposed 2023 Election Procedures Manual contains no interpretation or guidance for enforcing the following provisions in H.B. 2492 and H.B. 2243: Ariz. Rev. Stat. §§ 16-121.01(D), 16-121.01(E), and 16-121.01(F), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 4; Ariz. Rev. Stat. § 16-143, as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 7; Ariz. Rev. Stat. § 16-165(A)(10), as enacted by 2022 Ariz. Sess. Laws, ch. 99 § 8, as further amended by 2022 Ariz. Sess. Laws, ch. 370 § 2; and Ariz. Rev. Stat. §§ 16-165(G), 16-165(H), 16-165(I), 16-165(J), 16-165(K), as enacted by 2022 Ariz. Sess. Laws, ch. 370 § 2. | |
| 96. The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes a "reason to believe" a voter is not a citizen under A.R.S. § 16-165(I). | |
| 97. The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information . . . that the person registered is not a United States citizen," pursuant to A.R.S. § 16-165(A)(10). | |
| 98. The 2023 draft Elections Procedures Manual dated September 29, 2023 does not include any definition, guidance, or information regarding what constitutes "information that the applicant is not a United States citizen," pursuant to A.R.S. § 16-121.01(E). | |
| 99. Arizona counties currently conduct a "HAVA Check" to verify a voter registrant's identity and obtain DPOC, if available, each time an individual submits a new voter registration application or updates their voter registration. The "HAVA Check" compares an individual's information as provided on a voter registration application (whether a paper, mail, or online application) to Arizona Department of Transportation (ADOT) records to see if there are matching records. If no | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | matching records are available from ADOT, the "HAVA Check" then goes on to compare a voter registrant's information with the Social Security Administration ("SSA") database. | |
| 100. | Arizona County Recorders conduct HAVA Checks through the AVID system. Shreeve Tr. 68:18-69:10); Stevens Tr. 58:2-59:4; Hansen Tr. 113:14-20; Asrarynezami Tr. 36:13-37:9; Merriman Tr. 35:4-21; Milheiro Tr. 21:9-17; Garcia Tr. 46:22-25; Durst Tr. 25:17-24; Lerma Tr. 68:3-10; Hiser Tr. 147:19-21; Lewis Tr. 29:11-13. | |
| 101. | During a HAVA Check, counties may get either a "hard," "soft," or no match with ADOT records. In virtually all cases, a "hard" match usually results in one match with ADOT records where the matched information entered by counties exactly matches the information in ADOT records. "Soft" matches provide counties with more than one possible match, and county recorders must choose which ADOT record, if any, reflects the same individual as the voter registrant. | |
| 102. | If a "HAVA Check" results in a match with ADOT records, counties obtain a voter registrant's authorized presence and/or citizenship status as it is maintained in ADOT records at the time of the match. | |
| 103. | If the ADOT records indicate U.S. citizenship or if DPOC is provided with a voter registration application, the voter registration database reflects that the voter registrant is a U.S. citizen by having the "yes" box checked under the "citizenship verified" field. | |
| 104. | If the ADOT records do not indicate U.S. citizenship and contain no information that the person obtained an ADOT credential as a noncitizen, and the voter registrant is otherwise eligible, counties currently designate the voter registrant as a "federal only" active voter, and the voter registration database reflects that the "no" box is checked under the "citizenship verified" field. | |
| 105. | When a voter registrant updates their voter registration, and a HAVA Check results in a matching ADOT record that does not indicate U.S. citizenship, the voter registration database will automatically mark the "no" box under the "citizenship verified" field whether or not the voter registrant previously provided DPOC. County recorders need to manually change the information to accurately reflect the voter registrant's citizenship verification based on previously provided | |

13

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | information. | |
| 106. | Arizona County Recorders have access to the SAVE system. Stevens Tr. 62:5-9; Hansen Tr. 113:23-25; Asrarynezami Tr. 43:18-44:1; Merriman Tr. 41:16-18; Milheiro Tr. 32:18-20; Garcia Tr. 58:14-16; Petty Tr. 102:25-103:4); Durst Tr. 154:8-15; Hiser Tr. 206:8-13; Lewis Tr. 66:13-19. | |
| 107. | For proof of citizenship purposes, if a registrant does not present originals or copies of documents but just provides a citizenship number, including a Citizenship Certificate Number, Naturalization Certificate Number, or Alien Registration Number, this number must be verified against the SAVE system by the county recorder before the number can be deemed satisfactory DPOC. Petty Ex. 6; MC 000019. | |
| 108. | There can be a delay between when a registrant becomes a U.S. citizen and when that registrant's citizenship status has been updated in the SAVE system. Petty Ex. 6; MC 000024. | |
| 109. | The SAVE system can only be used to verify or provide confirmation of naturalized U.S. citizenship or derived/acquired U.S. citizenship. In order to utilize the SAVE system, users must at least have, *inter alia*, an individual's Alien Number, Naturalization Number, or Citizenship Certificate Number. | |
| 110. | The SAVE system cannot verify or provide confirmation of U.S.-born citizenship. USCIS Tr. 27:22, 28:8-11. | |
| 111. | The SAVE system cannot verify or provide confirmation of a lack of U.S. citizenship. USCIS. Tr. 152:24-153:6. | |
| 112. | The SAVE system cannot verify citizenship status based on State Department documentation such as U.S. passports. USCIS Tr. 27:23-28:7. | |
| 113. | The SAVE system cannot use Social Security Administration systems or data for verification of citizenship status. USCIS Tr. 27:22-23. | |
| 114. | The Arizona Secretary of State accesses the SAVE system pursuant to a Memorandum of Agreement ("SAVE MOA") between the USCIS and the Arizona Secretary of State for purpose of "verifying citizenship and immigration status information of non-citizen and naturalized or derived U.S. citizen registrants (registrants) when they register to vote (benefit)." USCIS Ex. 184 at USCIS SAVE 000002. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 115. | The Arizona Secretary of State entered into SAVE MOA with USCIS on October 31, 2018. USCIS SAVE 000001-000010. | |
| 116. | The MOA of October 31, 2018 is currently in force. | |
| 117. | Arizona's fifteen county recorders have access to the SAVE system through the SAVE MOA and the Arizona Secretary of State's account. USCIS Tr. 48:6-9. | |
| 118. | Access to the SAVE system is contingent upon following the terms of the user agency's MOA with USCIS, the SAVE Program Guide, the SAVE Voter Registration Fact Sheet, and the web-based tutorial given to user agencies. USCIS Tr. 87:23-88:10, 90:11-91:1, 102:12-22; USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189. | |
| 119. | The SAVE MOA requires Arizona county recorders to "[u]se any information provided by DHS-USCIS under this MOA solely for the purpose of determining the eligibility of persons applying for the benefit issued by the User Agency . . ." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 120. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to conduct SAVE system verification of any currently registered Arizona voters after initial voter eligibility determinations have been made. USCIS Tr. 56:21-57:19; USCIS Ex. 191 at USCIS SAVE 000632; USCIS Ex. 189 at USCIS SAVE 000087; USCIS Ex. 184 at USCIS SAVE 000002, 000004. | |
| 121. | At present, the Arizona Secretary of State and Arizona county recorders do not have authorization through the SAVE MOA to use the SAVE system for the purpose of removing or cancelling voters from the voter list. USCIS Ex. 191 at USCIS SAVE 000632. | |
| 122. | For initiating a case in the SAVE system the user agency must enter the voter registration applicant's first name, last name, middle name, date of birth, and then as many DHS enumerators as are available, such as E-number, a USCIS number, an Alien Registration Number (or "A-number"), or a naturalization certificate number. USCIS Tr. 33:10-15. | |
| 123. | To verify a benefit applicant's status in the SAVE system, the user agency must have the applicant's biographic information (first name, last name and date of birth) and a numeric identifier (Alien Number; Form I-94, Arrival/Departure Record, | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | number; Student and Exchange Visitor Information System (SEVIS) ID number; or unexpired foreign passport number). https://www.uscis.gov/save/about-save/save-verification-process. | |
| 124. | SAVE cannot verify an applicant's status using only first and last name or birthplace. https://www.uscis.gov/save/about-save/save-verification-process. | |
| 125. | When the SAVE system cannot verify the naturalized or derived U.S. citizenship of the voter registration applicant, the SAVE MOA and the SAVE Program Guide mandate that additional verification procedures be initiated. The Arizona Secretary of State and Arizona county recorders have never sought and obtained an exemption from this requirement. USCIS Ex. 184 at USCIS SAVE 000004; USCIS Ex. 189 at USCIS SAVE 000087-88; USCIS Ex. 192 USCIS SAVE 000014; USCIS Tr. 91:23-92:3, 93:3-6, 98:11-23, 98:24-99:6. | |
| 126. | Initiating additional verification in the SAVE system requires the user to click on a button on screen. USCIS Tr. at 84:24-85:7, 86:23-87:4. | |
| 127. | The SAVE MOA requires user agencies to "[e]nsure all Users perform any additional verification procedures the SAVE Program requires and/or the registrant requests after the User Agency initiates a request for verification. For voter registration verification, User agency must institute additional verification for any registrant that does not verify as a naturalized or derived citizen on initial verification, including in all cases where the User Agency receives any SAVE response other than that of naturalized or derived citizen." USCIS Ex. 184 at USCIS SAVE 000004. | |
| 128. | The SAVE MOA requires users, including Arizona counties, to provide voter registration applicants opportunities to provide verification of their citizenship or to appeal the results with USCIS if the SAVE system does not indicate that the individual is a U.S. citizen. However, Arizona counties do not routinely inform applicants about adjusting status with USCIS, and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. | |
| 129. | The SAVE MOA requires users, including Arizona counties, to perform additional verifications procedures for any voter registrant that does not verify as a naturalized or derived citizen on initial verification. However, Arizona counties are not familiar with and regularly do not perform the additional verification procedures, | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | and neither the Arizona Secretary of State nor USCIS monitor, regulate, or enforce this requirement. Stevens Tr. 72:21-73:1; Asrarynezami Tr. 92:15-22; Milheiro Tr. 35:8-10; Garcia Tr. 62:11-16); Hiser Tr. 209: 4-9; Lewis Tr. 71:20-21:3; Webber Tr. 88:23-89:5. | |
| 130. | The SAVE Program Guide states that "[i]f an agency has alternative processes upon which to base its decision to grant or deny a benefit, additional verification in SAVE is not required." In Arizona, the only alternative to using SAVE's additional verification procedures is to provide DPOC. Accordingly, the exception to the additional verification requirement only applies if a voter registration applicant supplies DPOC. USCIS Tr. 97:4-11, 97:19-24, 98:2-4. | |
| 131. | The SAVE MOA requires Arizona county recorders to provide to voter registration applicants whose naturalized or derived citizenship could not be verified in the SAVE system, adequate written notice of the failure to verify citizenship status and information on how to correct, update, renew, or obtain their DHS records. USCIS Ex. 184 at USCIS SAVE at 000011-12; USCIS Tr. 89:3-14, 108:10-111:24. | |
| 132. | According to USCIS SAVE data, in 2020, the Maricopa County Recorder's office initiated additional verification for 3 of the 1,064 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 133. | According to USCIS SAVE data, in 2021, the Maricopa County Recorder's office initiated additional verification for 5 of the 413 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 134. | According to USCIS SAVE data, in 2022, the Maricopa County Recorder's office initiated additional verification for 4 of the 494 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 135. | According to USCIS SAVE data, in 2020, the Pima County Recorder's office initiated additional verification for 107 of the 232 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 136. | According to USCIS SAVE data, in 2021, the Pima County Recorder's office | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| | Stipulation | County Recorder Response |
|---|---|---|
| | initiated additional verification for 4 of the 16 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 137. | According to USCIS SAVE data, in 2022, the Pima County Recorder's office initiated additional verification for 2 of the 45 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 138. | According to USCIS SAVE data, in 2020, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 18 of the 129 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 139. | According to USCIS SAVE data, in 2021, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 5 of the 50 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 140. | According to USCIS SAVE data, in 2022, the other 13 county recorder offices besides Maricopa and Pima initiated additional verification for 6 of the 59 individuals who could not be verified as naturalized or derived U.S. citizens upon initial verification. USCIS SAVE 001744; USCIS Tr. 48:10-49:1, 175:7-2, 176:14-22. | |
| 141. | Arizona election officials only have access to SSA records through the HAVA checks run through AZDOT. | |
| 142. | HAVA checks against SSA records only provide information that can verify an individual's identity, *i.e.*, that the applicant's data matches a record in the SSA database. | |
| 143. | Arizona election officials do not have access to any citizenship data contained within SSA records and do not receive any such data through the HAVA checks. *See* https://www.ssa.gov/open/havv/#hava; *see also* Connor Tr. 184:2-10. | |
| 144. | Arizona election officials are unfamiliar with, and do not have access to, the National Association for Public Health Statistics and Information Systems | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | Electronic Verification of Vital Events System. | |
| 145. | Arizona election officials do not receive any data related to citizenship status from the Electronic Registration Information Center database. | |
| 146. | Arizona election officials are unaware of any other databases to which they have access that contain citizenship data. | |
| 147. | In Apache County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 148. | In Cochise County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 149. | In Coconino County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 150. | In Gila County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 151. | In Graham County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 152. | In Greenlee County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 153. | In La Paz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 154. | In Maricopa County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 155. | In Mohave County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| 156. | In Navajo County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 157. | In Pima County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 158. | In Pinal County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 159. | In Santa Cruz County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 160. | In Yavapai County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 161. | In Yuma County, Arizona, notice letters regarding missing documentary proof of citizenship are sent by mail to voters and prospective voters only in English and/or Spanish language. | |
| 162. | Since the beginning of 2010, there have been 7 General Elections, 7 Primary Elections, and 3 Special Elections in Arizona with over 27 million votes cast. | |
| 163. | Prior to H.B. 2492 and H.B. 2243, Arizona had policies, laws, or procedures in place to prevent noncitizens from voting or registering. Hansen Tr. 61:16-19; Milheiro Tr. 74:5-10; Garcia Tr. 86:13-87:9; Hiser Tr. 233:9-20; Webber Tr. 103:20-104:5. | |
| 164. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens registering to vote. Asrarynezami Tr. 75:22-24; Merriman Tr. 66:16-19; Hansen Tr. 62:8-22; Webber Tr. 104:10-13; Munoz and Johnston Tr. 95:2-7. | |
| 165. | Arizona County Recorders are not familiar with any instance of non-U.S. citizens voting. Asrarynezami Tr. 75:17-19; Merriman Tr. 66:20-22; Hansen Tr. 62:8-22; Webber Tr. 104:10-13. | |
| 166. | According to the Apache County Recorder, in Apache County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or | |

20

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | non-County resident registering to vote or voting. | |
| 167. | According to the Cochise County Recorder, in Cochise County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 168. | According to the Coconino County Recorder, in Coconino County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 169. | According to the Gila County Recorder, in Gila County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 170. | According to the Graham County Recorder, in Graham County, Arizona, from February 1, 2016 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 171. | According to the Greenlee County Recorder, in Greenlee County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 172. | According to the La Paz County Recorder, in La Paz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 173. | According to the Maricopa County Recorder, in Maricopa County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 174. | According to the Mohave County Recorder, in Mohave County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 175. | According to the Navajo County Recorder, in Navajo County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 176. | According to the Pima County Recorder, in Pima County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 177. | According to the Pinal County Recorder, in Pinal County, Arizona, from January | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF FACT**

| Stipulation | | County Recorder Response |
|---|---|---|
| | 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 178. | According to the Santa Cruz County Recorder, in Santa Cruz County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 179. | According to the Yavapai County Recorder, in Yavapai County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |
| 180. | According to the Yuma County Recorder, in Yuma County, Arizona, from January 1, 2013 to present, there were no known instances of a non-U.S. citizen or non-County resident registering to vote or voting. | |

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| | Stipulation | County Recorder |
|---|---|---|
| 1. | Katie Hobbs is the Governor of Arizona. ECF No. 388-5. As Governor, she "supervise[s] the official conduct of all executive and ministerial officers." A.R.S. § 41-101(A)(1). | |
| 2. | Defendant Adrian Fontes is the Secretary of State of Arizona. *See* Doc. 388-5. As Secretary, he is Arizona's chief election officer and is responsible for "coordination of" Arizona's responsibilities under the National Voter Registration Act of 1993 ("NVRA"). A.R.S. § 16-142(A)(1). | |
| 3. | Defendant Kristin Mayes is the Attorney General of Arizona. *See* Doc. 388-5. As Attorney General, she is the chief legal officer of the state. A.R.S. § 41-192. | |
| 4. | Defendant State of Arizona is a sovereign State of the United States of America. The State of Arizona waived its sovereign immunity and consented to this Court's jurisdiction through its Motion to Intervene in LUCHA v. Hobbs, No. 2:22-cv-00519-SRB. *See* Mot. to Intervene, ECF No. 12; Clark v. Barnard, 108 U.S. 436, 447 (1883). | |
| 5. | The County Recorder Defendants are responsible, within their respective counties, for processing voter registration applications and verifying voter registration applicants' eligibility to vote, including U.S. citizenship and residency status. The County Recorders are also responsible for maintenance of voter registration records in their respective counties, including rejection of voter registration applications and removal of voters from the registration list pursuant to certain provisions of H.B. 2492 and 2243. A.R.S. §§ 16-112; 16-121.01; 16-123; 16-128; 16- 131; 16-151; 16-161; 16-165; 16-166. | |
| 6. | To be qualified to vote in Arizona, a prospective voter must "be a citizen of the United States of the age eighteen years or over, and shall have resided in the state" for a prescribed period of time.  Ariz. Const. art. VII, § 2, cl. A.  Prospective voters must also be able to write their names or make a mark (unless unable to do so due to physical disability), have not been convicted of treason or a felony (unless their rights have been restored), and have not been adjudicated to be incapacitated. | |
| 7. | The Arizona Elections Procedures Manual ("EPM"), which is prepared by the Arizona Secretary of State after consultation with county election officials, contains "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of | |

23

**PLAINTIFFS' PROPOSED STIPULATIONS OF LAW**

| Stipulation | | County Recorder |
|---|---|---|
| | producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(a). | |
| 8. | The EPM must be approved by the Secretary of State, Governor, and Attorney General before going into effect. A.R.S. § 16-452(b). The Governor and Attorney General may—but need not—suggest or advocate for revisions to a proposed EPM submitted to them. | |
| 9. | Once approved, the entirety of the EPM has the force of law and is binding on the Arizona Secretary of State and Arizona's fifteen county recorders; a violation of any rule adopted as part of the EPM is a class 2 misdemeanor. A.R.S. § 16-452(c). | |