KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

GARY M. RESTAINO
United States Attorney
District of Arizona

RICHARD A. DELLHEIM (NY Bar No. 2564177)
EMILY R. BRAILEY (DC Bar No. 1684650)
SEJAL JHAVERI (NY Bar No. 5396304)
MARGARET M. TURNER (NY Bar No. 5869045)
JENNIFER J. YUN (DC Bar No. 1600953)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4CON – Room 8.1815
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel.: (202) 353-5724 / Fax: (202) 307-3961
Richard.Dellheim@usdoj.gov
Emily.Brailey@usdoj.gov
Sejal.Jhaveri@usdoj.gov
Margaret.M.Turner@usdoj.gov
Jennifer.Yun@usdoj.gov

*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>Adrian Fontes, et al.,<br><br>        Defendants.<br><br>And associated consolidated matters. | No. 2:22-cv-00509-SRB (Lead Case)<br>No. 2:22-cv-01124-SRB (Consolidated)<br><br>United States' Opposition to Rule 54(b) Motion |

The United States opposes Intervenor Republican National Committee's (RNC) motion for final judgment on some claims.  ECF No. 557.  The RNC seeks extraordinary relief.  But it has failed to meet its weighty burden of demonstrating that 1) the claims decided by the Court on summary judgment are separable from the remaining claims, and

2) there is no just reason for delaying judgment on them.  Trial on the remaining claims is imminent.  Final resolution of all claims is thus within reach.  Accordingly, the RNC's efforts to upend long-standing federal policy against piecemeal appeals must fail.

## BACKGROUND

The United States challenged three provisions of HB 2492 under Section 6 of the National Voter Registration Act ("NVRA") and the "Materiality Provision" codified in Section 101 of the Civil Rights Act.  On September 14, 2023, the Court granted summary judgment on the United States' claim that parts of Sections 4 and 5 of HB 2492 violated Section 6 of the NVRA.  *See* Order on Mot. Summ. J., ECF No. 534.  The Court also held that HB 2492's citizenship checkbox requirement violated the Materiality Provision as to voters who have already provided documentary proof of citizenship.  *Id.*  The Court found, however, that the United States' claim related to HB 2492's birthplace requirement raised genuine fact issues to be adjudicated at the trial set to begin on November 6, 2023.  *Id.; see* Case Scheduling Order, ECF No. 479.  The RNC delayed filing its Motion for Rule 54(b) relief until October 10, 2023, almost a month after the Court issued its summary judgment decision.  ECF No. 557.  Briefing on this motion will not be complete until after trial begins.

## LEGAL STANDARD

Relief under Federal Rule of Civil Procedure 54(b) is discretionary and should not be "granted routinely."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).  The Court may enter a Rule 54(b) final judgment only if it first "render[s] an ultimate disposition of an individual claim" and then "find[s] that there is no just reason for delaying judgment on this claim."  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (citing *Curtiss-Wright* 446 U.S. at 7).  But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  *Curtiss-Wright Corp.*, 446 U.S. at 8.  District courts must consider "judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule

1   effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (*quoting*

2   *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

3          The moving party bears the burden of showing that this extraordinary remedy is

4   warranted.  *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 882–83 (9th Cir. 2005) (reversing

5   certification of order resolving wrongful constructive discharge claim because of the

6   claim's close relation to all other constructive discharge-based claims still pending).  A

7   party's attempt to meet that burden must be "scrutinized to prevent piecemeal appeals in

8   cases which should be reviewed only as single units." *Tessera, Inc. v. Toshiba Corp.*, 743

9   F. App'x 140, 141 (9th Cir. 2018) (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98

10  (9th Cir. 1991)).

11                                      **ARGUMENT**

12         The RNC fails to meet Rule 54(b)'s demanding standards.  First, the claims

13  resolved on summary judgment are not separable either legally or factually from the

14  claims remaining at trial.  *See Tessera*, 743 F. App'x at 141–42 (reversing district court's

15  certification because the partial summary judgment "order does not present final

16  adjudication of a complete claim on the facts, the theories for relief, or the parties"); *Jewel*

17  *v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (considering "whether the certified

18  order is sufficiently divisible from the other claims such that the 'case would [not]

19  inevitably come back to this court on the same set of facts.'" (quoting *Wood*, 422 F.3d at

20  879)).

21         As noted, part of the United States' Materiality Provision claim remains for trial.

22  Compl. ¶¶ 67-71.  If the Court grants Rule 54(b) relief, the Ninth Circuit may be presented

23  with *two* appeals related to the *same claim*.  The parties will complete trial on this claim

24  within the next month, and therefore, the appeal on the United States' Materiality

25  Provision claim will be considered twice on a nearly parallel timeline.  In addition, the

26  remaining piece of the United States' Materiality Provision claim shares a common set of

27  facts with the parts of the claim that the Court already decided, namely that it stems from

28  the same voter registration process and procedures as the part resolved at summary

1    judgment.  *See Jewel*, 810 F.3d at 628 (reversing district court's certification order where

2    the moving party sought to carve out a single claim for appeal despite significant factual

3    and legal overlap between that claim and several undecided claims); *First Amendment*

4    *Coal. of Ariz., Inc. v. Ryan*, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016) (denying

5    certification because of factual overlap between decided claims and remaining claims and

6    moving party's failure to demonstrate that entry of judgment is necessary to "avoid a harsh

7    and unjust result").  Similarly, there remain additional claims under the NVRA for

8    adjudication at trial that also rely on a common nucleus of facts.  *Compare* Order on

9    Motion. Summ. J. at 9-22, *with* Supplement to the Joint Pretrial Order at 3-4, ECF No.

10   610.

11         Second, and equally fatal to the RNC's motion, the RNC fails to show how the

12   short delay needed to resolve the remaining claims at trial meets the high bar of "no just

13   reason for delaying judgment."  *Pakootas*, 905 F.3d at 574; Fed. R. Civ. Pro. 54(b).  All

14   remaining claims will be tried starting November 6.  Thus, the delay between the

15   completion of briefing on this motion and final adjudication of the remaining claims is

16   likely to be short.  On the other hand, the parties are unlikely to complete briefing and

17   obtain an opinion in the Ninth Circuit before this Court issues its final order here.  In fact,

18   this motion will not be fully briefed until after trial begins.  *See* LRCiv 7.2(d).  As a result,

19   these appeals will be on nearly parallel tracks with related facts and law, wasting scarce

20   judicial resources.  Granting the RNC's Rule 54(b) motion is especially inappropriate

21   considering the Court's and parties' concerted efforts to resolve this case expeditiously

22   with enough time before the next election.  And finally, the RNC waited nearly a month to

23   seek Rule 54(b) relief, *see* ECF No. 557, mere weeks before trial.  Accordingly, any

24   alleged prejudice to the RNC is of its own making.

25                                    **CONCLUSION**

26         The RNC's Rule 54(b) motion should be denied.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:  October 31, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Sejal Jhaveri*
RICHARD A. DELLHEIM
EMILY R. BRAILEY
SEJAL JHAVERI
MARGARET M. TURNER
JENNIFER J. YUN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4CON – Room 8.1815
950 Pennsylvania Avenue, NW
Washington, DC 20530

1

**CERTIFICATE OF SERVICE**

2
3

I hereby certify that on October 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

4

5

6

7

8

9

*Sejal Jhaveri*
Sejal Jhaveri
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-7376
sejal.jhaveri@usdoj.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28