Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*
**Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Mi Familia Vota, et al.,

Plaintiffs,

v.

Adrian Fontes, et al.,

Defendants.

AND CONSOLIDATED CASES.

Case No. 2:22-cv-00509-SRB (lead)

**NON-U.S. PLAINTIFFS' JOINT TRIAL BRIEF REGARDING STANDING EVIDENCE**

No. CV-22-00519-PHX-SRB
No. CV-22-01003-PHX-SRB
No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

The Non-U.S. Plaintiffs submit this brief to address an issue that arose today, on the first day of trial, regarding their ability to offer testimony from Plaintiff representatives about the impact that each of the Challenged Provisions will have on their organizations, members, and/or constituents. Prior to trial, the Court resolved the merits of various statutory claims raised by the Plaintiffs, but it did not resolve the non-U.S. Plaintiffs' standing to obtain relief on those same claims. Nor could it have done so—discovery was ongoing, and the parties were limited to filing partial summary judgment motions on issues of law aimed at narrowing legal, but not factual, issues for trial. As a result, the summary judgment briefing largely focused on the merits of the Plaintiffs' legal claims, and did not give them an opportunity to present factual evidence in support of their standing to make those claims. Accordingly, this trial presents the first—and only—opportunity that the non-U.S. Plaintiffs have had in this case to make their factual record on standing.

Today, the Non-U.S. Plaintiffs sought to establish through live testimony evidence of their standing to challenge each of the provisions at issue in this litigation—including those that the Court held were unlawful in its earlier partial summary judgment order. Plaintiffs' approach was responsive to and consistent with Defendants' own arguments that Plaintiffs must establish such standing at trial. Nevertheless, Defendants objected to that testimony, and the Court has thus far sustained those objections. This severely prejudices the Non-U.S. Plaintiffs' ability to obtain relief on claims addressed at summary judgment—and risks remand for a second trial to allow Plaintiffs an opportunity to establish standing for their right to such relief. As a result, the Non-U.S. Plaintiffs respectfully request that they be permitted to ask Plaintiff representative witnesses limited questions sufficient to establish their standing on claims already addressed by this Court on the merits or, alternatively, to proffer such testimony in the form of declarations.

## I. Background

### A. The Court's partial summary judgment order resolved the *merits* of some claims, but not the Non-U.S. Plaintiffs' standing to obtain relief on those claims.

The Court's September 14, 2023 order granted Plaintiffs partial summary judgment on the merits of various statutory claims. *See* ECF No. 534. Pursuant to the Court's order at the March 23, 2023 Case Management Conference, however, the parties restricted their motions—filed while discovery was ongoing—to those issues the Court could "decide as a matter of law and [that were] not dependent upon any discovery or statement of the facts." March 23, 2023 Tr. at 48:9-12. As the State and Attorney General explain in their Trial Memorandum, "standing was not raised at summary judgment because the parties limited themselves to issues that could be decided without discovery" and thus "standing is likely to be a significant issue in this trial." State and AG's Trial Mem., ECF No. 585 at 5-6. The Court's September 14 order therefore, unsurprisingly, makes no finding as to the non-U.S. Plaintiffs' standing to obtain relief on their meritorious claims.

### B. Defendants challenge the standing of the Non-U.S. Plaintiffs to obtain relief on *any* claims, including those addressed in the Court's partial summary judgment order.

Defendants have made abundantly clear that they believe Plaintiffs lack standing, *including on the claims addressed by the Court in its September 14 partial summary judgment order*. The Legislative Intervenors, for example, argue in their Trial Memorandum that "even though the Court found Plaintiffs' allegations regarding organizational standing sufficient to overcome a motion to dismiss (Doc. 304 at 17), Plaintiffs bear the burden of putting forward evidence to support standing under either representational standing or organized standing." Leg. Intervenors' Trial Mem., ECF No. 583 at 2 (arguing "Private Plaintiffs Lack Standing"). Accordingly, they charge that "each [non-US Plaintiff] must prove that they *individually* have standing," *id.* at 4 (emphasis added), and thus "at trial . . . must set forth specific facts" of standing, *id.* at 1. In addition

to agreeing that "standing should be assessed with respect to *each* plaintiff at trial," ECF No. 585 at 7, the State and Attorney General stress that the non-U.S. Plaintiffs must establish standing "***for each provision of the Challenged Laws***" that they are "seeking to enjoin," *id.* (emphasis added). That, naturally, includes the provisions subject to the Court's September 14 order—on which no finding of standing has yet been made.

**C. The Non-U.S. Plaintiffs have attempted to obtain standing testimony at trial, consistent with Defendants' arguments that they are obliged to do so and consistent with their understanding of the Court's pretrial order.**

In view of this challenge to the Non-U.S. Plaintiffs' standing—including on claims addressed in the Court's partial summary judgment order—Plaintiffs attempted to elicit testimony on the first day of trial from a witness for Plaintiff Voto Latino (Ameer Patel). Specifically, counsel attempted to elicit testimony regarding how Voto Latino is harmed by H.B. 2492's Citizenship Checkbox Requirement and the law's requirement that County Recorders reject applications from State Form applicants who do not supply DPOC—rather than registering them as federal-only voters. Despite acknowledging that "standing is likely to be a significant issue in this trial," ECF No. 585 at 5-6, Defendants objected to this questioning and the Court sustained the objections. Mr. Patel was therefore not permitted to testify to the harms these provisions impose on Voto Latino. Counsel for a subsequent witness for Plaintiff Arizona Coalition for Change (Reginald Bolding) omitted similar questions from their examination in view of the Court's rulings on these objections, and thus Mr. Bolding was likewise not able to offer testimony on Plaintiff Arizona Coalition for Change's standing as to claims in the Court's September 14 order. Absent relief, and if the Court continues to sustain objections from Defendants to questions regarding standing for claims already resolved on the merits by the partial summary judgment motion, the Non-U.S. Plaintiffs are likely to continue omitting such questions from their examinations.

The Non-U.S. Plaintiffs appreciate that the Court made clear at the Pretrial Conference that it "will not consider either evidence or further legal argument with respect

to alternative grounds for the rulings that were made in the Court's Order on 9/14/2023." October 24, 2023 Minute Entry at 1. But the questions the Non-U.S. Plaintiffs wish to ask their witnesses do not concern "alternative grounds" for relief at all; they instead concern standing for the very grounds upon which the Court ruled on the merits.

## II. Discussion

### A. The Court's partial summary judgment order does not relieve the Non-U.S. Plaintiffs of their duty to show standing, and they are severely prejudiced by the inability to do so at trial.

The Court's conclusion that the Non-U.S. Plaintiffs have proven the *merits* of various statutory claims does not relieve Plaintiffs of their obligation to establish *standing* on those same claims—"the threshold question of whether plaintiff[s] ha[ve] standing (and the court has jurisdiction) is distinct from the merits of [their] claim[s]." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011); *accord Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal"). As the Legislative Intervenors stress, evidence of the Non-U.S. Plaintiffs' standing is "an indispensable part of the plaintiff's case" which "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Leg. Intervenors' Trial Mem., ECF No. 583 at 1 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992)).

The Non-U.S. Plaintiffs therefore must be permitted to create a record of their standing, particularly in view of the Defendants' intent to raise such standing arguments to bar Plaintiffs from ever seeing relief on the claims they prevailed upon in the Court's September 14 order. *E.g.*, ECF No. 583 at 1-3; ECF No. 585 at 5-7. And Plaintiffs must build this record at trial—Defendants and Intervenors took no depositions of Plaintiff witnesses and served no written discovery. Indeed, despite their objections to such standing testimony in Court, Defendants acknowledged in their Trial Memoranda that Plaintiffs must adduce such evidence "at trial," ECF No. 583 at 1, such that "standing is likely to be

a significant issue at this trial" including "for each provision of the Challenged Laws" on which Plaintiffs seek relief, ECF No. 585 at 5-6. Defendants' objections barring the Non-U.S. Plaintiffs from now asking the very questions necessary to establish their standing to challenge "each provision of the Challenged Laws," as Defendants insist that they do, is extraordinarily prejudicial to the Non-U.S. Plaintiffs' ability to obtain relief in this case.

**B. The Non-U.S. Plaintiffs must be permitted to create a record of standing for the Court of Appeals, even if the Court is already satisfied of their standing as to claims resolved on the merits.**

Even if the Court is sufficiently satisfied of the Non-U.S. Plaintiffs' standing on the claims it addressed in its September 14 order, Plaintiffs must build a record to sustain their meritorious claims—and the Court's order—on appeal. The Court of Appeals has "an independent obligation to ensure that [it] ha[s] subject matter jurisdiction," which "includes a determination that [Plaintiffs] ha[ve] standing to bring" their claims. *Project Veritas v. Schmidt*, 72 F.4th 1043, 1053 (9th Cir. 2023) (quoting *Airline Serv. Providers Ass'n v. L.A. World Airports*, 873 F.3d 1074, 1078 (9th Cir. 2017)). And this "jurisdictional question of standing precedes, and does not require, analysis of the merits." *Maya*, 658 F.3d at 106 (quoting *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n.10 (9th Cir. 2008)). Apart from the appellate court's independent duty to establish jurisdiction, the State and Attorney General, as well as the Legislative Intervenors, have placed these issues at the forefront of their arguments here and are likely to do so again on appeal—particularly if the record lacks standing evidence as to certain provisions. ECF No. 583 at 1-3; ECF No. 585 at 5-7.

Absent a suitable record, the Court of Appeals may not even reach the legal issues addressed in the Court's September 14 order before remanding for further proceedings. For example, in *Gill v. Whitford*, the Supreme Court found Plaintiffs did not sufficiently develop evidence of standing at trial and thus "remand[ed] the case to the District Court so that the plaintiffs may have an opportunity to prove concrete and particularized injuries

using evidence—unlike the bulk of the evidence presented thus far—that would tend to demonstrate a burden on their individual votes." 138 S. Ct. 1916, 1934 (2018) (concluding it "express[ed] no view on the merits of the plaintiffs' case"). Likewise, in *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 268, 271 (2015), the district court did not make a proper finding as to Plaintiffs' standing to raise a racial-gerrymandering claim, and the Supreme Court accordingly remanded the case on that issue, specifically instructing that "the District Court on remand should reconsider the Conference's standing by permitting the Conference to" present evidence "and permitting the State to respond, as appropriate." Plaintiffs here must likewise have the opportunity to generate such evidence, lest they be required to do so on remand.

## III. Conclusion and Requested Relief

The Non-U.S. Plaintiffs therefore respectfully ask that they be permitted to ask questions of Plaintiffs' witnesses sufficient to establish their standing on each provision of H.B. 2492 and H.B. 2243 that they challenge. Alternatively, the Non-U.S. Plaintiffs respectfully ask that they be permitted to make a proffer of such testimony in the form of declarations from their Plaintiff representative witnesses.[1]

Dated: November 6, 2023

Respectfully submitted,

_*Christopher D. Dodge*___________
Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar. No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
530 East McDowell Road
Suite 107-150
Phoenix, Arizona 85004-1500
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

---

[1] In the event the Court agrees to permit such questioning, the Non-U.S. Plaintiffs ask that they still be permitted to make such proffers of testimony specifically for Ameer Patel and Reginald Bolding in view of their inability to develop such standing evidence from these witnesses live at trial.

Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Mollie DiBrell*
Alexander F. Atkins*
Daniela Lorenzo*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
mdibrell@elias.law
aatkins@elias.law
dlorenzo@elias.law

*Danielle Lang (with permission)*
**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*
Hayden Johnson*
Nicole Hansen*
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
Jed W. Glickstein* (IL# 6315387)
William J. McElhaney, III* (IL #6336357)
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com
jglickstein@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
(202) 362-3000
rlamorte@mayerbrown.com

**BARTON MENDEZ SOTO PLLC**
James E. Barton II, AZ Bar No. 023888
401 W. Baseline Rd. Suite 205
Tempe, AZ 85283
(480) 418-0668
james@bartonmendezsoto.com

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
AZ Bar No. 019579
Attorney General
Chase A. Velasquez*
NM Bar No. 019148
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

*Attorneys for LUCHA Plaintiffs*
** Admitted pro hac vice*

*Jon Sherman (with permission)*
Jon Sherman
Michelle Kanter Cohen
**Fair Elections Center**
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
(202) 331-0114

Jeremy Karpatkin
John A. Freedman
Erica McCabe
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
(202) 942-5000

Steven L. Mayer
**Arnold & Porter Kaye Scholer LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Steve.Mayer@arnoldporter.com
(415) 471-3100

Leah R. Novak
**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
(212) 836-8000

Daniel J. Adelman
**Arizona Center for Law in the Public Interest**
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
danny@aclpi.org
(602) 258-8850

*Attorneys for Poder Latinx, Chicanos Por La Causa,*
*and Chicanos Por La Causa Action Fund*

*Christopher E. Babbitt (with permission)*
**Papetti Samuels Weiss McKirgan LLP**
Bruce Samuels (State Bar No. 015996)
bsamuels@pswmlaw.com
Jennifer Lee-Cota (State Bar No. 033190)
jleecota@pswmlaw.com
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254
+1 480 800 3530

**Wilmer Cutler Pickering Hale and Dorr LLP**
Seth P. Waxman *(pro hac vice)*
seth.waxman@wilmerhale.com
Daniel S. Volchok *(pro hac vice)*
daniel.volchok@wilmerhale.com
Christopher E. Babbitt *(pro hac vice)*

christopher.babbitt@wilmerhale.com
Britany Riley-Swanbeck (*pro hac vice)*

Britany.riley-swanbeck@wilmerhale.com
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
+1 202 663 6000 (telephone)
+1 202 663 6363 (facsimile)

*Attorneys for the Democratic National Committee and Arizona Democratic Party*

*Amit Makker (with permission)*
**LATHAM & WATKINS LLP**
Sadik Huseny (pro hac vice)
*sadik.huseny@lw.com*
Amit Makker (pro hac vice)
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
Niyati Shah (pro hac vice)
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis (pro hac vice)
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

**SPENCER FANE**
Andrew M. Federhar (No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

*Ernest Herrera (with permission)*
Ernest Herrera (pro hac vice)
Erika Cervantes (pro hac vice)
**Mexican American Legal Defense and Educational Fund**
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: eherrera@maldef.org
ecervantes@maldef.org

Daniel R. Ortega Jr.
**Ortega Law Firm**
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Email: danny@ortegalaw.com

*Attorneys for Promise Arizona Plaintiffs*