Tyler Green*
Cameron T. Norris*
Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Attorneys for Intervenor-Defendant*

*admitted pro hac vice

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | |
| Plaintiffs, | Case No: 2:22-cv-00509-SRB (Lead) |
| v. | |
| Adrian Fontes, et al., | **INTERVENOR REPUBLICAN NATIONAL COMMITTEE'S RESPONSE TO PLAINTIFFS' MOTION TO OVERRULE DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS** |
| Defendants. | |
| AND CONSOLIDATED CASES | |

Intervenor Republican National Committee ("RNC"), Speaker of the Arizona House of Representatives Ben Toma, and President of the Arizona Senate Warren Petersen, respectfully submit this response in opposition to the Plaintiffs' Response to and Motion to Overrule Defendants' Objections to Deposition Designations (Doc. 624). A party may use deposition transcripts in lieu of trial testimony if—and only if—the witness is, *inter alia*, an (1) "adverse party" or (2) "is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(3), (a)(4)(B). Here, the representatives of the Maricopa County Recorder, Pinal County Recorder, the Arizona Department of Transportation, the Gila County Recorder, the Yavapai County Recorder, and the Secretary of State all reside or hold office within 100 miles of the courthouse. Further, none of these avowedly nominal parties are substantively "adverse" to the Plaintiffs— indeed, some have expressly *endorsed* the Plaintiffs' claims and legal theories.

Plaintiffs' other attempts to resuscitate inadmissible deposition testimony likewise fall flat. The county recorders' opinions concerning the proper construction and application of H.B. 2492 or H.B. 2243 are not admissible for any purpose. Further, the novel notion that all foundation objections lodged during Rule 30(b)(6) depositions are unviable finds no legal or logical sustenance.

## ARGUMENT

### I. The Government Witnesses Are Not "Adverse" to the Plaintiffs

The existence of actual adversity between a party witness and the party designating the witness' deposition transcript is a prerequisite to the deposition's admissibility under Rule 32(a)(3). The element of adversity is not an incidental attribute of the provision; it is central to its animating purpose. "[T]he Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him." Wright & Miller, 8A FED. PRAC. & PROC. CIV. § 2145 (3d ed.). It is for precisely this reason that the Rule does not (absent

1

a showing of unavailability) extend the same dispensation to the proffering party's own deposition testimony or the testimony of third party witnesses.

When pressed to elucidate the "adversity" of the Secretary and county recorders, Plaintiffs struggle to offer anything more than the facile explanation that these parties are named on the other side of the "v."  Regardless of how the case caption is styled, a party that maintains a position of neutrality—and, at times, overt sympathy—towards the Plaintiffs' claims is not "adverse" within any plausible meaning of the word.  Indeed, Plaintiffs' own cited authorities underscore that the "adversity" criterion is functionalist, not formalist.  It "refers to a party whose interest in the case is adverse to that of another party, even though the parties may be nominally aligned as co-parties."  Motion at 3 (quoting 7 Moore's Federal Practice – Civil § 32.21[1] (2023)).  In other words, even co-plaintiffs (or co-defendants) can be "adverse" within the meaning of Rule 32(a)(3) if there is an actual discordance between their positions or objectives.  It follows that, conversely, parties who are nominally aligned against each other are not actually "adverse" if their respective positions or objectives are not in conflict.  *See Superior Dividing Co. v. Watts*, No. 05-197, 2008 WL 533804, at *2–3 (E.D. La. Feb. 22, 2008) (holding that witness was not "truly adverse" within the meaning of Rule 32, even though he had filed a counterclaim against the offering party in a related action).

The absence of adversity here far transcends the Secretary and county recorders' asserted nominal status.  All fifteen county recorders publicly and, in some instances, vociferously opposed the legislation at the crux of these proceedings.  *See, e.g.*, Yavapai Tr. 31:16-18 (confirming that the office opposed enactment of H.B. 2492); Pima Tr. 297:10-17 (confirming that office opposed both the passage and implementation of the laws); *id.* 109:14-15 ("The Recorders were not in favor of this particular bill" and some lobbied the Governor to veto it).  The Secretary's Answers to multiple Plaintiff groups' complaints openly embraced the Plaintiffs' allegations, and the county recorders have in this litigation indicated support for at least some of the Plaintiffs' positions on factual or

1    legal issues that other parties (including the RNC and the Legislative Intervenors)

2    controvert.  Indeed, the Plaintiffs elsewhere in their own Motion directly cite to deposition

3    testimony by the Maricopa County Recorder's representative, Janine Petty, that "many of

4    the challenged laws' provisions conflict with federal law."  Mot. at 9; *see also* Pima Dep.

5    110:8-15.  Finally, Plaintiffs' explanation that the declaratory and injunctive relief they

6    seek would be entered against the Secretary and recorders elides the fact that these parties

7    have, for all practical purposes, *voluntarily* acceded to precisely the injunction the

8    Plaintiffs want by refusing to implement any challenged provision of H.B. 2492 or H.B.

9    2243.

10         In short, there is no articulable opposition of interests or objectives between the

11    Plaintiffs and the Secretary or county recorders in these proceedings.  They accordingly

12    are not "adverse" parties, within the meaning of Rule 32(a)(3).

13

14    ## II.     The Secretary, ADOT, and Maricopa, Pinal, Yavapai and Gila Recorders All Are Within 100 Miles of the Courthouse

15         There is no factual disagreement that the Secretary, ADOT, and the recorders of

16    Maricopa, Pinal, and Gila counties are physically within a 100-mile radius from the

17    courthouse.  Plaintiffs insist that the Yavapai County Recorder's office likewise lies

18    outside the 100-mile ambit [*see* Mot. at 3], but that is incorrect.  Although the Ninth

19    Circuit appears not to have decided the issue, *see Rodriguez v. Cnty. of Los Angeles*, 891

20    F.3d 776, 808 (9th Cir. 2018) (acknowledging the question but deeming it waived), the

21    judicial consensus is that a witness' distance from the courthouse should be gauged using

22    the straight line method—*i.e.*, "as the crow flies"—rather than by reference to various

23    driving or other transit routes.  *See, e.g., Weerheim v. J.R. Simplot Co.*, No. CV-05-20-E-

24    BLW, 2007 WL 2121925, at *1 (D. Idaho July 23, 2007) (agreeing that "the straight line

25    method is the best measurement because in most cases it 'would be simpler and would

26    cause less argument and ambiguity'" (quoting 9A Wright & Miller FEDERAL PRAC. &

27    PROC. § 2461 (1995))); *McDaniel v. BSN Med., Inc.*, No. 4:07-cv-36-M, 2010 WL

2464970, at \*2 (W.D. Ky. Jun. 15, 2010) ("[T]he position that the Sixth Circuit has taken on the use of the straight line method in other contexts convinces the Court that this is the most appropriate methodology for calculating distance under Rule 32."). It is (or should be) undisputed that the Yavapai County Recorder's office is 80 miles from the courthouse. *See* <u>Exhibit A</u>. Further, even assuming *arguendo* that the 100-mile limit is measured by driving distance, at least one route clocks an expanse of 99.8 miles. *See* <u>Exhibit B</u>; *Goldenson v. Steffens*, No. 2:10-cv-00440-JAW, 2014 WL 3105367, at \*3 (D. Md. July 7, 2014) ("[I]f nine-nine miles and a fraction were rounded up to 100 miles, the 'more than' 100 miles requirement of Rule 32(a)(4)(B) would still fail by a whisker.").

Their deposition testimony accordingly cannot be admitted through Rule 32(a)(4)(B). Plaintiffs offer an anemic rejoinder that "exceptional circumstances"—namely, a desire not to "needlessly extend trial"—justify excusing these witnesses from live testimony. *See* Mot. at 3–4. It will suffice to say that for these Plaintiffs—who have subjected both the Court and the other parties to countless tedious redundancies and inconveniences—to now invoke efficiency as a rationale for circumventing their evidentiary obligations carries no small amount of irony. More to the point, the "exceptional circumstances" proviso is intended to accommodate the witness, not the parties. If any of the county recorders is confronting a *bona fide* exigency, he or she may raise it with the Court directly. In any event, the RNC and Legislative Intervenors would not oppose video/remote testimony by these witnesses.

### III.   The Secretary and County Recorders' Interpretations of the Challenged Statutes Are Not Admissible

The Motion appears to request a blanket and categorical overruling of any objection lodged during the designated deposition portions that the question posed called for a legal conclusion. This indiscriminate approach—which would extinguish dozens, if not hundreds, of objections asked of numerous witnesses—is ill-conceived and at odds with the Court's ruling on the RNC's motion in limine, which deemed this issue "a matter

for objection at trial."  Doc. 600.  Further, even a cursory review of the Plaintiffs' deposition transcript designation belies the Motion's assurance that their designations pertain only to narrow questions concerning the mechanics of implementation.  *See, e.g.*, Yavapai Tr. 26:19-21 ("Can legally binding guidance be conveyed by the Secretary of State's Office to your office by any means outside of the EPM?"); Sec'y of State (O'Connor) Tr. 99:11-12 ("Can you describe what you believe are the aspects of H.B. 2492 that set arbitrary rules?").

More generally, a lay or even expert witness "may not . . . testify as to a legal conclusion, such as the correct interpretation" of a legal document or source.  *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("Although experts may disagree in their conclusions, their testimony cannot be used to provide legal meaning or interpret the policies as written.").  Questions to the Secretary or county recorders that elicit their views of what various provisions of H.B. 2492 or H.B. 2243 do or do not mean, or how they should or should not be implemented, collide directly with this fundamental evidentiary stricture.  *See, e.g.*, *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005) ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts."); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 680 (N.D. Cal. 2021) (evidence that "purports to interpret" or "boil down" legal or regulatory requirements is inadmissible); *Estate of Sowell v. United States*, 198 F.3d 169, 172 (5th Cir. 1999) (no error in excluding expert testimony as to whether hypothetical facts presented constituted "reasonable cause").

Plaintiffs contend that "[t]he animating concern for the prohibition on legal conclusion testimony—jury confusion—is simply not present here."  Mot. at 8.  A corollary of that same proposition, however, is that testimony concerning the Secretary or county recorders' constructions or perceptions of statutory provisions carries no

probative or instructional value for the Court.  *See Bartch v. Barch*, No. 18-cv-03016-RBJ-NYW, 2022 WL 1567560, at *2 (D. Colo. May 18, 2022) (commenting that, even in a bench trial, "legal conclusions are inadmissible and . . . [offering them] will do nothing but waste time and try the Court's patience"); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999) (noting that "the admission of deposition testimony still remains subject to the sound discretion of trial court, and '[it] has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial'" (citations omitted)).

## IV.    Defendants' Lack of Personal Knowledge and Foundation Objections Were Proper

The notion that the Court must summarily overrule all of Defendants' lack of personal knowledge and foundation objections because those witnesses testified in a representational capacity is wrong for two reasons.  First, witnesses who testify under Rule 30(b)(6) enjoy no categorical immunity from foundation objections.  While testimony need not be premised solely on their personal knowledge, the parameters of corporate or organizational knowledge are not infinite.  *See generally* Fed. R. Civ. P. 30(b)(6) (the designee "must testify about information known or reasonably available to the organization").  Further, the witnesses' testimony during these depositions—and the questions that prompted it—often ambiguated the distinction between personal and official knowledge.  *See, e.g.*, Maricopa Tr. 134:16-18 (Q: "Are you personally worried about the felony provisions in these laws?"  A: "Personally, no."); Pima Tr. 171:10-12 ("I don't process the voter registration forms personally, so I don't know how common [use of an alien registration number] would be."); Navajo Tr. 26:1-13 (asking whether "in your personal experience" a registrant has ever provided fraudulent information in a certain box on the registration form); *see also Ericsson, Inc. v. Cont'l Promotion Group, Inc.*, CV O3-00375-PHX-JAT, 2006 WL 1794750, at *4 (D. Ariz. June 27, 2006) (pointing out that if a 30(b)(6) witness does not have corporate knowledge, he must have personal

1   knowledge).  It accordingly is often unclear throughout the deposition transcripts whether

2   the witness is purporting to testify based on personal or organizational knowledge.  Thus,

3   while foundation objections are often less applicable to Rule 30(b)(6) depositions, they

4   are not *per se* invalid.

5       Second, with respect to the county recorders who are located more than 100 miles

6   outside the courthouse's radius, any deposition testimony must be predicated on personal

7   knowledge if it is to be used at trial.  As discussed *supra* Section I, the recorders are not

8   "adverse" to the Plaintiffs, and so the deposition designations are not admissible under

9   Rule 32(a)(3).  Even when a designation is allowed under Rule 32(a)(4), however, the

10  testimony may be used only "to the extent it would be admissible under the Federal Rules

11  of Evidence if the deponent were present and testifying."  Fed. R. Civ. P. 32(a)(1)(B).

12  Rule of Evidence 602, in turn, requires personal knowledge.  Although there is a

13  divergence of views on the interplay between Rule of Civil Procedure 32(a)(4) and Rule

14  of Evidence 602, multiple courts have sensibly held that the former's personal knowledge

15  prerequisite still controls.  *See, e.g.*, *Kraft Foods Global, Inc. v. United Egg Producers,*

16  *Inc.*, No. 11-cv-8808, 2023 WL 5647204, at *10, 13 (N.D. Ill. Aug. 31, 2023) ("the

17  stronger current of the case law" holds that, when 30(b)(6) deposition testimony is

18  designated by someone other than an adverse party, the personal knowledge requirement

19  applies); *Fed. Trade Comm'n v. Vyera Pharm., LLC*, 20CV00706 (DLC), 2021 WL

20  5300019, at *2 (S.D.N.Y. Nov. 15, 2021) ("Unless the deponents were competent to

21  testify about the matters discussed in the designations based on their personal knowledge,

22  the designated portions must be stricken."); Wright & Miller, 8A FEDERAL PRACTICE &

23  PROC. § 2143 (3d ed.) (explaining that while "Rule 32(a) creates of its own force an

24  exception to the hearsay rule," "[a] deposition may be excluded if it is irrelevant or if in

25  some other respect what the deponent said does not satisfy the rules of evidence").

26      In sum, foundation objections are cognizable in Rule 30(b)(6) depositions, and

27  Plaintiffs have not even approximated a sufficient showing that *all* such objections in the

designated transcript portions are invalid.  In addition, because the county recorders are not "adverse" to Plaintiffs within the meaning of Rule 32(a)(3), any deposition testimony designated pursuant to Rule 32(a)(4)(B) must be predicated on the witness' personal knowledge.

CONCLUSION

For the foregoing reasons, the Court should deny the Motion in its entirety.

RESPECTFULLY SUBMITTED this 8th day of November, 2023.

By: /s/ Thomas Basile

| | |
|---|---|
| Cameron T. Norris* | Kory Langhofer, Ariz. Bar No. 024722 |
| Gilbert C. Dickey* | Thomas Basile, Ariz. Bar. No. 031150 |
| CONSOVOY MCCARTHY PLLC | STATECRAFT PLLC |
| 1600 Wilson Blvd., Ste. 700 | 649 North Fourth Avenue, First Floor |
| Arlington, VA 22209 | Phoenix, Arizona 85003 |
| (703) 243-9423 | (602) 382-4078 |
| cam@consovoymccarthy.com | kory@statecraftlaw.com |
| gilbert@consovoymccarthy.com | tom@statecraftlaw.com |

Tyler Green*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
tyler@consovoymccarthy.com

*admitted pro hac vice

*Attorneys for Intervenor-Defendant*

s/ *Hannah H. Porter*
**GALLAGHER & KENNEDY, P.A.**
Kevin E. O'Malley (Bar No. 006420)
Hannah H. Porter (Bar No. 029842)
Ashley E. Fitzgibbons (Bar No. 036295)
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
kevin.omalley@gknet.com

hannah.porter@gknet.com
ashley.fitzgibbons@gknet.com

*Attorneys for Intervenor-Defendants Speaker Toma and President Petersen*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*/s/ Thomas Basile*