Tyler Green*
Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
gilbert@consovoymccarthy.com

Kory Langhofer, Ariz. Bar No. 024722
Thomas Basile, Ariz. Bar. No. 031150
STATECRAFT PLLC
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Attorneys for Intervenor-Defendant*

*admitted pro hac vice

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Adrian Fontes, et al.,<br><br>    Defendants.<br>_____<br><br>**AND CONSOLIDATED CASES** | Case No: 2:22-cv-00509-SRB (Lead)<br><br>**INTERVENOR'S REPLY IN SUPPORT OF MOTION TO STRIKE** |

**ARGUMENT**

Intervenors moved to exclude Martín Quezada's testimony about conversations with Senator Sonny Borrelli because Plaintiffs failed to disclose anything about that testimony before trial. In their response, Plaintiffs don't dispute that they knew of Quezada's testimony well before trial. They don't dispute that they could have disclosed it months ago. They don't dispute that the Rules and this Court required detailed disclosure. And they don't point to any other disclosure or filing that would have given parties notice of Quezada's testimony. Instead, they bring up irrelevant points, such as the fact that Defendants didn't depose Quezada, and that the parties disputed the discoverability of other legislators' testimony on other issues. The Court should reject those distractions and grant the motion.

### A. Plaintiffs' boilerplate disclosures did not cover Quezada's testimony about Borelli.

Plaintiffs' response confirms that their disclosures were as unilluminating as Intervenors explained in their motion. Plaintiffs point to no other disclosure that would have put the parties on notice of Quezada's testimony. And they don't dispute that they *could have* disclosed that testimony months in advance of trial.

Plaintiffs rely on *Liberty Insurance v. Brodeur*, 41 F.4th 1185 (9th Cir. 2022), but that case did not—and cannot—nullify Rule 26's requirement that parties provide "the subjects of [discoverable] information" that a witness is likely to have. Fed. R. Civ. P. 26(a)(1)(A)(i). The case also says nothing about Plaintiffs' pretrial disclosure obligations—reinforced by this Court—which were similarly deficient. In any event, the case is factually distinct.

*Liberty Insurance* concerned an insurance dispute over medical costs stemming from injuries caused in an automotive accident. *Id.* at 1187. Jerry Brodeur was caught up in two lawsuits—one over the liability for the accident, and another over insurance coverage for the medical expenses. *Id.* In the insurance dispute, Brodeur—a defendant in both lawsuits—provided in his initial disclosures that he "was likely to have information

1

1  about 'the claims of the underlying case and the damages at issue.'" *Id.* at 1189. At trial,
2  Brodeur testified about facts that pertained to whether the insurance policy would cover
3  the injuries, such as whether the vehicle was registered. *Id.* at 1188. After trial, the district
4  court excluded that testimony, ruling that Brodeur's disclosures had limited his testimony
5  to the facts of the tort liability lawsuit, and thus Brodeur could not testify as to facts about
6  the insurance dispute. *Id.* at 1188-89. The Ninth Circuit reversed, holding that Brodeur's
7  disclosures were sufficient under Rule 26.

8        *Liberty Insurance* is not instructive here for several reasons. First, unlike Quezada,
9  Brodeur was not listed as a "may call" witness for collateral, procedural issues. He was
10 the named defendant in both lawsuits, a key witness for the facts of both cases, and "the
11 only witness who testified during [the] bench trial." *Id.* at 1188. Disclosing information
12 about that kind of witness is a far cry from disclosing a nonessential legislative witness
13 who—no different than every other legislator—"may have information about the
14 legislative process," Doc. 665, Ex. A at 6, and may have "[i]nformation regarding the
15 challenged laws," *Id.*, Ex. B at 7. Plaintiffs' disclosures fell short because they did not
16 "provid[e] parties with information essential to the proper litigation of all relevant facts,
17 to eliminating surprise, and to promoting settlement." *Windom v. FM Indus.*, No. 8:00-
18 cv-580, 2003 WL 21939033, at *2 (D. Neb. Aug. 12, 2003) (cleaned up) (collecting
19 cases). In other words, the disclosure of a primary, named witness may not limit the
20 testimony of that witness because the parties are already on notice of that witness's
21 relevance to the case. That is not true of a collateral witness such as Quezada, whose
22 disclosure should have provided the parties with information explaining his relevance to
23 Plaintiffs' claims. Plaintiffs' disclosures did not provide that requisite notice.

24       Second, the parties in *Liberty Insurance* disputed whether the Rule 26 disclosure
25 covered Brodeur's testimony. But there can be no dispute here that Quezada's disclosure
26 fell short. In *Liberty Insurance*, the insurance company argued that Brodeur's testimony
27 was limited to "the underlying case," which covered only the tort liability lawsuit, not the

2

1  insurance coverage lawsuit. *Liberty Ins.*, 41 F.4th at 1190-91. The district court ruled that
2  "the underlying case" could only mean the tort liability lawsuit, but the Ninth Circuit said
3  "the district court was wrong about" that— Brodeur's disclosures fairly covered
4  testimony about both cases. *Id.* at 1191. Not so here. Quezada's initial disclosures said
5  only that he "may have information about the legislative process leading to the passage
6  and debate of H.B. 2243 and H.B. 2492." Doc. 665, Ex. A at 6. Even though Plaintiffs
7  knew that they would offer Quezada to testify on personal conversations that were not
8  part of the legislative record, they didn't disclose it. And unlike *Liberty Insurance*,
9  Quezada's initial disclosures fell short of the Rule 26 standard.

10  In any event, it was not just Plaintiffs' Rule 26 disclosures that were deficient.
11  Plaintiffs' pretrial witness list was just as opaque. Plaintiffs said Quezada "may" testify
12  regarding the "challenged laws, including their origin, funding, sponsorship, merit,
13  legality, lobbying, support, and legislative history." Doc. 665, Ex. B at 7. That's not
14  description of his testimony—it's a description of what this entire case is about. "Writing
15  a brief summary and purpose of testimony in a manner that leaves open the possibility
16  that a witness will testify as to any number of unspecified and unidentified topics fails to
17  help the parties or this Court prepare for trial." *EEOC v. Ohio State Univ.*, No. 2:20-cv-
18  4624, 2023 WL 1070245, at *3 (S.D. Ohio Jan. 27, 2023). Striking a portion of Quezada's
19  testimony is thus not merely a sanction for Rule 26 deficiencies, but a sanction for never
20  disclosing the topics that Plaintiffs intended to call Quezada for all along.

21  Plaintiffs' disclosure failures are even more egregious given this Court's
22  admonition that the parties must disclose more than generic, categorical descriptions. *See*
23  Doc. 665 at 2-3. Plaintiffs' argument that the Court "issued no additional requirements
24  regarding initial disclosures" rings hollow when the Court *did* issue those explicit
25  requirements as to pretrial disclosures. Doc. 670 at 6; *cf. Sierra Club, Lone Star Chapter*
26  *v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).

27

3

### B. Plaintiffs attempt to distract from their disclosure obligations with irrelevant information.

Plaintiffs' other arguments are irrelevant to whether they provided the parties and the Court with proper notice of Quezada's testimony.

*First*, the opportunity to depose a witness is irrelevant to Plaintiffs' disclosure obligations. Defendants have no obligation to cure Plaintiffs' nondisclosure through deposition. And, as Plaintiffs themselves admit in their response, Doc. 670 at 5, the purpose of disclosure is in part to "assist other parties in deciding which depositions will actually be needed." Fed. R. Civ. P. 26, Advisory Committee's Note to the 1993 Amendments. Without proper disclosure, Defendants would have no way of knowing who should be deposed or what they should be deposed on. Defendants' decision not to depose a witness whom they were given no reason to depose does not relieve Plaintiffs of their Rule 26 and pretrial disclosure obligations. *See Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004). Plaintiffs cite no authority to the contrary, or any case explaining why the deposition is relevant at all.

*Second*, the discovery dispute over legislative privilege is irrelevant to Plaintiffs' disclosure obligations. In their response, Plaintiffs discuss the discovery dispute between them and the Legislator Intervenors over legislative privilege. *See* Doc. 670 at 2-3. They never explain why that dispute is relevant to their disclosure obligations concerning their own witnesses. The discovery dispute was about different witnesses, different legislators, and different issues. It has nothing to do with Quezada's testimony, which Plaintiffs had prepared well in advance of trial.

*Third*, the complaint is irrelevant to Plaintiffs' disclosure obligations. Allegations are not disclosures. Plaintiffs nevertheless rely on their complaint, claiming they included "an allegation regarding statements made by then-Arizona Senator Martín Quezada." Doc. 670 at 2. Even if the allegations were relevant to their disclosure obligations, the single allegation about Quezada in their complaint proves too much. Plaintiffs don't even quote the allegation because they know it's irrelevant: "Arizona State Senator Martin

Quezada raised the issue that H.B. 2243 did not go through the rules committee process. State Senator Quezada also noted that H.B. 2243 would violate the Arizona Voter Protection Act because it was not passed with a three-fourths majority." *See* Promise Ariz. Compl., No. 2:22-cv-1602, Doc. 1 at ¶41. Indeed, that allegation confirms that Quezada had knowledge of legislative procedures, not personal conversations with other legislators concerning another legislator's alleged intent.

\* \* \*

The Court can strike the testimony without analyzing willfulness or fault. A showing of willfulness or fault is necessary only "[w]hen a district court imposes a sanction that amounts to dismissal." *Liberty Ins.*, 41 F.4th at 1192. But striking the limited portion of Quezada's testimony that Intervenors request here would not amount to complete dismissal. In any event, Plaintiffs' tacit admission that they knew of Quezada's testimony about an alleged conversation with another legislator is evidence that (1) the nondisclosure was not "substantially justified," Fed. R. Civ. P. 37(c)(1), and (2) Plaintiffs willfully withheld the information. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993) (citation omitted). The Court can strike the limited portion of Quezada's trial testimony because Plaintiffs repeatedly failed to disclose anything substantive about that testimony throughout this litigation, in violation of the both the Rules and this Court's instructions.

**CONCLUSION**

For the foregoing reasons, the Court should strike the testimony of Martín Quezada from the trial record.

5

Respectfully submitted this 13th day of December, 2023.

By: */s/ Kory Langhofer*

| | |
|---|---|
| Gilbert C. Dickey* | Kory Langhofer, Ariz. Bar No. 024722 |
| CONSOVOY MCCARTHY PLLC | Thomas Basile, Ariz. Bar. No. 031150 |
| 1600 Wilson Blvd., Ste. 700 | STATECRAFT PLLC |
| Arlington, VA 22209 | 649 North Fourth Avenue, First Floor |
| (703) 243-9423 | Phoenix, Arizona 85003 |
| gilbert@consovoymccarthy.com | (602) 382-4078 |
| | kory@statecraftlaw.com |
| Tyler Green* | tom@statecraftlaw.com |
| CONSOVOY MCCARTHY PLLC | |
| 222 S. Main Street, 5th Floor | |
| Salt Lake City, UT 84101 | |
| tyler@consovoymccarthy.com | |

*admitted pro hac vice

*Attorneys for Intervenor-Defendant*

**GALLAGHER & KENNEDY, P.A.**

By:  /s/*Hannah H. Porter (w/permission)*

Kevin E. O'Malley
Hannah H. Porter
Ashley E. Fitzgibbons
2575 East Camelback Road
Phoenix, Arizona 85016-9225

*Attorneys for Intervenor-Defendants Speaker Toma and President Petersen*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*/s/ Kory Langhofer*