IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-22-00509-PHX-SRB |
| Plaintiffs, | **FINAL JUDGMENT** |
| v. | |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |

**AND CONSOLIDATED CASES**

This case arose out of eight consolidated lawsuits challenging various provisions of H.B. 2492 and H.B. 2243, enacted in 2022 ("Challenged Laws").  *See Mi Familia Vota v. Fontes*, No. 2:22-cv-00509-SRB (D. Ariz. Mar. 31, 2022); *Living United for Change in Ariz. v. Fontes*, No. 2:22-cv-00519-SRB (D. Ariz. Mar. 31, 2022); *United States v. Arizona*, No. 2:22-cv-01124-SRB (D. Ariz. July 5, 2022); *Poder Latinx v. Fontes*, No. 2:22-cv-1003-MTL (D. Ariz. June 9, 2022); *Democratic Nat'l Comm. v. Fontes*, No. 2:22-cv-01369-SRB (D. Ariz. Aug. 15, 2022); *Ariz. Asian Am. Native Hawaiian & Pac. Islander for Equity Coal. v. Fontes*, No. 2:22-cv-01381-SRB (D. Ariz. Aug. 16, 2022); *Promise Ariz. v. Fontes*, No. 2:22-cv-01602-SRB (D. Ariz. Sept. 20, 2022); *Tohono O'odham Nation v. Mayes*, No. 2:22-cv-01901-SRB (D. Ariz. Nov. 7, 2022).

Defendants in this litigation are the State of Arizona, Adrian Fontes, in his official capacity as Arizona Secretary of State, Attorney General Kris Mayes, in her official capacity, the county recorders for each county in Arizona, Intervenor-Defendant

Republican National Committee, and Intervenor-Defendants House Speaker Ben Toma and Senate President Warren Petersen.

On September 14, 2023, the Court entered a partial summary judgment order. (Doc. 534.) On February 29, 2024, after a bench trial, the Court issued findings of fact and conclusions of law. (Doc. 709.) In accordance with those rulings, the Court hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. **IT IS ORDERED AND DECLARED** that H.B. 2492's restrictions on registration for presidential elections and voting by mail, *see* A.R.S. §§ 16-121.01(E), 16-127(A), are preempted by Section 6 of the National Voter Registration Act, 52 U.S.C. § 20505. It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing such restrictions.

2. **IT IS ORDERED AND DECLARED** that H.B. 2492's mandate to reject any State Form without accompanying Documentary Proof of Citizenship ("DPOC"), *see* A.R.S. § 16-121.01(C), may not be enforced given the LULAC Consent Decree.[1] It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing this mandate and that Arizona must abide by the LULAC Consent Decree and register eligible State Form users without DPOC for federal elections.

3. **IT IS ORDERED AND DECLARED** that H.B. 2492's checkbox requirement, *see* A.R.S. § 16-121.01(A), violates the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), when enforced as to a person who provides DPOC and is otherwise eligible to vote. It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing the checkbox requirement when a person provides DPOC and is otherwise eligible to vote.

---

[1] *League of United Latin American Citizens of Arizona et al. v. Reagan et al.*, Case No. 2:17-cv-04102-DGC (D. Ariz.), Doc. 37 (6/18/18).

4. **IT IS ORDERED AND DECLARED** that H.B. 2492's requirement that individuals who register to vote using the State Form must include their place of birth, *see* A.R.S. § 16-121.01(A), violates the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B).  It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing this requirement and may not reject State Form registrations that lack an individual's place of birth and must register an individual if that individual is found eligible to vote.

5. **IT IS ORDERED AND DECLARED** that, with respect to H.B. 2492's proof of location of residence requirement, *see* A.R.S. § 16-123:

   a. A.R.S. § 16-123 references A.R.S. § 16-579(A)(1) for a list of documents that satisfy the documentary proof of location of residence requirement in A.R.S. § 16-123. The reference to § 16-579(A)(1) provides examples of documents, but is not an exhaustive list of the documents, that can be used to satisfy A.R.S. § 16-123.

   b. A.R.S. § 16-123 does not require tribal members or other Arizona residents to have a standard street address for their home to satisfy A.R.S. § 16-123.

   c. In addition to the documents listed in A.R.S. § 16-579(A)(1), the following documents satisfy the requirement in A.R.S. § 16-123:

   - A valid unexpired Arizona driver license or nonoperating ID ("AZ-issued ID"), regardless of whether the address on the AZ-issued ID matches the address on the ID-holder's voter registration form and even if the AZ-issued ID lists only a P.O. Box.

   - Any Tribal identification document, including but not limited to a census card, an identification card issued by a tribal government, or a tribal enrollment card, regardless of whether the Tribal identification document contains a photo, a physical address, a P.O. Box, or no address.

- o Written confirmation signed by the registrant that they qualify to register pursuant to A.R.S. § 16-121(B), regarding registration of persons who do not reside at a fixed, permanent, or private structure.

6. **IT IS ORDERED AND DECLARED** that H.B. 2492's requirement that individuals registering to vote with the State Form must include documentary proof of location of residence to register for federal elections, *see* A.R.S. § 16-121.01(A), violates Sections 6 and 7 of the NVRA, 52 U.S.C. §§ 20505, 20506. It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing this requirement and may not reject State Form registrations that lack documentary proof of location of residence but must register an otherwise eligible voter registrant as a Federal-Only Voter.

7. **IT IS ORDERED AND DECLARED** that H.B. 2243's provisions requiring the systematic investigation and removal of registered voters within 90 days of a federal election, *see* A.R.S. § 16-165(A)(10), violate Section 8(c) of the NVRA, 52 U.S.C. § 20507(c)(2)(A). It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing these requirements within the 90-day period prior to the date of an election for federal office.

8. **IT IS ORDERED AND DECLARED** that H.B. 2243's requirement that county recorders conduct a citizenship check using USCIS's SAVE system when they have reason to believe a registered voter is not a U.S. citizen, *see* A.R.S. § 16-165(I), violates the Different Standards, Practices, or Procedures Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(A), and Section 8(b) of the NVRA, 52 U.S.C. § 20507(b). It is **FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and anyone else in active concert or participation with them are **PERMANENTLY ENJOINED** from enforcing this requirement and may not conduct citizenship checks using USCIS's SAVE system on registered voters whom county

recorders have reason to believe lack U.S. citizenship.

9. **IT IS FURTHER ORDERED** that judgment is otherwise entered in favor of Defendants on all other claims addressed in the Court's September 14, 2023 partial summary judgment order (Doc. 534) and February 29, 2024 Amended Order (Doc. 709). The Court does not reach the plaintiffs' alternative claims against the Challenged Laws already declared unlawful in the Court's partial summary judgment order or plaintiffs' constitutional claims for those sections of the Challenged Laws ruled unlawful on statutory grounds. (*See* Doc. 600, Minute Entry for 10/24/23 Pretrial Conference (limiting claims to be presented at trial); Doc. 607, Supplement to the Joint Pretrial Order (identifying claims to be presented at trial); Doc. 608, Order Approving Joint Pretrial Order as Amended by Supplement; Doc. 709, Amended Order (findings of fact and conclusions of law) at 89 n.58 and at 108.)

10. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce the terms of this Final Judgment and to award such other relief as may be appropriate.

Dated this 2nd day of May, 2024.

_____
Susan R. Bolton
United States District Judge