**HOLTZMAN, VOGEL, BARAN,
TORCHINSKY & JOSEFIAK**
Andrew Gould (No. 013234)
Daniel Tilleman (No. 037422)
Brennan A.R. Bowen (No. 036639)
2575 East Camelback Road, Suite 860
Phoenix, Arizona 85016
(602) 388-1262
agould@holtzmanvogel.com
dtilleman@holtzmanvogel.com
bbowen@holtzmanvogel.com
minuteentries@holtzmanvogel.com

*Attorneys for Proposed Intervenor-Defendant
Arizona Republican Party*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>　　　　　　　Defendants.<br>(consolidated cases) | Case No: 2:22-cv-00509-SRB (Lead)<br><br>**ARIZONA REPUBLICAN PARTY'S MOTION TO INTERVENE** |

The Arizona Republican Party (the "AZ GOP") moves under Federal Rule of Civil Procedure 24 to intervene in this matter for purposes of appeal, both of right and permissively. Here, the AZ GOP and its members, candidates, and voters have an important interest in ensuring that the voter registration and proof of citizenship requirements contained in HB 2492 and 2243 (collectively, the "Acts"), which protect the integrity of Arizona's elections, are upheld against Plaintiff's challenges.

**INTRODUCTION**

The AZ GOP seeks to intervene for purposes of appeal to uphold the validity of the Acts. All the requirements for intervention as of right are satisfied here. *First*, this motion is timely. The Ninth Circuit treats requests to intervene for purposes of appeal as conclusively "*timely as a matter of law*" when they are "filed within the time within which the named [parties] could have taken an appeal." *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) (emphasis added). That is just so here. *Second*, the AZ GOP has significant protectable interests at issue in this case that could readily be impaired by this Court's ruling on appeal. Specifically, this case affects the rules and procedures governing Arizona's 2024 elections, which in turn directly impact the interests of the AZ GOP and its members, candidates, and voters. *Third*, the "minimal burden" of demonstrating the inadequacy of existing parties is demonstrated by the fact that (1) the current Attorney General has expressly abandoned constitutional arguments supporting the Acts that the prior Attorney General advanced (and that the AZ GOP would make here) and (2) the other Intervenor-Defendants are national organizations that are focused on national elections, whereas the AZ GOP is, by design, more focused on elections to Arizona state offices, including all 90 seats in the Arizona Senate and House.

Alternatively, this Court should grant permissive intervention. The AZ GOP seeks to raise common arguments of law and fact in defense of the Acts and its participation will aid the Ninth Circuit in considering the appeal(s) from this Court's March 22, 2024, final judgment.[1]

---

[1] Given that this Court has already resolved the merits of the complaints in this consolidated action, it would serve no purpose for AZ GOP to file proposed answers to all of the various complaints. The AZ GOP, therefore, respectfully seeks leave from the

2

## LEGAL STANDARD

Rule 24 provides for intervention both permissively and as of right. The Ninth Circuit has set forth the following four-part test for analyzing a motion to intervene of *right* under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Application of this test is "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quotation marks and citation omitted); *see also Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (reiterating importance of "practical and equitable considerations" as part of judicial policy favoring intervention) (quotation marks and citation omitted). Furthermore, "a district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Berg*, 268 F.3d at 819.

Alternatively, Rule 24(b)(1)(B) allows for *permissive* intervention where an intervenor "has a claim or defense that shares with the main action a common question of law or fact." Along with timeliness, "all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in

---

requirement of Rule 24(c) to attach a responsive pleading. The Ninth Circuit has made plain that such an omission without seeking leave "is a purely technical defect which does not result in the disregard of any substantial right." *Westchester Fire Ins. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quotation marks and citation omitted). Similarly, here, no party would suffer any prejudice from AZ GOP foregoing responsive pleadings where this Court has already litigated to judgment all the claims to which it would be answering.

common.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting Fed. R. Civ. P. 24(b)(1)(B)).[2]

## ARGUMENT

### I. THE AZ GOP IS ENTITLED TO INTERVENE AS OF RIGHT.

Each of the four requirements for intervention as of right are satisfied here because: (1) this motion is timely as a matter of law, (2) the AZ GOP has protectable interests in defending the Acts, (3) its interests would plainly be impaired by Plaintiff's requested relief, and (4) the existing parties do not adequately represent the AZ GOP's interests.

#### A. This Request to Intervene For Purposes of Appeal is Timely.

In the Ninth Circuit, courts determine the timeliness of intervention by considering three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Here, the AZ GOP seeks intervention after final judgement and solely for the limited purpose of briefing the issues on appeal; it does not seek to re-open the record or engage in additional discovery. Thus, there is no prejudice against the existing parties.

Further, the Ninth Circuit treats intervention requests on appeal as presumptively timely so long as they are filed within the time to appeal. *See Suburban Propane*, 123 F.3d at 1320 (stating, "so long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, *the motion is timely as a matter of law*.") (emphasis added); *see Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1012 (2022) (applying the within-the-time-to-file-an-appeal rule for intervention); *Clarke v. Baptist Mem'l Healthcare Corp.*, 641 F. App'x 520, 524 (6th Cir. 2016) (to same effect).

Thus, AZ GOP'S motion is "timely as a matter of law" because it is filed within the 60-day window to take an appeal from the District Court's March 22, 2024, final judgment, (ECF No. 713).

---

[2] *Kootenai Tribe* also has language regarding intervention as of right that was overruled in *Wilderness Society*. *Wilderness Society* does not undermine *Kootenai Tribe*'s holding regarding permissive intervention, however.

    **B.**    **The AZ GOP Has Significant Protectable Interests In The Subject Matter of This Action.**

The Court's resolution of this case on appeal will have a significant impact on the interests of AZ GOP, its members, candidates, and voters. The AZ GOP is a state political committee that serves to promote and protect Republican Party principles and policies, as well as assist Republican candidates in elections for federal, state, and local offices. Thus, the AZ GOP not only has a clear interest in laws that affect election rules and procedures, but also laws such as the Acts that promote fair and orderly elections. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 304, 306 (5th Cir. 2022) (holding that Republican Party intervenors satisfied the protectable interest prong of Rule 24(a) intervention where "claims brought by the plaintiffs" challenging the validity of laws concerning "voter registration, voting by mail, poll watchers" and other issues "could affect the [Republican] Committees' ability to participate in and maintain the integrity of the election process in [the state]"). Indeed, the AZ GOP invests a significant amount of its resources in training and assisting members, volunteers, voters, and workers in complying with election rules and procedures. *See, e.g.*, *Election Funds Portal*, See the Money, Republican Party of Arizona, LLC, https://tinyurl.com/ybdbbdtp (last visited Apr. 25, 2024) (providing publicly available expense reports for the AZ GOP).

    **C.**    **The AZ GOP's Ability To Protects Its Interests Would Be Impaired Or Impeded By Any Adverse Ruling.**

Although the AZ GOP's "impairment must be practical and not merely theoretical, [it] need only show that if [it] cannot intervene, there is a *possibility* that [its] interest could be impaired or impeded." *Id.* at 307 (emphasis added) (internal quotation marks and citation omitted). Clearly, given the substantial interest the AZ GOP has in this case, there is a very real possibility that its interests will be adversely affected by an adverse ruling on appeal. And providing the AZ GOP with an opportunity to be heard will also allow the appellate court to consider the AZ GOP's views before it renders an opinion. *See Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972)("The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the

interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard.")

### D. Existing Parties Do Not Adequately Represent Intervenor's Interests.

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). In making this determination, courts consider several factors, including:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citation omitted).

Here, the current Arizona Attorney General inadequately represents the interests of the AZ GOP. Simply put, the AZ GOP supports the arguments made by the prior Attorney General defending the Acts, which have been abandoned by the current Attorney General.

Additionally, the existing Republican Intervenors do not fully and adequately represent the interests of the AZ GOP. The AZ GOP, as the state party committee, is more focused on state and local elections than national and federal elections, which is the primary focus of the existing Republican Intervenors. In other words, the party with the local perspective (current Arizona Attorney General) does not advance the views that best protect the interests of the AZ GOP, and the party that is more aligned with the AZ GOP's views (the Republic Intervenors) does not share the AZ GOP's local perspective. Thus, AZ GOP's presence is necessary here as no party adequately represents its interests. *See Citizens for Balanced*, 647 F.3d at 898.

### II. ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION.

Even if the Court declines to grant the AZ GOP's motion to intervene as of right, permissive intervention is warranted. Federal courts may permit intervention by litigants

who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Where a litigant "timely presents such an interest in intervention," the Court should consider:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (citation omitted).

As discussed above, the AZ GOP, as well as its members, candidates, and voters, have a compelling interest in the outcome of this action. *See supra* § I.B. Additionally, AZ GOP seeks to advance "defense[s] that shares with the main action . . . common question[s] of law or fact," Fed. R. Civ. P. 24(b)(1)(B)—specifically, that the Acts involving Arizona's election rules and procedures are constitutional and comport with federal law.

Furthermore, this request is timely as a matter of law, as discussed above. *See supra* § I.A. And because the AZ GOP seeks only to participate in the appellate briefing in this case, its participation will not unnecessarily prolong, prejudice, or unduly delay the litigation.

## CONCLUSION

For the reasons stated above, the AZ GOP's motion to intervene for purposes of appeal should be granted.

Respectfully submitted this 2nd day of May, 2024.

**HOLTZMAN, VOGEL, BARAN, TORCHINSKY & JOSEFIAK**

*s/ Andrew Gould*
Andrew Gould (No. 013234)
Daniel Tilleman (No. 037422)
Brennan A.R. Bowen (No. 036639)
2575 East Camelback Road, Suite 860
Phoenix, Arizona 85016
(602) 388-1262
agould@holtzmanvogel.com
dtilleman@holtzmanvogel.com
bbowen@hotlzmanvogel.com
minuteentries@holtzmanvogel.com

*Attorneys for Proposed Intervenor-Defendant Arizona Republican Party*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*s/ Andrew Gould*
Andrew Gould
*Attorneys for Proposed Intervenor-Defendant Arizona Republican Party*
