1   Marc E. Elias*
2   Elisabeth C. Frost*
    Christopher D. Dodge*
3   Daniela Lorenzo*
    Qizhou Ge*
4   **ELIAS LAW GROUP LLP**
5   250 Massachusetts Ave NW
    Suite 400
6   Washington, DC 20001
    Phone: (202) 968-4513
7   Facsimile: (202) 968-4498
8   melias@elias.law
    efrost@elias.law
9   cdodge@elias.law
10  dlorenzo@elias.law
    age@elias.law
11

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
Jillian L. Andrews (Bar No. 034611)
**HERRERA ARELLANO LLP**
1001 North Central Avenue
Suite 404
Phoenix, Arizona 85004
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*
*Admitted Pro Hac Vice*

12

13

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

15

16  Mi Familia Vota, et al.,

17           Plaintiffs,

18      v.

19  Adrian Fontes, et al.,

20           Defendants.

21

22  AND CONSOLIDATED CASES.

Case No. 2:22-cv-00509-SRB (lead)

**PLAINTIFFS' OPPOSITION TO ARIZONA REPUBLICAN PARTY'S MOTION TO INTERVENE**

No. CV-22-00519-PHX-SRB
No. CV-22-01003-PHX-SRB
No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

26

27

28

**INTRODUCTION**

This action commenced over two years ago on March 31, 2022. ECF No. 1. Since then, this Court has consolidated actions, permitted several parties to intervene—including two Republican-aligned sets of intervenors, the Republican National Committee ("RNC") and the current leaders of the Arizona Legislature (the "Legislative Intervenors")—resolved over fifty motions, including for summary judgment, and held a two-week trial that concluded nearly five months ago. The Court entered final judgment on May 2, 2024. ECF No. 720. The RNC and Legislative Intervenors noticed their appeals less than a week later, on May 8. *See* ECF No. 723. Proceedings in this Court are complete.

The Arizona Republican Party ("AZ GOP") now moves to intervene. ECF No. 721 at 4 ("Mot."). In its belated motion, however, AZ GOP never mentions that the Court denied its motion to intervene in the first of these consolidated cases two years ago, in June 2022.[1] ECF Nos. 24, 57. It never offers any explanation for why it waited so long to seek to intervene again. And, in arguing that the current parties do not adequately represent its interests, it never acknowledges that those parties include the Speaker of the Arizona House and President of the Arizona Senate, both Republican officials that preside over the dual chambers of the Legislature in which AZ GOP's members make up a majority. Nor does it make any effort to explain why these pre-existing parties are inadequate to offer its "local perspective."

Because a notice of appeal has already been filed, the Court lacks jurisdiction to grant the motion. Under Rule 62.1(a) and controlling Ninth Circuit case law, however, the Court may nevertheless *deny it* on the merits. It should. The motion, filed years after this action was first filed and after completion of trial and issuance of final judgment, is

---

[1] This first effort to intervene by AZ GOP was made alongside the RNC. *See* ECF No. 24. But whereas the RNC promptly moved again to intervene several months later after circumstances changed, ECF No. 101, AZ GOP did nothing further to involve itself in this case until filing the instant motion to intervene, on the same day the Court entered final judgment.

untimely. AZ GOP does not and cannot claim ignorance of these proceedings—it sought to intervene in them two years ago, after all—and makes no effort to justify its delay. All of AZ GOP's asserted interests are more than adequately represented by two sets of existing Republican-aligned intervenors. Indeed, the RNC and AZ GOP presented *the same shared* interests when they first moved to intervene together; AZ GOP fails to explain how its interests have now diverged and require its separate intervention. Nor is this a case where no one will appeal if AZ GOP cannot intervene; the RNC and Legislative Intervenors have already noticed their appeals, and will no doubt continue their zealous efforts to defeat Plaintiffs' claims, as they have endeavored to do for nearly two years. For all of these reasons, AZ GOP fails to satisfy Federal Rule of Civil Procedure 24(a)'s requisite factors for intervention as of right.

The Court should also decline to grant permissive intervention under Rule 24(b). AZ GOP's inexplicable and extended delay alone requires it. Adding yet another Republican-aligned intervenor only threatens to complicate and delay the resolution of appellate proceedings, prejudicing the existing parties. AZ GOP acknowledges that its "sole[]" and "limited" interest in intervening in this case is "briefing the issues on appeal; it does not seek to re-open the record or engage in additional discovery." Mot. at 4. It can accomplish its "limited purpose" just as well by submitting an amicus brief. There is no reason to allow AZ GOP's extremely late entry as a party, when even it acknowledges that it intends to offer the most limited of perspectives.

## LEGAL STANDARD

To intervene as of right under Rule 24(a)(2), a proposed intervenor must (1) file a timely motion and demonstrate that: (2) it has a significantly protectable interest in the action; (3) disposition may impair or impede its ability to protect that interest; and (4) its interest is not adequately represented by existing parties. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). A party seeking intervention "bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). "Failure to

- 2 -

satisfy any one . . . is fatal to the application." *United States v. Arizona*, No. CV 10-1413-PHX-SRB, 2010 WL 11470582, at *1 (D. Ariz. Oct. 28, 2010) (citing *Perry*, 587 F.3d at 950).

The Court has discretion to grant a motion for permissive intervention under Rule 24(b) only if a proposed intervenor files a timely motion showing that their claims share a question of law or fact with the main action. *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)). Even where a proposed intervenor makes the requisite showings, the Court may exercise its discretion to deny intervention where it will unduly delay or prejudice existing parties, the proposed intervenor is adequately represented, or in the interest of judicial economy. *Id.*

The same guidelines apply for intervention on appeal, although intervention at the appellate stage is "unusual" and should only be allowed for "imperative reasons," *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (citation omitted); *see also Amalgamated Transit Union Int'l, AFL–CIO v. Donovan,* 771 F.2d 1551, 1552 (D.C. Cir. 1985) (per curiam) ("A court of appeals may allow intervention at the appellate stage where none was sought in the district court only in an exceptional case for imperative reasons." (internal quotation marks omitted)).

## ARGUMENT

This Court should deny AZ GOP's motion to intervene. Indeed, because a notice of appeal has already been filed, this Court no longer has jurisdiction to grant the motion. Under Rule 62.1(a), however, the Court may deny it—including on the merits. And the motion is meritless. It is not timely; it advances no distinct and specific interests in the outcome of this case; and its interests are fully represented by existing parties, who have vigorously contested Plaintiffs' claims and appealed the Court's final judgment.

## I.   This Court lacks jurisdiction to grant the motion to intervene.

Because the Legislative Intervenors and RNC noticed their appeal on May 8, 2024, ECF No. 723, this Court no longer has jurisdiction to grant AZ GOP's motion. The filing of a notice of appeal is "an event of jurisdictional significance—it confers jurisdiction on

1   the court of appeals and divests the district court of its control over those aspects of the

2   case involved in the appeal." *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58

3   (1982) (per curiam). While there are limited exceptions where the district court may act on

4   collateral matters to the appeal or aid the appellate process, most circuits have applied the

5   jurisdiction-stripping rule to hold that "an effective notice of appeal deprives a district court

6   of authority to entertain a motion to intervene after the court of appeals has assumed

7   jurisdiction over the underlying matter." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir.

8   2014); *see also Bryant v. Crum & Forster Specialty Ins. Co*., 502 Fed. Appx. 670, 671 (9th

9   Cir. 2012) (affirming denial of motion to intervene because "the district court lacked

10  jurisdiction to entertain any such motion" after appeal was noticed); *Stiller v. Costco

11  Wholesale Corp*., No. 3:09-CV-2473-GPC-BGS, 2015 WL 1612001, at *2 (S.D. Cal. Apr.

12  9, 2015) (denying motion to intervene because the appellate court had jurisdiction over the

13  pending appeal); *Milliner v. Mut. Sec., Inc*., No. 15-CV-03354-DMR, 2019 WL 5067012,

14  at *4 (N.D. Cal. Oct. 9, 2019) (same); *Apple Inc. v. Samsung Elecs. Co*., No. 11-CV-01846-

15  LHK, 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014) (same).[2]

16      This holds true even when the motion to intervene was filed before the notice of

17  appeal. *E.g.*, *see also Public Citizen*, 749 F.3d at 258–59 (concluding that filing notice of

18  appeal divested district court of jurisdiction even though motion to intervene was filed

19  before notice of appeal); *Drywall Tapers and Pointers of Greater N.Y., Local Union 1974

20  v. Nastasi & Assocs. Inc*., 488 F.3d 88, 94–95 (2d Cir. 2007) (holding district court had no

21  jurisdiction over motion to intervene even though motion was filed before notice of appeal).

22

23

---

24  [2] Even if Legislative Intervenors and RNC's Notice of Appeal is temporarily suspended
    pending resolution of the Poder Plaintiffs' later-filed Rule 60 Motion to Vacate in Part,
25  ECF No. 726, the Notice of Appeal will be reactivated once the Rule 60 motion is resolved,
    once more removing this Court's jurisdiction. The Court need not use this brief window of
26  temporary jurisdiction to resolve this motion to intervene it previously lost jurisdiction to
    resolve, particularly given the narrow issue presented in the Rule 60 motion. In any event,
27  even if the Court chooses to resolve a collateral motion during this brief window of
28  jurisdiction, AZ GOP's motion fails on the merits.

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE

**II.     The Court should deny the motion to intervene on the merits.**

When a motion is made for relief that the district court lacks authority to grant because of a pending appeal, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The Ninth Circuit has made clear that 62.1(a)(2) allows a district court to deny a motion on the merits even when it would otherwise lack jurisdiction to grant the motion because of a pending appeal.[3] *See, e.g.*, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 n.1 (9th Cir. 2016); *Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc*., 737 Fed. Appx. 304, 305 (9th Cir. 2017). Here, the Court should deny AZ GOP's motion on the merits. First, it fails to satisfy the requirements for intervention as of right—which provide the same guidelines for intervention directly on appeal. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276–77 (2022); *Bates*, 127 F.3d at 873. Second, permissive intervention is also inappropriate here.

**A.     The motion is untimely.**

The motion to intervene is untimely, both as to AZ GOP's request to intervene as of right and permissively. The Ninth Circuit considers three factors in determining timeliness in this context: (1) the stage of the proceedings at the time of the motion; (2) the prejudice to other parties if the motion is granted; and (3) the reason for and length of the delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted); *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*, No. CV-16-0527-TUC-BGM,

---

[3] Rule 62.1(a) applies to a "timely" motion for relief. *See* Fed. R. Civ. P. 62.1(a). Under Rule 24, the Court must consider timeliness by assessing the merits of AZ GOP's motion to intervene. Thus, the Court may deny the motion on the merits, including on the basis that it is untimely. *Cf. Austin v. Baker*, No. CV 10-2467-PHX-ROS, 2014 WL 11320633, at *3 (D. Ariz. June 20, 2014); *Peterson v. Chetirkin*, No. CV 21-8716 (KM), 2023 WL 2784390, at *5 (D.N.J. Apr. 5, 2023).

2018 WL 11352129, at *2 (D. Ariz. Nov. 15, 2018). Here, each factor supports finding that AZ GOP's motion is untimely.

The motion comes at the latest possible stage of these trial court proceedings: post-final judgment and nearly two years after AZ GOP's initial motion for intervention was denied. The parties have already completed Rule 12(b) briefing, extensive fact and expert discovery, summary judgment briefing, and a ten-day bench trial. Simply put, AZ GOP's effort to intervene after "several years of litigation [is] not timely." *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984); *see also GemCap Lending I, LLC v. Taylor*, 677 F. App'x 351, 352 (9th Cir. 2017) (affirming conclusion that motion to intervene was untimely when filed roughly two years after complaint); *Day v. LongVue Mortg. Capital, Inc. as Trustee for WestVue NPL Tr. II*, No. 2:17-CV-01596-JAD-EJY, 2019 WL 4467009, at *3 (D. Nev. Sept. 18, 2019) (denying intervention as untimely "after two years of litigation and after the close of discovery"). In addition, post-judgment intervention is "generally disfavored" because it creates "delay and prejudice to existing parties." *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (citation omitted). That is the case here, where AZ GOP's involvement threatens to delay and complicate forthcoming appellate proceedings.

No good reason exists for this delay. AZ GOP does not claim—nor can it claim—that it was not previously aware of this lawsuit. Indeed, it tried once before to intervene, but the Court denied its motion. ECF Nos. 24, 57. While the RNC moved promptly to seek intervention again after circumstances changed, *see* Unopposed Mot. to Intervene of RNC, *DNC v. Hobbs*, No. 2:22-cv-1369-DJH (D. Ariz. Aug. 16, 2022), ECF No. 10, AZ GOP elected to sit on its hands for two years while the litigation played out. AZ GOP "could have sought intervention at any time early in this case," but it "did not." *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, No. CV-20-00446-PHX-MTL, 2022 WL 2916042, at *2 (D. Ariz. July 25, 2022) (denying motion to intervene after "fact discovery [had] closed" and several months before close of expert discovery). Given its awareness of this case, "it was incumbent upon" AZ GOP "to take immediate affirmative steps to protect their interests"

by re-filing an "immediate motion to intervene." *NAACP v. New York*, 413 U.S. 345, 367 (1973); *see also Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*, 934 F.2d 1092, 1095 (9th Cir. 1991) (noting timeliness is determined by date proposed intervenor should have been aware its interests would not be adequately represented by existing parties). AZ GOP has offered no explanation for its inexcusable delay.

Instead, AZ GOP attempts to avoid this result by arguing that it seeks to intervene only for purposes of appeal. Mot. at 4. But that fails to explain why it failed to act in a timely fashion over the two-year period during which its interests were purportedly at risk—a requirement that continues to apply when litigants seek to intervene post-judgment for purposes of appeal. *See, e.g.*, *United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996) (affirming denial of post-judgment motion to intervene where movant "did not present satisfactory reasons for its substantial delay in filing the motion to intervene"); *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (affirming denial of post-judgment motion to intervene where party "offere[d] no reason whatsoever for its failure to intervene prior to judgment").

The cases AZ GOP relies upon to justify its delay do not support its position here. For example, it suggests that the Ninth Circuit has held that a post-judgment "motion is timely as a matter of law" if filed during the time to appeal, Mot. at 4, but the case it cites made clear that was true only "[f]or the limited purpose of intervention to appeal from denial of class certification," because "the Supreme Court has held that the proper stage of the proceedings to intervene is after final judgment." *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–95 (1977)); *see also Clarke v. Baptist Mem'l Healthcare Corp.*, 641 F. App'x 520, 523 (6th Cir. 2016) (same). Similarly, *Cameron* concerned a unique situation where the Kentucky Attorney General moved to intervene after judgment because the existing defendant—the Kentucky Secretary of State—declined to seek a writ of certiorari from an adverse appellate decision. *See* 595 U.S. at 274. Here, the existing Republican-

affiliated intervenors have already noticed an appeal of the Court's final judgment.[4] *See* ECF No. 723; *see also Washington*, 86 F.3d at 1505 (declining to apply more lenient timeliness standard where existing party represents that it would appeal and did so).

In sum, AZ GOP's motion to intervene at this late stage is untimely and may be rejected on that basis alone. *See, e.g.*, *League of United Latin Am. Citizens*, 131 F.3d at 1302. Because timeliness is required whether a motion to intervene is granted as of right or permissively, AZ GOP's delay alone justifies denying its request on both grounds. *See id.* at 1308; *see also Allen v. Oakland Police Officers Ass'n*, 825 F. App'x 450, 452–53 (9th Cir. 2020) (noting "untimeliness is dispositive without regard to the other Rule 24(a) factors, and is controlling on permissive intervention").

### B. AZ GOP fails to satisfy the other requirements for intervention as of right.

AZ GOP also fails to show that it has significant protectable interests in this action that would be impaired or impeded by an adverse ruling, or that those interests are not already adequately represented by existing parties—including the RNC and the Legislative Intervenors. As a result, it is not entitled to intervene as a matter of right.

Intervention as of right is reserved for parties that demonstrate a direct and specific interest in an action. *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). A "philosophical interest in the outcome of litigation is insufficient" for intervention to appeal. *Yniguez v. Arizona*, 939 F.2d 727, 732 (9th Cir. 1991). And where intervention is sought after final judgment, it should only be permitted when "it is necessary to preserve some right which cannot otherwise be protected," *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953), or when an existing party with similar interests fails to appeal or take further action to defend those interests, *Yniguez*, 939 F.2d at 731, 737. Neither is true here.

---

[4] *Cameron* is also unique because the party seeking to intervene on appeal—the Attorney General—was bound by the district court's judgment due to earlier involvement in the case. *See Cameron*, 595 U.S. at 274. AZ GOP is in no way bound by the Court's final judgment here, which is directed towards Defendants tasked with administering Arizona election law. *See generally* ECF No. 720.

First, AZ GOP lacks a significant protectable interest in this action because it lacks standing to intervene solely for appeal. *See Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011) (affirming denial of intervention for purposes of appeal because proposed intervenor lacked standing to appeal). A party lacks standing to appeal from a district court order where the district court has not ordered that party "to do or refrain from doing anything," *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013), or where the judgment otherwise causes them legally protectable, cognizable harm. Here, the final judgment and permanent injunction entered by the district court order do not bind AZ GOP, and do not order them to do or not do anything. Nor does AZ GOP have any authority or role in enforcing the enjoined provisions such that they might have a direct stake in the appeal. *Cf. Cameron*, 595 U.S. at 277–78; *Hollingsworth*, 570 U.S. at 706–07. Not only has AZ GOP failed to identify any concrete harm they would suffer, but any "harm" that would follow to AZ GOP from the judgment is also entirely speculative. AZ GOP simply dislikes how the proceedings turned out and disagrees with the Court's ruling on the merits. But AZ GOP's mere disagreement with the Court's order is not sufficient to confer standing to appeal that order. *Cf. Diamond v. Charles*, 476 U.S. 54, 62 (1986) ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements."). The Court should accordingly deny intervention, *see Perry*, 630 F.3d at 906.

Second, AZ GOP's asserted interests are adequately represented by existing parties. AZ GOP claims the exact same interests that the RNC asserted when this Court permitted its intervention, including that that it "promote[s] and protect[s] Republican Party principles and policies, as well as assist[s] Republican candidates in elections for federal, state, and local offices" and thus has an interest in "laws that affect election rules and procedures" and laws that "promote fair and orderly elections." *Compare* Mot. at 5, *with* ECF No. 24 at 3, 6 (describing RNC's support for "Republican candidates for public office at all levels" and its interests in this litigation as interests in "fair and reliable elections," "the integrity of the election process," and "election rules"). Their overlapping interests are

further underscored by the fact that the RNC and AZ GOP first moved to intervene *together* and presented *identical* interests, jointly referring to themselves as "Republican Party organizations" with the same shared interests. *See* ECF No. 24 at 5–8. AZ GOP made no effort to break out any distinct interests from the RNC in that motion and, when the RNC shortly thereafter moved again to intervene, AZ GOP was content to let it do so alone. Unopposed Mot. to Intervene of RNC, *DNC v. Hobbs*, No. 2:22-cv-01369-DJH (D. Ariz. Aug. 16, 2022), ECF No. 10; ECF No. 101. Presumably this was because it knew the RNC would adequately represent its identical interests.

Now, AZ GOP makes a weak effort to attempt to manufacture some daylight between it and the existing Republican intervenors' interests, claiming it is entitled to intervention because it is "more focused on state and local elections than national and federal elections" and provides a "local perspective." Mot. at 6. The implication that the national party committee for the Republican Party is so unconcerned with down ticket races in Arizona that it cannot be relied upon to represent AZ GOP's interests related to those elections is dubious at best. Indeed, the RNC's and AZ GOP's proffered mission statements are nearly indistinguishable. *Compare* ECF No. 24 at 3 (stating RNC "supports Republican candidates for public office at all levels"), *with* Mot. at 5 (stating AZ GOP "serves to promote and protect Republican Party principles and policies, as well as assist Republican candidates in elections for federal, state, and local offices."). AZ GOP also ignores that the Republican leaders of the Arizona Legislature are already parties to this case. Speaker Toma and President Petersen have already raised the same concerns that the current Attorney General may not represent their views and stated their interest in defending "voting and elections" statutes. *Compare* ECF No. 348 at 2, 11 (expressing concerns that the "Attorney General [] may not fully defend the constitutionality of the two state statutes" and stating Legislative Intervenors' interest in "defending the constitutionality of Arizona statutes regarding voting and elections"), *with* Mot. at 5, 6 (claiming that the "Attorney General inadequately represents the interests of the AZ GOP" and stating AZ GOP's interest in "laws that affect election rules [and] fair and orderly elections"). Speaker Toma

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE

and President Petersen have vigorously defended the challenged laws since they were granted intervention on April 26, 2023, ECF No. 363, and have already noticed an appeal of the judgment, ECF No. 723. AZ GOP makes no effort to explain why its "local interests" are not adequately represented by the Legislative Intervenors, much less that they are so inadequately represented that this matter now requires a *third* Republican-affiliated intervenor. Furthermore, the AZ GOP has previously contended that it is a mere "mom and pop shop" that cannot bear the litigation costs of even a subpoena response. *Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 507 (D. Ariz. 2023). As such, it is unclear how the AZ GOP would advance an appeal in a manner that the other intervenors could not.

These are critical deficiencies, as the "most important factor to determine whether a proposed intervenor is adequately represented by a present party to the action is how the [intervenor's] interest compares with the interests of existing parties." *Perry*, 587 F.3d at 950–51 (citation omitted); *see also Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020) (finding proposed intervenor did not make "compelling showing" required to demonstrate inadequate representation when it shares identical interests with existing parties) (quoting *Perry*, 587 F.3d at 951 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). AZ GOP's conclusory and speculative assertion that "there is a very real possibility that its interests will be adversely affected by an adverse ruling on appeal," Mot. at 5, is not enough. *See, e.g.*, *Cal. ex rel. Lockyer*, 450 F.3d at 441; *Garrett v. United States*, 511 F.2d 1037, 1038 (9th Cir. 1975).

In sum, because AZ GOP fails to carry its "burden to show that no existing party adequately represents its interests," *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002), the motion to intervene must be denied.

**III.    The Court should deny AZ GOP's motion for permissive intervention.**

AZ GOP's request for permissive intervention under Rule 24(b) should also be denied. As discussed, its complete failure to act in a timely manner—or offer any explanation for its extraordinary delay, much less a compelling one—requires as much. *See League of United Latin Am. Citizens*, 131 F.3d at 1308 (determining that the timeliness

element is analyzed more strictly for permissive intervention and that the untimeliness determination for intervention as of right is controlling).

In addition, AZ GOP is more than adequately represented by existing parties. *See supra* Section II.B. And where a proposed intervenor fails to overcome the presumption of adequate representation, "the case for permissive intervention disappears." *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996)); ECF No. 57 at 5 (finding fact that proposed intervenors' participation was not necessary for adequate representation of their interests weighed against granting permissive intervention). AZ GOP's intervention would only delay proceedings, increase litigation costs, and prejudice the existing parties. *See PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009) (denying permissive intervention because proposed intervenors' interests were adequately represented by existing parties and "adding [proposed intervenors] as parties would unnecessarily encumber the litigation"); ECF No. 57 at 5 (concluding from experience that intervention would "unnecessarily delay this time-sensitive proceeding").

Permissive intervention is also not warranted because AZ GOP would not contribute anything additional to the development of the case. Intervention would also allow AZ GOP to evade discovery obligations it would have had to satisfy had it intervened in a timely manner. The Court has a strong basis for exercising its discretion to deny permissive intervention here. *See Callahan v. Brookdale Senior Living Cmtys, Inc.*, 42 F.4th 1013, 1023 (9th Cir. 2022) (concluding "district court acted within its discretion in denying . . . permissive intervention"). AZ GOP contends that it seeks to intervene merely to "brief[] the issues on appeal," Mot. at 4, but it can just as effectively supplement the efforts of existing parties or highlight arguments that may otherwise escape consideration by filing an amicus brief. *See Miracle*, 333 F.R.D. at 156–57.

## CONCLUSION

For these reasons, the Court should deny AZ GOP's motion to intervene.

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE

Dated: May 30, 2023

Respectfully submitted,

/ Christopher D. Dodge

**HERRERA ARELLANO LLP**
Roy Herrera (AZ Bar No. 032901)
Daniel A. Arellano (AZ Bar. No. 032304)
Jillian L. Andrews (AZ Bar No. 034611)
1001 North Central Avenue
Suite 404
Phoenix, AZ 85004
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Marc E. Elias*
Elisabeth C. Frost*
Christopher D. Dodge*
Daniela Lorenzo*
Qizhou Ge*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4513
Facsimile: (202) 968-4498
melias@elias.law
efrost@elias.law
cdodge@elias.law
dlorenzo@elias.law
age@elias.law

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*

/ Ernest Herrera

**ORTEGA LAW FIRM**
Daniel R. Ortega Jr.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
danny@ortegalaw.com

**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
Ernest Herrera*
Erika Cervantes*
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
eherrera@maldef.org
ecervantes@maldef.org

*Attorneys for Promise Arizona and Southwest Voter Registration Education Project*

/ John A. Freedman

**FAIR ELECTIONS CENTER**
Jon Sherman*
Michelle Kanter Cohen*
Beauregard Patterson*
Emily Davis*
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114

**ARNOLD & PORTER
KAYE SCHOLER, LLP**
John A. Freedman*
Jeremy Karpatkin*
Erica McCabe*
Leah Motzkin*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001

- 13 -

jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
bpatterson@fairelectionscenter.org
edavis@fairelectionscenter.org

**ARIZONA CENTER FOR LAW
IN THE PUBLIC INTEREST**
Daniel J. Adelman (AZ Bar No. 011368)
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
Telephone: (602) 258-8850
danny@aclpi.org

Telephone: (202) 942-5000
John.Freedman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Erica.McCabe@arnoldporter.com
Leah.Motzkin@arnoldporter.com

Leah R. Novak*
Andrew Hirschel*
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
Telephone: (212) 836-8000
Andrew.Hirschel@arnoldporter.com

*Attorneys for Poder Latinx, Chicanos Por La Causa, and
Chicanos Por La Causa Action Fund*

*/s/ Niyati Shah*

**ASIAN AMERICANS ADVANCING
JUSTICE-AAJC**
Niyati Shah*
Terry Ao Minnis*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318
nshah@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org

**LATHAM & WATKINS LLP**
Sadik Huseny*
Amit Makker*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
sadik.huseny@lw.com
amit.makker@lw.com

**SPENCER FANE**
Andrew M. Federhar (AZ Bar No. 006567)
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431
afederhar@spencerfane.com

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian
and Pacific Islander for Equity Coalition*

*/ Danielle Lang*

**BARTON MENDEZ SOTO**
James Barton (Bar No. 023888)
401 W. Baseline Road
Suite 205

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Molly Danahy*

- 14 -

Tempe, AZ 85283
Telephone: 480-418-0668
james@bartonmendezsoto.com

Hayden Johnson*
Brent Ferguson*
1101 14th St. NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
nhansen@campaignlegalcenter.org

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie (Bar No. 019579)
Attorney General
Chase A. Velasquez* (NM Bar No. 019148)
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler* (MA# 683307)
John Bonifaz* (MA# 562478)
Ben Clements* (MA# 555082)
Ronald Fein* (MA# 657930)
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

**MAYER BROWN LLP**
Lee H. Rubin* (CA# 141331)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac* (IL# 6192407)
Daniel T. Fenske* (IL# 6296360)
William J. McElhaney, III* (IL# 6336357)
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com

Rachel J. Lamorte* (NY# 5380019)
1999 K Street NW
Washington, DC 20006
Telephone: (202) 362-3000

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE

rlamorte@mayerbrown.com

***Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change***

/ Allison A. Neswood

**OSBORN MALEDON, P.A.**
David B. Rosenbaum (Bar No. 009819)
Joshua J. Messer (Bar No. 035101)
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jmesser@omlaw.com

**LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
Ezra Rosenberg*
DC No. 360927, NJ No. 012671974
Ryan Snow*
DC No. 1619340
1500 K Street NW, Suite 900
Washington, DC 20005
Teleponte: (202) 662-8600
erosenberg@lawyerscommittee.org
rsnow@lawyerscommittee.org

**NATIVE AMERICAN RIGHTS FUND**
Allison A. Neswood*
CO No. 49846
Michael S. Carter
AZ No. 028704, OK No. 31961
Matthew Campbell*
NM No. 138207, CO No. 40808
Jacqueline D. DeLeon*
CA No. 288192
250 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 447-8760
neswood@narf.org
carter@narf.org
mcampbell@narf.org
jdeleon@narf.org

Samantha B. Kelty
AZ No. 024110, TX No. 24085074
950 F Street NW, Suite 1050,
Washington, D.C. 20004
Telephone: (202) 785-4166 (direct)
kelty@narf.org

**GILA RIVER INDIAN COMMUNITY**
Javier G. Ramos
AZ No. 017442
Post Office Box 97
Sacaton, Arizona 85147
Telephone: (520) 562-9760
javier.ramos@gric.nsn.us
*Representing Gila River Indian Community Only*

**TOHONO O'ODHAM NATION**
Howard M. Shanker (AZ Bar 015547)
Attorney General
Marissa L. Sites (AZ Bar 027390)
Assistant Attorney General
P.O. Box 830
Sells, Arizona 85634
Telephone: (520) 383-3410
Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov

*Representing Tohono O'odham Nation Only*

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE

1

2

*Attorneys for Tohono O'odham Nation, Gila River Indian Community,*
*Keanu Stevens, Alanna Siquieros, and LaDonna Jacket*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS.' OPP TO ARIZ. REPUBLICAN PARTY'S MOT. TO INTERVENE