**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joshua D. Bendor (No. 031908)
Hayleigh S. Crawford (No. 032326)
Joshua M. Whitaker (No. 032724)
Kathryn E. Boughton (No. 036105)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
ACL@azag.gov

*Attorneys for Defendants*
*Attorney General Kristin K. Mayes,*
*ADOT Director Jennifer Toth*
*and State of Arizona*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | **STATE AND ATTORNEY GENERAL'S POSITION ON ARIZONA REPUBLICAN PARTY'S MOTION TO INTERVENE** |
| v. | |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | (Before the Hon. Susan R. Bolton) |
| Defendants. | |
| **AND CONSOLIDATED CASES** | No. CV-22-00519-PHX-SRB<br>No. CV-22-01003-PHX-SRB<br>No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

Defendants State of Arizona and Attorney General Kris Mayes (collectively "the State") do not oppose the Arizona Republican Party's motion to intervene (Doc. 721). However, in the interests of candor, the State believes it ought to notify the Court of the following issue, in case the Court deems it relevant to the question of permissive intervention.

There are ethical limits on whether a government attorney who represents the government in a lawsuit can continue working on the same lawsuit after leaving government employment, if the government does not give informed consent. Unless a law expressly permits otherwise, a government attorney "shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." Arizona Rule of Professional Conduct ("ER") 1.11(a). In addition, "[n]o lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter" unless certain conditions, including a screen from the outset and advance written notice to the government, are met. *Id.*

The Arizona Republican Party is represented in this matter by Holtzman Vogel Baran Torchinsky & Josefiak ("Holtzman Vogel"). The State has doubts about whether Holtzman Vogel may represent the Arizona Republican Party in this matter consistent with ER 1.11(a). This is because Holtzman Vogel currently employs an attorney who previously represented the State in this case, including signing the State's Motion to Dismiss, when Mark Brnovich was Attorney General. That attorney was not initially screened from Holtzman Vogel's representation of the Arizona Republican Party in this matter.

The Arizona Republican Party filed the motion to intervene on May 2, 2024. On May 3, counsel for the State inquired with Holtzman Vogel as to this attorney's involvement in this matter. Later that day, Holtzman Vogel responded that no screen was necessary because the attorney had a client waiver, but that it had nonetheless screened

that attorney in response to the State's email. In subsequent correspondence, Holtzman Vogel informed the State that this attorney worked "less than five hours" on the motion to intervene.

Counsel for the State was unable to locate any client waiver for this matter, and therefore asked Holtzman Vogel for a copy of the waiver. In response, Holtzman Vogel sent a letter signed by Attorney General Mark Brnovich on his last business day in office—December 30, 2022—purporting to provide consent on behalf of the State and Attorney General's Office, on a blanket prospective basis, for this attorney (and four others) to represent other unspecified clients in 33 lawsuits identified in the letter (including this case) and in unidentified amicus matters. This letter is attached as Exhibit A. To the best of the State's knowledge, this letter had not previously been shared with any personnel who currently work in the Attorney General's Office (including the Attorney General herself). Earlier today, Attorney General Mayes formally revoked the purported consent in Attorney General Brnovich's letter.

Given the situation, the State has concerns about whether the State and Attorney General's Office gave informed consent, within the meaning of the ethical rules, to all the representations in Attorney General Brnovich's letter, including the present case. The term "informed consent" is defined as "agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." ER 1.0(e). The State is skeptical that an attempt to waive all conflicts, including unforeseen and unknowable conflicts, on a blanket prospective basis for 33 lawsuits and unidentified amicus matters, can comply with the requirements of ER 1.0(e) and 1.11(a), including the requirement that the lawyer "communicate[] adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." ER 1.0(e). Holtzman Vogel has not identified any other communications to Attorney General Brnovich that would serve to fulfill the requirement of informed consent. And if the letter does not meet the

requirements for a waiver under ER 1.0(e) and ER 1.11(a), the screen that Holtzman Vogel implemented on May 3 was too late. Counsel for the State expressed their concerns to Holtzman Vogel, and the parties have so far disagreed on this matter.

Given the procedural posture of this case, the State does not oppose the Arizona Republican Party's intervention, but in the interests of full disclosure believes it is important to provide the Court with this information. The State understands that the Court has broad discretion when ruling on motions for permissive intervention, and ethical issues may be relevant to the Court's analysis. *See, e.g.*, *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (explaining district court's discretion to deny permissive intervention); *Kirsch v. Dean*, 733 F. App'x 268, 279–80 (6th Cir. 2018) (describing situation in which district court considered ethical question in context of permissive intervention).

RESPECTFULLY SUBMITTED this 30th day of May, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By:  */s/ Joshua D. Bendor*
Joshua D. Bendor (No. 031908)
Hayleigh S. Crawford (No. 032326)
Joshua M. Whitaker (No. 032724)
Kathryn E. Boughton (No. 036105)

*Attorneys for Defendants*
*Attorney General Kristin K. Mayes,*
*ADOT Director Jennifer Toth*
*and State of Arizona*