| | |
|---|---|
| John A. Freedman* <br> Jeremy Karpatkin* <br> Erica McCabe* <br> Leah Motzkin* <br> Arnold & Porter Kaye Scholer LLP <br> 601 Massachusetts Ave., N.W. <br> Washington, D.C. 20001 <br> (202) 942-5000 <br> John.Freedman@arnoldporter.com <br> Jeremy.Karpatkin@arnoldporter.com <br> Erica.McCabe@arnoldporter.com <br> Leah.Motzkin@arnoldporter.com | Leah R. Novak* <br> Andrew Hirschel* <br> Arnold & Porter Kay Scholer LLP <br> 250 W. 55th Street <br> New York, NY 10019 <br> (212) 836-8000 <br> Leah.Novak@arnoldporter.com <br> Andrew.Hirschel@arnoldporter.com |
| Daniel J. Adelman (011368) <br> Arizona Center for Law <br> In the Public Interest <br> 352 E. Camelback Rd., #200 <br> Phoenix, AZ  85012 <br> (602) 258-8850 <br> danny@aclpi.org | Jon Sherman* <br> Michelle Kanter Cohen* <br> Beauregard Patterson* <br> Fair Elections Center <br> 1825 K St. NW, Ste. 701 <br> Washington, D.C. 20006 <br> (202) 331-0114 <br> jsherman@fairelectionscenter.org <br> mkantercohen@fairelectionscenter.org <br> bpatterson@fairelectionscenter.org |
| *Counsel for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund* | *Admitted pro hac vice |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., <br><br> Defendants, <br> and <br><br> Speaker of the House Ben Toma and Senate President Warren Petersen, | Case No. 2:22-cv-00509-SRB (Lead) <br><br> **PODER LATINX, CHICANOS POR LA CAUSA, AND CHICANOS POR LA CAUSA ACTION FUND'S REPLY BRIEF IN SUPPORT OF RULE 60 MOTION FOR RELIEF FROM AND PARTIAL VACATUR OF DISMISSAL ORDER AND FINAL JUDGMENT** <br><br> No. CV-22-00519-PHX-SRB <br> No. CV-22-01003-PHX-SRB |

| | |
|---|---|
| Intervenor-Defendants. | No. CV-22-01124-PHX-SRB<br>No. CV-22-01369-PHX-SRB<br>No. CV-22-01381-PHX-SRB<br>No. CV-22-01602-PHX-SRB<br>No. CV-22-01901-PHX-SRB |

There is nothing "extraordinary" about Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund's (collectively, "Poder Latinx and CPLC") request for partial vacatur. ECF No. 734 at 2. When a party is prevented from appealing an adverse ruling because the legal dispute has been rendered moot through no fault of its own, courts routinely grant motions for vacatur. *See, e.g.*, *NASD Dispute Resolution, Inc. v. Jud. Counsil of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (reaffirming that "[v]acatur is generally automatic in the Ninth Circuit when a case becomes moot" and appeal is precluded) (internal quotation omitted); *see also Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995) ("[W]e have treated automatic vacatur as the established practice, applying whenever mootness prevents appellate review.") (internal quotation marks omitted).

Defendants Attorney General Kris Mayes and the State of Arizona and Intervenor-Defendants Republican National Committee, Speaker Ben Toma, and President Warran Petersen (collectively, "Defendants") do not quarrel with this well-established standard. Nor do they dispute that Poder Latinx and CPLC cannot appeal this Court's February 16, 2023 dismissal of their freestanding procedural due process claim challenging the absence from A.R.S. § 16-121.01(E) of a right to rebut or cure non-citizenship information by providing DPOC. Nevertheless, Defendants oppose the requested partial vacatur for two reasons. First, Defendants contend that the 2023 EPM did not actually moot Poder Latinx and CPLC's procedural due process claim: "[r]ather, the 2023 EPM confirmed that their

2

challenge *fails on the merits*" because Defendants Attorney General Mayes and Secretary of State Adrian Fontes have interpreted A.R.S. § 16-121.01(E) to implicitly provide a right to cure. ECF No. 734 at 2 (emphasis in original); *see also id.* at 5-6. Second, Defendants contend that the equities weigh against vacatur. *Id*. at 2; *see also id*. at 7-9. Both of Defendants' arguments fail.

      **I.**      **DEFENDANTS' ACTIONS RENDERED PODER LATINX AND CPLC'S PROCEDURAL DUE PROCESS CLAIM MOOT.**

      Defendants appear to agree that Poder Latinx and CPLC can no longer appeal this Court's February 16, 2023 Order and May 2, 2024 Final Judgment dismissing their procedural due process claim. *Id*. at 8 n.3. They at least agree that the 2023 EPM forecloses Poder Latinx and CPLC's due process claim against A.R.S. § 16-121.01(E), but that does not mean the claim "was wrong on the merits" prior to the 2023 EPM's adoption or that mootness is inapposite. *Id*. at 2, 5. Defendants blame Poder Latinx and CPLC for bringing a pre-enforcement challenge based on an "assumption" as to how the statute would operate. *Id*. at 2, 6-7. But it is Defendants who withheld or failed to disclose their interpretation of the relevant statutory provision in response to Poder Latinx and CPLC's due process claim, thereby inducing this Court to issue a federal constitutional ruling that cannot be appealed now that their official position has been revealed.

      *First*, the Court never exactly reached "the merits" of Poder Latinx and CPLC's due process claim but rather dismissed it as foreclosed per se by Ninth Circuit precedent. ECF No. 309 at 27. Defendants moved to dismiss exclusively on the basis that Ninth Circuit precedent construing the *Anderson-Burdick* framework barred any freestanding procedural due process challenge to A.R.S. § 16-121.01(E) as part of H.B. 2492. ECF No. 127 at 29-30. Defendants never argued—and, thus, the Court never decided—that Poder Latinx and CPLC's claim was "wrong on the merits" based on their interpretation of A.R.S. § 16-121.01(E) to require and/or authorize an opportunity to prove U.S. citizenship with DPOC prior to the rejection of a voter registration application and automatic referral for investigation. *See id*. No such mandate to allow voter registration applicants to cure a non-

citizenship flag by providing DPOC can be found in the plain text of A.R.S. § 16-121.01(E), which reads in relevant part:

> If the county recorder or other officer in charge of elections matches the applicant with information that the applicant is not a United States citizen, the county recorder or other officer in charge of elections shall reject the application, notify the applicant that the application was rejected because the applicant is not a United States citizen *and forward the application to the county attorney and attorney general for investigation*.

(Emphasis added). Furthermore, the Arizona Legislature knows how to enact legislation that provides notice and an opportunity to cure. The Legislature did just that when it enacted A.R.S. § 16-165(A)(10) as part of H.B. 2243:

> Before the county recorder cancels a registration pursuant to this paragraph, the county recorder shall send the person notice by forwardable mail that the person's registration will be canceled in thirty-five days *unless the person provides satisfactory evidence of United States citizenship pursuant to s. 16-166*. The notice shall include a list of documents the person may provide and a postage prepaid preaddressed return envelope. *If the person registered does not provide satisfactory evidence within thirty-five days*, the county recorder shall cancel the registration and notify the county attorney and attorney general for possible investigation.

A.R.S. § 16-165(A)(10) (emphases added). Poder Latinx and CPLC reasonably believed H.B. 2492 meant just what it said.

*Second*, Defendants conspicuously omit that they did not dispute Poder Latinx and CPLC's interpretation that A.R.S. § 16-121.01(E) on its face provides no opportunity to cure DPOC. *See generally* ECF No. 734. Neither former Attorney General Mark Brnovich nor Attorney General Kris Mayes, who took office while the motion to dismiss was still pending, advanced such an interpretation of Section 16-121.01(E). In September 2022, Defendants then-Attorney General Brnovich and the State of Arizona moved to dismiss Poder Latinx and CPLC's due process claim *solely* on federal constitutional grounds, implicitly agreeing with Poder Latinx and CPLC's interpretation of Section 16-121.01(E). *See* ECF No. 127 at 29-30. When Attorney General Mayes assumed office on January 2, 2023, Defendants did not amend or clarify their position. Only after trial concluded did Defendants publish the revised 2023 EPM, announcing *for the first time* that Defendants

interpret A.R.S. § 16-121.01(E) to require notice *and* an opportunity to cure by providing DPOC. Even if the draft revised EPM was not yet due or ready for circulation in late 2022 and early 2023 under Arizona law and procedures, federal litigation was underway, and the Attorney General, along with co-Defendant Secretary of State Fontes, clearly could have advanced such an interpretation in its filings. This would have obviated the need for this Court to adjudicate a federal constitutional question.

Moreover, H.B. 2492 was required to take effect on January 1, 2023, during the pendency of the motion to dismiss, and no preliminary injunction barring this law's enforcement had been issued by any court. Accordingly, deferring any interpretation of A.R.S. § 16-121.01(E) until the issuance of a revised 2023 EPM was improper. The time for Defendants to inform this Court of its claim-nullifying statutory interpretation was in their motion to dismiss. If this was the Attorney General's (and the Secretary of State's) position all along, they should have said so instead of withholding their statutory interpretation and eliciting an unnecessary federal constitutional ruling. It is that ruling that that Defendants now seek to preserve as precedent against routine vacatur following the mootness they caused. Defendants should not be rewarded for withholding or delaying their interpretation of A.R.S. § 16-121.01(E), especially considering their construction was exactly the relief Poder Latinx and CPLC sought—a mandatory opportunity to provide DPOC. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) ("An action becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (citations and quotation marks omitted). Withholding or delaying a statutory interpretation that would obviate the need for any constitutional ruling should not be a means for litigants to evade the doctrines of mootness and vacatur.

Alternatively, if former Attorney General Brnovich's silence as to the proper interpretation of A.R.S. § 16-121.01(E) implicitly conceded that this statute afforded registration applicants no opportunity to rebut non-citizenship information, then the revised 2023 EPM issued after trial constitutes a change in policy or interpretation that unmistakably moots Poder Latinx and CPLC's due process claim. *See, e.g.*, *Comm. for*

1  *Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. CV-08-04220-RS, 2011 WL 6936189, at *2 (N.D. Cal. Dec. 9, 2011) (vacating dismissal of claims based on federal government defendants' change in regulatory interpretation during pendency of district court proceedings), *order clarified*, No. C 08-4220 RS, 2011 WL 6936215 (N.D. Cal. Dec. 12, 2011).

Accordingly, by adopting the revised 2023 EPM and construing A.R.S. § 16-121.01(E) to include an opportunity to cure by providing DPOC, Defendants have mooted Poder Latinx and CPLC's procedural due process claim and precluded the possibility of appeal. Under well-established precedent, vacatur is the appropriate and only relief available to Poder Latinx and CPLC. Their request should be granted.

## II.  THE EQUITIES WEIGH IN FAVOR OF VACATUR.

Defendants further argue that equitable considerations do not justify vacatur, because this Court's "decision dismissing Poder Latinx and CPLC's procedural due process claim helps clarify which analytical framework parties should use for similar claims in future cases" and this Court decided "similar due process claims" at trial. ECF No. 734 at 2, 7-9. But this indication that Defendants see the Court's now-unappealable ruling as helpful precedent for future litigation underscores precisely why vacatur is warranted. Poder Latinx and CPLC have lost their opportunity to pursue an appeal to the Ninth Circuit due to Defendants' actions and, as such, it would be inequitable for this part of the dismissal order and judgment to stand.

Here, "the consequences and attendant hardships of dismissal . . . and the competing values of finality of judgment and right to relitigation of unreviewed disputes" weigh in favor of vacatur. *See Dilley*, 64 F.3d at 1372 (internal quotation omitted). Poder Latinx and CPLC have no avenue for review of this ruling, which would adversely affect future litigation in which they may advance similar procedural due process claims and arguments. This may include a challenge to A.R.S. § 16-121.01(E) if a future EPM departs from the current interpretation. Without vacatur, future litigants may cite to and rely on this Court's unappealable and far-reaching holding that the Ninth Circuit does not recognize a

procedural due process challenge to an election law even in the absence of an *Anderson-Burdick* claim. Indeed, Defendants have effectively announced in their response brief that they intend to do just that. For these reasons, the "established practice" is to grant vacatur so as to "clear[] the path for future relitigation of the issues between the parties and eliminate[ ] a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved . . . ." *U.S. v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950).

Contrary to Defendants' suggestion, this Court's decision on other plaintiffs' *Anderson-Burdick* claims is wholly irrelevant to this Motion. Those other claims litigated in this consolidated action were brought and decided under the *Anderson-Burdick* framework—the precise framework Poder Latinx and CPLC (unsuccessfully) argued should *not* apply to a freestanding due process claim. Whether Poder Latinx and CPLC could proceed with their procedural due process claim—separate and apart from *Anderson-Burdick*—was the very question at issue and which Poder Latinx and CPLC would have appealed to the Ninth Circuit.

### III.   CONCLUSION

For the reasons stated, pursuant to Federal Rule of Civil Procedure 60(b)(6), Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund respectfully request that this Court grant them relief and vacate the portions of this Court's February 16, 2023 Order and May 2, 2024 Final Judgment dismissing their procedural due process claim.

Date: June 5, 2024

Respectfully submitted,

/s/ *Jon Sherman*

| | |
|---|---|
| **ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST** | **FAIR ELECTIONS CENTER** |
| Daniel J. Adelman | Jon Sherman* |
| 352 E. Camelback Rd., Suite 200 | Michelle Kanter Cohen* |
| Phoenix, AZ 85012 | Beauregard Patterson* |
| danny@aclpi.org | 1825 K St. NW, Ste. 450 |
| | Washington, D.C. 20006 |

| | | |
|---|---|---|
| 1 | (602) 258-8850 | jsherman@fairelectionscenter.org |
| 2 | | mkantercohen@fairelectionscenter.org |
| 3 | | bpatterson@fairelectionscenter.org |
| | | (202) 331-0114 |

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Leah R. Novak*
Andrew Hirschel*
250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
Andrew.Hirschel@arnoldporter.com
(212) 836-8000

**ARNOLD & PORTER KAYE SCHOLER, LLP**
Jeremy Karpatkin*
John A. Freedman*
Erica McCabe*
Leah Motzkin*
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Jeremy.Karpatkin@arnoldporter.com
John.Freedman@arnoldporter.com
Erica.McCabe@arnoldporter.com
Leah.Motzkin@arnoldporter.com
(202) 942-5000

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I caused the foregoing Reply Brief in Support of Rule 60 Motion for Relief from and Partial Vacatur of Dismissal Order and Final Judgment to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Dated: June 5, 2024                                             */s/ Jon Sherman*
                                                                                     Jon Sherman