1  **HOLTZMAN, VOGEL, BARAN,**
   **TORCHINSKY & JOSEFIAK**
2  Andrew Gould (No. 013234)
3  Daniel Tilleman (No. 037422)
   Brennan A.R. Bowen (No. 036639)
4  2575 East Camelback Road, Suite 860
   Phoenix, Arizona 85016
5  (602) 388-1262
6  agould@holtzmanvogel.com
   dtilleman@holtzmanvogel.com
7  bbowen@holtzmanvogel.com
8  minuteentries@holtzmanvogel.com

*Attorneys for Proposed Intervenor-
Defendant/Appellant
Arizona Republican Party*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | Case No: 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| v. | **ARIZONA REPUBLICAN PARTY'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTION TO INTERVENE** |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| (consolidated cases) | |

The Arizona Republican Party ("AZ GOP") files this Consolidated Reply in response to Plaintiffs' Opposition to the AZ GOP's Motion to Intervene, (ECF No. 735) ("Opposition"), and the State of Arizona ("State") and the Arizona Attorney General's ("Attorney General's") self-styled "Position on Arizona Republican Party's Motion to Intervene," (ECF No. 736) ("Position Notice"). The AZ GOP has clearly satisfied the requirements under Federal Rule of Civil Procedure 24 for intervention and is thus permitted to intervene in this matter for purposes of appeal, both of right and permissively.

## INTRODUCTION

For purpose of appeal, the AZ GOP filed a Motion to Intervene, (ECF No. 721) (the "Motion"), which the State and Attorney General have since confirmed that they "do not oppose," (ECF No. 736). Although Plaintiffs oppose the Motion, (ECF No. 735), they fail to demonstrate why the AZ GOP should not be permitted intervention here.

Regarding procedure, however, the AZ GOP and Plaintiffs agree that "because a notice of appeal has already been filed, this Court no longer has jurisdiction to grant the motion." (ECF No. 735, at 4.) Consequently, this Court should not rule on the Motion. (*See id.* at 4–5.) Instead, it should be decided by the Ninth Circuit Court of Appeals.

On the merits, Plaintiffs' Opposition falls flat. *First*, Plaintiffs are incorrect that the motion is untimely because the AZ GOP filed its motion to intervene within the time the parties could have appealed. *See Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) ("[S]o long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, the motion is timely *as a matter of law*.") (emphasis added). *Second*, Plaintiffs are misguided in contending that the AZ GOP fails to demonstrate a protectable interest that is not adequately represented by existing parties. Most notably, Plaintiffs conflate the interests of a *national* Republican organization, *incumbent state* legislators, and the AZ GOP. But the AZ GOP is the only entity that can adequately represent the interests of Republican candidates (incumbents and non-incumbents) in local, town, municipal, county, state, and federal elections.

In short, the AZ GOP is entitled to intervene as of right and permissive intervention.

# ARGUMENT

## I. THE AZ GOP AND PLAINTIFFS AGREE THAT THIS COURT LACKS JURISDICTION TO RULE ON THE MOTION TO INTERVENE.

Plaintiffs posit—and the AZ GOP agrees—that "this Court no longer has jurisdiction" over the AZ GOP's Motion because the Legislative Intervenors and the Republican National Committee ("RNC") noticed their appeal on May 8, 2024. (ECF No. 735, at 3.) Indeed, "[t]he filing of a notice of appeal is 'an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (*Id.* at 3–4) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

Even though the AZ GOP filed its Motion before the Legislative Intervenors and the RNC noticed their appeal, this Court still lacks jurisdiction to decide the Motion. Plaintiffs and the AZ GOP agree that "[t]his holds true even when the motion to intervene was filed before the notice of appeal." (ECF No. 735, at 3-4) (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014); and *Drywall Tapers and Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94–95 (2d Cir. 2007)).

This Court should, therefore, allow the Ninth Circuit to rule on the Motion. To the extent the Ninth Circuit prefers this Court's insights, then Rule 62.1(c) ("Remand")—which Plaintiffs cite in their Opposition—provides the solution: "The district court may decide the Motion if the court of appeals remands for that purpose."

As Plaintiffs correctly note, the Rule 60 motion that is currently pending may, as a procedural matter, provide this Court with temporary jurisdiction. (*See* ECF No. 735, at 5 n.4) ("Even if Legislative Intervenors and RNC's Notice of Appeal is temporarily suspended pending resolution of the Poder Plaintiffs' later-filed Rule 60 Motion to Vacate in Part, ECF No. 726, the Notice of Appeal will be reactivated once the Rule 60 motion is resolved, once more removing this Court's jurisdiction."). However, the AZ GOP agrees with Plaintiffs that "[t]he Court need not use this brief window of temporary jurisdiction to resolve this Motion to intervene it previously lost jurisdiction to resolve." (*Id.*)

2

But, if this Court were to use a brief window of jurisdiction to rule on this Motion, the AZ GOP should be permitted intervention as of right and permissively.

## II. THE AZ GOP IS ENTITLED TO INTERVENE AS OF RIGHT.

The AZ GOP has satisfied the four requirements for intervention as of right because: (1) its Motion is timely as a matter of law, (2) it has protectable interests in defending the challenged Acts, (3) its interests would be impaired by Plaintiffs' requested relief, and (4) the existing parties do not adequately represent the AZ GOP's interests.

### A. The AZ GOP's Request to Intervene is Timely.

Every factor considered by the Ninth Circuit supports the finding that the AZ GOP's Motion to intervene was timely. *See United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) (listing the factors for timeliness).

*First*, the AZ GOP'S Motion is "timely as a matter of law" because it was filed within the 60-day window to take an appeal from this Court's March 22, 2024, final judgment. *See Suburban Propane*, 123 F.3d at 1320 (stating that "so long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, *the motion is timely as a matter of law*.") (emphasis added); *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1012 (2022) (applying the within-the-time-to-file-an-appeal rule for intervention); *Clarke v. Baptist Mem'l Healthcare Corp.*, 641 F. App'x 520, 524 (6th Cir. 2016) (to same effect).

Plaintiffs contend that *Suburban Propane*, which involved the denial of class certification, should not apply here. This is incorrect. The *Suburban Propane* Court was applying—in a fact-specific way—the broader principle articulated by the Supreme Court in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977).

The *McDonald* Court explained that although its ruling was in the class-certification context, its "conclusion is consistent with several decisions of the federal courts permitting post-judgment intervention for the purpose of appeal." *Id.* at 395. "The critical inquiry," the Court explained, "is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *Id.* at 395–96. Here, the AZ

3

1  GOP's Motion—for purpose of intervention on appeal—was filed the *same day* as the
2  entry of judgement and could not, therefore, have been any timelier. *See id.*

3      *Second*, the cases that Plaintiffs rely upon fail to support Plaintiffs' argument for
4  untimeliness. Citing *Aleut Corp. v. Tyonek Native Corp.*, Plaintiffs state that the "AZ
5  GOP's effort to intervene after 'several years of litigation [is] not timely.'" (ECF No. 735,
6  at 7) (citing 725 F.2d 527, 530 (9th Cir. 1984)). Not only is *Aleut* inapplicable to the instant
7  case, but, to the extent it does apply, it supports the AZ GOP's timeliness. In *Aleut*, the
8  proposed intervenors filed motions to intervene "on the eve before settlement" and
9  roughly *two-and-half years* after the court *issued* its opinion. *Aleut*, 725 F.2d at 528. Here,
10 in stark contrast, the AZ GOP filed it Motion to Intervene on *the same day* the Court *issued*
11 its final judgement and before any appeal had been noticed. Even more detrimental to the
12 Plaintiffs' argument is the Ninth Circuit's explicit statement in *Aleut* that "[h]ad the
13 motions to intervene been made a reasonable time after [the court issued its opinion in]
14 *Chugach* the situation might have been different." *Id.* at 530. Thus, in a case cited by
15 Plaintiffs, the Ninth Circuit explicitly noted that motions to intervene "made a reasonable
16 time" after the trial court issues an opinion may be granted. *Id.*

17     Plaintiffs' reliance on *GemCap Lending I, LLC v. Taylor* does not fare any better.
18 (ECF No. 735, at 7) (citing 677 F. App'x 351, 352 (9th Cir. 2017)). Plaintiffs represent
19 *GemCap* as "affirming [the] conclusion that [a] motion to intervene was untimely when
20 filed roughly two years after [the] complaint." (*Id.*) However, the Ninth Circuit did not
21 deny the motion to intervene merely because it was filed two years after the complaint;
22 rather, it denied the motion because the proposed intervenor decided "to delay intervention
23 until after the parties had reached a settlement agreement" and that fact "weigh[ed] heavily
24 against" intervention. *GemCap*, 677 F. App'x at 352. The Ninth Circuit determined "[i]t
25 was reasonable for the district court to conclude that prejudice would result if [the
26 proposed intervenor] were permitted to contest the terms of the parties' settlement." *Id.*

27     Next, Plaintiffs suggest that the Ninth Circuit has held that a post-judgment
28 intervention is "generally disfavored" because it creates "delay and prejudice to existing

parties." (ECF No. 735) (citing *Calvert v. Huckins*, 109 F.3d 636, 638). But the case cited by Plaintiffs to support this "rule" is clearly limited to the *res judicata* context. Specifically, in *Calver*, the "lawsuit was disposed of on the ground of *res judicata,* not the merits," and if intervention was permitted, the "defendants would have been prejudiced by having to defend the merits of [the proposed intervenor's] claims." *Calvert*, 109 F.3d at 638. Thus, this niche rule is inapplicable in the instant case where the parties have already litigated the merits, and where the AZ GOP seeks intervention "solely for the limited purpose of briefing the issues on appeal." (ECF No. 735, at 10.)

*Third*, Plaintiffs' assertions that intervention would cause prejudice are meritless. Plaintiffs complain that the AZ GOP's intervention would add to the complexity and costs of litigation. But as stated in its Motion, the AZ GOP "seeks intervention . . . solely for the limited purpose of briefing the issues on appeal; it does not seek to re-open the record or engage in additional discovery." (ECF No. 721.) In fact, Plaintiffs acknowledge that "[t]he parties have already completed Rule 12(b) briefing, extensive fact and expert discovery, summary judgment briefing, and a ten-day bench trial." (ECF No. 735, at 7.) With the trial court record complete, Plaintiffs are not prejudiced by the AZ GOP's intervention now at the outset of the appellate stage. The only delay and added costs at this point are the Plaintiffs' Opposition to the AZ GOP's intervention, which is an intervention that is routinely granted and one that is not opposed by the State of Arizona and the Attorney General of Arizona in this case.[1]

In sum, the AZ GOP'S Motion is "timely as a matter of law," and Plaintiffs fail to demonstrate otherwise.

**B.     The AZ GOP Has Significant Protectable Interests in the Subject Matter of this Action and the Ability To Protects Its Interests Would Be Impaired Or Impeded By Any Adverse Ruling.**

The AZ GOP has sufficiently demonstrated a "significant protectable interest" in this action because the Court's ruling on appeal will affect "the interests of the AZ GOP, its members, candidates, and voters." (ECF No. 721, at 5.) Specifically, the AZ GOP

---

[1] Nor have any of the other numerous intervenors opposed the Motion.

1  "serves to promote and protect Republican Party principles and policies, as well as assist
2  Republican candidates in elections for federal, state, and local offices." (*Id*). This includes
3  "invest[ing] a significant amount of its resources in training and assisting members,
4  volunteers, voters, and workers in complying with election rules and procedures." (*Id.*)
5  Thus, the AZ GOP has a significant interest in the Court's ruling on appeal with respect
6  to the challenged Acts, which affect election rules and procedures, and promote fair and
7  orderly elections. In short, there is a very real possibility that the AZ GOP's interests will
8  be adversely affected by an adverse ruling on appeal.

9  Plaintiffs' Opposition to the AZ GOP's Motion fails to acknowledge these
10 protectable interests or engage on the merits. Instead, Plaintiffs resort to a strawman
11 argument on standing and misunderstand Ninth Circuit precedent.

12 Remarkably, Plaintiffs contend that the "AZ GOP lacks a significant protectable
13 interest in this action because it lacks standing to intervene solely for appeal." (ECF No.
14 735, at 10.) To bolster this claim, Plaintiffs represent *Perry v. Schwarzenegger* as
15 "affirming denial of intervention for purposes of appeal because proposed intervenor
16 lacked standing to appeal." (*Id.*) (citing 630 F.3d 898, 906 (9th Cir. 2011)). Plaintiffs'
17 reading of *Perry* strains credulity.

18 Indeed, the *Perry* Court explained that "[i]n general, an applicant for intervention
19 need not establish Article III standing to intervene." *Perry*, 630 F.3d at 906. In fact, *Perry*
20 only departed from this general rule because it involved a niche California Government
21 Code matter in which a deputy county clerk and deputy county commissioner improperly
22 sought to intervene in a suit. *Id.* at 903. The intervention was denied as improper because
23 the California Government Code vests "powers and duties"—but not standing for
24 lawsuits—unto deputies. *Id.* As such, the deputy's purported "significant protectable
25 interest" in her motion to intervene actually belonged to the County Clerk and not to the
26 deputy herself; thus, the deputy lacked standing. *Id.* This highly fact-specific scenario,
27 involving the California Government Code and standing for county deputies, is anomalous
28 and inapplicable in the instant case.

6

The rest of Plaintiffs' standing argument is equally baseless. Plaintiffs assert that "[a] party lacks standing to appeal from a district court order where the district court has not ordered that party 'to do or refrain from doing anything,' or where the judgment otherwise causes them legally protectable, cognizable harm." (ECF No. 735, at 10) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). Plaintiffs again misrepresent the content and applicability of the operative case.

In its full context, this relevant portion of *Hollingsworth v. Perry* states:

> After the District Court declared Proposition 8 unconstitutional and enjoined the state officials named as defendants from enforcing it, however, the inquiry under Article III changed. Respondents no longer had any injury to redress—they had won—and the state officials chose not to appeal.
>
> The only individuals who sought to appeal that order were petitioners, who had intervened in the District Court. **But the District Court had not ordered them to do or refrain from doing anything. To have standing, a litigant must seek relief for an injury that affects him in a "personal and individual way."** He must possess a "direct stake in the outcome" of the case. Here, however, petitioners had no "direct stake" in the outcome of their appeal. Their only interest in having the District Court order reversed was to vindicate the constitutional validity of a generally applicable California law.

*Hollingsworth v. Perry*, 570 U.S. 693, 705-706 (emphasis added).

Contrary to Plaintiffs' representations, *Hollingsworth* does not create a new, categorical rule that a party lacks standing to appeal a district court order where the district court has not ordered that party to do or refrain from doing anything. Plaintiffs improperly manufacture this "new rule" as an alternative to cognizable harm and obfuscate the already-established rule of standing: "To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" *Hollingsworth*, 570 U.S. at 705 (citation omitted).

Thus, the AZ GOP has established both a "significant protectable interest" and standing—no more is required as Article III does not impose a higher bar here. *See Perry*, 630 F.3d at 906 ("In general, an applicant for intervention need not establish Article III standing to intervene.").

### C. The AZ GOP is Not Adequately Represented by the RNC or the Legislator Intervenors.

The AZ GOP has satisfied its "minimal" burden of showing "inadequacy of representation." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). In its Opposition, Plaintiffs baselessly assert that the existence of two Republican-aligned intervenors disqualifies the AZ GOP from intervening because all three entities have the "exact same interests." This is incorrect.

*First*, the three entities—the AZ GOP, the RNC, and the Legislator Intervenors—have distinct interests. The RNC is a *national* organization with a *national* mission to elect Republicans. The Legislator Intervenors, comprised of the Speaker of the Arizona House and President of the Arizona Senate, represent the interests of Republicans at the state level, and in particular, *incumbent* and *incumbent-backed* state legislators. Distinct from those interests, the AZ GOP, "as the state party committee, is more focused on *state and local* elections." (ECF No. 721, at 6) (emphasis added). Specifically, the AZ GOP supports candidates at the local, town, municipal, county, and state levels. This is true whether they are incumbents, incumbent-backed, non-incumbent, or non-incumbent-backed. The AZ GOP is the only entity with the ability to comprehensively serve and represent those diverse local, state, and federal interests. In short, other intervenors' interest cannot be cobbled together to wholly represent the AZ GOP. Its interests are unique.

*Second*, the AZ GOP is also the only intervenor that can adequately understand and represent the shared federal, state, and local interests of Republicans in Arizona. For example, the RNC, with its national focus on Presidential, Senate, and House races, may set policy and election strategies that best serve their goals of winning *national* races in Arizona and *across the country*. On the other hand, the Legislator Intervenors, with their state-level focus on winning and retaining seats in the Arizona House and Senate, may set *different* policy and election strategies that best serve their goals of winning *state* races in Arizona. At times, these goals and strategies may differ or be at odds. This local-versus-

8

state-versus-national phenomenon is not hypothetical. In fact, it has played out in recent years on issues of immigration, abortion, contraception, and election integrity. The AZ GOP—which simultaneously represents the local, state, and national interests of Republicans in Arizona—serves as a bridge between these entities and further adds a different local perspective on important election and policy issues.

For these reasons, the AZ GOP is the sole intervenor that can comprehensively and adequately represent the local, state, and federal interests of Republicans in Arizona. Thus, the AZ GOP's presence is necessary in this suit because no party adequately represents its interests. *See Citizens for Balanced*, 647 F.3d at 898.

III. **THE AZ GOP SATISFIES THE STANDARD FOR PERMISSIVE INTERVENTION.**

If the AZ GOP is denied intervention as of right, then permissive intervention is warranted because the AZ GOP has fulfilled the requirements under Fed. R. Civ. P. 24(b)(1)(B). (*See* ECF No. 721, at 6–7.) In opposition to permissive intervention, Plaintiffs have reiterated the same unpersuasive arguments as they did for intervention as of right. (*See* ECF No. 735, at 12–13.) The AZ GOP's rebuttals to those repeated arguments remain the same as its rebuttals above. The AZ GOP believes its diverse perspectives are vital and necessary to protect the interests of Arizona voters.

IV. **THE STATE AND ATTORNEY GENERAL'S POSITION NOTICE IS AS SUBSTANTIVELY BASELESS AS IT IS PROCEDURALLY DEFICIENT.**

Although the State and Attorney General do not contest the AZ GOP's request to intervene, they nevertheless have used their Position Notice to suggest some kind of impropriety in the AZ GOP's choice of Holtzman Vogel as counsel. The State and Attorney General assert the "interests of candor," yet do not share their dialogue with specially-retained outside counsel for Holtzman Vogel. A copy of that dialogue is attached as Exhibit A. As the dialogue between the State, Attorney General, and Holtzman Vogel shows, there is no colorable basis to suggest, let alone assert, the existence of "ethical issues."

1  No interest in "candor" covers this calumny; to the contrary, considerable authority shows it is improper. *See, e.g.*, *Gov't App Sol'ns v. Fed. Bureau of Inv.*, No. 2:21-CV-00696-TLN-KJN, 2022 WL 3229384, at *4 (E.D. Cal. Aug. 10, 2022) ("Plaintiff also seeks in its opposition to disqualify the Los Angeles City Attorney's Office as the counsel representing Garcetti in this action. The Court declines to rule on this request as Plaintiff is required to file a separate motion to disqualify counsel and not raise it in its opposition to the pending motion to dismiss."); *Wirth v. Taylor*, No. 2:09-CV-127 TS, 2009 WL 3297277, at *2 (D. Utah Oct. 14, 2009) ("[T]he Court agrees that any issues concerning disqualification of Defendant's counsel should be raised by proper motion and are not appropriately addressed here [when considering a motion to set aside entry of default]."); *Summit DNA, LLC v. Proove Biosciences, Inc.*, No. CV WDQ-14-1329, 2015 WL 6956598, at *2 (D. Md. Nov. 2, 2015) ("Both parties devote considerable space to arguments regarding the propriety of Mr. Touton's representation of Summit, and whether, specifically, his simultaneous representation of Dr. Daniel Schwarz and Summit disqualifies him from this case. I decline to address this issue . . . . The pending motion concerns only the quashing or staying of Mr. Gardner's deposition."); *Burke v. Steinmann*, No. 03 CIV.1390 GEL, 2003 WL 21507490, at *4 (S.D.N.Y. June 30, 2003) ("Defendants have not moved for disqualification, or for any other relief concerning this matter, so no action by the Court is required."); *Shamshoni v. Yadidsion*, No. B266033, 2016 WL 2609709, at *4 (Cal. Ct. App. May 4, 2016) ("If a party believes that opposing counsel should not represent his client due to a conflict of interest, the proper remedy is to file a motion for disqualification . . . We need not decide this issue because Yadidsion filed no such motion with the trial court here, and thus her objection to Shamshoni's representation is forfeited.").

The cases cited by the State and Attorney General certainly do not say otherwise. The AZ GOP accordingly objects to the State and Attorney General's suggestion of ethical impropriety, and the Court should disregard it.

# CONCLUSION

For the reasons stated above, the AZ GOP's Motion to intervene for purposes of appeal should be granted.

Respectfully submitted this 6th day of June, 2024.

> **HOLTZMAN, VOGEL, BARAN,
> TORCHINSKY & JOSEFIAK**
>
> *s/ Andrew Gould*
> Andrew Gould (No. 013234)
> Daniel Tilleman (No. 037422)
> Brennan A.R. Bowen (No. 036639)
> 2575 East Camelback Road, Suite 860
> Phoenix, Arizona 85016
> (602) 388-1262
> agould@holtzmanvogel.com
> dtilleman@holtzmanvogel.com
> bbowen@hotlzmanvogel.com
> minuteentries@holtzmanvogel.com
>
> *Attorneys for Proposed Intervenor-Defendant Arizona Republican Party*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*s/ Andrew Gould*
Andrew Gould

*Attorney for Proposed Intervenor-Defendant/Appellant*
*Arizona Republican Party*