# Lisa Charette

| | |
|---|---|
| **From:** | Joshua.Whitaker@azag.gov |
| **Sent:** | Wednesday, May 29, 2024 4:03 PM |
| **To:** | Andy.Halaby@gtlaw.com |
| **Cc:** | Joshua.Bendor@azag.gov |
| **Subject:** | RE: Mi Familia Vota v. Fontes, 2:22-cv-00509 |

Andy,

Our deadline to respond to the AZ Republican Party's motion to intervene is tomorrow.  I wanted to let you know that our office plans to file a notice (1) stating that the State does not oppose the motion to intervene, but (2) explaining that the State has concerns about whether the State and AG's Office gave "informed consent," within the meaning of ethical rules, to Drew Ensign's participation in the case on behalf of the AZ Republican Party—and consequently, whether Holtzman Vogel may represent the AZ Republican Party in the case.  We appreciate that Holtzman Vogel implemented a screen before Mr. Ensign did much work on the case, but if informed consent had not previously been given, the screen was too late under ER 1.11.

We feel an obligation to notify the Court in the interests of candor, even though we do not oppose intervention, because permissive intervention is discretionary with the Court and an ethical question is something that may be deemed relevant to permissive intervention.

Happy to discuss at your convenience if you would like.

Josh


**Josh Whitaker**
Unit Chief, Special Litigation



| Arizona Attorney General Kris Mayes |
|---|
| Solicitor General's Office |
| 2005 N. Central Ave., Phoenix, AZ 85004 |
| 602-542-7738 |
| Joshua.Whitaker@azag.gov |

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, or disclosure is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Andy.Halaby@gtlaw.com <Andy.Halaby@gtlaw.com>
**Sent:** Thursday, May 23, 2024 12:35 PM
**To:** Whitaker, Joshua <Joshua.Whitaker@azag.gov>
**Cc:** Bendor, Joshua <Joshua.Bendor@azag.gov>
**Subject:** Re: Mi Familia Vota v. Fontes, 2:22-cv-00509

Josh, we represent HV and its constituents, including Mr. Ensign.

Andy

**Andy Halaby**
Shareholder

Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 800 | Phoenix, AZ 85016
T +1 602.445.8373  |  C +1 602.796.6160
halabya@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

On May 22, 2024, at 10:29 AM, Whitaker, Joshua <Joshua.Whitaker@azag.gov> wrote:

**\*EXTERNAL TO GT\***

Andy,

Thanks for your email.  We see that you represent HV in this matter.  Do you also represent Drew Ensign individually (or anyone else)?

Thanks,
Josh

**Josh Whitaker**
Unit Chief, Special Litigation


Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
602-542-7738
Joshua.Whitaker@azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, or disclosure is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Andy.Halaby@gtlaw.com <Andy.Halaby@gtlaw.com>
**Sent:** Monday, May 20, 2024 4:48 PM
**To:** Whitaker, Joshua <Joshua.Whitaker@azag.gov>; Bendor, Joshua <Joshua.Bendor@azag.gov>
**Subject:** Mi Familia Vota v. Fontes, 2:22-cv-00509

Dear Counsel:

The Holtzman Vogel firm ("HV") has retained this firm in connection with your recent correspondence regarding Drew Ensign.  As we understand it from Mr. Bendor's correspondence, the Arizona Attorney General's Office under Kris Mayes (the "Mayes Administration") is considering taking the position that ER 1.11(a) disqualifies HV from participating in the *Mi Familia Vota v. Fontes* litigation (the "Litigation") because Mr. Ensign worked on the Litigation when serving in the Arizona Attorney General's Office under Mark Brnovich (the "Brnovich Administration").

We appreciate your bringing this issue to HV's attention; HV views professional conduct matters with the utmost seriousness.  Accordingly, if we have misunderstood any of the facts recounted below, please let us know so that we may consider same in our analysis.

As we see the situation, though, we are aware of no basis for any assertion that any HV attorney has engaged in unethical conduct, let alone that there exists cause to disqualify HV from representing the Arizona Republican Party in the Litigation.

To begin with, as you no doubt are aware, standards for disqualification differ substantially from those established by the rules of professional conduct.  *See, e.g.*, ER 1.0 cmt. [19].  Efforts to interfere with an opposing party's choice of counsel are viewed with suspicion, and succeed only in extreme circumstances.  *See, e.g.*, *D. Stadtler Trust 2015 Trust v. Gorrie*, 2023 WL 355887 (D. Ariz. Jan. 23, 2023) (citing *Alexander v. Superior Ct.*, 685 P.2d 1309 (Ariz. 1984), and *Gomez v. Superior Court*, 717 P.2d 902 (Ariz. 1986)); *Does A. Through J. v. Chandler Unif. Sch. Dist.*, 2019 WL 13162417 (D. Ariz. 2019) (same).  These truths are so well-established in applicable law, with which you no doubt are familiar, that we will not expound them further here.  (We will, however, note the total absence of prejudice to the Arizona Attorney General's office or the State of Arizona in HV continuing to represent the Arizona Republican Party.  We address this point in further detail below.)

Even if Arizona's ERs supplied the applicable standard, HV and its attorneys have complied with ER 1.11(a).  The rule provides, "Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation."

On December 30, 2022, the Arizona Attorney General provided a broad written waiver permitting Mr. Ensign to represent other parties, including in conflict with the State of Arizona and your office in the Litigation, going forward.   You have invoked ER 1.0(e)'s "informed consent" standard, but we think it obvious that the chief law enforcement officer of the State of Arizona — and Mr. Ensign's boss — knew what he was doing when he granted the waiver.  See ER 1.0 cmt. [4] (observing that a "lawyer need not inform a client or other person of facts or implications already known to the client").  Besides, the waiver letter reflects good policy, by not unduly restricting the transfer of qualified lawyers into and out of government.  *See* ER 1.11 cmt. [3].  Given Attorney General Brnovich's impending departure from office in late 2022, he provided the waiver in order to facilitate the transfer of Mr. Ensign and other good lawyers out of government service and into the private practice of law.  We note that, after leaving the government, Mr. Ensign pursued a solo practice for nearly a year before joining HV.  To take the position that the waiver is ineffective would be, for all practical purposes, to maintain that lawyers like Mr. Ensign are relegated to solo practice upon leaving government service, since only a small number of Arizona-based firms are positioned to employ a lawyer with Mr. Ensign's unique skill set.  The chilling effects of this position, for lawyers considering getting *into* government service in the future, are self-evident.

Though the December 30, 2022, waiver by itself suffices to dispose of any reasonable concern over HV's continuing role in the Litigation, there exists a more fundamental reason why there is no ethical issue:  Mr. Ensign did not "personally and substantially" participate in the Litigation on behalf of the Mayes Administration.

As you know, the Mayes Administration has taken a different position than the Brnovich Administration as regards to the Challenged Laws (as that term is used in the May 2, 2024, Final Judgment in the Litigation).  *See, e.g.*, Dkt. 364 at 2 n.5 (May 8, 2023).  Mr. Ensign never worked for the Mayes Administration, let alone *on the Litigation* for the Mayes Administration.  Indeed, HV's client, the Arizona Republican Party, seeks to intervene in part because the Mayes Administration has abandoned arguments supporting the Challenged Laws that the Brnovich Administration advanced.  Perforce, Mr. Ensign cannot have participated "personally and substantially" in the Litigation for any purpose now

relevant.  He never learned anything, and never did anything, to advance the Mayes Administration's current positions, and thus cannot possibly compromise those positions now.

Moreover, as you also know, the Litigation now is in a materially different posture than it was when Mr. Ensign was working for the Brnovich Administration.  Judgment has been entered; the Arizona Republican Party seeks to intervene for purposes of appeal.  Given the posture of the Litigation, again, Mr. Ensign cannot have "personally and substantially" participated in the Litigation in a way that violates ER 1.11(a).

Finally, though we think the issue moot by this point, Mr. Ensign did only very limited work before HV, having learned for the first time on May 3, 2024, the Attorney General's Office was questioning the waiver it had issued, implemented the ethical screen that same day.  Mr. Ensign's work consisted of less than five hours' work on the motion to intervene which, as is apparent from the face of the motion itself, is not grounded on anything sensitive or confidential from his time with the Brnovich Administration.  And even had Mr. Ensign some kind of compromising information to share with his new firm and its client — he doesn't, and hasn't — he now is screened anyway.  There is no prejudice from HV continuing its representation.

We trust this communication resolves any concerns over HV's continued involvement in the Litigation.  But again, if we have misunderstood or missed any pertinent facts, please let us know so we can consider them.

Finally, I am aware that Mr. Bendor is headed out of town this week.  Same here, with limited connectivity.  That said, we will respond as promptly as we can should you wish to have further dialogue.

Andy

**Andy Halaby**
Shareholder

Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 800 | Phoenix, AZ 85016
T +1 602.445.8373  |  C +1 602.796.6160
Andy.Halaby@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

 GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.