| | |
|---|---|
| HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division | TIMOTHY COURCHAINE<br>United States Attorney<br>District of Arizona |

R. TAMAR HAGLER (CA Bar No. 189441)
DANIEL J. FREEMAN (NY Bar No. 4582037)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-5451
daniel.freeman@usdoj.gov

*Attorneys for the United States*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>Adrian Fontes, et al.,<br><br>          Defendants.<br><hr>Associated Consolidated Cases | No. 2:22-cv-509 (SRB) (Lead Case)<br>No. 2:22-cv-1124 (SRB) (Consolidated)<br><br>**Motion for Indicative Ruling on**<br>**Motion for Relief from Final Judgment** |

Pursuant to Federal Rule of Civil Procedure 62.1, the United States respectfully moves for an indicative ruling on a motion for relief from final judgment under Rule 60(b)(5) or (b)(6) and for voluntary dismissal under Rule 41(a)(2). An indicative ruling is necessary when this Court lacks authority to afford the requested relief "because of an

appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a); *see also Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." (internal quotation marks and citation omitted)). The Ninth Circuit presently maintains jurisdiction over this consolidated litigation. *See Mi Familia Vota v. Fontes*, 129 F.4th 691 (9th Cir. Feb. 25, 2025); Fed. R. App. P. 40(d)(1)(A) (45-day period to file petition for rehearing en banc when United States is a party); Fed. R. App. P. 41(b) (delaying issuance of mandate until petition deadline passes).

The United States no longer seeks to press its claims in this case. Therefore, the United States seeks complete relief from final judgment in *United States v. Arizona*, No. 2:22-cv-1124 (D. Ariz.), and—once the judgement has been vacated with respect to *United States v. Arizona*—voluntary dismissal of the United States' claims. Relief from judgment would be timely and equitable under Federal Rule of Civil Procedure Rule 60(b)(5) and (b)(6). *See Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998) (permitting relief from judgment based on district court's "equitable balancing"); *see also, e.g.*, *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) (recognizing that Rule 60(b)(6) "gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice" (internal quotation marks and citation omitted)). In turn, voluntary dismissal is within this Court's discretion and appropriate under the circumstances. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286-87 (9th Cir. 2023); *see also, e.g.*, Order Dismissing the United States'

Claims, *LULAC v. Abbott*, No. 3:21-cv-259 (W.D. Tex. Mar. 6, 2025) (three-judge court), ECF No. 872.

In light of ongoing proceedings in the Court of Appeals, the United States respectfully requests an indicative ruling under Rule 62.1 as to whether the Court would grant a motion for relief from judgment on its claims under Rule 60(b)(5) or (6) and for voluntary dismissal under Rule 41(a)(2). Pursuant to Rule 62.1(b), the United States will promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1(a) if this Court states that it would grant the motion or that the motion raises a substantial issue. In conjunction with such notification, the United States will seek a limited remand, recognizing that the Court of Appeals would otherwise retain jurisdiction. *See* Fed. R. App. P. 12.1(b). Private Plaintiffs brought claims challenging the same provisions of HB 2492 under the same causes of action. *Compare* Compl. ¶¶ 62-71, *United States v. Arizona*, No. 2:22-cv-1124 (D. Ariz. July 5, 2022), ECF No. 1, *with* LULAC Am. Compl. ¶¶ 351-362, ECF No. 67, *and* MFV 2d Am. Compl. ¶¶ 93-106, ECF No. 65. Thus, the requested relief would not otherwise impact final judgment entered in the consolidated litigation. *See* Final Judgment, ECF No. 720 (listing cases).[1]

The United States attempted to meet and confer with all counsel prior to filing the instant motion. The State of Arizona and the RNC and Legislative Intervenors consent to the requested relief. The Poder Latinx Plaintiffs oppose Rule 60(b) relief and take no

---

[1] Vacatur of the final judgment in *United States v. Arizona* may be accomplished merely by striking "*United States v. Arizona*, No. 2:22-cv-01124-SRB (D. Ariz. July 5, 2022);" on page 1, lines 19-20 of the Final Judgment.

position on Rule 41(a)(2) relief.  The MFV Plaintiffs, LULAC Plaintiffs, Democratic Party Plaintiffs, and Arizona AANHPI for Equity Plaintiffs expressly reserve their positions, and Secretary Fontes takes no position.  The remaining parties have not articulated a position.  A proposed order is attached hereto.

Date:  April 8, 2025

                                        Respectfully submitted,

TIMOTHY COURCHAINE          HARMEET K. DHILLON
United States Attorney              Assistant Attorney General
District of Arizona                   Civil Rights Division

                                        */s/ Daniel J. Freeman*
                                        R. TAMAR HAGLER
                                        DANIEL J. FREEMAN
                                        Attorneys, Voting Section
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        950 Pennsylvania Avenue, NW
                                        Washington, DC 20530

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Daniel J. Freeman*
Daniel J. Freeman
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-5451
daniel.freeman@usdoj.gov
