John A. Freedman*
Jeremy Karpatkin*
Erica McCabe*
Leah Motzkin*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Erica.McCabe@arnoldporter.com
Leah.Motzkin@arnoldporter.com

Leah R. Novak*
Arnold & Porter Kay Scholer LLP
250 W. 55th Street
New York, NY 10019
(212) 836-8000
Leah.Novak@arnoldporter.com

Daniel J. Adelman (011368)
Arizona Center for Law
In the Public Interest
352 E. Camelback Rd., #200
Phoenix, AZ  85012
(602) 258-8850
danny@aclpi.org

Jon Sherman*
Michelle Kanter Cohen*
Beauregard Patterson*
Fair Elections Center
1825 K St. NW, Ste. 701
Washington, D.C. 20006
(202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
bpatterson@fairelectionscenter.org

*Counsel for Poder Latinx, Chicanos*
*Por La Causa, and Chicanos Por La*
*Causa Action Fund*

*Admitted pro hac vice

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | Case No. 2:22-cv-00509-SRB (Lead) |
| Plaintiffs, | |
| v. | **PODER LATINX, CHICANOS POR LA CAUSA, AND CHICANOS POR LA CAUSA ACTION FUND'S BRIEF IN OPPOSITION TO UNITED STATES'S MOTION FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM FINAL JUDGMENT** |
| Adrian Fontes, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | |
| | No. CV-22-00519-PHX-SRB |
| | No. CV-22-01003-PHX-SRB |

No. CV-22-01124-PHX-SRB
No. CV-22-01369-PHX-SRB
No. CV-22-01381-PHX-SRB
No. CV-22-01602-PHX-SRB
No. CV-22-01901-PHX-SRB

Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund ("the Poder Latinx Plaintiffs") take no position on the United States's request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) but oppose the requested "relief" sought under Federal Rule of Civil Procedure 60(b). Because the United States is one of the prevailing parties in this consolidated litigation, it cannot secure its requested relief under Rule 60(b), which exists to "***relieve*** a party . . . from a final judgment . . ." Fed. R. Civ. P. 60(b) (emphasis added). The United States is not subject to any adverse final judgment in this consolidated litigation and, therefore, there is no judgment from which it can seek to be "relieve[d]." *Id.* The rule does not give parties a means to edit judgments for purely cosmetic or expressive purposes. Here, the United States seeks only to remove its case from the consolidated judgment and vacate the judgment as to itself, which, as the United States acknowledges, "would not otherwise impact final judgment entered in the consolidated litigation." ECF No. 771 at 3. The United States cannot properly invoke Rule 60(b) to rewrite the history of this litigation or disown what a prior administration has done. That is not cognizable relief within Rule 60(b)'s ambit. It is more akin to using the courts as an instrument for political expression.

Because the United States is time-barred under Rule 60(c) from invoking subsections (1) through (3) of Rule 60(b), its Motion relies solely upon Rule 60(b)(5) and Rule 60(b)(6). Rule 60(b)(5)'s reason—that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"—would appear to have no application here, and the United States does not even explain why it would be a proper basis for vacating this Court's judgment as to it. Fed. R. Civ. P. 60(b)(5).

As to Rule 60(b)(6), the Ninth Circuit has held that "Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' . . . ." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (citing *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). The rule is to be utilized "*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (alteration in original) (quoting *Alpine Land & Reservoir Co.*, 984 F.2d at 1049). The relevant Ninth Circuit cases "demonstrate that Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (reversing district court that had granted relief under Rule 60(b)(6)).

Here, the United States has not cited any manifest injustice or other extraordinary circumstances that would justify revising the judgment and vacating it in part. The only case the United States cites related to relief under Rule 60(b)(6) is irrelevant because it focuses entirely on when such relief is warranted due to an intervening change in the law. *See* ECF No. 771 at 2 (citing *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019)). The United States does not point to any intervening change in the law; nor could it. The prior Administration deliberately filed its lawsuit seeking to enjoin elements of HB 2492, and Rule 60(b)(6) does not relieve a party from a "free, calculated, deliberate choice[]." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Because the United States has failed to cite any "extraordinary circumstances" to support its motion, the motion must be denied. To do otherwise would violate this Court's "policy of promoting the finality of judgments." *Navajo Nation*, 876 F.3d at 1173 (internal citation omitted). Finally, the Poder Latinx Plaintiffs have not discovered—and the United States does not cite—any case in which the court granted a prevailing party this requested "relief."

For all of these reasons, respectfully, this Court should deny the United States's request for "relief" pursuant to Rule 60(b).

Date: April 22, 2025                    Respectfully submitted,


                                        /s/ *Jon Sherman*
**ARIZONA CENTER FOR LAW**              **FAIR ELECTIONS CENTER**
**IN THE PUBLIC INTEREST**              Jon Sherman*
Daniel J. Adelman                       Michelle Kanter Cohen*
352 E. Camelback Rd., Suite 200         Beauregard Patterson*
Phoenix, AZ  85012                      1825 K St. NW, Ste. 701
danny@aclpi.org                         Washington, D.C. 20006
(602) 258-8850                          jsherman@fairelectionscenter.org
                                        mkantercohen@fairelectionscenter.org
                                        bpatterson@fairelectionscenter.org
                                        (202) 331-0114


**ARNOLD & PORTER**                     **ARNOLD & PORTER**
**KAYE SCHOLER, LLP**                   **KAYE SCHOLER, LLP**
Leah R. Novak*                          Jeremy Karpatkin*
250 West 55th Street                    John A. Freedman*
New York, NY 10019                      Erica McCabe*
Leah.Novak@arnoldporter.com             Leah Motzkin*
(212) 836-8000                          601 Massachusetts Ave., N.W.
                                        Washington, D.C. 20001
                                        Jeremy.Karpatkin@arnoldporter.com
                                        John.Freedman@arnoldporter.com
                                        Erica.McCabe@arnoldporter.com
                                        Leah.Motzkin@arnoldporter.com
                                        (202) 942-5000



*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa*
*Action Fund*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I caused the foregoing Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund's Brief in Opposition to United States's Motion for Indicative Ruling on Motion for Relief from Final Judgment to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


Dated: April 22, 2025                                    */s/ Jon Sherman*
                                                                  Jon Sherman