**KRIS MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joshua D. Bendor (No. 031908)
Hayleigh S. Crawford (No. 032326)
Joshua M. Whitaker (No. 032724)
Kathryn E. Boughton (No. 036105)
Timothy E.D. Horley (No. 038021)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
Timothy.Horley@azag.gov
ACL@azag.gov

*Attorneys for Defendants*
*Attorney General Kris Mayes,*
*ADOT Director Jennifer Toth,*
*and State of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-22-00509-PHX-KML (Lead) |
| Plaintiffs, | **MOTION TO STAY PROCEEDINGS ON REMAND PENDING RESOLUTION OF PETITIONS FOR WRIT OF CERTIORARI** |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | Consolidated with: |
| | No. CV-22-00519 |
| | No. CV-22-01003 |
| | No. CV-22-01124 |
| | No. CV-22-01369 |
| | No. CV-22-01381 |
| | No. CV-22-01602 |
| | No. CV-22-01901 |

**SUMMARY OF REQUESTED RELIEF**

A few years ago, this Court issued a summary judgment decision, held a trial, made findings, and entered final judgment. Last year the Ninth Circuit largely affirmed, but vacated this Court's finding on one issue—whether Arizona enacted a law with discriminatory purpose—and remanded for further proceedings. Some defendants have asked the Supreme Court to review (1) the Ninth Circuit's decision to vacate this Court's finding on discriminatory purpose and (2) other parts of the Ninth Circuit's decision.

If the Supreme Court reverses the Ninth Circuit on the issue of discriminatory purpose (vindicating this Court's original finding), no further proceedings on remand will be necessary or appropriate on that issue. Conversely, if the Supreme Court reverses other parts of the Ninth Circuit's decision (overruling the Ninth Circuit's affirmance of this Court), the scope of proceedings on remand will expand.

Before proceeding on remand, this Court should wait until the Supreme Court decides whether to review the Ninth Circuit's decision. If the Supreme Court *denies* review, this Court should proceed on remand consistent with the Ninth Circuit's decision. However, if the Supreme Court *grants* review, this Court should wait until the Supreme Court decides whether, and to what extent, the Ninth Circuit erred. This is because the Supreme Court's decision will determine whether to proceed on remand at all—and if so, how.

**BACKGROUND**

This case includes eight consolidated lawsuits challenging two voting laws that Arizona passed in 2022: House Bill 2492 and House Bill 2243. In 2023, this Court issued a summary judgment decision resolving certain claims. *See* Doc. 534. Later that year, this Court held a bench trial on remaining claims. *See* Docs. 629, 630, 635, 640, 641, 642, 644, 645, 663, 687. In 2024, this Court made post-trial findings and entered final judgment. *See* Docs. 709, 720.

One of the Court's post-trial findings was that "Plaintiffs failed to show that the Voting Laws were enacted with any discriminatory purpose." Doc. 709 at 108. In February 2025, a Ninth Circuit panel majority vacated this finding with respect to House Bill 2243

(not House Bill 2492) and remanded for further proceedings, but otherwise affirmed this Court. *Mi Familia Vota v. Fontes*, 129 F.4th 691, 732 (9th Cir. 2025).  In September 2025, the Ninth Circuit declined to rehear the case en banc.  152 F.4th 1153 (9th Cir. 2025).  In November 2025, the Ninth Circuit issued its mandate.  *See* Doc. 784.

In February 2026, some of the defendants asked the Supreme Court to review (1) the Ninth Circuit's decision to vacate this Court's finding on discriminatory purpose and (2) other parts of the Ninth Circuit's decision.  Specifically:

- The State and its Attorney General sought certiorari on the discriminatory purpose issue and an underlying question of standing.  *See* Supreme Court Case # 25-1022, Pet. for Cert. filed 2/19/26 (attached here as **Ex. 1**).

- Arizona's Senate President and House Speaker sought certiorari on several issues, including seeking "summary reversal" of the Ninth Circuit on the discriminatory purpose issue.  *See* Supreme Court Case # 25-1019, Pet. for Cert. filed 2/19/26 (attached here as **Ex. 2**).

- The Republican National Committee sought certiorari on several issues, but not the discriminatory purpose issue.  *See* Supreme Court Case # 25-1017, Pet. for Cert. filed 2/19/26 (attached here as **Ex. 3**).

In March 2026, a set of amicus briefs likewise urged the Supreme Court to grant review. Relevant here, the Arizona Free Enterprise Club and Arizona Liberty Network asked the Supreme Court to "summarily reverse" the Ninth Circuit on the discriminatory purpose issue.  *See* Supreme Court Case # 25-1022, Brief of Amici Curiae Arizona Free Enterprise Club and Arizona Liberty Network filed 3/26/26 (attached here as **Ex. 4**).

### DISCUSSION

The State, its Attorney General, and its Senate President and House Speaker respectfully ask this Court to stay further proceedings on remand, pending the outcome of their petitions for writ of certiorari.

This Court has "inherent authority to stay federal proceedings pursuant to its docket management powers." *Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024)

(quoting *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024)).  When considering whether to grant a stay pending a certiorari petition, the Court must weigh three non-exclusive factors:

> (1)  "the possible damage which may result from the granting of a stay,"
>
> (2)  "the hardship or inequity which a party may suffer in being required to go forward," and
>
> (3)  "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

*Id.* (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)).  Each of these factors weighs in favor of a stay here.

**A.   The Possible Damage of Granting a Stay**

Little to no damage will result from a stay of further proceedings pending the Supreme Court's review of the pending certiorari petitions.  The only issue currently on remand is whether Arizona enacted House Bill 2243 with a discriminatory purpose.  This Court previously found an absence of discriminatory purpose.  The Ninth Circuit did not instruct this Court to reach the opposite conclusion, but instead remanded "for further proceedings consistent with this opinion based on the record that the district court previously developed in its bench trial."  129 F.4th 691, 732 (9th Cir. 2025).

A stay of further proceedings would simply preserve the status quo on the discriminatory purpose issue while the Supreme Court decides whether to grant review.  Notably, the plaintiffs have not urged this Court to act since the Ninth Circuit issued its mandate in November 2025.  The plaintiffs' lack of urgency makes sense, because this Court *did* permanently enjoin significant parts of House Bill 2492 and House Bill 2243 based on other findings.  *See* Doc. 720.  A stay of further proceedings would not disturb the injunctions that the plaintiffs already secured.

**B.   The Hardship or Inequity of Being Required to Go Forward**

Whereas a stay of further proceedings would preserve the status quo, requiring the parties to move forward on the question of whether Arizona enacted House Bill 2243 with

- 3 -

discriminatory purpose—while the Supreme Court considers certiorari petitions that defend this Court's original finding—would create hardship that may well prove unnecessary.

For context:  This Court's original finding of an absence of discriminatory purpose was about *both* House Bill 2492 and House Bill 2243.  That is why this Court used plural language: "Plaintiffs failed to show that the *Voting Laws* were enacted with any discriminatory purpose."  Doc. 709 at 108 (emphasis added).  This finding was based on evidence about both laws, and the Court's analysis did not always clearly distinguish between evidence regarding one law as opposed to the other.  *See* Doc. 709 at 99–108.  Because the Ninth Circuit's remand is limited to House Bill 2243, not House Bill 2492, further proceedings would likely require a more refined analysis.

Moreover, this Court's original finding on discriminatory purpose was based on a careful review of an extensive evidentiary record, including voluminous documents and testimony from at least three expert witnesses and six lay witnesses.  *See* Doc. 709 at 31–37, 100–08.  Relitigating this issue would likely require, at minimum, additional briefing and argument on how to interpret the evidence in light of the Ninth Circuit's opinion.  This would require a significant time investment from parties and the Court.

This hardship would all be for nothing if the Supreme Court grants review and reverses the Ninth Circuit's decision, vindicating this Court's original finding of an absence of discriminatory purpose.  And it is possible that the Supreme Court will reach this decision quickly.  Two of the pending certiorari petitions ask the Supreme Court to reverse the Ninth Circuit on the discriminatory purpose issue.  Ex. 1 at 31–39; Ex. 2 at 32–37.  One of those petitions specifically seeks "summary reversal" on the issue.  Ex. 2 at 37.  Similarly, one of the amicus briefs asks the Supreme Court to "summarily reverse" the Ninth Circuit on this issue.  Ex. 4 at 10–12.

On the other side of the ledger, if the Supreme Court denies review (or grants review but affirms the Ninth Circuit), this Court could then consider the discriminatory purpose question at that time.

## C.    The Orderly Course of Justice

This factor overwhelmingly favors a stay of proceedings.  This is a complex case, as evidenced by the numerous plaintiffs' claims (*see, e.g.*, Doc. 534 at 32–35; Doc. 709 at 53–54), the fact that the Ninth Circuit panel decision included a dissent, *see Mi Familia Vota v. Fontes*, 129 F.4th 691 (9th Cir. 2025), and the fact that eleven Ninth Circuit judges dissented from the decision not to rehear the case en banc, *see Mi Familia Vota v. Fontes*, 152 F.4th 1153 (9th Cir. 2025).  It is possible that the Supreme Court will not only accept certiorari, but reverse the Ninth Circuit on multiple issues—not just the discriminatory purpose question.  In that event, proceedings on remand would become necessary on multiple issues.  It is more orderly and efficient to resolve all remaining issues at once.

Moreover, proceeding on remand while the Supreme Court reviews pending certiorari petitions could create confusion, depending on which court acts first.  For example, if this Court were to invite briefing and argument on how to resolve the discriminatory purpose claim in light of the Ninth Circuit's opinion, but then the Supreme Court were to grant review of (or summarily reverse) the Ninth Circuit's decision on the discriminatory purpose issue (and perhaps other issues), hard logistical questions about how to proceed could arise.

Notably, the Supreme Court already stayed part of this Court's permanent injunction, which suggests that the Supreme Court has an interest in at least part of the case.  *See RNC v. Mi Familia Vota*, 145 S. Ct. 108 (2024).  The Supreme Court's partial stay of the injunction contemplates the possibility of certiorari, and the stay lasts until the Supreme Court completes its review.  *Id.*  Thus, the chances of the Supreme Court granting certiorari in this case are somewhat higher than in an ordinary case.

Because this case is complex and involves election-related laws, clarity is important.  The clearest path forward is to allow the Supreme Court to weigh in (if it wishes) before proceeding on remand and, in the meantime, "preserve the status quo" by staying further proceedings.  *Bieganski v. Shinn*, No. 21-cv-01684-PHX-DWL, 2026 WL 251762, at *2 (D. Ariz. Jan. 30, 2026).

**WHETHER THIS REQUEST IS OPPOSED**

Undersigned counsel exchanged emails with other parties' counsel before filing this motion. Based on those emails, although some plaintiffs take no position on the motion, at least two plaintiffs—Promise Arizona and Southwest Voter Registration Education Project—plan to oppose the motion.

**CONCLUSION**

For these reasons, the State, its Attorney General, and its Senate President and House Speaker respectfully ask the Court to stay further proceedings pending the outcome of their petitions for writ of certiorari. A proposed order is attached to this motion.

DATED this 30th day of March, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By:   /s/ Joshua M. Whitaker
        Joshua D. Bendor (No. 031908)
        Hayleigh S. Crawford (No. 032326)
        Joshua M. Whitaker (No. 032724)
        Kathryn E. Boughton (No. 036105)
        Timothy E.D. Horley (No. 038021)

        *Attorneys for Defendants*
        *Attorney General Kris Mayes,*
        *ADOT Director Jennifer Toth,*
        *and State of Arizona*

**ARIZONA SENATE PRESIDENT**
**WARREN PETERSEN AND HOUSE**
**SPEAKER STEVE MONTENEGRO**

By:   /s/ Kory Langhofer (with permission)

        Kory Langhofer, AZ Bar 024722
        Thomas Basile, AZ Bar 031150
        Statecraft PLLC
        649 N. Fourth Avenue, First Floor

- 6 -

Phoenix, Arizona 85003
(602) 382-4078
kory@statecraftlaw.com
tom@statecraftlaw.com

*Counsel for Intervenor-Defendants
Senate President Warren Petersen and
House Speaker Steve Montenegro*