**KRIS MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joshua D. Bendor (No. 031908)
Hayleigh S. Crawford (No. 032326)
Joshua M. Whitaker (No. 032724)
Kathryn E. Boughton (No. 036105)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
ACL@azag.gov

*Attorneys for Defendants*
*Attorney General Kris Mayes,*
*ADOT Director Jennifer Toth,*
*and State of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-22-00509-PHX-KML (Lead) |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS ON REMAND PENDING RESOLUTION OF PETITIONS FOR WRIT OF CERTIORARI** |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |
| AND CONSOLIDATED CASES. | Consolidated with: |
| | No. CV-22-00519<br>No. CV-22-01003<br>No. CV-22-01124<br>No. CV-22-01369<br>No. CV-22-01381<br>No. CV-22-01602<br>No. CV-22-01901 |

Only two of the plaintiffs—Promise Arizona and Southwest Voter Registration Education Project ("Promise Plaintiffs")—oppose a stay of proceedings. Their opposition is unpersuasive. *First*, they do not explain how a stay could cause harm. *Second*, they do not dispute that the parties would suffer hardship by being required to proceed on remand while certiorari petitions are pending. *Third*, they do not dispute that the orderly course of justice overwhelmingly favors a stay here. Depending on how the Supreme Court rules, proceedings on remand could become entirely unnecessary, or the scope of proceedings could expand.

Contrary to Promise Plaintiffs' suggestion, the requested stay is not "indefinite" just because no one knows exactly when the Supreme Court will act. Indeed, in the only relevant case cited by Promise Plaintiffs, the district court granted a stay "pending resolution of the petition for certiorari," describing it as only a "brief delay." *Murguia v. Langdon*, No. 1:19-cv-00942-ADA-BAM, 2023 WL 6308325, at *3–4 (E.D. Cal. Sept. 28, 2023). This Court should do the same.

## ARGUMENT

The parties agree that the Court must weigh three non-exclusive factors when deciding whether to stay proceedings here:

(1) "the possible damage which may result from the granting of a stay,"

(2) "the hardship or inequity which a party may suffer in being required to go forward," and

(3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

*Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024) (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)).

### A.    The Possible Damage of Granting a Stay

The motion for a stay explained why "[l]ittle to no damage will result from a stay." Doc. 791 at 4. In response, Promise Plaintiffs offer only speculation. They ask the Court

- 1 -

to proceed on remand quickly "to avoid further harm to voters under H.B. 2243's remaining provisions, such as the driver license database provision." Doc. 793 at 5.

But Promise Plaintiffs offer no evidence that the "driver license database provision"—or any other provision in H.B. 2243—has harmed or will harm anyone. Notably, they had an opportunity to present such evidence at trial in this case, but failed.

The "driver license database provision" to which Promise Plaintiffs refer is A.R.S. § 16-165(G), which operates in tandem with § 16-165(A)(10). Under these provisions, the Secretary of State must compare registered voters in Arizona with the statewide "driver license database" and notify the appropriate county recorder if, among other things, a specific registered voter "is not a United States citizen." A.R.S. § 16-165(G). County recorders, in turn, must act when they "obtain[] information *and confirm*[]" that a registered voter "is not a United States citizen." A.R.S. § 16-165(A)(10) (emphasis added). Such action involves (1) sending the voter a notice that their registration will be cancelled unless they provide evidence of U.S. citizenship within 35 days, and (2) if the voter does not provide evidence of citizenship within that time, cancelling their registration. *Id.*

Promise Plaintiffs apparently fear that these statutory provisions will cause county recorders to mistakenly cancel voter registrations of people who are, in fact, United States citizens. But they offer no evidence that this has happened or will happen.

Notably, this Court previously addressed this issue in its post-trial findings. The Court estimated that the driver license database provision would cause county recorders to "obtain" non-citizenship information for "65 naturalized citizens" who are registered voters and who have not provided evidence of U.S. citizenship. Doc. 709 at 94 & n. 62. But the Court expressly declined to "assume without any persuasive evidence" that these 65 naturalized citizens "lack" evidence of citizenship "such that they would be burdened by" the provisions in H.B. 2243. *Id.* at 94.

Having failed to carry their evidentiary burden at trial, Promise Plaintiffs now suggest that "additional discovery" may be needed to determine how the remaining provisions of H.B. 2243 have been enforced. Doc. 793 at 5. Underlying this suggestion is

- 2 -

an implicit admission:  Even now, long after trial, Promise Plaintiffs still do not know whether the remaining provisions of H.B. 2243 have harmed or will harm anyone.[1]

Similarly, Promise Plaintiffs' professed desire for the district court to proceed on remand "as soon as possible" (Doc. 793 at 5) is belied by the fact that Promise Plaintiffs sat on their hands for months after the Ninth Circuit issued its mandate in November 2025. Doc. 784.  In these circumstances, they have not shown possible damage of granting a stay.

**B.      The Hardship or Inequity of Being Required to Go Forward**

The motion for a stay explained why requiring the parties to move forward on remand while certiorari petitions are pending "would create hardship that may well prove unnecessary."  Doc. 791 at 4–5.  Promise Plaintiffs do not dispute this point.

**C.      The Orderly Course of Justice**

The motion for a stay explained why the orderly course of justice "overwhelmingly favors a stay."  Doc. 791 at 6.  Promise Plaintiffs generally do not dispute this point.  For example, they do not dispute that, depending on how the Supreme Court rules, proceedings on remand could become entirely unnecessary, or the scope of proceedings could expand.

Instead Promise Plaintiffs argue that the requested stay is "indefinite" and that "[s]tays should not be indefinite in nature."  Doc. 793 at 4–5 (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

As an initial matter, Promise Plaintiffs overstate the Ninth Circuit case they cite. Contrary to Promise Plaintiffs' assertion, the Ninth Circuit in *Dependable Highway Express, Inc.* did not make the categorical statement: "Stays should not be indefinite in nature."  Rather, the Ninth Circuit made a qualified statement: "*Generally*, stays should not be indefinite in nature."  *Dependable Highway Exp.*, 498 F.3d at 1066 (emphasis added).

Regardless, the requested stay here would not be "indefinite."  Rather, the stay would end when the Supreme Court (1) denies certiorari, or (2) grants certiorari and then issues its

---

[1] Promise Plaintiffs' request for post-trial discovery is also inconsistent with the Ninth Circuit's directive to this Court.  The Ninth Circuit remanded for further proceedings "based on the record that the district court previously developed in its bench trial."  *Mi Familia Vota v. Fontes*, 129 F.4th 691, 732 (9th Cir. 2025).

decision. *See* Doc. 791 at 2 (summarizing requested stay). Such a stay is a far cry from the one at issue in *Dependable Highway Express, Inc.*, where the district court stayed proceedings pending resolution of an arbitration in another country that, even after nearly two years following the stay order, had not even *commenced.* 498 F.3d at 1066–67.

Here, petitions for certiorari are already on file, and the Supreme Court may well act soon. Indeed, in their requests to extend the deadline to respond to certiorari petitions to May 26, 2026, the United States, the Democratic National Committee, and the Arizona Democratic Party all stated that the extension would "allow the Court to dispose of the petition[s] prior to the summer recess." *See* Request for Extension of Time, *Republican Nat'l Comm. v. Mi Familia Vota*, No. 25-1017 (U.S. Mar. 16, 2026); Request for Extension of Time, *Petersen v. Mi Familia Vota*, No. 25-1019 (U.S. Mar. 16, 2026); Request for Extension of Time, *Arizona v. Promise Ariz.*, No. 25-1022 (U.S. Mar. 26, 2026); (collectively attached here as **Ex. 1**).

Notably, in the only other case cited by Promise Plaintiffs, the district court granted a stay "pending resolution of the petition for certiorari," describing it as only a "brief delay." *Murguia v. Langdon*, No. 1:19-cv-00942-ADA-BAM, 2023 WL 6308325, at *3–4 (E.D. Cal. Sept. 28, 2023). The district court in that case made several observations that are applicable here:

- "If the petition is denied, any delay likely will be minimal."
- "Conversely, proceeding with this case if the Supreme Court opts to weigh in . . . could complicate the action and create needless waste."
- "Awaiting a determination on the petition for certiorari will clarify the issues and questions of law for this litigation . . . ."

*Id.* at *3. This Court should issue a similar stay here, for similar reasons.

**CONCLUSION**

The State, its Attorney General, and its Senate President and House Speaker respectfully ask the Court to stay further proceedings pending the outcome of their petitions for writ of certiorari.

- 4 -

DATED this 21st day of April, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By:   /s/ Joshua M. Whitaker

   Joshua D. Bendor (No. 031908)
   Hayleigh S. Crawford (No. 032326)
   Joshua M. Whitaker (No. 032724)
   Kathryn E. Boughton (No. 036105)

   *Attorneys for Defendants*
   *Attorney General Kris Mayes,*
   *ADOT Director Jennifer Toth,*
   *and State of Arizona*

**ARIZONA SENATE PRESIDENT**
**WARREN PETERSEN AND HOUSE**
**SPEAKER STEVE MONTENEGRO**

By:  /s/ Kory Langhofer (with permission)

   Kory Langhofer, AZ Bar 024722
   Thomas Basile, AZ Bar 031150
   Statecraft PLLC
   649 N. Fourth Avenue, First Floor
   Phoenix, Arizona 85003
   (602) 382-4078
   kory@statecraftlaw.com
   tom@statecraftlaw.com

   *Counsel for Intervenor-Defendants*
   *Senate President Warren Petersen and*
   *House Speaker Steve Montenegro*